# 25-1382-cv(L), 25-3155-cv(XAP)

## United States Court of Appeals
### for the
### Second Circuit

MISTY BLANCHETTE PORTER, M.D.,

*Plaintiff-Appellee-Cross-Appellant,*

– v. –

DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK
MEMORIAL HOSPITAL, DARTMOUTH-HITCHCOCK HEALTH,
DARTMOUTH-HITCHCOCK MEDICAL CENTER,

*Defendants-Appellants-Cross-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT (BURLINGTON)

**JOINT APPENDIX**
**Volume 4 of 6 (Pages A-876 to A-1158)**

DONALD W. SCHROEDER
MORGAN MCDONALD
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
(617) 342-4041
– and –
TRISTRAM J. COFFIN
DOWNS RACHLIN MARTIN PLLC
199 Main Street,
P.O. Box 190, 6th Floor
Burlington, Vermont 05402
(802) 863-2375

*Attorneys for Defendants-Appellants-*
*Cross-Appellees*

SARAH NUNAN
GEOFFREY J. VITT
VITT & NUNAN, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, Vermont 05055
(802) 649-5700
– and –
ERIC D. JONES
LANGROCK SPERRY & WOOL, LLP
210 College Street, Suite 400
Burlington, Vermont 05401
(802) 864-0217

*Attorneys for Plaintiff-Appellee-*
*Cross-Appellant*

CP COUNSEL PRESS     (800) 4-APPEAL • (390775)

i

# TABLE OF CONTENTS

**Page**

District Court Docket Entries ...................................... A-1

Complaint, filed October 11, 2017 ............................ A-35

    Attached to Complaint -
    Civil Cover Sheet...................................... A-68

First Amended Complaint, filed August 1, 2018 ....... A-69

Certificate of Service of First Amended Complaint,
    filed August 1, 2018................................. A-105

Defendants' Answer to Plaintiff's Amended
    Complaint, filed September 7, 2018 ..................... A-106

Mandate in Docket No. 20-3894, issued on
    February 27, 2024................................... A-133

Order of the United States Court of Appeals for the
    Second Circuit, filed February 27, 2024................ A-134

Motion *In Limine* by Defendants to Preclude the
Testimony of Robert Bancroft, filed
February 14, 2025 ...................................... A-234

Memorandum of Law by Defendants in Support of
Motion *In Limine*, filed February 14, 2025 .............. A-237

    Exhibit A to Memorandum of Law -
    Expert Report of Robert L. Bancroft, dated
    October 30, 2018 ................................... A-247

    Exhibit B to Memorandum of Law -
    Expert Report of Robert L. Bancroft, dated
    October 1, 2019 ................................... A-253

ii

**Page**

Exhibit C to Memorandum of Law -
Deposition Transcript of Robert L. Bancroft,
dated October 30, 2019.......................................... A-261

Exhibit D to Memorandum of Law -
Expert Report of Robert L. Bancroft, dated
August 26, 2024.................................................... A-289

Memorandum of Law by Plaintiff in Opposition to
Defendants' Motion *In Limine*, filed
February 28, 2025 ................................................. A-296

Notice of Hearing, filed March 6, 2025...................... A-309

Reply Memorandum of Law by Defendants in
Further Support of Motion *In Limine*, filed
March 11, 2025 ..................................................... A-310

Revised Notice of Hearing, filed March 13, 2025 ..... A-319

Transcript of Motion *In Limine* Hearing, dated
March 14, 2025 and filed March 19, 2025 ............ A-320

Renewed Motion *In Limine* by Defendants to
Preclude the Testimony of Robert Bancroft
("Renewed Motion"), filed March 20, 2025.......... A-424

Exhibit A to Renewed Motion -
Expert Report of Robert L. Bancroft, dated
August 26, 2024
(Reproduced herein at pp. A-290 - A-295)

Exhibit B to Renewed Motion -
Expert Report of Robert L. Bancroft, dated
March 19, 2025 ..................................................... A-433

Memorandum of Law by Plaintiff in Opposition to
Defendants' Renewed Motion, filed
March 21, 2025 ..................................................... A-439

**iii**

                                                                   **Page**

Order Denying Motion to Preclude Robert
    Bancroft's Testimony, filed March 21, 2025 .........   A-442

Motion *In Limine* by Defendants to Preclude the
    Expert Report, filed March 26, 2025 .....................   A-459

Motion *In Limine* by Defendants Regarding
    Undisclosed Expert Opinions of Robert Bancroft,
    filed March 29, 2025...............................................   A-464

    Exhibit 1 to Motion -
    Expert Report of Robert L. Bancroft, dated
    October 30, 2018
    (Reproduced herein at pp. A-248 - A-252)

    Exhibit 2 to Motion -
    Expert Report of Robert L. Bancroft, dated
    October 1, 2019
    (Reproduced herein at pp. A-254 - A-260)

    Exhibit 3 to Motion -
    Expert Report of Robert L. Bancroft, dated
    August 26, 2024
    (Reproduced herein at pp. A-290 - A-295)

    Exhibit 4 to Motion -
    Expert Report of Robert L. Bancroft, dated
    March 19, 2025
    (Reproduced herein at pp. A-434 - A-438)

Plaintiff's Opposition to Defendants' Motion *In*
    *Limine* Regarding Undisclosed Expert Opinions
    of Robert Bancroft, filed March 30, 2025 .............   A-474

    Exhibit A to Plaintiff's Opposition -
    Deposition Transcript of Robert L. Bancroft,
    dated October 30, 2019
    (Reproduced herein at pp. A-262 - A-288)

iv

**Page**

Exhibit B to Plaintiff's Opposition -
Transcript of Motion *In Limine* Hearing, dated
March 14, 2025
(Reproduced herein at pp. A-320 - A-423)

Exhibit C to Plaintiff's Opposition -
Excerpts from the Rough Draft of Robert
Bancroft's Trial Testimony ..................................... A-484

Exhibit D to Plaintiff's Opposition -
Plaintiff's Response to Defendant Mary
Hitchcock Memorial Hospital's First Set of
Interrogatories Propounded on Plaintiff, dated
April 20, 2018 ........................................................ A-488

Exhibit E to Plaintiff's Opposition -
Dartmouth-Hitchcock 2017 Benefits Guide .......... A-492

Excerpts from the Jury Trial Transcript, dated
March 27, 2025 (Day 4) ......................................... A-540

Excerpts from the Jury Trial Transcript, dated
March 28, 2025 (Day 5) ......................................... A-547

Excerpts from the Jury Trial Transcript, dated
March 31, 2025 (Day 6) ......................................... A-599

Excerpts from the Jury Trial Transcript, dated
April 2, 2025 (Day 8) ............................................. A-747

Jury Trial Transcript, dated April 7, 2025 (Day 11) ... A-757

Court Jury Charge, filed April 7, 2025 ...................... A-844

Excerpts from the Jury Trial Transcript, dated
April 8, 2025 (Day 12) ........................................... A-876

Jury Charge, filed April 8, 2025 ................................ A-895

Jury Verdict Form, filed April 10, 2025 ..................... A-929

v

|  | Page |
|---|---|
| Motion by Plaintiff for Prejudgment Interest, filed April 23, 2025 | A-936 |
| Opposition by Defendants to Plaintiff's Motion for Prejudgment Interest, filed May 7, 2025 | A-940 |
| Index of Exhibits to Defendants' Opposition, filed May 7, 2025 | A-955 |
| Exhibit 1 to Defendants' Opposition - Expert Report of Robert L. Bancroft, dated October 30, 2018 (Reproduced herein at pp. A-248 - A-252) |  |
| Exhibit 2 to Defendants' Opposition - Expert Report of Robert L. Bancroft, dated October 1, 2019 (Reproduced herein at pp. A-254 - A-260) |  |
| Exhibit 3 to Defendants' Opposition - Expert Report of Robert L. Bancroft, dated August 26, 2024 (Reproduced herein at pp. A-290 - A-295) |  |
| Exhibit 4 to Defendants' Opposition - Expert Report of Robert L. Bancroft, dated March 19, 2025 (Reproduced herein at pp. A-434 - A-438) |  |
| Exhibit 5 to Defendants' Opposition - DH Simple Interest Chart 12% | A-957 |
| Exhibit 6 to Defendants' Opposition - DH Simple Interest Chart 3% | A-959 |
| Motion by Plaintiff for Attorneys' Fees, filed May 8, 2025 | A-961 |

vi

**Page**

Exhibit 1 to Motion for Attorneys' Fees -
Declaration of Geoffrey J. Vitt, dated
May 6, 2025 ........................................................... A-973

Exhibit 2 to Motion for Attorneys' Fees -
Declaration of Eric D. Jones, dated May 7, 2025,
with Exhibit A ...................................................... A-981

Exhibit A to Motion for Attorneys' Fees -
Vitt & Associates' Invoices for Professional
Services Rendered ................................................ A-993

Exhibit B to Motion for Attorneys' Fees -
DGW Kramer LLP's Invoices for Professional
Services Rendered ................................................ A-1254

Exhibit C to Motion for Attorneys' Fees -
Vitt & Associates' Invoices for Professional
Services Rendered ................................................ A-1262

Motion by Plaintiff to Amend Judgment, filed
May 8, 2025 ........................................................... A-1397

Reply by Plaintiff in Further Support of Motion for
Prejudgment Interest, filed May 21, 2025 ............. A-1404

Exhibit A to Plaintiff's Reply -
Excerpts from the Draft Trial Transcript of
March 28, 2025 ..................................................... A-1413

Exhibit B to Plaintiff's Reply -
Excerpts from the Draft Trial Transcript of
March 26, 2025 ..................................................... A-1428

Motion by Defendants to Alter or Amend the
Judgment and, in the Alternative, for a New Trial
on Plaintiff's VFEPA Claim, filed May 22, 2025 .. A-1445

Opposition by Defendants to Plaintiff's Motion to
Amend Judgment, filed May 22, 2025 .................. A-1459

**vii**

                                                                    **Page**

Motion by Defendants for a New Trial Related to
    Damages Issues, filed May 22, 2025 ...................... A-1468

Index to Exhibits to Defendants' Motion for a New
    Trial Related to Damages Issues, filed
    May 22, 2025 ........................................................... A-1481

    Exhibit 1 to Defendant's Motion -
    Expert Report of Robert L. Bancroft, dated
    August 26, 2024
    (Reproduced herein at pp. A-290 - A-295)

    Exhibit 2 to Defendants' Motion -
    Demonstrative Excerpt from Expert Report of
    Robert L. Bancroft, dated March 19, 2025 ............ A-1482

    Exhibit 3 to Defendants' Motion -
    Robert Bancroft Cross Examination Exhibit,
    Marked C19 ........................................................... A-1484

    Exhibit 4 to Defendants' Motion -
    Email Correspondence, dated June 6, 2017, with
    Attachment ............................................................. A-1486

Opposition by Defendants to Plaintiff's Motion for
    Attorneys' Fees, filed May 22, 2025 ...................... A-1499

Opposition by Plaintiff to Defendants' Motion to
    Alter Judgment, filed June 5, 2025 ........................ A-1512

Reply by Plaintiff in Further Support of Motion to
    Amend Judgment, filed June 5, 2025 ..................... A-1523

Memorandum of Law by Plaintiff in Opposition to
    Defendants' Motion for a New Trial, filed
    June 5, 2025 ........................................................... A-1525

Reply Memorandum of Law by Plaintiff in
    Response to Defendants' Opposition to Motion
    for Attorneys' Fees, filed June 5, 2025 ................... A-1533

**viii**

| | Page |
|---|---|

Exhibit A to Plaintiff's Reply Memorandum - Itemized Chart and Invoices ................................. A-1542

Reply by Defendants in Further Support of Motion to Alter Judgment, filed June 20, 2025 .................. A-1556

Reply Memorandum of Law by Defendants in Further Support of Motion for a New Trial Related to Damages Issues, filed June 20, 2025.... A-1566

Supplemental Memorandum of Law by Plaintiff in Further Support of Motion for Attorneys' Fees, filed June 25, 2025.................................................. A-1574

Excerpts from the Post-Trial Motions Hearing, dated July 1, 2025 .................................................. A-1577

Second Supplemental Memorandum of Law by Plaintiff in Support of Motion for Attorneys' Fees, filed July 11, 2025 ......................................... A-1591

Exhibit A to Second Supplemental Memorandum - Chart (Attorneys and Paralegals)........................... A-1594

Exhibit B to Second Supplemental Memorandum - Chart (Fees for Four Attorneys)............................ A-1596

Exhibit C to Second Supplemental Memorandum - Statements from Vitt & Nunan .............................. A-1597

Exhibit D to Second Supplemental Memorandum - Statements from Langrock, Sperry & Wool .......... A-1604

ix

**Page**

Response by Defendants in Opposition to Plaintiff's
    Second Supplemental Memorandum in Support
    of Motion for Attorneys' Fees, filed
    July 18, 2025 ...................................................... A-1607

Judgment of the United States District Court for the
    District of Vermont, filed April 24, 2025,
    Appealed From (Doc. 297), with Notice to
    Litigants .................................................................. A-1612

Notice of Appeal by Defendants, filed
    May 27, 2025 ........................................................... A-1614

Order of the Honorable Kevin J. Doyle, filed
    July 7, 2025, Appealed From (Doc. 329) ............... A-1616

Order of the Honorable Kevin J. Doyle, filed
    November 26, 2025, Appealed From (Doc. 334) .. A-1619

Opinion and Order of the Honorable Kevin J.
    Doyle, filed November 26, 2025, Appealed From
    (Doc. 335) ............................................................... A-1630

Order of the Honorable Kevin J. Doyle, filed
    November 26, 2025, Appealed From (Doc 336) ... A-1685

Order of the Honorable Kevin J. Doyle, filed
    November 26, 2025, Appealed From (Doc. 337) .. A-1697

Amended Judgment of the United States District
    Court for the District of Vermont, filed December
    2, 2025, Appealed From (Doc. 338) ...................... A-1713

Notice of Cross-Appeal by Plaintiff, filed
    December 15, 2025 ................................................. A-1715

Amended Notice of Appeal by Defendants, filed
    December 16, 2025 ................................................. A-1717

IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF VERMONT

MISTY BLANCHETTE PORTER, M.D., )
                              )
                   Plaintiff, )
                              )
        vs.                   )
                              ) CASE NO. 2:17-cv-194
DARTMOUTH-HITCHCOCK MEDICAL    )
CENTER, DARTMOUTH-HITCHCOCK    )
CLINIC, MARY HITCHCOCK         )
MEMORIAL HOSPITAL, and         )
DARTMOUTH-HITCHCOCK HEALTH,     ) Closing Arguments
                              )
                   Defendants. ) Jury Charge
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _)

Continuation of trial held on Tuesday, April 8, 2025, at 8:30 a.m., Burlington, Vermont, before Honorable Kevin J. Doyle, Magistrate Judge.

Clerk of Court:  Emerson F. Howe

Sarah M. Bentley, CCR-B-1745
 Registered Professional Reporter and Notary Public

BENTLEY COURT REPORTING
sbireland7@gmail.com

11

MR. COFFIN:  Yes, one final thing, Judge.

On page -- on the mitigation of damages section, which begins on Page 30 and spills over to 31, this is all past in terms of if you find that Dr. Porter failed to do such-and-such, then which requires sort of a preliminary finding that she failed to do.

You know, our proof and our argument to the jury is that she did mitigate her damages, so that it's kind of a threshold question of whether she failed to do something or not doesn't necessarily come up in a way that's confusing to the jury.  And we'd like some sort of an assertion there that says basically if you find the plaintiff mitigated her damages, that that should be deducted from the damages award.

And rereading some of the cases on our motion last night actually prompted me to think that I think that is something that is required under the law for the instruction to say something like -- just to make it clear to the jury that if you find mitigation, that should be deducted.  And then, you know, sort of making them preliminarily find whether she did or did not abide by the term "mitigate".

12

So what I would say is, you know, that last sentence above the punitive damages award, something along the lines of, If you find that she did mitigate damages, you may reduce your award accordingly.

THE COURT:  So I'm just a little unclear about -- this argument was made yesterday, too. So affirmative defense in the case was failure to mitigate.  The discussion yesterday about severance agreement and things related to that seems to suggest failure to mitigate.

What I'm hearing yesterday and today is that Dartmouth's position is that she mitigated?

MR. COFFIN:  Well, it is, and that was clearly our position at trial because she got hired for a well-compensated subspecialty position at an eminent academic teaching hospital and was making, within a few years, we would assert, more money than she was at Dartmouth.

And so really she did mitigate her damages, you know, by perhaps 2021 but call it 2025, and Dr. Bancroft's chart, of course, having had her losses continuing on until her retirement age at Age 70.

13

And so like our position is that she -- it wasn't a question of whether she failed to or not.  She did mitigate her damages, and we shouldn't be attributed to having those continuing damages into perpetuity.  That's just not allowed.

THE COURT:  Mr. Jones?

MR. JONES:  Your Honor, I think that argument yesterday and today confuses an argument that there was no loss but the issue of mitigation of damages.

If they want to argue that there was no loss for those reasons that's one thing, but the proposed change in the language that they've made confuses the whole defense of failure to mitigate.  As you mentioned, comes under the failure to mitigate.  So I don't think it would be appropriate to make that position.

THE COURT:  That is my concern, too.  I'm just not going to make that change to that particular instruction.

All right.  Anything further from the defendants on that?

MR. SCHROEDER:  No, your Honor.  We incorporate all of the objections that we put on

14

the record yesterday, including but not limited to the case law relating to the ADA, specifically Section 12111 and the fact that an employer can only be held to a reasonable accommodation or reassignment to a vacant position, as the statute says and as the five circuit cases, including the 2nd Circuit, have said already.

THE COURT:  All right.  Well, then that concludes that portion.  As I've said, you'll have an opportunity after the instructions are given to list any additional objections at that time.

Okay, and then I'll turn now to the plaintiff's motion to preclude any reduction of damages based on conditional offer of severance pay.

So having heard the arguments yesterday and considering this, I think that it would be inappropriate to comment on the severance agreement.  To the extent I don't know what the defendants might actually argue so I can't really speak specifically to perhaps what the intention is.  But would you like to let me know, or I can give you my thoughts on it first?

15

Mr. Schroeder?

MR. SCHROEDER:  Sure, your Honor.  I want to make sure we're clear on that.

The evidence in the record is that C-13, I believe, I'm certainly going to reference it because C-13 was given after the meeting, which arguably was part of the interactive process.

You may recall Dr. Porter said, Well, I set up a meeting with Amy Claiborne.  She then sends the May 25th letter, and then on May 26th she meets with Ms. Claiborne.  And that's the genesis of that.

There's a couple things.  First of all, the severance agreement is admitted in evidence.

THE COURT:  Right.

MR. SCHROEDER:  And they didn't object to it, and we can't undo that, unring that bell.  So I don't intend to discuss it in the context of mitigation of damages --

THE COURT:  Okay.

MR. SCHROEDER:  -- but it's certainly something that was presented to her, and she rejected it.

They can make their arguments as to why she rejected it, that's fine, but the bottom

16

line is she asked for it in that meeting.  And in fact, the letter says that she asked for more severance.

THE COURT:  Okay.

MR. SCHROEDER:  And that's all wrapped up in that chronology of events.  She argued, and this goes to lack of malice, et cetera, and also just to intent, right?

THE COURT:  Lack of malice.  You said this yesterday, too.  So when you say lack of malice, meaning that Dartmouth was making an effort to reach some type of a severance agreement with her?

MR. SCHROEDER:  Exactly, just like they did with the other two physicians at the time.

THE COURT:  Okay, but the argument during closing is not going to be -- I just want to be really clear -- it's not going to be making the point that if they should find damages, it's going to be reduced by the amount of the severance agreement?

MR. SCHROEDER:  No, I have no intent of saying that, your Honor.

THE COURT:  Okay.

MR. SCHROEDER:  But I want to come back

17

to the fact that this document, I certainly have the ability to discuss it as much as I want, I believe, in terms of admitted evidence into the record, and it relates exactly to the chronology of events.

It actually rebuts many of the things that Dr. Porter testified to.  I never talked to anybody.  Never talked to anybody.  Well, no, actually you did.  You talked to the head of HR.

THE COURT:  Okay.

MR. SCHROEDER:  So I want to know that I have free reign to at least talk about the document, not its import in terms of damages, but I do want to know that I don't have to go rewrite my closing to deal with the fact that I'm addressing -- and I'm going to put it on the screen.  Admit it an exhibit.  We're not going to have a PowerPoint, but we're going to put in exhibits on the screen, and I want to make sure that I have full carte blanche to discuss what he said in that agreement.

THE COURT:  Okay.  I understand your argument.  I appreciate that.  Thank you.

So plaintiff, ultimately the memorandum concludes by saying the mitigation issue, it

18

should not be -- they should not be allowed to talk about the severance agreement to the extent that damages are found to reduce the damages amount. So based on that proffer, what we talked about in closing, that seems then to be -- what's your view on that?

MR. JONES: No, I agree. Our request was that it simply not be brought up for the purposes of saying that there should be an offset or a reduction of the damages by that amount.

THE COURT: All right. So then it sounds like we have clarity on this.

Mr. Schroeder, just to be clear then, your discussion of the document, as you said in the ways that you have described, will be fine. We're just talking about the mitigation of the damages issue and the amount of the severance agreement.

MR. SCHROEDER: Understood.

THE COURT: Okay.

MR. SCHROEDER: Just on that subject, your Honor, and I don't want to put the cart before the horse here, but on the issue of talking about the cross-examination of

19

Dr. Bancroft, I realize we're not putting the chart as a demonstrative and it's not in evidence, but I want to make sure I'm okay to discuss, and I believe I am, the cross-examination and to the extent that he was asked to make figures that he may not agree with, but they actually show that if he did an apples-to-apples comparison, you know, she's actually making more at UVM.  And that's really the import of that.

I'm not -- I'm not going to be putting any documents up or anything in that regard or even showing the numbers, for that matter.  But that was what I understood you were saying yesterday, and I just wanted to make sure.

THE COURT:  Yes.  That was my intention.

Mr. Jones?

MR. JONES:  I think that that's fine except to the extent that part of that cross-examination was examining Dr. Bancroft on the issue of whether he considered the severance amount and, if she had taken that amount, wouldn't have that reduced her damages.  That was the genesis of our motion.

THE COURT:  Okay.

20

MR. SCHROEDER:  That's a completely separate topic.  We're talking about the issue of going to UVM at a 1.0 FTE as opposed to Dartmouth-Hitchcock, which is where he did his damages, at a 1.0, and then incorporates it at .75 magically in July of 2025, and so that's the issue.

I'm not talking about the severance issue this in that regard.

MR. JONES:  That's fine.

THE COURT:  That sounds fine to me, too.

Anything -- so you mentioned PowerPoints, so you're not doing a PowerPoint?

MR. SCHROEDER:  No, your Honor.  The only thing we would show on the screen are admitted exhibits as I reference them and that's it.  And just listening to me.

THE COURT:  Okay.

Anything else from the plaintiffs to take up at this point?

MR. JONES:  Nothing further, Judge.

THE COURT:  So just generally, talking more about the jury once they get the case, I just want to kind of give you a sense of kind of what I'll be telling them.

50

the physicians. Nothing could be further from the truth.

Dr. Merrens also stated in his testimony that Leslie was the architect of the dysfunction.

Dr. Conroy stated that there were declining birthrates and that was the reason that the REI division had closed. All of these arguments are pretext for what was really going on.

They closed the REI division and terminated all of the providers as a clever solution to getting rid of three problem physicians.

I'd like to turn next to the damages section. If you find in favor of Dr. Porter on any of her claims, then your next task will be to consider and award appropriate damages.

In this case Dr. Porter is seeking damages to compensate her for her financial losses and to re-dress her emotional distress. In addition, Dr. Porter is asking you to award punitive damages.

Economic losses. With regard to economic losses for Dr. Porter, you may award damages for

51

any lost earnings that Dr. Porter suffered in the past and any probable loss of ability to earn money in the future. You heard from Economist Dr. Bancroft. He analyzed these types of losses. We're going to pull up Exhibit 1-B, the chart.

Dr. Bancroft summarized his opinions in this chart. This is where he calculated Dr. Porter's losses by being terminated from Dartmouth Health. His methodology was relatively simple. He started with what Dr. Porter would have earned had she been allowed to continue her career at Dartmouth Health. Then he compared that to what she had already earned and what she was likely to earn going forward at UVM.

He made conclusions about the amounts Dr. Porter would need to receive in order to be made whole for Dartmouth Health's wrongful conduct.

You may consider Dr. Porter's expected work life when calculating her losses. You heard Dr. Porter say that she plans to work until she's 70. That would be until 2033. If you find that testimony credible, then you can

52

go to the bottom of the page, the bottom line on the chart and look in the far right column for Dr. Bancroft's calculation of what her losses are.  As you will see, he calculates that figure to be 1,787,722.

When Mr. Coffin cross-examined Dr. Bancroft, he suggested that if you changed the numbers used in the analysis, then the conclusion is different.  That would seem obvious, but that misses the point.  Because if you use accurate numbers, then you get an accurate conclusion.  I submit that Dr. Bancroft used accurate numbers.

You have also heard throughout this trial that lawyer math is suspect.  So when you hear about the calculator math done at the stand with Mr. Coffin's calculator and his framework, I would encourage you to think about whose math you want to follow; the lawyer or the economist.

Remember, when doing Mr. Coffin's calculation, Dr. Bancroft stated, I'll do it, but this is not correct.

Please show Exhibit 1-B, Page 4.

Dr. Bancroft prepared a chart showing the extraordinary expenses that Dr. Porter incurred

53

by having to commute to Burlington from Norwich. To make her whole, we request an award to compensate her for those expenses as well. The amount is $366,553.

Duty to mitigate. Dartmouth Health argues that Dr. Porter's damages should be limited because of what is called a duty to mitigate. You will hear that when someone is seeking damages to compensate them for losses, they have what is called a duty to mitigate damages. But this duty only applies to those damages that Dr. Porter could have avoided with reasonable effort and without undue burden or expense. She's not required to undertake extraordinary measures.

So in this case Dr. Porter had a duty to take reasonable steps to minimize or reduce her losses. The evidence shows that she complied with this duty by taking a job at UVM. Dr. Porter testified she was on long-term disability and could not get a loan to be able to set up her own IVF clinic in the Upper Valley. The robotic equipment with which she does her complex surgeries are only available at big teaching hospitals at UVM or Boston -- like

182

Dr. Porter is entitled to damages for any lost enjoyment of life, mental anguish, and pain and suffering caused by Dartmouth Health's conduct.  These damages may include any pain, discomfort, fears, anxiety, humiliation, lost enjoyment of life's activities, and any other mental and emotional distress suffered by her in the past or likely to be suffered in the future.

Mitigation of damages.

Dartmouth Health claims that Dr. Porter has failed to mitigate, or minimize, her damages.  A plaintiff ordinarily has a general duty to mitigate the damages she incurs, meaning she has a duty to take steps to try to minimize the harm or prevent it from increasing further. In this context, that means Dr. Porter has a duty to attempt to secure or to secure employment that is a suitable alternative to her employment at Dartmouth Health.  This duty applies only to those damages that Dr. Porter could have avoided with reasonable effort and without undue risk, burden, or expense, as the duty to mitigate requires only reasonable, practical care and diligence, not extraordinary measures.

183

The burden is on Dartmouth Health to prove this affirmative defense by a preponderance of the evidence.  As part of bearing this burden, Dartmouth Health must present evidence not only that Dr. Porter did not make reasonable efforts to obtain employment but also that suitable work existed.  To sustain its burden Dartmouth Health must present concrete evidence.  Mere speculation is not sufficient.

If you find that Dr. Porter failed to mitigate her damages, you must reduce her award of damages, if any, by the amount you find she could have avoided.

Punitive damages.

Punitive damages are meant to punish a party for its clearly outrageous conduct and to stop others from acting similarly in the future. In order to award punitive damages, you must find two things.

First, you must find that Dartmouth Health's wrongful conduct was outrageously reprehensible.  That is, that the conduct, whether acts or failures to act, was egregious, morally deserving of blame, to a degree of

190

THE CLERK:  Please be seated.

THE COURT:  Okay, so at this time I'll take any objections from the parties to the instructions as given.

MR. JONES:  Only with regard to the issue with regard to New Hampshire enhanced compensatory damages, renewing that issue.

THE COURT:  Yes, okay.  Thank you.

Mr. Schroeder?

MR. SCHROEDER:  Your Honor, not to review all the previously stated on objections related to the jury instructions, included but not limited to the instructions regarding the ADA, reassignment to a vacant position, we incorporate herein all of the prior objections that we've stated on the record.

THE COURT:  Okay.  All right.  Thank you.

Anything else from either side at this point?

MR. SCHROEDER:  Just logistics, your Honor.

THE COURT:  Yes.

MR. SCHROEDER:  Where you would like us to remain?  What's the assigned period?  How close you would like us to remain?  Just your

195

C E R T I F I C A T E

I, SARAH M. BENTLEY, Certified Court Reporter, Registered Professional Reporter and Notary Public, do hereby certify that the said proceedings were taken in machine shorthand by me at the time and place aforesaid and were thereafter reduced to typewritten form under my direction, Pages 1 - 195; that the foregoing is a true, complete, and correct transcript of said proceedings.

I further certify that I am not employed by, related to, nor counsel for any of the parties herein, nor otherwise interested in the outcome of this litigation.

IN WITNESS WHEREOF, I have affixed my signature and seal this 31st day of May, 2025.


/s/ Sarah M. Bentley, RPR

SARAH M. BENTLEY, CCR-B-1745

A-895

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Misty Blanchette Porter, M.D.,

    Plaintiff,

    v.

Dartmouth-Hitchcock Medical Center,
Dartmouth-Hitchcock Clinic,
Mary Hitchcock Memorial Hospital, and
Dartmouth-Hitchcock Health,

    Defendants.

Civil Action No. 2:17–cv–194

## JURY CHARGE

### General Instructions

Now that you have heard the evidence and arguments, it is my duty to instruct you on the applicable law. My instructions come in two parts. The first part consists of general instructions about the task of the jury and the rules and principles that should guide you in your deliberations. The second part consists of instructions that apply to the specific claims and defenses in this case. I ask that you pay equal attention to both parts.

It is your duty as jurors to follow the law, and to apply it to the facts as you find them from the evidence presented in the courtroom. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. You are not to be concerned with the wisdom of or reasoning behind any rule of law stated by the court. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than that given to you in these instructions. It would

1

also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence presented during the trial.

The lawyers have referred to some of the rules of law in their arguments. If any difference appears between the law as stated by the lawyers and the law as stated by the court in these instructions, you must follow the court's instructions.

Our judicial system requires you to carefully and impartially consider all of the evidence, follow the law, and reach a just verdict, regardless of the consequences.

### Jurors as Finders of Fact/Rulings of the Court

You and you alone are the triers of the facts. Each of you, as jurors, must determine the facts for yourself in reaching a verdict. By the rulings that I made during the course of the trial, I did not intend to express my own views about this case.

### Sympathy/Prejudice

Neither sympathy nor prejudice, for or against the parties or any other person involved with this case, should influence you in any manner in reaching your verdict. Your deliberations should be well reasoned and impartial.

### Evidence in the Case

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits admitted into evidence, and any stipulated facts, regardless of which party presented the evidence. When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved. You may give the stipulated fact, like any other evidence, the weight you think it deserves. Any evidence that has been stricken or excluded, as when an objection is sustained by the court, must be disregarded and you may not consider it in rendering your verdict.

2

A-897

**Arguments/Statements/Objections of the Attorneys**

The opening statements and closing arguments of the attorneys, their questions and objections, and all other statements they made during the course of the trial, are not evidence. The attorneys have a duty to object to evidence that they believe is not admissible. You should not draw any conclusions or make any judgment from the fact that an attorney has objected to evidence.

**Court's Rulings on Objections**

From time to time, the court has been called on to determine the admissibility of certain evidence following the attorneys' objections. You should not concern yourself with the court's reason for any rulings on objections. Whether offered evidence is admissible is purely a question of law for the court and not a concern of the jury. In admitting evidence to which objections have been made, the court does not determine what weight should be given to that evidence, nor does it assess the credibility of the evidence. If the court excludes evidence in response to an attorney's objection, you will dismiss the evidence from your mind completely and entirely, and you will refrain from speculation about the nature of any exchange regarding the evidence between the court and the attorneys held out of your hearing.

**Evidence: Direct or Circumstantial**

There are two types of evidence from which you may find the facts of this case: direct and circumstantial. Direct evidence is the testimony of someone who asserts actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances tending to prove or disprove an issue in the case. For example, if a witness were to testify that he or she had seen cows in a field, that would be an example of direct evidence that there were cows in a field. On the other hand, if a witness were to testify that he or she had seen

3

A-898

cow tracks in the field, that would be an example of circumstantial evidence that there had been cows in the field. The law does not require a party to prove its claims or defenses by direct evidence alone. Rather, one or more of the essential elements of each of the claims or defenses may be established by reasonable inference from other facts which are established by direct testimony; and circumstantial evidence alone may be sufficient proof.

The law makes no distinction between the weight to be given to direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should consider all the evidence in the case and give it as much or as little weight as you think it deserves.

### Credibility of Witnesses

You are the sole judges of the credibility of the witnesses, and the weight to give their testimony is up to you. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; his or her demeanor while testifying; any interest or bias he or she may have; and the reasonableness of his or her testimony, considered in light of all the evidence in the case. Consider also any relation each witness may bear to either side of the case, any bias or prejudice, the manner in which each witness might be affected by the verdict, and the extent to which each witness's testimony is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit a witness's testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. It is your duty to reconcile conflicting testimony if you can. In weighing the effect of a discrepancy, consider

A-899

whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy may result from innocent error or intentional falsehood.

You may give the testimony of each witness the amount of weight you think it deserves: you may believe all of it, part of it, or none of it at all. You do not have to accept the testimony of any witness, even if it is uncontradicted. It is for you to say what you believe and disbelieve.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all the other evidence in the case. Always remember that you should use your common sense and good judgment.

### Impeachment of a Witness

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness whatever degree of credibility or amount of weight you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence to attach to other testimony from that witness. Considering that fact as well as all other relevant evidence, you may accept or reject the testimony of the witness in whole or in part. In making this determination, you may consider whether the witness purposely made a false statement or merely made an innocent mistake, whether the inconsistency concerns an important fact or a small detail, and whether the witness had a reasonable explanation for the inconsistency.

5

A-900

**Expert Witnesses**

You have heard evidence from one witness, Dr. Robert Bancroft, who is known as an "expert witness." An expert witness is a person who has special knowledge, experience, training, or education in his or her profession or area of study. Because of this expertise, an expert witness may offer an opinion about one or more of the issues in the case. In evaluating the testimony of Dr. Bancroft in this case, you should evaluate his credibility and statements just as you would for any other witness. You should also evaluate whether Dr. Bancroft's opinion is supported by the facts that have been proved, and whether the opinion is supported by Dr. Bancroft's knowledge, experience, training, or education. You are not required to give the testimony of Dr. Bancroft any greater weight than you believe it deserves just because he has been referred to as an expert witness.

**Number of Witnesses**

The fact that one side may have called more witnesses than the other side is of no significance. Your task is to evaluate the credibility of the witnesses and to weigh all of the evidence.

**Personal Knowledge and Experience of Jurors**

In deliberating, you are not expected to put aside your common sense or your own observations and life experience. However, a juror having special knowledge of a subject may neither state this knowledge to fellow jurors nor act upon it himself or herself in arriving at a verdict. You must not tell your fellow jurors about matters that are based on your own special knowledge concerning an issue in the case that did not come from evidence received in the courtroom.

6

A-901

As jurors, your job is to decide this case based solely on the evidence presented during the trial and my instructions to you. As you were instructed at the beginning of the trial, you are not to investigate or research the law or facts relevant to the trial. I remind you that you must not seek or receive any information about this case from the Internet, including Google, Facebook, Wikipedia, or any other websites, or from any other source including newspapers, magazines, law books, or dictionaries. Do not search for or receive any information about the parties, the lawyers, the witnesses, the evidence, the law, or any place or location mentioned in the trial. Until I tell you that your jury service is completed, do not communicate with anyone, including your family and friends, about the evidence or issues in this case.

### Burden of Proof: Preponderance of the Evidence

Because Dr. Porter is the one bringing this case, she has the burden of proof. She must prove each essential element of the claims she alleges by what is known as "a preponderance of the evidence," i.e., the greater weight of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. In other words, a preponderance of the evidence means evidence that—when considered and compared with evidence opposed to it—has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. A preponderance of the evidence refers to the quality and the persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who called them, and all exhibits received into evidence, regardless of who submitted them.

If you find that the credible evidence on an issue is evenly divided between the parties, you must decide that issue against the party having the burden of proof. That rule follows from

7

A-902

the fact that the party bearing this burden must prove more than simple equality of evidence: he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof— meaning, what that party claims is true is more likely true than not true—then that element will have been proven by a preponderance of the evidence.

If, after considering all the evidence, you are satisfied that Dr. Porter has carried her burden on at least one of the claims she alleges, then you must find for Dr. Porter on that/those claims. On the other hand, if after such consideration, you find the evidence to be in balance or equally probable, or if you find the evidence tips in favor of Dartmouth Health, then Dr. Porter has failed to sustain her burden and you must find for Dartmouth Health on that/those claims.

## All Persons Equal Before the Law

The fact that Dartmouth Health is a corporation and Dr. Porter is an individual must not enter into or affect your verdict. This case should be considered and decided by you as a dispute between parties of equal standing in the community. All persons, both corporations and individuals, stand equal before the law and are to be treated as equals in a court of justice.

## Corporation Acts Through Its Employees

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (referred to throughout the trial and in this document as "Dartmouth Health") are corporate entities. A corporation acts through its employees. Therefore, the act of any Dartmouth Health employee that occurred while he or she was on duty and acting within the scope of his or her employment duties shall be considered the act of Dartmouth Health.

8

A-903

**Influenced Decisionmaker**

An employer may be liable for unlawful acts, even when so-called "neutral decisionmakers" made the final decision regarding the act, if the employee proves, by a preponderance of the evidence, that the neutral decisionmaker relied on a supervisor who had an unlawful bias or retaliatory motive against the employee.

In other words, if you find that Dr. Merrens was the decisionmaker regarding the termination of Dr. Porter's employment without reassignment to another position at Dartmouth Health, and if you find that Dr. Merrens did not personally have an unlawful bias or retaliatory motive against Dr. Porter, Dartmouth Health may nonetheless be held liable if you find, by a preponderance of the evidence, that a supervisor of Dr. Porter's (like Dr. DeMars) had an unlawful bias or retaliatory motive to terminate Dr. Porter without reassignment to another position at Dartmouth Health and Dr. Merrens relied on that supervisor when deciding to terminate Dr. Porter's employment without reassignment to another position at Dartmouth Health.

**Overview of Claims**

As you have seen and heard in this trial, this is an employment lawsuit brought by Dr. Misty Blanchette Porter against Dartmouth Health. Dr. Porter claims that she was terminated by Dartmouth Health because of her whistleblower complaints about conduct by other physicians and because of her disability. Dartmouth Health claims it had  legitimate, non-discriminatory business reasons for terminating the employment of Dr. Porter in conjunction with the closure of Dartmouth Health's Reproductive Endocrinology and Infertility (REI) Division.

Now I will instruct you regarding each of Dr. Porter's claims: (1) violation of the New Hampshire Whistleblowers' Protection Act; (2) disability discrimination and retaliation under the

9

A-904

Americans with Disabilities Act (ADA), the Rehabilitation Act, and the applicable laws of New Hampshire and Vermont; (3) wrongful discharge under New Hampshire law; and (4) retaliation under the applicable laws of New Hampshire. I will also instruct you regarding Dartmouth Health's defenses and regarding damages.

### New Hampshire Whistleblowers' Protection Act

Dr. Porter alleges that she was terminated by Dartmouth Health, and was not reassigned to another position at Dartmouth Health, in retaliation for her reporting about (and/or advising others to report about) the conduct of two physicians at Dartmouth Health that she reasonably believed to be illegal, fraudulent, unethical, or harmful to patients, in violation of New Hampshire's Whistleblowers' Protection Act. Dartmouth Health denies these claims, and asserts that it had legitimate business reasons for its decision to terminate Dr. Porter's employment and not reassign her to another position with Dartmouth Health.

New Hampshire's Whistleblowers' Protection Act prohibits employers from retaliating against an employee for reporting what he or she reasonably believes is a violation of the law. The Act safeguards employees from being discriminated against for making a good faith report, verbally or in writing. Its purpose is to encourage employees to come forward and report violations without fear of losing their jobs and to ensure that as many alleged violations as possible are resolved informally within the workplace.

In order to establish a claim under New Hampshire's Whistleblowers' Protection Act, Dr. Porter must demonstrate, by a preponderance of the evidence, the following three elements:

First:        Dr. Porter, in good faith, reported or caused to be reported, what she had reasonable cause to believe was a violation of any law or rule adopted under the laws of New Hampshire, a political subdivision of New Hampshire, or the United States;

10

A-905

Second:                Dartmouth Health terminated Dr. Porter's employment and failed to reassign her to another job at Dartmouth Health; and

Third:                 There was a causal connection between Dr. Porter's reporting and her termination from Dartmouth Health without reassignment to another job at Dartmouth Health.

### 1. "Reported in good faith"

In this context, "good faith" means "absence of malice" and "honesty of intention." Reporting "in good faith" means the employee *reasonably believed* that a violation of a law or rule was happening; the employee need not prove that a violation of a law or rule *was in fact* happening. In other words, the Act does not require an actual violation of a law or rule but only that an employee reasonably believe that such a violation has occurred.

In reporting a violation to her employer, the employee is not required to reference any specific law or rule that the employer has allegedly violated. The employer is presumed to be familiar with the laws and regulations governing its business, and to consider a report to have been made if a reasonable employer would have understood from an employee's complaint that the employee was reciting a violation of law.

### 2. "Termination of employment"

You must decide whether Dartmouth Health terminated Dr. Porter's employment and did not reassign her to another job at Dartmouth Health.

### 3. "Causal connection"

To find in favor of Dr. Porter on this claim, you must find a causal connection between her termination and her reporting about (and/or advising others to report about) the conduct of two physicians at Dartmouth Health that she reasonably believed to be illegal, fraudulent, unethical, or harmful to patients. In other words, you must find that Dr. Porter's termination

11

A-906

occurred "because" of her reporting. This may be shown by circumstantial evidence. For example, you may find that there is sufficient causation through temporal proximity, that is, that Dartmouth Health's termination of Dr. Porter followed shortly after Dartmouth Health became aware of Dr. Porter's reporting. Other ways you may find causation could be through (a) Dartmouth Health's disparate treatment of fellow employees who engaged in similar conduct as Dr. Porter, or (b) deficiencies in Dartmouth Health's articulated reasons for terminating Dr. Porter.

In addition, to support the required finding of causation for this claim, you must find that Dr. Porter reported the alleged violations to a person having supervisory authority over her. In other words, at least one supervisor or decisionmaker at Dartmouth Health must have known that Dr. Porter had reported about (and/or advised others to report about) the conduct that she believed to be illegal, fraudulent, unethical, or harmful to patients.

Dartmouth Health claims it did not terminate Dr. Porter because of her whistleblowing activity—here, reporting that two Dartmouth Health physicians were engaging in conduct that she thought was unlawful, unethical, or dangerous to patients—but rather, because it made a business decision to close its REI Division, resulting in the termination of all three physicians in the Division, and that there was no other position to which Dr. Porter could be reassigned at Dartmouth Health. Dr. Porter asserts that the reasons given for her termination are not the true reasons but instead are a pretext (or excuse) to cover up Dartmouth Health's unlawful retaliation against her for whistleblowing. If you do not believe the reasons Dartmouth Health has offered for termination of Dr. Porter's employment and not reassigning her to a different job at Dartmouth Health, then you may, but are not required to, infer that retaliation was a factor that

12

A-907

made a difference in Dartmouth Health's decision to terminate Dr. Porter's employment and not reassign her to another job at Dartmouth Health.

### Americans with Disabilities Act (ADA) Claim

In this case, Dr. Porter claims that Dartmouth Health terminated her employment and did not reassign her to another division because of her disability.

Dr. Porter has asserted three distinct but related types of disability discrimination claims. First, Dr. Porter may prove that Dartmouth Health would not have terminated her employment but for her disability. Second, Dr. Porter may prove that Dartmouth Health failed to reasonably accommodate her disability by reassigning her to another division instead of terminating her employment. Third, Dr. Porter may prove that Dartmouth Health retaliated against her for making a reasonable accommodation request. You must determine whether Dr. Porter has proven that Dartmouth Health has discriminated against her because of her disability in any or all of these ways or none of these ways. For Dr. Porter to prove her ADA claim against Dartmouth Health, she must prove that Dartmouth Health discriminated against her in at least one of these ways.

### 1. "But for" discrimination

To prevail under this theory, Dr. Porter must prove all of the following by a preponderance of the evidence:

First:        Dartmouth Health is an employer subject to the ADA.

Second:       Dr. Porter has a "disability" within the meaning of the ADA.

Third:        Dr. Porter was otherwise qualified to perform the essential functions of her job, either with or without reasonable accommodation.

Fourth:       Dr. Porter was terminated because of her disability.

13

A-908

To prevail under this theory, Dr. Porter must prove all of the following by a preponderance of the evidence:

### 1.1. "Employer"

The parties have agreed on the first element: that Dartmouth Health is an employer subject to the ADA. Thus, the first element is satisfied.

### 1.2. "Disability"

The parties have agreed on the second element: that Dr. Porter has a "disability" as defined by the ADA. Thus, the second element is satisfied.

### 1.3. "Otherwise qualified to perform essential functions"

You must determine whether Dr. Porter was a "qualified individual." To satisfy this element, Dr. Porter must prove two things by a preponderance of the evidence: first, that she was "otherwise qualified" for the position she held; and second, that either with or without reasonable accommodation, she could perform the essential functions of that position.

#### 1.3.1. "Otherwise qualified"

An individual is "otherwise qualified" if they have the requisite skill, experience, education, and other job-related requirements of the employment position involved in the case. If Dr. Porter cannot satisfy this standard, then she was not a qualified individual, even if the reason that Dr. Porter is not qualified is solely a result of her disability. The ADA does not require an employer to hire or retain an individual who cannot perform the job in question either with or without an accommodation.

#### 1.3.2. "Essential functions"

14

A-909

If you find that Dr. Porter was "otherwise qualified," then the next step is to determine whether she has proven by a preponderance of the evidence that she was able to perform the essential functions of the position either with or without reasonable accommodation. A reasonable accommodation may include job restructuring or part-time or modified work schedules.

To make this determination, you will need to determine the essential functions of the employment position. The "essential functions of an employment position" are the basic, fundamental duties of a job that a person must be able to perform to hold a particular position. Essential functions do not include marginal job duties of the position.

A job function may be considered essential for any of several reasons. These include, but are not limited to, the following:

1. The reason that the position exists is to perform that function;

2. There are a limited number of employees available among whom the performance of that job function can be distributed; and

3. The job function is highly specialized and the person in that position is hired for their expertise or ability to perform that particular job function.

In determining whether a particular job function is essential, you may, along with all of the evidence that has been presented to you, consider the following factors:

a. The employer's judgment as to which functions of the job are essential;

b. Written job descriptions prepared by the employer for advertising or posting the position;

c. Written job descriptions prepared by the employer for use in interviewing applicants for the position;

15

A-910

d.  The amount of time spent performing the function;

e.  The consequences of not requiring the person holding the position to perform the function;

f.  The terms of any collective bargaining agreement;

g.  The work experience of past employees who have held the position; and

h.  The work experience of current employees who hold similar positions.

An employee must have been able to perform all of the essential functions of the position either with or without reasonable accommodation at the time of their termination. An employer may not base an employment decision on speculation that the employee's disability might worsen to the extent that they would not be a qualified individual at some time in the future. On the other hand, an employer is not required to speculate that an employee's condition will improve if that employee is not able to fulfill all of the essential functions of the position at the time in question.

### 1.4. "Because of"

You must determine whether Dartmouth Health terminated Dr. Porter's employment because of her disability. An employee must prove that the employer would not have terminated their employment but for their disability. To determine that Dartmouth Health terminated Dr. Porter because of her disability, you must decide that Dartmouth Health would not have terminated Dr. Porter if Dr. Porter had not had a disability but everything else had been the same.

An employee does not need to prove that discrimination was the only or even the predominant factor that motivated an employer. You may decide that other factors were involved in the decision to terminate Dr. Porter's employment. But, for Dr. Porter to meet her burden, you

16

must conclude that she has proved by a preponderance of the evidence that, although there may have been other factors, she would not have been terminated if she had not had a disability.

An employer may not discriminate against an employee because of the employee's disability, but an employer may terminate an employee for any other lawful reason, good or bad, fair or unfair. An employer is entitled to make subjective policy and business judgments, and an employer may therefore terminate an employee—even an outstanding employee—for reasons that it considers to be in its best interests. An employer is entitled to make its own personnel decisions, however misguided they may appear to you. If you believe Dartmouth Health's reasons for its decision to terminate Dr. Porter and find that its decision was not because of Dr. Porter's disability, you must not substitute your own judgment—even if you do not agree with Dartmouth Health's decision.

As I have explained, Dr. Porter has the burden to prove that Dartmouth Health's decision to discharge her was because of her disability. I have explained to you that evidence can be direct or circumstantial. To decide whether Dartmouth Health's decision to discharge Dr. Porter was because of her disability, you may consider the circumstances of Dartmouth Health's decision. For example, you may consider whether you believe the reasons Dartmouth Health gave for the decision. If you do not believe the reasons it gave for the decision, you may consider whether the reasons were so unbelievable that they are a cover-up to hide the true discriminatory reason for the decision.

### 2. Failure to grant reasonable accommodation request

An employee may also establish a claim under the ADA by showing that the employer failed to provide a reasonable accommodation.

17

To establish such a claim, Dr. Porter must prove each of the following elements by a preponderance of the evidence:

| | |
|---|---|
| First: | Dartmouth Health is an employer subject to the ADA. |
| Second: | Dr. Porter has a "disability" within the meaning of the ADA. |
| Third: | Dr. Porter was otherwise qualified to perform the essential functions of her job, either with or without reasonable accommodation. |
| Fourth: | Dartmouth Health failed to make a reasonable accommodation. |

### 2.1. "Employer"

The parties have agreed on the first element: that Dartmouth Health is an employer subject to the ADA. Thus, the first element is satisfied.

### 2.2. "Disability"

The parties have agreed on the second element: that Dr. Porter has a "disability" as defined by the ADA. Thus, the second element is satisfied.

### 2.3. "Otherwise qualified to perform essential functions"

You must determine whether Dr. Porter was a "qualified individual." To satisfy this element, Dr. Porter must prove two things by a preponderance of the evidence: first, that she was "otherwise qualified" for the position she desired; and second, that either with or without reasonable accommodation, she could perform the essential functions of that position.

#### 2.3.1. "Otherwise qualified"

An individual is "otherwise qualified" if they have the requisite skill, experience, education, and other job-related requirements of the employment position involved in the case. If Dr. Porter cannot satisfy this standard, then she was not a qualified individual, even if the reason that Dr. Porter is not qualified is solely a result of her disability. The ADA does not require an

18

A-913

employer to hire or retain an individual who cannot perform the job in question either with or without a reasonableaccommodation.

### 2.3.2.  "Essential functions"

If you find that Dr. Porter was "otherwise qualified," then the next step is to determine whether she has proven by a preponderance of the evidence that she was able to perform the essential functions of the position either with or without reasonable accommodation. A reasonable accommodation may include job restructuring or part-time or modified work schedules.

To make this determination, you will need to determine the essential functions of the employment position. The "essential functions of an employment position" are the basic, fundamental duties of a job that a person must be able to perform to hold a particular position. Essential functions do not include marginal job duties of the position.

A job function may be considered essential for any of several reasons. These include, but are not limited to, the following:

1.  The reason that the position exists is to perform that function;

2.  There are a limited number of employees available among whom the performance of that job function can be distributed; and

3.  The job function is highly specialized and the person in that position is hired for their expertise or ability to perform that particular job function.

In determining whether a particular job function is essential, you may, along with all of the evidence that has been presented to you, consider the following factors:

i.  The employer's judgment as to which functions of the job are essential;

19

j.  Written job descriptions prepared by the employer for advertising or posting the position;

k.  Written job descriptions prepared by the employer for use in interviewing applicants for the position;

l.  The amount of time spent performing the function;

m.  The consequences of not requiring the person holding the position to perform the function;

n.  The terms of any collective bargaining agreement;

o.  The work experience of past employees who have held the position; and

p.  The work experience of current employees who hold similar positions.

An employee must have been able to perform all of the essential functions of the desired position either with or without reasonable accommodation at the time of their termination. An employer may not base an employment decision on speculation that the employee's disability might worsen to the extent that they would not be a qualified individual at some time in the future. On the other hand, an employer is not required to speculate that an employee's condition will improve if that employee is not able to fulfill all of the essential functions of the position at the time in question.

### 2.4. "Failed to make a reasonable accommodation"

You must determine whether Dartmouth Health failed to make a reasonable accommodation for Dr. Porter by reassigning her to another department instead of terminating her employment.

The term "reasonable accommodation" means making modifications to the workplace that allows a person with a disability to perform the essential functions of the job or allows a

A-915

person with a disability to enjoy the same benefits and privileges as an employee without a disability.

A "reasonable accommodation" may include job restructuring, part-time or modified work schedules, reassignment to a vacant position, or other similar accommodations for individuals with disabilities. A reasonable accommodation does not require an employer to create a new position for an employee.

The term "reasonable accommodation" does not include efforts that would cause an "undue hardship"—an action requiring significant difficulty or expense—on an employer. An employer must show special (typically case-specific) circumstances to demonstrate undue hardship in the particular case.

An employer has a duty to make a reasonable accommodation for an employee if the employer knows or reasonably should have known that the employee was disabled, even if the employee did not explicitly request an accommodation. If the employer knows or should have known that the employee was disabled, the employer is obligated to engage in an interactive process with the employee to determine whether a possible reasonable accommodation exists. Both employer and employee must cooperate in this interactive process in good faith.

Neither side can prevail in this case simply because the other did not cooperate in the interactive process. However, you may consider whether a party cooperated in good faith in evaluating the merit of that party's claim that a reasonable accommodation did or did not exist. An employer, by failing to engage in a sufficient interactive process, risks not discovering a means by which an employee's disability could have been accommodated and thereby increases the chance of failing to reasonably accommodate the employee.

21

A-916

### 3. Retaliation

The ADA prohibits an employer from discriminating against an employee because the employee has opposed an unlawful employment practice under the ADA. This is called retaliation. To establish retaliation, Dr. Porter must prove each of the following elements by a preponderance of the evidence:

| | |
|---|---|
| First: | Dr. Porter engaged in an activity protected by the ADA. |
| Second: | Dartmouth Health knew that Dr. Porter engaged in protected activity. |
| Third: | Dartmouth Health took adverse action against Dr. Porter. |
| Fourth: | A causal connection exists between the adverse action and the protected activity. |

#### 3.1. "Protected activity"

A protected activity is an act that opposes any perceived discriminatory practice made unlawful by the ADA. "Protected activity" includes making a request for a reasonable accommodation.

The parties have agreed on the first element: that Dr. Porter made a reasonable accommodation request. Thus, the first element is satisfied.

#### 3.2. "Aware of activity"

The parties have agreed on the second element: that Dartmouth Health was aware that Dr. Porter made a reasonable accommodation request seeking reassignment to the OB/GYN Department or the Radiology Department. Thus, the second element is satisfied.

#### 3.3. "Adverse action"

You must determine whether Dartmouth Health took adverse action against Dr. Porter by terminating her employment.

22

### 3.4. "Causal connection"

You must determine whether there is a causal connection between Dr. Porter's reasonable accommodation request and Dartmouth Health's decision to terminate Dr. Porter's employment. Dr. Porter must prove that Dartmouth Health would not have terminated her employment but for her reasonable accommodation request. To determine that there is a causal connection between Dartmouth Health's decision to terminate Dr. Porter's employment and Dr. Porter's reasonable accommodation request, you must decide that Dartmouth Health would not have terminated Dr. Porter if Dr. Porter had not made a reasonable accommodation request but everything else had been the same.

Dr. Porter does not need to prove that retaliation was the only or even the predominant factor that motivated Dartmouth Health. You may determine that other factors contributed to Dartmouth Health's decision to terminate Dr. Porter's employment. But, in order to return a verdict in favor of Dr. Porter on her ADA retaliation claim, you must conclude that she has proved by a preponderance of the evidence that, even if other factors contributed to the decision, Dartmouth Health would not have terminated her employment if she had not made a reasonable accommodation request.

### Rehabilitation Act Claim

Dr. Porter has also brought disability discrimination claims under Section 504 of the Rehabilitation Act (29 U.S.C. § 794). Section 504 of the Rehabilitation Act applies to entities that receive federal funds, and it prohibits these entities from excluding or discriminating against individuals based on their disability.

Dr. Porter has brought claims for discriminatory termination, failure to make a reasonable accommodation, and retaliation under Section 504 of the Rehabilitation Act. The elements and

23

A-918

instructions for these claims are the same as those under the ADA. Thus, the instructions I previously gave you on disability discrimination under the ADA apply equally to the claims under Section 504 of the Rehabilitation Act.

### Disability Discrimination Claims Under New Hampshire State Law

In addition to the federal claims, there are also claims in this case for disability discrimination under New Hampshire's Law Against Discrimination. New Hampshire state law prohibits discrimination in employment based on disability.

Dr. Porter has brought claims for discriminatory termination, failure to make a reasonable accommodation, and retaliation under the New Hampshire Law Against Discrimination. The elements and instructions for these claims are the same as those under the ADA. Thus, the instructions I previously gave you on disability discrimination under the ADA apply equally to the claims under the New Hampshire Law Against Discrimination.

### Disability Discrimination Claims Under Vermont State Law

In addition to the federal claims and the claims under New Hampshire state law, there are also claims in this case for disability discrimination under Vermont's Fair Employment Practices Act (FEPA). Vermont state law prohibits discrimination in employment based on disability.

Dr. Porter has brought claims for discriminatory termination, failure to make a reasonable accommodation, and retaliation under Vermont's FEPA. The elements and instructions for these claims are mostly the same as those under the ADA. However, there is one important difference in the claim for discriminatory termination. For the fourth element, the FEPA uses the "motivating factor" test instead of the "because of" test used under the ADA. In other words, Dr. Porter must prove the following by a preponderance of the evidence:

24

A-919

First:         Dartmouth Health is an employer subject to the FEPA.

Second:        Dr. Porter has a "disability" within the meaning of FEPA.

Third:         Dr. Porter was otherwise qualified to perform the essential functions of her job, either with or without reasonable accommodation.

Fourth:        Dr. Porter's disability was a *motivating factor* in Dartmouth Health's decision to terminate her employment.

Under the motivating factor test, an employee must prove that their disability was a motivating factor that prompted the employer to terminate the employment. It is not necessary for the employee to prove that disability was the sole or exclusive reason for the employer's decision. It is sufficient if the employee proves that the alleged disability was a motivating factor in the employer's decision. A motivating factor is a factor that played some part in an employer's adverse employment action. Under the motivating factor test, an employer cannot avoid liability by proving that it would still have taken the same adverse action in the absence of discriminatory motivation. This is a difference between the motivating factor test and the "because of" test.

You should apply the motivating factor test, not the "because of" test, to Dr. Porter's claim for discriminatory termination under the FEPA. With this exception, the instructions I previously gave you on disability discrimination under the ADA regarding failure to make a reasonable accommodation and retaliation apply equally to the claims under the FEPA.

**Wrongful Discharge under New Hampshire Law**

Based on Dartmouth Health's termination of Dr. Porter's employment at Dartmouth-Hitchcock Medical Center, Dr. Porter has brought a claim for wrongful discharge against Dartmouth Health under New Hampshire law.

The prevailing rule in New Hampshire is that where, as here, there is no employment contract between employer and employee, the relationship is termed "at will." In an at-will employment situation, both parties are generally free to terminate the employment relationship at

25

A-920

any time, with or without cause, and it is implied that the parties will carry out their obligations in good faith. But there is an exception to this "at-will" rule: an employer's termination of an employee that is motivated by bad faith or malice, or is based on retaliation, is not in the best interest of the economic system of the public good, and is therefore unlawful. An employer's interest in running his business as he sees fit must be balanced against the interest of the employee in maintaining his employment and the public's interest in maintaining a proper balance between the two.

In order to establish a claim for wrongful discharge under New Hampshire law, Dr. Porter must demonstrate the following two elements by a preponderance of the evidence:

First:       Dartmouth Health's termination of Dr. Porter was motivated by bad faith, malice, or retaliation; and

Second:      Dartmouth Health terminated Dr. Porter because she performed one or more acts that public policy would encourage.

**1. "Termination motivated by bad faith, malice, or retaliation"**

For purposes of this claim, "bad faith" is the equivalent of malice, and may be established where (i) an employee is discharged for pursuing policies condoned by the employer, (ii) the record does not support the stated reason for the discharge, or (iii) disparate treatment was administered to a similarly situated employee. Bad faith can also be discerned from the course of events surrounding an employee's discharge, the manner in which the plaintiff was discharged, or shifting reasons for an employee's termination. Stated another way, "malice" or "bad faith" may be shown where the employer's decision to terminate the employee was without reasonable cause or excuse as the facts would have appeared to a reasonable person, and that the termination was willful and intentional; that is, the employer knew that the termination was unreasonable and still decided to terminate the employee's employment; or that the termination was motivated by

26

A-921

ill will or a purpose to harass. "Bad faith" or "malice" may therefore be established by proof that the evidence does not support the stated reason for the discharge.

The general meaning of "retaliation" is the act of doing someone harm in return for actual or perceived injuries or wrongs, in other words, revenge.

### 2. "Acts that public policy would encourage"

"Public policy," as used in this claim, includes a wide range of societal goals including safety and public welfare, protection of an at-will employee's promised compensation, and good faith reporting of reasonably perceived improper activity. The employee need not show a strong and clear public policy, and the public policy may be based on statutory or non-statutory policies at the state or federal level. An employee's mere expression of disagreement with a management decision, however, is not an act protected by public policy. Moreover, the public policy exception to termination of at-will employment does not deprive an employer of the right to make business decisions which are necessary to effectuate the efficient and profitable operation of its business; nor does the public policy exception interfere with an employer's ability to hire and retain those individuals best qualified for the job.

An example of a case where an employee is terminated for doing an act that public policy would encourage is an employee being terminated for refusing to provide to his or her employer private medical records and personal health information of patients. A second example is an employee being terminated for missing work because they reported to jury duty. A third example is an employee being terminated for protecting employees who worked under him from workplace hazards that could cause serious physical harm to those employees. Other examples of acts that public policy would encourage could be reporting physician conduct that is illegal, fraudulent, unethical, or unlawful to patients; ensuring that a medical provider or medical facility

27

A-922

obtain patient consent before performing procedures on patients; and objecting to improper patient billing procedures. In these cases, if the termination is because of the act that public policy encourages, and the employer acted with malice and bad faith or in retaliation, the employee is entitled to recover damages for wrongful termination.

It is your job to determine if Dartmouth Health terminated Dr. Porter because of her performance of one or more acts that public policy would encourage. In determining whether Dr. Porter performed an act that public policy would encourage, you are not limited to the above examples, nor must you find that the facts support the above examples in this case.

In order to find in favor of Dr. Porter on this claim, you not only must find that Dr. Porter performed one or more acts that public policy would encourage, and that Dartmouth Health's termination of Dr. Porter was motivated by bad faith, malice, or retaliation; you must also find that Dr. Porter was terminated "because" of her performance of an act that public policy would encourage. Thus, Dr. Porter must show a causal link between her performance of an act that public policy would encourage and her termination.

### Damages

If you decide in favor of Dartmouth Health on all claims, you will not consider these instructions about damages. But if you decide for Dr. Porter on any claim, you must determine the amount of money that will compensate her for each item of harm that was caused by Dartmouth Health's conduct. This compensation is called "damages."

Please keep in mind the following general principles as you deliberate. Remember that Dr. Porter has the burden of proving damages by a preponderance of the evidence. Damages may not be based on sympathy, speculation, or guesswork. In making your decision, you should be guided by the evidence, common sense, and your best judgment.

28

A-923

**Economic and Non-Economic Damages**

Damages for Dr. Porter's claims can fall into two different categories: economic damages and non-economic damages. Economic damages include such items as lost income and medical expenses. Non-economic damages include such items as lost enjoyment of life, mental anguish, pain and suffering, disability and disfigurement. These damages may include compensation for past harm and future harm, depending on the evidence. If you find that Dr. Porter is entitled to damages, you must determine the total amount and place that amount on the verdict form.

There is no precise standard for calculating these damages. Your damages determination must be just and reasonable in light of the evidence. In determining the damages that Dr. Porter has suffered as a result of her injuries, you should consider the following items:

- Dr. Porter is entitled to damages for any earnings lost in the past, and any probable loss of ability to earn money in the future, caused by Dartmouth Health's conduct. When considering Dr. Porter's future earnings, you should consider Dr. Porter's expected working lifetime.

- Dr. Porter is entitled to damages for any lost enjoyment of life, mental anguish, and pain and suffering caused by Dartmouth Health's conduct. These damages may include any pain, discomfort, fears, anxiety, humiliation, lost enjoyment of life's activities, and any other mental and emotional distress suffered by her in the past, or likely to be suffered in the future.

**Mitigation of Damages**

Dartmouth Health claims that Dr. Porter has failed to mitigate, or minimize, her damages. A plaintiff ordinarily has a general duty to mitigate the damages she incurs, meaning she has a duty to take steps to try to minimize the harm or prevent it from increasing further. In this

29

context, that means Dr. Porter has a duty to attempt to secure or to secure employment that is a suitable alternative to her employment at Dartmouth Health. This duty applies only to those damages that Dr. Porter could have avoided with reasonable effort and without undue risk, burden, or expense, as the duty to mitigate requires only reasonable, practical care and diligence, not extraordinary measures.

The burden is on Dartmouth Health to prove this affirmative defense by a preponderance of the evidence. As part of bearing this burden, Dartmouth Health must present evidence not only that Dr. Porter did not make reasonable efforts to obtain employment, but also that suitable work existed. To sustain its burden, Dartmouth Health must present concrete evidence; mere speculation is not sufficient.

If you find that Dr. Porter failed to mitigate her damages, you must reduce your award of damages, if any, by the amount you find she could have avoided.

### Punitive Damages

Punitive damages are meant to punish a party for its clearly outrageous conduct, and to stop others from acting similarly in the future. In order to award punitive damages, you must find two things:

First, you must find that Dartmouth Health's wrongful conduct was outrageously reprehensible; that is, that the conduct – whether acts or failures to act – was egregious, morally deserving of blame, to a degree of outrage frequently associated with a crime.

Second, you must find that Dartmouth Health acted with malice. You may find malice if you find that Dartmouth Health's reprehensible conduct was intentional and deliberate; that is, that the conduct was the result of Dartmouth Health's bad motive, ill will, or personal spite or hatred toward Dr. Porter. You may also find malice even if Dartmouth Health's motivation

30

A-925

behind the intentional, outrageous conduct was to benefit itself, rather than to harm Dr. Porter. Alternatively, you may find malice if Dartmouth Health's wrongful conduct was not intentional, but instead was done with a reckless or wanton disregard of the substantial likelihood that it would cause egregious harm to Dr. Porter; that is, if Dartmouth Health acted – or failed to act – with conscious and deliberate disregard of a known, substantial, and intolerable risk of harm to Dr. Porter, with the knowledge that the conduct was substantially certain to result in the threatened harm.

Where the defendant is a corporation, as is the case here, in order to find that the corporation must pay punitive damages, you must find that the conduct justifying punitive damages was corporate conduct, or was conduct permitted by the corporation. Where the management of the corporation was involved in the conduct itself, it may be considered to be corporate conduct. Where the management of the corporation has knowledge of wrongful conduct by lower-level employees, the corporation may be determined to have permitted the conduct. If you find either corporate conduct, or conduct permitted by the corporation, you may find that the corporation must pay punitive damages.

In determining the amount of punitive damages to award, if any, you may consider such factors as the nature of Dartmouth Health's conduct, the nature of the resulting harm to Dr. Porter, Dartmouth Health's wealth or financial status, and the degree of malice or wantonness in its acts.

### Remaining Damages Issues

It is solely the province of the jury to decide the amount of any damages award. I am giving you these damages instructions so you will know how to proceed if you reach this point in

A-926

your deliberations. But by giving you these instructions, I do not intend to suggest whether an award is appropriate or what the amount of that award should be.

Where the amount of the damages can be calculated in specific dollar terms, the party seeking damages must present evidence to demonstrate the appropriate amount. With certain types of damages, however, there is no precise measurement, and it is up to you to decide what is fair monetary compensation for those damages. Under no circumstances may you award damages that are speculative or conjectural.

I remind you that any amount of recovery that may have been suggested by the attorneys is not evidence. Moreover, you need not adopt the approaches the attorneys have suggested for calculating damages. As the jury, it is your obligation to arrive at an amount which is supported by the evidence and fair to both parties. The amount of damages, if any, is a determination for the jury.

You should not add any sum for interest to the damages awarded in this case. The court will make such award if appropriate. Similarly, you must not include in your award any costs that Dr. Porter may, or may not, have incurred due to her filing of this lawsuit, or her attorneys' fees. These are matters for the court.

You should not award damages for one item that duplicates an award for another item. In other words, a party is entitled to only one recovery for his or her damages.

### Insurance and Taxes

You should not speculate about whether either Dartmouth Health or Dr. Porter has any insurance that might cover, or has covered, any damages that you find Dr. Porter has experienced. You also should not speculate about what taxes Dr. Porter might owe on any damage award. You have heard testimony from Dr. Bancroft that Dr. Porter's damages include

32

A-927

amounts owed in taxes on any damages award. You may, or may not, take this into account in assessing the amount of Dr. Porter's damages, if any.

The rules that jurors are not to speculate about insurance and taxes are special rules that apply to lawsuits. Those issues are not relevant to your task here. Your job is to award the amount of damages that you determine has been established by the evidence presented to you. Any other issues that have to be resolved are my job, not yours.

### Final Instructions

This completes my instructions to the jury. I will now provide a copy of these instructions to you, and you will retire to the jury room to deliberate in privacy about the issues in this case. I will also provide a Verdict Form to guide you in your deliberations. The answer to each question on the form must be the unanimous answer of the jury. This means you cannot answer a question on the Verdict Form unless and until all twelve of you agree on the answer. Each question numbered I–VI must be answered. You will also receive the exhibits which were admitted into evidence.

I appoint ███████████████████████████ as your foreperson. (S)he will be responsible for making sure that the deliberations occur in an orderly fashion and that every juror has an opportunity to participate. (S)he will record the unanimous answers of the jury on the verdict form, and date and sign the jury form. (S)he will also be your spokesperson here in court.

If you need to communicate with the court, please do so in writing. I will then confer with the lawyers about your question and send a written response to you. Please advise the court officer after you reach a verdict, but do not tell the court officer or anyone else what the verdict is until you return to the courtroom at which time I will receive the Verdict Form from your foreperson.

A-928

Dated at Burlington, in the District of Vermont, this 8th  day of April 2025.

_____
Kevin J. Doyle
United States Magistrate Judge

A-929

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

**2025 APR 10  PM 4: 39**

CLERK

BY _____
DEPUTY CLERK

Misty Blanchette Porter, M.D.,

Plaintiff,

v.

Dartmouth-Hitchcock Medical Center,
Dartmouth-Hitchcock Clinic,
Mary Hitchcock Memorial Hospital, and
Dartmouth-Hitchcock Health,

Defendants.

Civil Action No. 2:17–cv–194

## JURY VERDICT FORM

### PLEASE CHECK ( ✓ ) YOUR ANSWERS
All jurors must agree on the answers to all the questions.

**I.     Violation of New Hampshire Whistleblowers' Protection Act**

Do you find by a preponderance of the evidence that Dartmouth Health terminated Dr.

Porter's employment and failed to reassign her to another position at Dartmouth Health in

violation of the New Hampshire Whistleblowers' Protection Act?

YES _____     NO __✗__

**II.     Violation of Americans with Disabilities Act**

a.     Do you find by a preponderance of the evidence that Dartmouth Health

terminated Dr. Porter's employment because of her disability in violation of the Americans with

Disabilities Act?

YES _____     NO __✗__

Page 1 of 7

A-930

**b.** Do you find by a preponderance of the evidence that Dartmouth Health failed to make a reasonable accommodation for Dr. Porter by reassigning her to another department instead of terminating her employment in violation of the Americans with Disabilities Act?

YES _____   NO __X__

**c.** Do you find by a preponderance of the evidence that Dartmouth Health retaliated against Dr. Porter by terminating her employment in violation of the Americans with Disabilities Act?

YES _____   NO __X__

## III.   **Rehabilitation Act Claim**

**a.** Do you find by a preponderance of the evidence that Dartmouth Health terminated Dr. Porter's employment because of her disability in violation of the Rehabilitation Act?

YES _____   NO __X__

**b.** Do you find by a preponderance of the evidence that Dartmouth Health failed to make a reasonable accommodation for Dr. Porter by reassigning her to another department instead of terminating her employment in violation of the Rehabilitation Act?

YES _____   NO __X__

**c.** Do you find by a preponderance of the evidence that Dartmouth Health retaliated against Dr. Porter by terminating her employment in violation of the Rehabilitation Act?

YES _____   NO __X__

### IV.     Disability Discrimination Claims under New Hampshire State Law

**a.**     Do you find by a preponderance of the evidence that Dartmouth Health terminated Dr. Porter's employment because of her disability in violation of the New Hampshire Law Against Discrimination?

YES _____    NO __✗__

**b.**     Do you find by a preponderance of the evidence that Dartmouth Health failed to make a reasonable accommodation for Dr. Porter by terminating her employment instead of reassigning her in violation of the New Hampshire Law Against Discrimination?

YES _____    NO _✗__

**c.**     Do you find by a preponderance of the evidence that Dartmouth Health retaliated against Dr. Porter by terminating her employment in violation of the New Hampshire Law Against Discrimination?

YES _____    NO __✗__

### V.     Disability Discrimination Claims Under Vermont State Law

**a.**     Do you find by a preponderance of the evidence that Dr. Porter's disability was a motivating factor in Dartmouth Health's decision to terminate Dr. Porter's employment in violation of the Vermont Fair Employment Practices Act?

YES _✗__    NO _____

**b.**     Do you find by a preponderance of the evidence that Dartmouth Health failed to make a reasonable accommodation for Dr. Porter by terminating her employment instead of reassigning her to another department in violation of the Vermont Fair Employment Practices Act?

A-932

YES _____ NO __✓__

c.     Do you find by a preponderance of the evidence that Dartmouth Health retaliated against Dr. Porter by terminating her employment in violation of the Vermont Fair Employment Practices Act?

YES _____ NO __X__

## VI.     <u>Wrongful Discharge Claim Under New Hampshire State Law</u>

Do you find by a preponderance of the evidence that Dartmouth Health's decision to terminate Dr. Porter's employment constituted wrongful discharge in violation of New Hampshire state law?

YES _____ NO __X__

A-933

## DAMAGES

Only answer the following questions if you checked YES to one or more of the prior questions. If you did not check YES to any of the prior questions, please leave the following questions blank and proceed to the last page of the verdict form.

### 1. Economic Damages

If you checked "YES" to any of the questions in Parts I-VI above, do you find that Dr. Porter has proven, by a preponderance of the evidence, that she is entitled to economic damages such as lost income and expenses?

YES __X__    NO _____

If you checked "YES," state below the amount that is to be awarded in economic damages. If you answered "NO," please proceed to the following question.

$ __1,000,000.00__

### 2. Non-Economic Damages

If you checked "YES" to any of the questions in Parts I, II, IV, V, or VI above, do you find that Dr. Porter has proven, by a preponderance of the evidence, that she is entitled to non-economic damages such as lost enjoyment of life, mental anguish, or pain and suffering?

YES __X__    NO _____

If you answered "YES" to the question above, state below the amount that is to be awarded in non-economic damages. If you answered "NO" to the question above, please proceed to the following question.

$ __125,000.00__

A-934

### 3. Punitive Damages

If you checked "YES" to any of the questions in Parts II (violation of the ADA) or V (disability discrimination claims under Vermont state law) above, do you find that Dr. Porter has proven, by a preponderance of the evidence, that she is entitled to punitive damages because Dartmouth Health's wrongful conduct was outrageously reprehensible and Dartmouth Health acted with malice?

YES _____    NO _X___

If you answered "YES" to the question above, state below the amount that is to be awarded in punitive damages. If you answered "NO" to the question above, please proceed to the following page.

$_____

A-935

*Please have the foreperson sign and date this Verdict Form and advise the Court by note that you have reached a verdict.*

Dated at Burlington, in the District of Vermont, this __\10__ day of April 2025.



Jury Foreperson

A-936

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| MISTY BLANCHETTE PORTER, M.D., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Docket No. 2:17-CV-194 |
| DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST**

On April 10, 2025, the jury found in favor of Plaintiff Misty Blanchette Porter ("Dr. Porter") on her disability discrimination claims under the Vermont Fair Employment Practices Act ("FEPA"), 21 V.S.A. § 495 *et seq.*, and awarded economic damages in the amount of $1,000,000. (Doc. 281.) In its charge to the jury, the Court instructed jurors to "not add any sum for interest to the damages awarded in this case. The court will make such award if appropriate." (Doc. 275 at 32.) Dr. Porter now asks the Court to award prejudgment interest.[1] *See* V.R.C.P. 54(a) ("In an action where monetary relief is awarded, the amount of the judgment shall include the principal amount found to be due, all interest accrued on that amount up to and including the date of entry of judgment, and all costs allowed to the prevailing party.").

Nearly eight years have passed since Defendants terminated Dr. Porter's employment,

---

[1] Dr. Porter is also preparing a Bill of Costs and a Motion for an Award of Attorneys' Fees, which will be filed in due course.

and an award of prejudgment interest is needed to help make her whole. *See, e.g., Brennan-Centrella v. Ritz-Craft Corp. of Pennsylvania*, 942 F.3d 106, 110-111 (2d Cir. 2019) (noting "the Vermont legislature's policy choice that plaintiffs are not fully compensated unless they can recover the interest"); *Gierlinger v. Gleason*, 160 F.3d 858, 873–75 (2d Cir. 1998) (noting that where damages "represent compensation for lost wages, it is ordinarily an abuse of discretion *not* to include pre-judgment interest"). Under the circumstances, where the award of damages is based entirely on the state-law FEPA claim, Vermont's statutory rate of 12 percent per year (or one percent per month) is the appropriate rate. *See, e.g., Gaffney v. Thandi*, No. 2:20-CV-00173, 2023 WL 4685750, at *8–9 (D. Vt. July 21, 2023) (finding question of prejudgment interest governed by state law and affirming calculation of interest at Vermont's 12 percent rate); *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1998) (noting that "federal law does not apply to the calculation of prejudgment interest on supplemental state law claims"). *See also* 9 V.S.A. § 41a(a) (setting rate at twelve percent simple annual interest).

Dr. Porter, in conjunction with her expert, Dr. Bancroft, provided evidence at trial about economic damages, including lost earnings and other employment-related expenses, both past and future. With respect to economic damages, the Court explained on its charge to the jury that "Dr. Porter is entitled to damages for any earnings lost in the past, and any probable loss of ability to earn money in the future, caused by Dartmouth Health's conduct. When considering Dr. Porter's future earnings, you should consider Dr. Porter's expected working lifetime."[2] (Doc. 275 at 30.) The amount should be reduced by any amount the jury determined "she could

---

[2] Dr. Porter is currently 62 years old. She testified that she intends to reduce her schedule later this year, in large part due to the toll taken by the extended commute and living a significant part of the week away from her family, and to continue to work part-time for several additional years before retirement. Had Defendants not terminated her employment, Dr. Porter anticipated working until age 70.

A-938

have avoided" through mitigation.  (*Id.* at 30.)  The Court further instructed the jury not to include any amount for interest, costs of litigation, or attorneys' fees.  (*Id.* at 32.)  With respect to taxes, the Court explained: "You have heard testimony from Dr. Bancroft that Dr. Porter's damages include amounts owed in taxes on any damages award.  You may, or may not, take this into account in assessing the amount of Dr. Porter's damages, if any." (*Id.* at 32–33.)

For ease of calculation, Dr. Porter proposes that the jury's award of $1,000,000 be evenly allocated across the years since her 2017 termination through the end of 2027, the year in which Dr. Porter will turn 65.[3]  At the Vermont prejudgment interest rate of 12 percent (one percent per month), the resulting interest on economic losses incurred through 2024 is $341,429 (see chart below).

| Year | Age | Allocated Loss Per Year | Interest Factor (1% per month) | Interest |
|---|---|---|---|---|
| 2017 (partial) | 54 | $47,619 | 91% | $43,333 |
| 2018 | 55 | $95,238 | 82% | $78,095 |
| 2019 | 56 | $95,238 | 70% | $66,667 |
| 2020 | 57 | $95,238 | 58% | $55,238 |
| 2021 | 58 | $95,238 | 46% | $43,810 |
| 2022 | 59 | $95,238 | 34% | $32,381 |
| 2023 | 60 | $95,238 | 22% | $20,952 |
| 2024 | 61 | $95,238 | 1% | $952 |
| | | | **TOTAL** | **$341,429** |

---

[3] This method has recognized in both the Second Circuit and Vermont.  *See, e.g., Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) (noting the equal payment method but concluding that court's use of another method was not abuse of discretion); *Cheney v. New England Publishers Inc.*, No. 5091012, 2014 WL 8515132, at *3 (Vt. Super. July 8, 2014) (allocating jury award evenly over 39 months from end of employment through date of verdict).

A-939

2:17-cv-00194-kjd    Document 296    Filed 04/23/25    Page 4 of 4

Accordingly, Dr. Porter requests that the Court include pre-judgment interest in the amount of $341,429 when it enters judgment in this case.

Dated: April 23, 2025

/s/ Geoffrey J. Vitt
Geoffrey J. Vitt, Esq.
Vitt & Nunan, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittnunanlaw.com

Eric D. Jones, Esq.
Langrock Sperry & Wool, LLP
210 College Street
P.O. Box 721
Burlington, VT 05402
(802) 864-0217
ejones@langrock.com

Sarah H. Nunan, Esq.
Vitt & Nunan PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055
(802) 649–5700
snunan@vittnunanlaw.com

***Attorneys for Plaintiff,***
***Misty Blanchette Porter, M.D.***

4

A-940

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

|  |  |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br><br> Plaintiff, <br><br> vs. <br><br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br><br> Defendants. | Case No. 2:17-cv-194 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR PRE-JUDGMENT INTEREST**

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") hereby submit this Opposition to Plaintiff's Motion for Prejudgment Interest (the "Motion"). (ECF No. 296)[1]. The issues raised in Plaintiff Misty Blanchette Porter, M.D.'s ("Plaintiff" or "Dr. Porter") Motion were not discussed by the Parties. Plaintiff's damages were not readily ascertainable at the time Dr. Porter was terminated, and accordingly, even under Vermont law, the award of prejudgment interest and the rate to be applied are discretionary. Based on the facts and circumstances underlying the case's protracted procedural history, plaintiff's legal theories, the evidence at trial, how the jury ultimately ruled, and the

---

[1] Defendants note that Plaintiff filed the Motion prior to entry of judgment. (*See* ECF Nos. 296 and 297). Despite the fact that the Court did not enter judgment until April 24, 2025, Defendants nonetheless submit this opposition to Plaintiff's premature motion.

1

**A-941**

continuing ambiguity in calculating these damages, the Court should exercise that discretion and either award no prejudgment interest or apply a significantly reduced pre-judgment interest rate to Plaintiff's backpay award.

## BACKGROUND

Plaintiff filed suit in October 2017 and the litigation proceeded in good faith. Dartmouth Health moved for summary judgment in January 2020, just before the COVID-19 pandemic disrupted court operations. While waiting for the court to rule on that motion, the parties proceeded in working towards trial, then scheduled for early Spring 2021. (ECF No. 148). In November 2020, the Court granted Dartmouth Health's Motion for Summary Judgment. Plaintiff appealed that judgment to the Second Circuit and briefing progressed until June 2021. The Second Circuit held oral argument in February 2022. The case then remained pending for nearly two years until the Second Circuit's February 6, 2024 decision, which partially reversed and remanded. For more than three of the seven years this case has been pending, Dartmouth Health had a valid judgment in its favor and was under no obligation to pay Plaintiff.

On June 17, 2024, this Court ordered that trial would commence on March 24, 2025. (ECF No. 179). Trial and deliberations were held from March 25, 2025 until April 10, 2025. Finally, on April 24, 2025, judgment was entered. (ECF No. 297).

## ARGUMENT

### 1. Plaintiff Failed to Comply with this Court's Local Rules

As an initial matter, Plaintiff did not make Defendants aware of the Motion prior to filing, as required by the Local Rules. *See* D. Vt. L.R. 7(a)(7) ("A party filing a non-dispositive motion must certify that the party has made a good faith attempt to obtain the opposing party's agreement to the requested relief."). Importantly, Local Rule 7(a)(7) is more than a futile requirement. *Norton–Griffiths v. Wells Fargo Home Mortg.*, No 5:10–cv–169, 2011 WL 884456, at *5 (D. Vt. Mar. 11, 2011) ("This requirement

2

4899-0557-7024.1

is not a meaningless gesture. It allows the parties through the consent process to narrow the scope of any dispute regarding the [Motion] prior to seeking judicial involvement regarding the same."). Additionally, "[t]he purpose of Local Rule 7(a)(7) is to require the parties to explore issues and seek out compromise." *Madden v. Abate,* No. 2:09-CV-145, 2011 WL 13281802, at *1 (D. Vt. Sept. 22, 2011) (denying motion as premature because the filing party did not file its motion with a certificate of compliance pursuant to Local Rule 7(a)(7)).

This is not the first instance in which Plaintiff has ignored the directives of Local Rule 7(a)(7). In fact, just five months ago, this Court denied a motion brought by Plaintiff on the basis of her failure to comply with the very same rule. (ECF No. 187). As such, there is no good faith reason for Plaintiff's continued disregard of the Local Rules.

For this reason alone, Plaintiff's Motion should be denied. *See Jewell v. United States Dep't of Educ.,* No. 2:22-CV-53-KJD, 2022 WL 14770584, at *4 (D. Vt. Oct. 26, 2022) ("Local Rule 7(a)(7) is intended to narrow the issues presented for adjudication and a party's non-compliance with the rule may warrant denial of the requested relief.").

## 2. Prejudgment Interest is Discretionary Because Damages Were Not Readily Ascertainable

Vermont's prejudgment interest statute, 9 V.S.A. § 41a(a), requires that damages be readily or reasonably ascertainable at the time of the accrual of the cause of action. Prejudgment interest is only "awarded as of right when the principal sum recovered is liquidated or capable of ready ascertainment and may be awarded in the court's discretion for other forms of damage." *Martin v. Lyon,* 2024 VT 68, ¶ 10, 329 A.3d 184 (quoting Reporter's Notes—1981 Amendment, V.R.C.P. 54); *see also Brody v. Simpson Dev. Corp.,* No. 2:05-CV-293, 2007 WL 9710665, at *1 (D. Vt. Dec. 19, 2007) ("since damages were not reasonably certain, the Brodys are not entitled to prejudgment interest as a matter of right."). The Vermont Supreme Court has explained that, even in a contract case, damages are not reasonably ascertainable where

3

4899-0557-7024.1

A-943

they were (1) "the subject of conflicting expert testimony" and (2) "the parties dispute how the jury could arrive at the damages it awarded." *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 141, 636 A.2d 744, 752 (1993); *see also Hirchak v. Hirchak*, 2024 VT 81, ¶ 38 (quoting *Shoreline Dev., Inc. v. Utah Cnty.*, 835 P.2d 207, 212 (Utah Ct. App. 1992) ("[T]he lack of mathematical certainty generally prevents an award of prejudgment interest in equity claims.")). The mathematical uncertainty in a damages calculation means "that the parties will invariably dispute how the jury could arrive at the damages." *Hirchak*, 2024 VT 81, ¶ 38. "As a result, prejudgment interest ***may only be awarded at the discretion of the trial court, not as of right.***" *Id.* (emphasis added); *see also Est. of Fleming v. Nicholson*, 168 Vt. 495, 500–01 (1998) (observing that prejudgment interest is discretionary where the damages are not "liquidated or reasonably ascertainable *as of the date of the tort*.") (emphasis added); *see also Windsor Sch. Dist. v. State*, 2008 VT 27, ¶31, 183 Vt. 452, 956 A.2d 528 ("The trial court correctly determined that prejudgment interest was not mandatory in this case.").

Here, it is clear—from (A) the various iterations of Dr. Bancroft's reports in the years leading up to the trial, (B) the divergent and conflicting evidence presented at trial, (C) the jury's actual award of damages amounting to far less than any of the charts or calculations presented by Plaintiff's expert economist, and (D) the  calculations presented in the chart at page 3 of the Motion—that  Dr. Porter's purported economic loss is not readily ascertainable.

As demonstrated from testimony and evidence of record, Dr. Porter's damages are not, and have never been, mathematically certain or readily ascertainable. To be sure, Dr. Porter's own expert produced four (4) different expert reports prior to trial, wherein Plaintiff's calculation of her damages fluctuated by more than $3 million.  Such variability cannot demonstrate mathematical certainty or a readily ascertainable calculation as required for 12% interest to be awarded as of right.  Moreover, each report

A-944

was based on massively differing assumptions and reached widely divergent conclusions about the Total Economic Loss. These reports, and the bottom-line results they reached, are as follows:

- October 30, 2018 – Total Economic Loss: $3.0 Million. *See* Exhibit 1.

- October 1, 2019 – Total Economic Loss: $4.8 Million. *See* Exhibit 2.

- August 26, 2024 – Total Economic Loss: $4.3 Million. *See* Exhibit 3.

- March 19, 2025 – Total Economic Loss: $1.787 Million. *See* Exhibit 4.

Furthermore, the changes to the assumptions accompanying these reports are based, to an unusual degree, solely on the Plaintiff's say so and not upon statistical likelihoods. For example, Dr. Bancroft's August 2024 report assumed Dr. Porter's plan to work a 0.6 FTE. In his March 2025 report, Dr. Bancroft assumed a 0.75 FTE. In his October 2019 report, Dr. Bancroft assumed, also based solely on what he was told by Dr. Porter, that she would cease working in 2029 at age 66, and noted that this year would be "consistent with the work life of a 56-year-old female with a graduate degree." Then, without explanation, in the latest iteration of his report, Dr. Bancroft assumed that Dr. Porter would work until she was 70-years old (2033). It is not even readily ascertainable when Dr. Porter plans to retire.[2] Dr. Porter's date of retirement has substantial ramifications on her income and total loss.

Plaintiff's argument that damages were readily ascertainable was further undermined on April 10, 2025, when the jury returned a verdict awarding substantially less than plaintiff sought—without delineating how the award was allocated among categories such as past or future earnings,[3] medical

---

[2] The parties significantly disagreed on the extent to which Plaintiff has mitigated her damages. As revealed on cross-examination at trial, Dr. Porter may have fully mitigated her damages far earlier than projected by Dr. Bancroft. The timing of this mitigation materially affects the damages calculation and is not readily ascertainable by a potential payor at the time of payment. Rather, it becomes apparent only over time.

[3] In the Jury Charge, the Court instructed the jury that economic and non-economic damages "may include compensation for past harm and future harm . . . ." (ECF No. 275 at 29).

5

A-945

expenses,[4] taxes,[5] utilities, housing, transportation for both Dr. Porter and her husband,[6] and other claimed expenses. Despite asserting that damages were readily ascertainable, Plaintiff's requests varied from as high as $4.8 million in 2019, to as low as $1.787 million the week before trial. Ultimately, the jury found that her actual economic damages were nowhere near this amount and awarded only $1 million in economic damages instead. Vermont courts have relied on such variances to hold that the damages were not readily ascertainable, and therefore that prejudgment interest was not mandatory. *Windsor Sch. Dist.*, 2008 VT 27, ¶ 31(declining to award prejudgment interest because the damages were not capable of ready ascertainment, as demonstrated in part by the damages award being substantially less than plaintiff had sought).

In the new, overly simplistic and mathematically inaccurate chart in her Motion, Plaintiff has, yet again, changed her story. The new chart improperly assumes—without evidence—that the entire jury award consists of back pay and front pay, ignoring the possibility that some or most of it may reflect medical expenses, taxes, utilities, housing, transportation for both Dr. Porter and her husband, or other claimed expenses. The new chart also abandons Plaintiff's assertion that she would work until 2033— facts presented by Plaintiff to increase her total damages at trial—and now asserts that she will only work until 2027 to yield a higher percentage of alleged back-pay awards and increase a potential award of prejudgment interest. Additionally, while Plaintiff vehemently asserted that her income would continue

---

[4] In the Jury Charge, the Court instructed the jury that "[e]conomic damages include such items as . . . medical expenses." The Court further instructed the jury to consider that "Dr. Porter is entitled to damages for the reasonable cost of necessary medical care and other treatment that she has received or is likely to receive in the future." (ECF No. 275 at 29).

[5] In the Jury Charge, the Court instructed the jury that it could consider the amounts owed in taxes on any damages award when assessing Dr. Porter's damages. (ECF No. 275 at 33–34).

[6] Plaintiff's expert testified Plaintiff incurred additional employment costs related to "having to set up housekeeping . . . in the Burlington area . . . and that she has to commute and her husband are commuting from their home in Norwich." Trial Tr., Excerpt of Dr. Bancroft 21:7–11, March 31, 2025. Those additional employment costs include electric utilities, heat, rent, and travel for Dr. Porter and her husband. *See* Exhibit 4, at 5.

6

A-946

to rise until she retired at the age of 70 (or 2033) during trial, (*see* Exhibit 4, Columns 1 and 4 (showing steadily increasing income)), Plaintiff now advocates for an equal distribution of the $1 million award across all years only to the age of 65 (or 2027[7]). The result of changing her "retirement" year increases the percentage of damages considered back pay to $715,285 of the $1 million, rather than the $469,696 that would have been allocated to back pay following the testimony that she plans to work until age 70. *Compare* Pl.'s Mot. for Prejudgment Interest at 3 (ECF No. 296) (calculating interest based on assumption that Dr. Porter will stop working in 2027) *with* Exhibit 4 (showing Plaintiff's trial evidence demonstrating damages continuing to accrue through 2033).

By arguing that she planned to work until 2033, Plaintiff was able to demonstrate higher estimated damages to the jury to increase her potential jury award. *See* Exhibit 4 (demonstrating damages continued to accrue until 2033). But now, at the post-trial stage, Plaintiff reverses course. *Cf. In re Adelphia Recovery Tr.*, 634 F.3d 678 (2d Cir. 2011) (explaining judicial estoppel). Specifically, by changing her retirement date to 2027, Plaintiff takes 6 years off her working life and argues for allocating pay across 11 years instead of 17. This new calculation results in more damages viewed as back pay, for which she is potentially entitled to prejudgment interest, rather than front pay that does not get prejudgment interest but is instead discounted to present value. 9 V.S.A. § 41a(d) (awarding interest on debts); *see Remes v. Nordic Grp., Inc.*, 169 Vt. 37, 42 (1999) ("In the employment context, prejudgment interest should generally be assessed upon damages only as they become due."); *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1297 (7th Cir. 1987) (discounting lost future wages back to present value and explaining why prejudgment interest is not awarded on future earnings); *see also Wulf v. City of Wichita*, 883 F.2d

---

[7] Notably, Plaintiff's Motion only allocates the $1 million evenly across all years up to the year 2027, or "the year in which Dr. Porter will turn 65." Pl.'s Mot. for Prejudgment Interest, at 3 (ECF No. 296). In Plaintiff's trial exhibit on damages, however, Plaintiff's chart indicates that she would turn 65 in 2028. *See* Exhibit 4. As such, Plaintiff's decision to now only allocate the funds to the year 2027 is not only inconsistent with its proffer during trial that Dr. Porter planned to work until she's 70, but also reduces the allocation by an additional year, cutting it off at 64 instead of 65. This version of "lawyer math" does not ring true.

7

842, 855–56 (10th Cir.1989) (upholding an award of front pay discounted to present value). In other words, there is still a "lack of mathematical certainty" regarding how to calculate these damages. *Hirchak*, 2024 VT 81, ¶ 39. As such, even today in post-judgment motions, Plaintiff continues to calculate and allocate damages based on wildly different assumptions, demonstrating the damages are still not readily ascertainable even in the post-judgment phase.

Thus, these damages were not readily ascertainable at the time she was terminated. The award of post-judgment interest and the applicable rate is discretionary.

### 3. Prejudgment Interest Does Not Serve the Interest of Justice Under These Circumstances

Because the damages were not readily ascertainable at the time of Dr. Porter's termination—as evidenced by the record, post-judgment calculations, and the jury's general, unallocated award—the award and rate of prejudgment interest lie within the Court's discretion.

#### A. The Court Should Award No Prejudgment Interest

First and foremost, the circumstances here do not merit the award of prejudgment interest. *See Ring v. Carriage House Condo. Owners' Ass'n*, 2014 VT 127, ¶ 35, 198 Vt. 109, 125, 112 A.3d 754, 766 (2014) (affirming lower court's ruling against prejudgment interest for compensatory damages). "The rationale for awarding prejudgment interest as of right is that 'where damages are liquidated or determinable by a reasonably certain standard of measurement, the defendant can avoid the accrual of interest by simply tendering to the plaintiff a sum equal to the amount of damages.'" *Windsor Sch. Dist.*, 2008 VT 27, ¶ 30 (quoting *Agency of Natural Resources v. Glens Falls Ins. Co.*, 169 Vt. 426, 435 (1999) (internal quotation omitted)). In this way, prejudgment interest serves to eliminate the benefit the defendant gains from withholding payment until judgment. *Woodling v. Garrett Corp.*, 813 F.2d 543, 561 (2d Cir. 1987). In other words, the purpose of prejudgment interest is "to avoid injustice," not to award a windfall. *Est. of Fleming v. Nicholson*, 168 Vt. 495, 500 (1998).

8

Here, however, because the estimation on damages varied so wildly from 2017 to the date of judgment, the rationale of awarding prejudgment interest is not served. Had Dartmouth Health sought to "avoid the accrual of interest by simply tendering to the plaintiff a sum" based on Plaintiff's estimated damages at any time in the preceding years, Dartmouth Health would have grossly overcompensated Plaintiff. *Windsor Sch. Dist.*, 2008 VT 27, ¶¶ 30–31. Critically, this is a rationale behind why prejudgment interest is discretionary, and often not awarded, when a sum is not readily ascertainable.

Moreover, Plaintiff's own evidence at trial (Exhibit 4) shows that the majority of the $1 million jury award corresponds to front pay, not backpay. Specifically, at trial, Plaintiff allocated only $433,970 as back pay (2017–2024) and $647,816 as front pay (2025–2033), based on gross adjusted earnings totaling $1,081,786—the closest approximation to the jury's award. *See* Exhibit 4 (calculating lost earning for front and back pay using the sum of Column 7, or "Gross Adjusted earnings," which was the closest estimation Plaintiff provided to $1 million in economic damages).[8] This aligns with Dartmouth Health's calculation chart. *See* Exhibit 5.[9] Because the *majority* of Plaintiff's damages constitute future earnings that she would have received incrementally through 2033, they do not constitute a debt "due" under the statute. 9 V.S.A. § 41a(d) (clarifying that interest is only applied to debts); *see also Norman v. Am. Woolen Co.*, 117 Vt. 28, 34 (1951) (noting interest applies only to debts already due). As such, Plaintiff, not Dartmouth Health, benefits from receiving these sums early—without having to work for them until 2033. Accordingly, on balance, prejudgment interest does not serve the interest of justice here, in fact, and would result in an improper windfall.

---

[8] Furthermore, relying on Plaintiff's expert's chart, it is impossible to conclude how the jury reached $1 million in economic damages without already applying interest, especially if they did not consider damages until the year 2033. *See* Exhibit 4, Column 11, the "Cumulative Present Value" column, which already includes prejudgment interest in the accrued calculation, totaling only $909,722.

[9] Exhibit 5 is a chart prepared by Dartmouth Health which calculates prejudgment interest at 12% annually like Plaintiff's chart on page 3 of the Motion; however, it divides the $1 million jury award from June 30, 2017 through work life expectancy, 2033. This correction alone, which is consistent with record evidence, reduces prejudgment interest to $223,134.

Accordingly, because there was no sum certain available for Dartmouth Health to pay, and because prejudgment interest would not avoid injustice given the sizeable portion of damages attributable to front pay, the Court should decline to award prejudgment interest.

### B. If the Court Elects to Award Prejudgment Interest, It Should NOT Apply the 12% Prejudgment Interest Rate Proposed by Plaintiff

Assuming *arguendo* that the Court concludes an award of prejudgment interest is proper, it should exercise its discretion to apply a reasonable, historically grounded rate—such as the federal adjusted prime rate, the U.S. Treasury Bill rate, the 10-Year Municipal Bond rate, or another relatively risk-free investment rate that reflects the time value of money without imposing an excessive financial penalty.

Courts in the Second Circuit, as well as other Circuit Courts, have endorsed the use of the adjusted prime rate when awarding prejudgment interest for back pay in Title VII employment discrimination suits. *See E.E.O.C. v. Erie Cnty.*, 751 F.2d 79, 82 (2d Cir. 1984); *see also E.E.O.C. v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984) (approving award of interest at adjusted prime rate in Title VII employment discrimination suit); *see also EEOC v. Pacific Press Publishing Association*, 482 F. Supp. 1291, 1319–20 (N.D.Cal.1979) (same), *aff'd*, 676 F.2d 1272 (9th Cir. 1982); *Marshall v. Burger King Corp.*, 509 F. Supp. 353 (E.D.N.Y. 1981) (using adjusted prime rate in FLSA suit). As the Second Circuit explained, the adjusted prime rate "is the rate to be 'paid by taxpayers on tax deficiencies, and by the government on tax overpayments,' . . . and was established by Congress for use by the Internal Revenue Service in place of the prior flat six percent rate because 'it is sensitive to money market conditions and is widely known and accepted as a good indicator of interest rates generally.'" *Erie Cnty.*, 751 F.2d at 82 (internal citation omitted). During the pendency of this case, the adjusted prime rate remained modest, frequently between 3.25% and 6%, and never exceeding 8.5%. *See* FED. R. EVID. 201 (this Court may take judicial notice of the historical federal interest rates throughout the lifespan of this case).

4899-0557-7024.1

In addition to the federal prime rate, the Court may also look to other relatively risk-free investment rates—such as the U.S. Treasury Bill rate or the 10-Year Municipal Bond rate—as fair and equitable benchmarks. *See Complaint of Connecticut Nat. Bank*, 928 F.2d 39 (2d Cir. 1991) (reversing and remanding with guidance that "the Court should carefully select a prejudgment interest rate, giving consideration to the interest rate the plaintiff could likely have received on relatively risk-free investments"). The U.S. Treasury Bill rate is one that courts traditionally have used because it "adequately ensures that the plaintiff is sufficiently, but not overly, compensated." *Vernon v. Port Auth. of New York & New Jersey*, 220 F. Supp. 2d 223, 236 (S.D.N.Y. 2002) (internal quotations omitted) (noting "[t]he rate at which the prejudgment interest is calculated is within the Court's discretion"). During the lifespan of this case, the U.S. Treasury Bill rate dropped as low as 0.04% and reached as high as 5.51%, averaging about 2.48%. *See* U.S. Department of the Treasury, Daily Treasury Bill Rates, available at: https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_bill_rates&field_tdr_date_value=2025 (accessed on May 7, 2025). The 10-Year Municipal Bond rate reflects the return on low-risk, tax-exempt investments commonly available to the public, and it historically remained between approximately 2.8% and 3.3%. *See* Bloomberg.com/markets (accessed May 6, 2025). Courts have considered such rates as appropriate indicators when calculating prejudgment interest to avoid unjust enrichment or punitive outcomes. *See Vernon*, 220 F. Supp. 2d at 236 (finding the rate of municipal bonds "fair in light of the average treasury rate" during the relevant time period.)

Here, despite raising a total of six claims based upon federal, New Hampshire, Vermont, and common law, and raising issues of both discrimination and retaliation arising from the same conduct and occurrences, Plaintiff only prevailed under the Vermont discrimination claim. As such, she would only be entitled to the Vermont prejudgment interest rate as a matter of right if her damages were readily

11

ascertainable on the date she was terminated. *See EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 37, 181 Vt. 513, 527, 928 A.2d 497, 509 (2007) ("Thus, the amount of damages was not reasonably certain[] . . . and it was within the court's discretion to deny prejudgment interest in this case."). As discussed above, Plaintiff's damages were not readily ascertainable; therefore, any award of prejudgment interest is entirely within this Court's equitable discretion.

In this case, Dartmouth Health has provided a reasonable and objective prejudgment interest calculation, attached as Exhibit 6, using a 3% simple annual rate over the relevant period. This rate falls well within the historical range of relatively risk-free investment returns and reflects a conservative and fair estimate of the time value of money without conferring a windfall. The Court may take guidance from this calculation as a practical, data-supported model for applying a fair and appropriate interest rate, should it choose to award prejudgment interest.

Accordingly, if the Court does decide to award Plaintiff prejudgment interest, it should, in the interest of fairness, exercise its discretion to decline application of the Vermont statutory rate, and instead look to more balanced rates such as the 10-Year Municipal Bond rates, the U.S. Treasury Bill rates, or another relatively risk-free investment rate.

### C. Fairness and Extraordinary Circumstances Support a Reduction in Prejudgment Interest

Finally, to the extent the Court finds any prejudgment interest is appropriate, it should be reduced in light of the case's unique procedural history and extraordinary delays beyond Dartmouth Health's control. As discussed *supra*, prejudgment interest is intended to compensate, not punish. *United States v. Seaboard Sur. Co.*, 817 F.2d 956, 966 (2d Cir.1987). In determining whether to award prejudgment interest, "the District Court ha[s] to consider "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) ... *fairness and the relative equities of the award*, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Jones v.*

*UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) (internal quotation marks omitted) (emphasis added). Those same factors also guide the selection of the interest rate, *id.*, which "must not result in over-compensation of the plaintiff[.]" *Wickham Contracting Co. v. Local Union No. 3, IBEW*, 955 F.2d 831, 834 (2d Cir. 1992). Courts have allowed discretionary prejudgment interest awards only when "fair, equitable and necessary to compensate the wronged party fully." *Id.* at 835.

Here, Plaintiff seeks $341,429 in prejudgment interest on a $1 million jury award—approximately 35% of the economic damages awarded—which exceeds reasonable compensatory damages and is excessive and punitive. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996) ("The Due Process Clause of the Fourteenth Amendment prohibits a State from imposing a 'grossly excessive' punishment on a tortfeasor."); *see d'Arc Turcotte v. Est. of LaRose*, 153 Vt. 196, 200 (1989) ("Interest is awarded to make the tort victim whole, and has no bearing on the question of punishing the tortfeasor."). Put differently, under Plaintiff's proposed prejudgment interest calculation, she would be getting about $341,429 of interest on $714,285 of alleged back pay, which is about a 50% windfall.

This excessive request also rests on Plaintiff's chart, which is inconsistent with the record evidence, *see supra*, pt. 2 at 6–7, and is driven largely by delays not caused by Dartmouth Health. The protracted timeline of this case further underscores that justice requires limiting prejudgment interest in the interest of fairness.

Given the unique procedural history of this case, *see supra*, Background at 2, it would be unfair to impose the full measure of prejudgment interest. Had the court not granted summary judgment, trial would have taken place four years ago in early Spring 2021. The subsequent delay was caused by extraordinary circumstances, including pandemic-related disruption—akin to a force majeure. *See JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 123–24 (2d Cir. 2022) (holding that the COVID-19 pandemic constituted "circumstances beyond our or your reasonable control"). Finally, the

13

4899-0557-7024.1

A-953

passage of time confirmed the mathematical uncertainty underlying Plaintiff's damages, further supporting the equitable reduction—or complete denial—of prejudgment interest.

## CONCLUSION

For the foregoing reasons, Dartmouth Health opposes Plaintiff's Motion for Prejudgment Interest because the award and rate of prejudgment interest lie within the Court's discretion. As such, Defendants respectfully request that no prejudgment interest be awarded. In the alternative, Dartmouth Health asks that the Court decline to apply Vermont's statutory rate and instead adopt a more reasonable approach guided by historical federal rates or other low-risk benchmarks, such as the 10-Year Municipal Bond rate and/or the U.S. Treasury Bond rate as reflected in Exhibit 6.

14

4899-0557-7024.1

A-954

Date: May 7, 2025

Respectfully submitted,

*/s/ Tristram J. Coffin*

**DOWNS RACHLIN MARTIN PLLC**

Tristram J. Coffin
199 Main Street
Burlington, VT 05402
Telephone: 802-863-2375
tcoffin@drm.com

**FOLEY & LARDNER LLP**

Donald W. Schroeder (admitted *pro hac vice*)
Morgan McDonald-Ramos (admitted *pro hac vice*)
Megan E. Martinez (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
dschroeder@foley.com
mmcdonald@foley.com
memartinez@foley.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 7, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Megan E. Martinez*
Megan E. Martinez

15

4899-0557-7024.1

A-955

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

MISTY BLANCHETTE PORTER, M.D.,

    Plaintiff,

vs.

DARTMOUTH-HITCHCOCK MEDICAL
CENTER, DARTMOUTH-HITCHCOCK
CLINIC, MARY HITCHCOCK
MEMORIAL HOSPITAL, and
DARTMOUTH-HITCHCOCK HEALTH,

    Defendants.

Case No. 2:17-cv-194

## INDEX OF EXHIBITS TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT INTEREST

Pursuant to the Administrative Procedures for Electronic Case Filing (L)(1), Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") hereby submit this Index of Exhibits to Defendants' Opposition to Plaintiff's Motion for Prejudgment Interest.

| Exhibit | Description |
|---------|-------------|
| 1 | October 30, 2018 Bancroft Report |
| 2 | October 1, 2019 Bancroft Report |
| 3 | August 26, 2024 Bancroft Report |
| 4 | March 19, 2025 Bancroft Report |
| 5 | DH Simple Interest Chart 12% |
| 6 | DH Simple Interest Chart 3% |

1

4913-8590-4448.1

A-956

Date: May 7, 2025

Respectfully submitted,

*/s/ Tristram J. Coffin*

**DOWNS RACHLIN MARTIN PLLC**

Tristram J. Coffin
199 Main Street
Burlington, VT 05402
Telephone: 802-863-2375
tcoffin@drm.com

**FOLEY & LARDNER LLP**

Donald W. Schroeder (admitted *pro hac vice*)
Morgan McDonald-Ramos (admitted *pro hac vice*)
Megan E. Martinez (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
dschroeder@foley.com
mmcdonald@foley.com
memartinez@foley.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 7, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Megan E. Martinez*
Megan E. Martinez

2

4913-8590-4448.1

A-957

2:17-cv-00194-kjd    Document 299-6    Filed 05/07/25    Page 1 of 2

# Exhibit 5

A-958

**Misty Blanchette Porter, M.D., v. Dartmouth-Hitchcock Medial Center, et al.**
**Pre-judgment Interest Calculation: 12% simple interest (annually)**
**June 30, 2017 Through April 30, 2025**
**(Assumes $1,000,000 jury award is for replacement earnings for the period:**
**6/30/2017 through Worklife Expectancy)**

| Year | Allocated Loss Per Year | Allocated Interest (12%/Annually) | Interest |
|------|-------------------------|-----------------------------------|----------|
| 2017 | $30,303 | 91.00% | $27,576 |
| 2018 | $60,606 | 82.00% | 49,697 |
| 2019 | $60,606 | 70.00% | 42,425 |
| 2020 | $60,606 | 58.00% | 35,152 |
| 2021 | $60,606 | 46.00% | 27,879 |
| 2022 | $60,606 | 34.00% | 20,606 |
| 2023 | $60,606 | 22.00% | 13,334 |
| 2024 | $60,606 | 10.00% | 6,061 |
| 2025 | $60,606 | 0.67% | 404 |
| | | **Total Prejudgment Interest:** | **$223,134** |

A-959

# Exhibit 6

A-960

**Misty Blanchette Porter, M.D., v. Dartmouth-Hitchcock Medial Center, et al.**
**Pre-judgment Interest Calculation: 3%\* simple interest (annually)**
**June 30, 2017 Through April 30, 2025**
**(Assumes $1,000,000 jury award is for replacement earnings for the period:**
**6/30/2017 through Worklife Expectancy)**

| Year | Allocated Loss Per Year | Allocated Interest (3%/Annually) | Interest |
|------|-------------------------|----------------------------------|----------|
| 2017 | $30,303 | 22.75% | $6,894 |
| 2018 | $60,606 | 20.50% | 12,424 |
| 2019 | $60,606 | 17.50% | 10,606 |
| 2020 | $60,606 | 14.50% | 8,788 |
| 2021 | $60,606 | 11.50% | 6,970 |
| 2022 | $60,606 | 8.50% | 5,151 |
| 2023 | $60,606 | 5.50% | 3,333 |
| 2024 | $60,606 | 2.50% | 1,515 |
| 2025 | $60,606 | 0.167% | 101 |
| | | **Total Prejudgment Interest:** | **$55,782** |

\* Pre-judgment interest consistent with the range of 1 to 10-Year Municipal Bond from 2.8% to 3.3%, Bloomberg.com/markets

A-961

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| MISTY BLANCHETTE PORTER, M.D., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 2:17-CV-194 |
| | ) | |
| DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff Misty Blanchette Porter, M.D. ("Dr. Porter" or "Plaintiff") hereby moves this Court to award reasonable attorneys' fees and related expenses of at least $1,742,649.70, under the Vermont Fair Employment Practices Act, 21 V.S.A. § 495 *et seq.* (the "Act" or "FEPA") and F.R.C.P. 54(d). In support of her Motion, Dr. Porter relies on the following Memorandum and the Declarations of Geoffrey J. Vitt and Eric D. Jones, filed herewith as Exhibits 1 and 2, respectively.

## MEMORANDUM

Under FEPA, "[a] prevailing party in a civil rights action in Vermont may seek compensation for 'reasonable attorney's fees.'" *Spooner v. Town of Topsham*, 2010 VT 71, ¶ 8, 188 Vt. 293, 9 A.3d 672. *See also* 21 V.S.A. § 495b(b) (noting that "any person aggrieved by a violation of the provisions of this subchapter may [recover] costs, reasonable attorney's fees, and other appropriate relief"). Dr. Porter is a "prevailing party," as she was awarded a substantial

jury verdict in her favor on her FEPA claim.  She is therefore entitled to an award of her reasonable attorneys' fees and costs.[1]

### Reasonableness is the Standard

When awarding fees under a statute, "Vermont courts center their analysis on the reasonableness of the fees—including the rate charged and the time invested—under all of the circumstances." *Spooner*, 2010 VT 71, ¶¶ 9 & 11 (citing *Human Rights Comm'n v. LaBrie, Inc.*, 164 Vt. 237, 250 (1995) ("Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims.") and *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (relevant inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures")).

When determining the reasonableness of fees in other statutory contexts, the Vermont Supreme Court has explained that "applying the 'lodestar' method of calculation here represents the reasonable worth of the services rendered in vindication of claimant's position, and is therefore appropriate given the statute's goal of alleviating the cost of litigation for prevailing claimants." *Perez v. Travelers Ins. ex rel. Ames Dep't Stores, Inc.*, 2006 VT 123, ¶ 17, 181 Vt. 45, 915 A.2d 750 (internal quotations omitted).  "There is a strong presumption that [the] 'lodestar figure' represents a reasonable fee." *LaBrie, Inc.*, 164 Vt. at 250.

The calculation of attorneys' fees thus begins with the "lodestar" figure, or the number of hours reasonably expended on the case multiplied by a reasonable hourly rate.  *Spooner*, 2010 VT 71, ¶ 8.  An award based on a lodestar calculation will not be disturbed absent an abuse of discretion.  *Id.* at ¶ 7.  The lodestar amount may be adjusted upward or downward based on a

---

[1] Dr. Porter is filing a separate Bill of Costs to itemize her costs and expenses, which are in addition to the fees sought in this Motion.

A-963

variety of factors, including the so-called *Johnson* factors. *Id.* at ¶ 8. However, "[a]bsent extraordinary circumstances, the [lodestar] calculation should not be adjusted." *Brady v. Wal-Mart Stores, Inc.*, 455 F.Supp.2d 157, 214 (E.D.N.Y. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 898–99 (1984)), *aff'd* 531 F.3d 127 (2d Cir. 2008).

### The Lodestar Amount

In this case, the lodestar amount is currently $1,712,690.50, representing the number of hours reasonably expended on the case, multiplied by the normal and customary hourly rates of the attorneys involved at various times throughout the eight years that this case has been pending.[2]

As detailed in the Declaration of Geoffrey J. Vitt ("Vitt Dec."), from June 2017 through August 2020, Dr. Porter was billed—and paid—on an hourly basis. From that period, she paid a total of $475,096 in fees and expenses, leaving an outstanding balance of approximately $170,000 fees and expenses. Vitt Dec. ¶ 25. This included time spent by Vitt & Nunan lawyers and paralegals, at their then-normal and customary rates. Vitt Dec. ¶ 23.[3] This amount also includes time billed for Katie Kramer during that period. Vitt Dec. ¶ 24.

---

[2] This request is for fees incurred through the filing of this Motion. Dr. Porter will continue to incur additional compensable fees in connection with litigation associated with this Motion and with litigating other post-trial motions. Such fees are properly part of a prevailing plaintiff's compensable award. *LaBrie, Inc.*, 164 Vt. at 252 ("plaintiff is entitled to fees for time spent on the motion [for allowance of attorney's fees]") (citing *Goodman v. Heublein, Inc.*, 682 F.2d 44, 48 (2d Cir. 1982)); *Centrella v. Ritz-Craft Corp. of Pennsylvania, Inc*, No. 2:14-CV-111-JMC, 2018 WL 1750568, at *2 (D. Vt. Apr. 11, 2018) ("Attorney fees for the preparation of an attorney fee application and other post-trial motions have been found to be compensable in the Second Circuit and under Vermont law."). Plaintiff will supplement this Motion with a final accounting as appropriate.

[3] For invoices reflecting then-current rates, interest should be awarded at Vermont's prejudgment rate of 12%, calculated based on the date of each invoice or similar reasonable method.

A-964

Beginning in late 2020, because Dr. Porter could no longer pay the hourly fees, Vitt & Nunan handled the case on a contingent fee basis. Vitt Dec. ¶ 26. Invoices were generated to track time at then-current rates. Through April 2022, fees reflected on those invoices totaled $167,317.[4]

From 2024 through trial and the preparation of this Motion, Vitt & Nunan billed hours as follows, at their now-current normal and customary rates: Geoffrey J. Vitt, 1,120.9 hours, at $400 per hour; Sarah Nunan, 760.8 hours, at $260 per hour; and Sarah Merlo, 281 hours, at $325 per hour. Vitt Dec. ¶¶ 23, 30, & Ex. C. The total value of services rendered during that time period, including paralegal time, was $750,493. Vitt Dec. ¶ 30 & Ex. C.

In addition to the services provided by Vitt & Nunan PLC, attorney Katie Kramer provided legal services to Dr. Porter in this case. Vitt Dec. ¶ 5. Attorney Kramer issued bills for her services directly to Dr. Porter between 2020 and 2024. Vitt Dec. ¶¶ 27–29 & Ex. B. The total amount paid to attorney Kramer during this time was $10,055, which amount was paid by Dr. Porter. Vitt Dec. ¶ 29.[5]

Finally, in October 2024 Dr. Poter engaged the law firm Langrock Sperry & Wool, LLP ("LSW") to join her trial team. LSW agreed to represent Dr. Porter on a contingent fee basis. *See* Declaration of Eric D. Jones ("Jones Dec.") ¶ 4. Through trial and the preparation of this Motion, LSW billed hours as follows: Eric Jones, 358 hours in 2025 and 36.10 hours in 2024, at his normal and customary rates ($375.00 in 2024 and $395.00 in 2025); Partner Alison Bell 9.60 hours at her normal and customary rate of $415.00 in 2025; Associate Bridget Grace, 2 hours at her normal and customary rate of $225.00 in 2025; Associate Wendy Radcliff, 0.25 hours at her

---

[4] Prejudgment interest should be awarded on these fees to reflect the delay.

[5] Prejudgment interest should be awarded on these fees to reflect the delay.

4

normal and customary rate of $250.00 in 2025; and Paralegal Sheri Lehouiller, 38.30 hours at her normal and customary rate of $155.00 in 2025. The total value of services rendered during that time period was $165,380.50. Jones Dec. ¶¶ 5–7 & Ex. A.

Adding together the fees through the filing of this Motion, yields a lodestar figure $1,712,690.50 in fees through the date of this Motion.

### The Rates Charged Were Reasonable

The Vermont Supreme Court has noted that there is "no fixed standard for determining a reasonable rate." *Perez*, 2006 VT 123, ¶ 14 (citing *Fine Foods, Inc. v. Dahlin*, 147 Vt. 599, 605 (1986)). Among the factors the court may consider are "prices charged by other attorneys for similar services in the same vicinity." *Id*.

The rates charged by Vitt & Nunan, Katie Kramer, and LSW are well within the range of reasonable rates in the Vermont market. Those rates are commonly charged to and paid by Vitt & Nunan and LSW's other hourly clients, Vitt Dec. ¶ 23 and Jones Dec. ¶ 6, which is *prima facie* evidence of their reasonableness. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008) (suggesting that what a "reasonable, paying client would be willing to pay" is a useful metric of reasonableness in a fee petition). This Court has the discretion based on its own experience to approve the hourly rates as reasonable in this market. *Perez*, 2006 VT 123, ¶¶ 8–9 (court has discretion to approve reasonable hourly rate without expert testimony).

Prior attorney fee awards in the United States District Court for the District of Vermont and in Vermont state courts also confirm that the Vitt & Nunan, Katie Kramer, and LSW hourly rates are reasonable. More than a decade ago, the federal court affirmed fee awards based upon $300 per hour for an experienced partner and $200 for a senior associate (notwithstanding

evidence that Vermont counsel was in fact charging $320 hourly in his regular practice). *IMS Health Inc. v. Sorrell*, No. 1:07-CV-188-JGM, 2012 WL 2915845, at *6, 7 (D. Vt. July 17, 2012) (citing *Diamond v. O'Connor*, 2010 WL 9459022 (D. Vt. June 10, 2010), *aff'd*, 417 F. App'x 104 (2d Cir. 2011) (approving $325 hourly rate for a senior partner)). *See also Centrella v. Ritz-Craft Corp. of Pennsylvania, Inc*, 2018 WL 1750568, at *3 (D. Vt. Apr. 11, 2018) (approving hourly rate of $275); *White River Amusement Pub, Inc. v. Town of Hartford, Vt.*, No. 1:02-CV-320, 2008 WL 2404029 (D. Vt. June 10, 2008) (approving hourly rate of $200); *United States ex rel. Poulton v. Anesthesia Associates of Burlington, Inc.*, 87 F.Supp.2d 351, 356–57 (D. Vt. 2000) (approving hourly rates of $225 for lead counsel and $160 per hour for an associate attorney). More recently, the Vermont courts approved an hourly rate of $425. *Rivard v. Smallheer*, No. 22-cv-04364 (Vt. Super. Ct. Sept. 19, 2023) (Barra, J.), *aff'd*, No. 23-AP-338, 2024 WL 1481590 (Vt. Apr. 05, 2024) (unpublished three-justice panel). Given this reported history and the inevitable rise of hourly rates over time, the hourly rates charged by Vitt & Nunan, Katie Kramer, and LSW are wholly consistent with prior case law.

**The Hours Charged Were Reasonable**

Plaintiff's counsel spent an appropriate amount of time litigating this case, given its complexity, the duration and procedural complexity, the conduct and choices of defense counsel, and the result achieved. Vitt Dec. ¶ 31. Counsel kept contemporaneous time records and have submitted bills only for the sort of activity for which they would charge an hourly paying client. Vitt Dec. ¶¶ 30–31; Jones Dec. ¶¶ 8–9.

Several factors contributed to the amount of time involved here. Document discovery was protracted due to Dartmouth Health's aggressive discovery tactics, which resulted in requiring Plaintiff to file and litigate <u>eight</u> motions to compel (which were granted). Vitt Dec. ¶¶

6

6–7. Wrongful termination cases are necessarily highly fact intensive, and discovery was extensive. Vitt Dec. ¶ 8. The case extended over almost eight years, including summary judgment, an appeal to the Second Circuit, two mediations, numerous hearings, and a three-week trial. Vitt Dec. ¶¶ 3–4, 6–15, 18–20, 22. The amount of time expended was reasonable under the circumstances and consistent with similar cases. Vitt Dec. ¶ 31.

It is also reasonable for a plaintiff to have more than one attorney, each of whom should be fully compensated for their work. The Vermont Supreme Court has awarded attorney's fees when more than one attorney is working on the case, holding that "[w]hile a court can generally reduce the number of hours charged by attorneys due to duplication ... there are situations in which a certain level of duplication between attorneys is reasonable." *Perez*, 2006 VT 123, ¶ 18. The Supreme Court explained that "[a] reduction in a fee is warranted only if the attorneys are *unreasonably* doing the *same* work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Id.* (emphasis in original) (quoting *Afro-American Patrolmen's League v. City of Atlanta*, 817 F.2d 719, 725–26 (11th Cir. 1987)) (quotation omitted). Similarly, in *Spooner* the Vermont Supreme Court held that it was an abuse of discretion to deny a fee award for a second attorney. *Spooner*, 2010 VT 71, ¶ 17–18 ("There is an obvious distinction between having multiple attorneys working on a case and having multiple attorneys doing the same work on a case. While the trial court can adjust the hourly rate or number of hours that are awarded, a complete denial of all fees for the second attorney in this case was an abuse of discretion"). "If multiple attorneys performed unique work on the case, plaintiff should be compensated for each attorney's distinct inputs." *Id.* at ¶ 19.

7

A-968

Here, the work was not duplicative. Throughout the majority of the case, on-going, extensive time was necessary to accomplish the necessary research/drafting, interviewing witnesses, preparing for and attending hearings, preparing for and attending depositions, and discovery, such that each lawyer had related, but distinct, role on each task. Once the case moved into the trial stage, it was necessary and appropriate to staff the case with an additional trial lawyer; though all attended the trial, the jury draw, status conferences, and various meetings with opposing counsel, they had entirely different roles. Plaintiff initially projected calling over 20 witnesses in her case in chief. While she ultimately presented her case with 14 witnesses, multiple lawyers were needed to prepare and present a three-week trial (which included a total of 20 witnesses and 90 documentary exhibits). When both charged for the same event (such as trial or motions hearings), it was because each offered a unique and remunerable contribution to the matter. Plaintiff notes that Dartmouth Health's legal team was even larger than Plaintiff's team, consisting of four lawyers and a paralegal attending the entire trial. This case was simply complex enough that a litigation team was necessary for both parties to litigate the issues effectively.

## No Downward Adjustments are Appropriate

In some cases, it may be appropriate to adjust the lodestar amount to account for other factors. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974); *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *Huard v. Henry*, 2010 VT 43, ¶16, 188 Vt. 540, 999 A.2d 1264. In this case, review of other relevant factors—including prevailing Vermont case law—confirms that the lodestar calculation represents a reasonable fee and should even be adjusted upward.

8

A-969

## Application of the *Johnson* Factors

The so-called *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitation imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–719. While many of the factors do not apply here, see *Ring v. Carriage House Condo. Owners Assoc.*, 2014 VT 127, ¶ 25 ("[t]he court concluded that most of those [*Johnson*] factors were not helpful" and analyzed only five of the twelve), those that do apply support the lodestar amount as being the reasonable fee, or one that should actually be adjusted upwards.

The first factor, the "time and labor required," and the fifth factor, the "customary fee," are merely a restatement of the lodestar calculation itself; the time expended and fees assessed were reasonable as discussed above.

The sixth factor, "whether the fee is fixed or contingent," also weighs in favor of full compensation here. When Dr. Porter reached a point when she could no longer pay attorneys' fees on an hourly basis, Vitt & Nuna agreed to continue prosecuting the case on a contingent fee basis, Vitt Dec. ¶ 26, meaning that counsel undertook significant risk with respect to eventual payment of any additional fees. In addition, when Dr. Porter engaged LSW to join her trial team, LSW agreed to proceed on a contingency basis, Jones Dec. ¶ 4; thus LSW also undertook significant risk regarding the payment of its fees.

9

Factor eight, the "amount involved and results obtained," would actually justify an upward adjustment. The result was a significant victory for the Plaintiff, and the jury verdict was substantial in comparison to other Vermont employment verdicts.

Finally, the ninth factor, "the experience, reputation, and ability of the attorneys," also favors the Plaintiff, as her attorneys are highly experienced, have excellent reputations in the legal community, and were well-suited to the case. Therefore, their respective rates are appropriate to compensate them for their considerable skill and ability.

**Additional Factors the Court May Consider**

In addition to the *Johnson* factors, other factors may also merit possible adjustment. *Huard*, 2010 VT 43, ¶16. In Vermont, "among the factors a trial court may look at in deciding whether to increase or reduce a lodestar amount is the result obtained by the attorney." *Id*. Again, the Plaintiff prevailed on her FEPA claim and received a substantial verdict from the jury. The excellent result achieved here weighs in favor of full award of the lodestar amount and an upward adjustment.

The Court may also consider "the role defendants played in increasing the costs of the litigation." *Ring*, 2014 VT 127, ¶ 26. As noted above, for example, Dartmouth Health's conduct during discovery necessitated eight motions to compel. Vitt Dec. ¶¶ 6–7.

Finally, it is important to consider the fundamental purpose of the fee-shifting provisions of civil rights statutes – to encourage plaintiffs and counsel to bring meritorious claims. Failure to award full fees in a case such as this would both illuminate why it is often hard for plaintiffs to find counsel equally competent as those employed by deep-pocket defendants, as well as disincentivize future counsel from taking similar cases.

10

**Reasonable out-of-pocket expenses are a component of attorneys' fees**

Some expenses not considered "taxable costs" are nevertheless recoverable as a component of attorney's fees. *See, e.g., Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278 (2d Cir. 1987) (affirming award of attorneys' fees which included costs not authorized by section 1920, noting that in civil rights claims under fee-shifting statutes, an award of attorney's fees normally includes those "reasonable out-of-pocket expenses" incurred by the attorney in representing a client). Such expenses have included mediator fees, travel and meals, postage, and deposition-related expenses. *See, e.g., Degreenia-Harris v. Life Ins. Co. of N. Am.*, No. 2.19-CV-00218, 2021 WL 5979683, at *13–15 (D. Vt. Dec. 17, 2021) (awarding costs and expenses including mediator fees, travel, meals, lodging, court fees, postage, and transcripts); *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020) (finding expenses for court reporting, fees for court reporting, filing fees, hotel and transportation costs, working meals appeared to be "reasonable, incidental, and necessary to the representation"). *See also* V.R.C.P. 54(g) (noting that costs of deposition may be taxable if "the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at trial" and that such costs may include "the cost of service of subpoena upon the deponent, the reasonable fee of the officer before whom the deposition is taken, the stenographer's reasonable fee for attendance, and the cost of the original transcript of the testimony or such party thereof as the court may fix"); V.R.C.P. 16.3(c)(1)(C) ("If mediation under this rule does not result in settlement or other final disposition of the action, payments made to a mediator may be taxed as costs to the prevailing party in the discretion of the court.").

As noted, this case required a significant number of depositions (and deposition transcripts), witnesses, and three weeks of trial (with transcripts for each trial day). Two of the

11

A-972

attorneys were required to stay near the trial location for nearly one full month in order to adequately prepare for and attend trial. Defendants required the deposition of Dr. Porter's expert as well as his attendance at a *Daubert* hearing prior to trial. And the parties participated in two mediations. These expenses, totaling $29,959.20, were reasonable and necessary under the circumstances and should be included within the award of attorneys' fees.

## CONCLUSION

For the foregoing reasons, Dr. Porter requests that the Court GRANT this motion, award Dr. Porter an amount of at least $1,742,649.70 (to be adjusted by a final accounting after post-judgment litigation is complete), and enter judgment to the same effect.

Dated: May 8, 2025

/s/ Geoffrey J. Vitt
Geoffrey J. Vitt, Esq.
Vitt & Nunan, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittnunanlaw.com

Eric D. Jones, Esq.
Langrock Sperry & Wool, LLP
210 College Street
P.O. Box 721
Burlington, VT 05402
(802) 864-0217
ejones@langrock.com

Sarah H. Nunan, Esq.
Vitt & Nunan PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055
(802) 649-5700
snunan@vittnunanlaw.com

***Attorneys for Plaintiff,
Misty Blanchette Porter, M.D.***

12

A-973

Ex. 1

UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

MISTY BLANCHETTE PORTER,                )
M.D.,                                   )
           Plaintiff,               )
                                        )
    v.                                  )           Docket No. 2:17-CV-194
                                        )
DARTMOUTH-HITCHCOCK                     )
MEDICAL CENTER,                         )
DARTMOUTH-HITCHCOCK                     )
CLINIC, MARY HITCHCOCK                  )
MEMORIAL HOSPITAL, and                  )
DARTMOUTH-HITCHCOCK                     )
HEALTH,                                 )
           Defendants.              )

## DECLARATION OF GEOFFREY J. VITT

I, Geoffrey J. Vitt, pursuant to the provisions of 28 U.S.C. sec. 1746 hereby declare as follows:

**Qualifications**

1. I have been a member of the Vermont bar since 1990. Prior to moving to Vermont, I practiced law in Virginia and the District of Columbia. I was a partner in Caplin & Drysdale before I moved to Vermont. A substantial portion of my practice in Vermont has been handling employment cases on behalf of plaintiffs.

**Case History**

2. In the summer of 2017, Dr. Misty Blanchette Porter retained my firm to represent her after Dartmouth Health terminated her employment. Over the summer and early fall, lawyers and paralegals at the firm did the legal and factual research that was necessary to prepare and file a 32-page complaint that includes many of the claims that were raised at trial. Dr. Porter's complaint alleges that Dartmouth Health terminated her employment

1

because of disability-based discrimination and her refusal to tolerate medical care by doctors that was significantly below an acceptable standard of care.

3.  Dr. Porter filed this lawsuit on October 11, 2017.  The complaint was twice amended.

4.  Shortly after Dr. Porter filed her complaint, Dartmouth Health made it clear that it intended to mount an aggressive defense.  It retained lawyers from Downs Rachlin & Martin and the Boston office of the Foley Lardner firm who have represented defendants throughout this case.

5.  In January 2018, Katie Burghardt Kramer entered an appearance on behalf of Dr. Porter. Ms. Kramer is a graduate of Stanford Law School who after graduation clerked for a United States District Court judge in California and then worked in New York City for a large firm.  After moving to Vermont, she clerked for Judge Christina Reiss and later worked for Langrock Sperry & Wool.  At the time that she entered an appearance, Ms. Kramer was in a solo practice in Middlebury, Vermont.  In late 2020, Ms. Kramer joined a New York firm.

Course of Discovery

6.  On January 22, 2018, Dr. Porter served Dartmouth Health with her initial requests to produce documents.  Dartmouth Health did not produce all the requested documents and on March 27, 2018, she filed her first of eight motions to compel.  Dartmouth Health filed a memorandum in opposition and the motion was argued on July 17, 2018.  On August 9, 2018, the court entered an order granting the motion to compel.

7.  Regrettably, Dartmouth Health's obstructive discovery conduct continued, forcing Dr. Porter to file a total of eight motions to compel, seven of which were granted in full and one was granted in part and denied in part.

2

A-975

8. Discovery was time consuming.  Dartmouth Health produced approximately 32,000 documents and Dr. Porter produced approximately 1,200 documents. The parties took 13 depositions.

Dartmouth Health's Motion for Summary Judgment and Appeal to Second Circuit

9. Defendants moved for summary judgment on January 29, 2020, arguing that Dr. Porter could not establish a prima facie case for the retaliation claims nor could she establish that there was a causal connection between her reporting activities or disability and the decision to terminate her employment.  Defendants asserted that they had a legitimate, non-discriminatory reason for terminating Dr. Porter's employment, and Dr. Porter would be unable to demonstrate pretext.

10. Dartmouth Health's motion for summary judgment was supported by an extensive factual record comprised of 23 exhibits.

11. The case had been pending for over two years when defendants moved for summary judgment.  The parties had produced tens of thousands of documents and had taken 13 depositions.   In preparing Dr. Porter's reply memorandum, we spent considerable time identifying documents produced in discovery and deposition excerpts that support plaintiff's position that there were material facts very much in dispute.  Dr. Porter's opposition memorandum references 22 exhibits which included several affidavits.

12. In preparing Dr. Porter's opposition memorandum, we interviewed current and former Dartmouth Health doctors, nurses, and technicians who had information about Dr. Porter's expertise, comments by senior management about her disability,  patient harm caused by Drs. Seifer and Hsu, complaints that Dr. Porter made to senior members of

3

management, and their failure to take remedial action. Two former employees, Dr. Julia MacCallum and nurse Sharon Parent, and a current employee, Dr. Michele Russell, signed affidavits. All three testified at trial. Dr. Porter also executed an affidavit that was included in the opposition.

13. On November 3, 2020, the District Court granted the motion for summary judgment, and on November 4, 2020, the Court entered judgment in favor of defendants. On November 17, 2020, Dr. Porter filed a Notice of Appeal.

14. The case is complex and the factual record is extensive. Beginning in February 2021, I and other lawyers in the firm devoted a significant number of hours preparing Dr. Porter's opening brief and, in the summer of 2021, preparing a reply brief.

15. Oral argument was held on February 24, 2022. During that month, I spent considerable time working with Ms. Kramer and lawyers in my firm to prepare for oral argument. On February 6, 2024, the Second Circuit issued its opinion, and the case was remanded for trial on the merits.

16. In 2024, Ms. Kramer was no longer practicing law in Vermont having accepted a position with a New York City firm. The new position made it impossible for her to continue to work on the case, and in November 2024, she filed a motion to withdraw. On October 31, 2024, Eric Jones, a partner in the Langrock firm, entered an appearance on behalf of Dr. Porter.

17. As the court is aware, Mr. Jones took an active role in the case which included argument of motions, drafting of legal memoranda, conducting voir dire, examining witnesses, and conducting cross examination of multiple witnesses.

4

Trial Preparation

18. Dr. Porter identified in discovery a long list of persons (more than 30) who had information about decisions made by senior management to close the REI Division and to terminate her employment. Our task leading up to trial was to get the number of witnesses to a manageable level and to find persons who were available and willing to spend the time that would be needed to prepare to testify

19. Besides the normal work associated with trial preparation, we had to prepare briefs and appear for argument in response to Dartmouth Health's four motions in limine and a motion to quash a subpoena served on Joanne Conroy, M.D. In addition, the Court granted defendants' request to hold a *Daubert* hearing regarding the qualifications of Dr. Robert Bancroft to testify as an expert at trial regarding Dr. Porter economic damages. We had to prepare for and attend that hearing.

Trial

20. Trial began on March 24, 2025, and the jury returned a verdict on April 10, 2025. The Porter team spent long hours leading up to and during trial. During the trial, Dartmouth Health filed motions which required a response from Dr. Porter.

21. The jury's verdict of $1,125,000 for economic and emotional distress damages is exceptional. We are unaware of another individual employment case in Vermont that has produced a larger verdict.

**Mediation**

22. The parties made no progress toward settling the case in the seven plus years it has been pending. The Court appointed Gregory Clayton to handle the ENE. Although Mr.

5

Clayton arranged a mediation, Dartmouth Health made it clear that it had no intention to settle the case and the mediation ended quickly. After the Second Circuit reversed and remanded the case, Judge Crawford appointed John Schraven as a "Special Settlement Master." At Mr. Schraven's direction, the parties participated in another mediation session in Burlington. Again, the parties failed to make progress toward settlement.

**Fees and Billing**

23. In May 2017, Dr. Porter retained my firm. She agreed to pay the firm at its then current billing rates. At the time, my regular billing rate was $320 per hour. Other lawyers and paralegals at the firm were billed at lower hourly rates. The current normal and customary billing rates for the lawyers who have worked on the Porter case are a) Sarah Nunan - $260 an hour, b) Sarah Merlo - $325 an hour, and c) Geoffrey Vitt - $400 an hour. At the time the case began, Sarah Nunan was a paralegal and her time entries reflect a paralegal billing rate. Since that time, she became a lawyer and is now a partner. She is an experienced lawyer who has been lead counsel on several employment cases and her current billing rate reflects that fact. The attorney rates are the rates Vitt & Nunan commonly charged and have been paid by our hourly clients. I believe that these were reasonable rates at the time in this state in light of our experience, training, and skill.

24. When Ms. Kramer began working on the case in January 2018, she billed her time at $175 an hour, a rate considerably below the market rate for a lawyer with ten years' experience including two federal court clerkships and experience with a large New York firm. Ms. Kramer's time was included on the monthly statements that my firm sent to Dr. Porter.

6

25. Beginning in June 2017, the firm sent monthly billing statements to Dr. Porter. Through August 2020, Dr. Porter had paid the firm a total of $475,096.06. The statements and the dates of payment by Dr. Porter are attached as Exhibit A. The outstanding balance owed to the firm after these payments was approximately $170,000.

26. Starting in or around September 2020, Dr. Porter could no longer afford to pay our attorney's fees on an hourly basis, but she could pay out-of-pocket expenses. I agreed that the firm would continue to represent her on a contingent fee basis through the conclusion of the case with the understanding that if she prevailed at trial, we would seek an award of attorney's fees from the court. Since the summer 2020, we have proceeded on that basis.

27. In 2020, Ms. Kramer affiliated with DGW Kramer LLP, a firm in New York. Her firm agreed that she could continue to work on the case under the original fee agreement. Her firm issued an invoice on April 1, 2020, for $4,987.50 and an invoice on September 10, 2020, for $477.50. Dr. Porter paid these invoices directly.

28. In 2024, Ms. Kramer joined the New York office of DTO Law. That firm allowed Ms. Kramer to bill Dr. Porter at an hourly rate of $450 an hour, which is approximately half of her regular hourly billing rate at that firm. Between April 3, 2024, and June 17, 2024, Ms. Kramer billed Dr. Porter a total of $4,590 which amount was paid by Dr. Porter.

29. The statements for Ms. Kramer from the two firms are included as Exhibit B. The total amount paid by Dr. Porter for Ms. Kramer's time at these two firms is $10,055.

7

A-980

30. Attached as Exhibit C is a statement of the unbilled time recorded by Vitt & Nunan lawyers and paralegals (and the predecessor firm) on the Porter case through the date of filing of this motion. I have used my normal and customary billing rate of $400 an hour and the normal and customary billing rates of the other lawyers and paralegals who worked on this case. The statement of time reflected in Exhibit C is based on the contemporaneous time records that were recorded by these lawyers and paralegals.

31. Given the complexity of the case and the more than seven years of work, the time devoted to the case was reasonable and appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, CA  this 6th day of May, 2025.

Geoffrey J. Vitt

A-981

Ex. 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br>        Plaintiff, <br><br> v. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )     **Docket No. 2:17-CV-194** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF ATTORNEY ERIC D. JONES

1. I make this declaration in support of Plaintiff's Motion for Attorneys' Fees (the "Motion") in the above-captioned matter.

**Qualifications**

2. I have been admitted to practice law since 1994. I have worked at Langrock Sperry & Wool, LLP ("LSW") since 2019, and have been a partner of the firm since 2021. Before practicing at LSW, I was a partner of the firm WrightJones PLC (2014-2019), and a partner of Downs Rachlin Martin PLLC ("DRM")(2002-2014), where I served for several years as the Chair of the Labor and Employment Practice Group. Before DRM, I was a member of the firm Vitt & Jones, PLC (1999-2002). I started my legal career as an Associate at Brooks, McNally, Whittington, Platto & Vitt (1994-1999). My practice over the past three decades has consisted almost entirely of employment and labor law, on behalf of both employers and employees, including litigation of labor and employment disputes.

1

A-982

3. I have represented numerous individual and business clients in litigation throughout Vermont and New Hampshire; I have also handled labor and employment litigations on a *pro hac vice* basis in numerous federal courts throughout the Country (including the Southern District of New York and the Northern District of Illinois). I am admitted to practice before the state and federal courts of Vermont and New Hampshire, the United States Courts of Appeals for the Second and Fourth Circuits, and the United States Supreme Court. I have tried many cases to verdict, including both bench and jury trials, and administrative trials before the National Labor Relations Board Division of Judges. I also have extensive experience handling labor arbitration disputes.

**Fees and Billing**

4. In October 2024, Plaintiff Misty Blanchett Porter, M.D., engaged LSW to join her trial team. LSW agreed to represent Dr. Porter on a contingency fee basis; if Dr. Porter did not prevail, LSW would not receive a fee.

5. In October 2024, my normal and customary hourly rate was $375; effective January 1, 2025, my normal and customary hourly rate was increased to $395.

6. These were the rates I commonly charged, and have been paid by, my hourly clients, and I believe that these were reasonable rates at the time in this state, in light of my experience, training, and skill. In my opinion, the rates charged by other attorneys in this firm were also reasonable given their respective circumstances and given that other hourly clients readily paid those rates.

7. Attached as Exhibit A is a statement of all time recorded by LSW lawyers and paralegals through the filing of the Motion. On this statement, I have applied my normal and customary hourly rates of $375 in 2024 and $395 in 2025.

2

8.     It is my practice, and the policy of LSW, to keep time records of work performed on a case contemporaneous with doing the work, making entries throughout the day as I perform various tasks. The statement attached as Exhibit A is based on my contemporaneous time records, and those of other professionals in the firm.

9.     Overall, the amount of time expended on this matter was reasonable and appropriate, based on my experience.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Burlington, Vermont this 7th day of May, 2025.

LANGROCK SPERRY & WOOL, LLP

Eric D. Jones
210 College Street STE 400
Burlington, VT 05401
ejones@langrock.com
Phone:  (802) 864-0217

2541937.v1

3



## Langrock
### SPERRY & WOOL
www.langrock.com

Misty B. Porter
mbporter@me.com
,

|  |  |
| --- | --- |
| May 07, 2025 | |
| Client: | 272397 |
| Matter: | 000001 |
| Invoice #: | 254177 |
| Resp. Atty: | EDJ |
| Page: | 1 |

RE: Claim against DHMC et al.

For Professional Services Rendered Through May 07, 2025    Federal Tax I.D. No.: 03-0283046

| | |
| --- | --- |
| Total Services | $165,380.50 |
| Total Current Charges | $165,380.50 |
| **PAY THIS AMOUNT** | **$165,380.50** |

**Remittance Advice**

Payment is due 15 days from the invoice date.
If paying by check, please reference the invoice number or return this remittance page with your payment.  Thank you.

**Check Payable To:**
Langrock Sperry & Wool, LLP
Attn.: Accounts Receivable
111 S. Pleasant St.
Middlebury, VT 05753

**eCheck & Credit Card:**
Payments can be made by eCheck, American Express, Discover, MasterCard & VISA. To make a secure payment online, please  click here
or type the following information into your browser:  https://langrock.com/payments/

MIDDLEBURY: 111 S. Pleasant St., Middlebury, VT 05753 | 802.388.6356
BURLINGTON: 210 College St., Suite 400, Burlington, VT 05401 | 802.864.0217

A Limited Liability Partnership Including a Professional Corporation



EXHIBIT

A



# Langrock
## SPERRY & WOOL
www.langrock.com

Misty B. Porter
mbporter@me.com
,

|  | May 07, 2025 |
| --- | --- |
| Client: | 272397 |
| Matter: | 000001 |
| Invoice #: | 254177 |
| Resp. Atty: | EDJ |
| Page: | 1 |

RE: Claim against DHMC et al.

For Professional Services Rendered Through May 07, 2025          Federal Tax I.D. No.: 03-0283046

### SERVICES

| Date | Person | Description of Services | Hours | Amount |
| --- | --- | --- | --- | --- |
| 10/02/2024 | EDJ | Review and analyze background materials; analyze trial plan and strategy; analyze negotiation status; correspondence with Geoffrey Vitt regarding status. | 1.00 | $375.00 |
| 10/03/2024 | EDJ | Review and analyze background material; analyze trial strategy. | 1.00 | $375.00 |
| 10/08/2024 | EDJ | Telephone conference with Geoffrey Vitt regarding status and trial issues. | 0.50 | $187.50 |
| 10/16/2024 | EDJ | Review and analyze trial planning tasks and strategy; review correspondence with special master regarding efforts to restart mediation. | 0.50 | $187.50 |
| 10/17/2024 | EDJ | Conference with Misty Porter, Geoffrey Vitt and Sarah Nunan regarding status and trial preparation strategy. | 1.00 | $375.00 |
| 10/21/2024 | EDJ | Review and analyze draft motion for status conference; draft proposed revisions to motion; correspondence with Geoffrey Vitt regarding same. | 0.70 | $262.50 |
| 10/28/2024 | EDJ | Review and analyze pleadings and substantive motion papers to study factual record and positions asserted by the parties. | 1.50 | $562.50 |
| 10/29/2024 | EDJ | Review and analyze record materials to assess facts and positions in preparation for trial planning. | 3.50 | $1,312.50 |
| 10/30/2024 | EDJ | Review and analyze evidence; analyze trial strategy and pre-trial motions; correspondence with Geoffrey Vitt regarding status conference issues. | 1.50 | $562.50 |
| 10/31/2024 | EDJ | File notice of appearance; continue detailed review of record materials to assess facts and positions. | 2.50 | $937.50 |
| 11/04/2024 | EDJ | Review and analyze DHMC's opposition to motion for status conference and assess reply position. | 0.30 | $112.50 |
| 11/05/2024 | EDJ | Telephone conference with Geoffrey Vitt regarding DH opposition to motion for status conference; draft revisions to draft reply memorandum; review and analyze Mr. Vitt's issues for pre-trial resolution. | 0.80 | $300.00 |

A-986



## Langrock
### SPERRY & WOOL

May 07, 2025
Client: 272397
Matter: 000001
Invoice #: 254177
Resp. Atty: EDJ
Page: 2

**SERVICES**

| Date | Person | Description of Services | Hours | Amount |
|---|---|---|---|---|
| 11/07/2024 | EDJ | Research subpoena and service issues; correspondence with Geoffrey Vitt regarding same. | 0.50 | $187.50 |
| 11/11/2024 | EDJ | Correspondence with Geoffrey Vitt regarding strategy issues. | 0.50 | $187.50 |
| 11/19/2024 | EDJ | Telephone conference with Geoffrey Vitt regarding pre-trial planning. | 0.50 | $187.50 |
| 11/21/2024 | EDJ | Correspondence with Geoffrey Vitt regarding status, and client leave of absence issue. | 0.30 | $112.50 |
| 12/04/2024 | EDJ | Detailed review and analysis of record, evidence, and positions to prepare for trial preparation conference and trial planning. | 3.50 | $1,312.50 |
| 12/10/2024 | EDJ | Conference with Sarah Nunan and Geoffrey Vitt regarding trial planning and trial strategy; review and analyze case elements chart and witness list; review and analyze evidence. | 5.00 | $1,875.00 |
| 12/11/2024 | EDJ | Analyze case presentation and trial strategy; review and analyze Vitt memorandum regarding trial presentation. | 2.00 | $750.00 |
| 12/13/2024 | EDJ | Analyze trial themes memo; analyze trial presentation, witnesses and exhibits. | 1.00 | $375.00 |
| 12/17/2024 | EDJ | Review and analyze documents regarding witnesses; analyze trial presentation strategy; video conference with Geoffrey Vitt and Sarah Nunan regarding trial preparation; research HIPAA issues regarding witness examinations. | 5.00 | $1,875.00 |
| 12/18/2024 | BRG | Review of HIPAA Privacy Rule. | 0.50 | $112.50 |
| 12/20/2024 | EDJ | Outline themes for opening statement; analyze case presentation. | 1.00 | $375.00 |
| 12/30/2024 | EDJ | Review and analyze draft supplemental interrogatory answers; draft revisions; correspondence with Geoffrey Vitt and Sarah Nunan regarding same; analyze legal analysis regarding HIPAA issues at trial. | 1.50 | $562.50 |
| 12/30/2024 | BRG | Review of HIPAA privacy rule and state statute regarding patient privilege. | 1.50 | $337.50 |
| 01/02/2025 | EDJ | correspondence with Geoffrey Vitt and Sarah Nunan regarding case presentation. | 0.50 | $187.50 |
| 01/06/2025 | EDJ | Review and analyze memorandum from Geoffrey Vitt regarding status conference; preparation for status conference; correspondence with Geoffrey Vitt regarding pre-trial motions and status conference. | 1.50 | $592.50 |
| 01/08/2025 | EDJ | Correspondence with Geoffrey Vitt regarding pre-conference filing; prepare for trial conference; analyze trial strategy. | 1.00 | $395.00 |
| 01/09/2025 | EDJ | Analyze trial preparation; vide conference with plaintiff attorney team to plan trial preparation and prepare for pre trial conference. | 2.30 | $908.50 |
| 01/10/2025 | EDJ | Conference with SLL regarding juror questionnaires and trial preparation; review and analyze draft statement regarding case from Misty Porter; correspondence with counsel regarding draft statement and proposed revisions; review local rules regarding exhibits and voir dire. | 1.80 | $711.00 |
| 01/10/2025 | SLL | Intra-office conference with Attorney Eric D. Jones regarding trial preparation; review client file; review Local Rules, voir dire process; telephone conference with court clerk regarding jury questionnaires. | 0.80 | $124.00 |

A-987


# Langrock
## SPERRY & WOOL

May 07, 2025
Client:        272397
Matter:        000001
Invoice #:     254177
Resp. Atty:       EDJ
Page:               3

## SERVICES

| Date | Person | Description of Services | Hours | Amount |
|------|--------|------------------------|-------|--------|
| 01/13/2025 | EDJ | Preparation for pre-trial conference; meeting with Geoffrey Vitt and Sarah Nunan regarding pre-trail conference; attend pre-trial conference. | 3.40 | $1,343.00 |
| 01/14/2025 | EDJ | Research in support of motion to unseal documents; correspondence with Geoffrey Vitt regarding same. | 1.00 | $395.00 |
| 01/15/2025 | EDJ | Legal research punitive damages and jury instruction issues; video conference with Plaintiff's trial team. | 1.50 | $592.50 |
| 01/20/2025 | EDJ | Analyze punitive damages standards. | 0.80 | $316.00 |
| 01/22/2025 | EDJ | Video conference with trial team to prepare for trial; review and analyze update claims chart. | 1.50 | $592.50 |
| 01/25/2025 | EDJ | Review and analyze witness interview memos. | 0.50 | $197.50 |
| 01/27/2025 | EDJ | Review and analyze draft opening statement; draft revisions. | 1.50 | $592.50 |
| 01/30/2025 | EDJ | Review and analyze draft motion to unseal; research local rules; review and analyze draft opening statement; review and analyze case preparation chart; video conference with counsel team regarding trial preparation. | 1.80 | $711.00 |
| 02/03/2025 | EDJ | Review and analyze revised motion to unseal documents; correspondence with plaintiff's trial team regarding same; correspondence with Geoffrey Vitt regarding settlement issues; analyze opening statement. | 1.70 | $671.50 |
| 02/04/2025 | EDJ | Review and analyze opening statement; draft proposed revisions to opening statement; review revised motion to unseal records. | 2.80 | $1,106.00 |
| 02/05/2025 | EDJ | Video conference with trial team regarding trial preparation. | 1.00 | $395.00 |
| 02/19/2025 | EDJ | Review and analyze defendants' opposition to motion to unseal documents; analyze reply positions and strategy; video conference with trial team regarding strategy and trial preparation. | 2.00 | $790.00 |
| 02/21/2025 | EDJ | Review and analyze five motions in limine filed by DHMC; analyze strategy and positions for reply briefing; review and analyze draft opposition to motion based on Cat's Paw theory; legal research regarding motions in limine; draft reply memorandum regarding motion to unseal documents. | 5.00 | $1,975.00 |
| 02/24/2025 | EDJ | Review and analyze expert testimony issue to prepare response to motion in limine; legal research regarding Daubert standards; outline response arguments; video conference with Bob Bancroft regarding response to motion in limine; review and analyze expert reports and materials; review and analyze Bancroft deposition. | 4.60 | $1,817.00 |
| 02/24/2025 | WER | Research Motion in Limine and Daubert Motion standards. | 0.25 | $62.50 |
| 02/25/2025 | EDJ | Review and analyze materials regarding motion in limine to exclude expert testimony; draft opposition memorandum; legal research in support of opposition; telephone conference with Sarah Nunan and Geoffrey Vitt regarding witnesses. | 7.50 | $2,962.50 |
| 02/26/2025 | EDJ | Draft opposition to motion to exclude expert testimony; video conference with trial team regarding trial preparation; review and analyze draft opposition to motion in limine regarding other physicians. | 3.50 | $1,382.50 |
| 02/27/2025 | EDJ | Review and analyze draft opposition to motion in limine regarding plaintiff's qualifications; analyze arguments in opposition to collateral motions in limine. | 2.50 | $987.50 |



## Langrock
### SPERRY & WOOL

May 07, 2025
Client:        272397
Matter:        000001
Invoice #:     254177
Resp. Atty:       EDJ
Page:              4

**SERVICES**

| Date | Person | Description of Services | Hours | Amount |
|------|--------|------------------------|-------|--------|
| 02/28/2025 | EDJ | Review and analyze opposition to motion to quash trial subpoena; draft response to defense counsel's letter regarding alleged ex parte communications; final review of oppositions to motions in limine. | 1.50 | $592.50 |
| 03/01/2025 | EDJ | Telephone conference with Geoffrey Vitt and Sarah Nunan regarding status and response to motions in limine. | 0.30 | $118.50 |
| 03/03/2025 | AJB | Intra-office conference with Attorney Eric D. Jones regarding jury instructions. | 0.20 | $83.00 |
| 03/03/2025 | EDJ | Conference with Sarah Nunan regarding trial preparation plan; evidence training at federal court house; analyze jury instructions; analyze witness list; draft correspondence with Defense counsel regarding alleged ex parte communication; telephone conference with Geoffrey Vitt regarding damages issues; legal research regarding damages issues. | 4.50 | $1,777.50 |
| 03/03/2025 | SLL | Tech overview at courthouse. | 0.50 | $77.50 |
| 03/04/2025 | EDJ | Video conference with trial team regarding trial preparation; research voir dire issues; research Vermont health care whistle-blower statute; prepare for witness interviews and witness testimony outlines; review and analyze draft witness outline. | 4.70 | $1,856.50 |
| 03/04/2025 | SLL | Telephone conference with Clerk's office regarding jury panel; e-mail messages with Attorney Eric D. Jones. | 0.20 | $31.00 |
| 03/05/2025 | EDJ | Telephone conference with Sarah Nunan regarding trial preparation; video conference with trial team regarding status and trial preparation; meeting with witness regarding trial testimony; draft amended complaint; review and analyze documents for exhibits; review and analyze juror questionnaires; review and analyze deposition of Maria Padin. | 7.50 | $2,962.50 |
| 03/05/2025 | SLL | Receipt of jury questionnaires from Clerk's office; e-mail messages with Clerk's office; Intra-office conference with Attorney Eric D. Jones regarding jury panel. | 0.30 | $46.50 |
| 03/05/2025 | SLL | Prepare of summary of jurors; e-mail messages with Attorney Eric D. Jones. | 1.40 | $217.00 |
| 03/06/2025 | AJB | Draft and revise jury instructions. | 4.00 | $1,660.00 |
| 03/06/2025 | EDJ | Preparation for motions hearing; analyze hearing on damages expert; review and analyze juror questionnaires; preparation for voir dire; video conference with trial team to prepare for trial; review and analyze Merrens deposition to prepare for trial testimony. | 7.50 | $2,962.50 |
| 03/07/2025 | AJB | Draft and revise jury instructions; legal research regarding the same; intra-office conferences with Attorney Eric D. Jones regarding the same. | 4.90 | $2,033.50 |
| 03/07/2025 | EDJ | Review and analyze draft motion to amend complaint; correspondence with trial team regarding same; video conference with trial team regarding trial preparation; video conference with witness regarding testimony; update witness outline; analyze trial presentation strategy; analyze jury instructions; review reply briefing regarding motions in limine; review and revise proposed jury instructions; review and analyze proposed witness list. | 6.70 | $2,646.50 |



Langrock
SPERRY & WOOL

May 07, 2025
Client:        272397
Matter:        000001
Invoice #:     254177
Resp. Atty:    EDJ
Page:          5

## SERVICES

| Date | Person | Description of Services | Hours | Amount |
|------|--------|-------------------------|-------|--------|
| 03/08/2025 | EDJ | Draft jury instructions; review and analyze witness list; draft witness outlines. | 3.80 | $1,501.00 |
| 03/09/2025 | EDJ | Revise jury instructions; draft witness outline prepare for trial. | 2.50 | $987.50 |
| 03/10/2025 | EDJ | Legal research damages issues (including gross up awards and front pay) and expert testimony issues in preparation for motion in limine hearing; review and analyze proposed witness list; video conference with trial team to prepare for trial; video conference with witness regarding trial preparation; review and analyze exhibits for disclosure on exhibit list; review draft jury instructions and prepare same for filing and service; preparation for meeting with Dr. Bancroft to prepare for hearing; review and analyze defendants' pre-trial filings. | 7.80 | $3,081.00 |
| 03/11/2025 | EDJ | Review and analyze DH's pre-trial submissions (jury instructions, exhibit list, witness list, reply brief, etc.); Correspondence with Bob Bancroft regarding Daubert motion; preparation for motions hearing; video conference with trial team; outline oral arguments regarding cat's paw theory. | 5.00 | $1,975.00 |
| 03/12/2025 | AJB | Receipt and review of defendants' proposed jury instructions; Intra-office conference with Attorney Eric D. Jones regarding the same. | 0.50 | $207.50 |
| 03/12/2025 | EDJ | Preparation for hearing on pre-trial motions; video conference with trial team; preparation for trial; legal research regarding Cat's Paw issues. | 6.50 | $2,567.50 |
| 03/13/2025 | EDJ | Research in support of positions for motions hearing; preparation for motions hearing; preparation for trial; video conference with trial team regarding trial. | 6.50 | $2,567.50 |
| 03/14/2025 | EDJ | Preparation for pretrial motions hearing; correspondence with Bob Bancroft regarding same; correspondence with client regarding same; attend court hearing; correspondence with client regarding status post-hearing. | 8.00 | $3,160.00 |
| 03/14/2025 | SLL | Revise jury list; prepare jury stickers; e-mail messages with Attorney Eric D. Jones. | 1.20 | $186.00 |
| 03/16/2025 | EDJ | Preparation for trial; analyze evidentiary issues; outline Maria Padin testimony; review and analyze documents for exhibits. | 5.00 | $1,975.00 |
| 03/17/2025 | EDJ | Prepare for trial (prepare witness outlines; review and analyze exhibits to assess stipulations; meet with witnesses to prepare for trial; prepare for voir dire). | 8.00 | $3,160.00 |
| 03/17/2025 | SLL | Intra-office conferences with team; extract and organize Defendants' exhibits from documents produced. | 3.60 | $558.00 |
| 03/18/2025 | EDJ | Conference with court personnel regarding court room issues; preparation for trial (damages analysis, conference with Bob Bancroft, conferences with witnesses; outline testimony and evidence; review and analyze juror questionnaires). | 8.50 | $3,357.50 |
| 03/18/2025 | SLL | Prepare trial exhibit binders. | 3.80 | $589.00 |
| 03/18/2025 | SLL | Prepare trial exhibit binders; receipt and review of e-mail message from USDC with juror update; revise jury stickers/spreadsheet; intra-office conference with Attorney Eric D. Jones. | 3.30 | $511.50 |



Langrock
SPERRY & WOOL

May 07, 2025
Client:        272397
Matter:        000001
Invoice #:     254177
Resp. Atty:       EDJ
Page:             6

## SERVICES

| Date | Person | Description of Services | Hours | Amount |
|------|--------|-------------------------|-------|--------|
| 03/19/2025 | EDJ | Preparation for trial (prepare Misty Porter testimony, review and analyze exhibits, review and analyze opening statement, prepare voir dire; review and analyze Merrens testimony to prepare for cross). | 8.80 | $3,476.00 |
| 03/19/2025 | SLL | Prepare trial exhibit binders; prepare jury box board. | 3.80 | $589.00 |
| 03/20/2025 | EDJ | Trial preparation (voir dire outline, analyze damages and expert testimony, prepare cross examination). | 6.80 | $2,686.00 |
| 03/20/2025 | SLL | Prepare trial exhibit binders. | 2.70 | $418.50 |
| 03/21/2025 | EDJ | Preparation for trial; draft response to Defendants' renewed motion to exclude expert testimony; draft outlines for testimony and cross examination; review and analyze exhibits. | 7.00 | $2,765.00 |
| 03/21/2025 | SLL | Prepare trial exhibit binders (Porter and DH); receipt and review of e-mail message from USDC with juror update; revise jury info spreadsheet and stickers; e-mail messages with Attorney Eric D. Jones; meeting with team. | 5.20 | $806.00 |
| 03/22/2025 | EDJ | Preparation for trial (voir dire outline; opening statement; cross examination outline; exhibit review). | 6.00 | $2,370.00 |
| 03/23/2025 | EDJ | Preparation for trial. | 9.00 | $3,555.00 |
| 03/23/2025 | SLL | Prepare trial exhibit binders; meet with team. | 5.70 | $883.50 |
| 03/24/2025 | EDJ | Preparation for trial; attend trial; prepare for continued trial. | 12.00 | $4,740.00 |
| 03/24/2025 | SLL | [NO CHARGE] Attend jury draw. | 9.00 | $0.00 |
| 03/25/2025 | EDJ | Preparation for trial; attend trial; prepare for continued trial. | 11.50 | $4,542.50 |
| 03/25/2025 | SLL | Prepare trial exhibit binders. | 1.00 | $155.00 |
| 03/25/2025 | SLL | [NO CHARGE] Attend trial. | 1.00 | $0.00 |
| 03/26/2025 | EDJ | Preparation for trial; trial; prepare for continued trial. | 11.00 | $4,345.00 |
| 03/26/2025 | SLL | Prepare trial exhibit binders. | 0.80 | $124.00 |
| 03/26/2025 | SLL | [NO CHARGE] Attend trial. | 1.80 | $0.00 |
| 03/26/2025 | SLL | Review e-mail message from Attorney Megan Martinez with list of missing items; review documents produced; update trial exhibit binders with missing items; telephone conferences and e-mail messages with Attorney Eric D. Jones and Attorney Sarah Nunan; prepare subpoenas and witness checks for Navid Esfandiari, Emily Baker, Katrina Thorstensen, Dennis Seguin; deliver same to court; meet with team. | 4.00 | $620.00 |
| 03/27/2025 | EDJ | Preparation for trial; attend trial; prepare for continued trial. | 12.00 | $4,740.00 |
| 03/28/2025 | EDJ | Preparation for trial; trial; conference with trial team. | 9.50 | $3,752.50 |
| 03/29/2025 | EDJ | Prepare for continued trial; prepare examination of Ed Merrens; review and analyze Defendant's motion regarding Dr. Bancroft; outline response arguments. | 9.50 | $3,752.50 |
| 03/30/2025 | EDJ | Prepare for trail; review and revise opposition to third motion in limine regarding Dr. Bancroft. | 7.00 | $2,765.00 |
| 03/31/2025 | EDJ | Preparation for trial; trial; preparation for continuation of trial. | 11.50 | $4,542.50 |
| 04/01/2025 | EDJ | Prepare for trial; trial; preparation for continued trial. | 12.50 | $4,937.50 |
| 04/02/2025 | EDJ | Prepare for trial; trial; prepare for continued trial. | 11.50 | $4,542.50 |

A-991



# Langrock
## SPERRY & WOOL

May 07, 2025
Client:       272397
Matter:       000001
Invoice #:    254177
Resp. Atty:   EDJ
Page:         7

## SERVICES

| Date | Person | Description of Services | Hours | Amount |
|---|---|---|---|---|
| 04/03/2025 | EDJ | Prepare for continued trial; trial; preparation for continued trial. | 12.00 | $4,740.00 |
| 04/04/2025 | EDJ | Prepare for trial; trial; draft closing argument. | 8.00 | $3,160.00 |
| 04/05/2025 | EDJ | Draft Closing arguments; review and analyze proposed jury instructions; conference with trial team. | 6.00 | $2,370.00 |
| 04/06/2025 | EDJ | Draft closing argument; conference with trial team. | 6.50 | $2,567.50 |
| 04/07/2025 | EDJ | Review and analyze jury instructions; attend charge conference; review and analyze renewed motions to preclude; preparation for closing argument. | 7.00 | $2,765.00 |
| 04/08/2025 | EDJ | Trial. | 6.00 | $2,370.00 |
| 04/09/2025 | EDJ | Attend hearing regarding jury request for testimony; analyze positions; research jury access to transcripts. | 1.00 | $395.00 |
| 04/10/2025 | EDJ | Research jury access to transcripts; outline positions regarding same; attend court hearing regarding transcripts; attend hearing. | 4.50 | $1,777.50 |
| 04/14/2025 | EDJ | Analyze post trial issues; research fee petition issues. | 1.30 | $513.50 |
| 04/15/2025 | EDJ | Research recovery of fees and costs; review and analyze attorneys' fees and costs entries. | 1.50 | $592.50 |
| 04/16/2025 | EDJ | Research in support of fee petition; analyze post trial motions and positions (interest, costs, fees, etc.). | 1.50 | $592.50 |
| 04/18/2025 | EDJ | Draft fee petition; draft revisions to motion for pre-judgment interest; telephone conference with Geoffrey Vitt and Sarah Merlo regarding prejudgment interest issues. | 2.40 | $948.00 |
| 04/21/2025 | EDJ | Analysis of interest calculations in support of motion for prejudgment interest; outline arguments for motion for pre-judgment interest. | 0.80 | $316.00 |
| 04/23/2025 | EDJ | Review and analyze draft motion for interest; review DH message regarding motion for clarification; telephone conference with Geoffrey Judd Vitt and Sarah Nunan regarding post trial motions and positions. | 0.80 | $316.00 |
| 04/28/2025 | EDJ | Review and analyze judgment, notice to litigants, and post-verdict motions; analyze strategy and positions; research motion to alter or amend the judgment; video conference with trial team regarding post-verdict motions. | 1.80 | $711.00 |
| 04/30/2025 | EDJ | Draft papers in support of motion for attorneys' fees and bill of costs; research in support of motions. | 3.50 | $1,382.50 |
| 05/01/2025 | EDJ | Draft revisions to fee petition papers. | 0.80 | $316.00 |
| 05/05/2025 | EDJ | Review and revise papers in support of fee petition; research motion to alter or amend the judgment. | 1.30 | $513.50 |
| 05/06/2025 | EDJ | Video conference with Porter team regarding post-trial motions and issues; revise declaration is support of motion for fees; draft revisions to motion for fees; outline motion to alter or amend the judgment. | 1.20 | $474.00 |
| 05/07/2025 | EDJ | Final review of and revisions to papers in support of fee petition, and motion to alter or amend the judgment. | 1.00 | $395.00 |
| | | Total Professional Services | 456.05 | $165,380.50 |

A-992

# Langrock
## SPERRY & WOOL

May 07, 2025
Client:        272397
Matter:        000001
Invoice #:     254177
Resp. Atty:        EDJ
Page:              8

**PERSON RECAP**

| Person | | | Hours | Rate | Amount |
|--------|---|---|------:|-----:|-------:|
| AJB | Alison J. Bell | Partner | 9.60 | $415.00 | $3,984.00 |
| EDJ | Eric D. Jones | Partner | 358.00 | $395.00 | $141,410.00 |
| EDJ | Eric D. Jones | Partner | 36.10 | $375.00 | $13,537.50 |
| WER | Wendy E. Radcliff | Associate | 0.25 | $250.00 | $62.50 |
| BRG | Bridget R. Grace | Associate | 2.00 | $225.00 | $450.00 |
| SLL | Sheri L. Lehouiller | Paralegal | 11.80 | $0.00 | $0.00 |
| SLL | Sheri L. Lehouiller | Paralegal | 38.30 | $155.00 | $5,936.50 |

| | | |
|---|---:|
| Total Services | $165,380.50 |
| Total Current Charges | $165,380.50 |
| **PAY THIS AMOUNT** | **$165,380.50** |

A-993

Ex. A



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

June 16, 2017

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2017-11787

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/8/2017 | SM | Conf. and emails with GJV | 0.30 230.00/hr | 69.00 |
|  | GJV | Conference with Dr. and Mr. Porter | 1.70 320.00/hr | 544.00 |
| 5/15/2017 | SM | Porter - Conf. with GJV re: basis of claims | 0.20 230.00/hr | 46.00 |
|  | GJV | Review issues associated with termination and prepare memorandum | 1.90 320.00/hr | 608.00 |
| 5/17/2017 | SM | Review GJV and client emails | 0.20 230.00/hr | 46.00 |
|  | GJV | Review emails | 0.20 320.00/hr | 64.00 |
|  | GJV | E-mails and analysis of possible claims | 1.00 320.00/hr | 320.00 |
| 5/18/2017 | SM | Emails and conf. with GJV; research re: interaction of employment agreement and staff membership | 1.60 230.00/hr | 368.00 |
|  | GJV | Review several emails; conf. S. Merlo re:  disability and email Dr. Porter | 0.50 320.00/hr | 160.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700  ~  Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

**A-994**

Misty Porter

Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/18/2017 | GJV | E-mail | 0.10<br>320.00/hr | 32.00 |
| 5/19/2017 | SM | Review D-H disability policies; conf. with GJV re: bylaws, disability, and whistleblower concerns; emails with client | 2.00<br>230.00/hr | 460.00 |
| | GJV | Review disability issue | 0.30<br>320.00/hr | 96.00 |
| | GJV | Prepare e-mails | 0.20<br>320.00/hr | 64.00 |
| 5/22/2017 | SM | Review GJV and client email | 0.10<br>230.00/hr | 23.00 |
| 5/23/2017 | SM | Conf. and emails with GJV | 0.20<br>230.00/hr | 46.00 |
| | GJV | E-mails | 0.10<br>320.00/hr | 32.00 |
| | GJV | Review possible claims | 0.20<br>320.00/hr | 64.00 |
| | GJV | Review M. Porter email and respond with analysis of possible claims and course of action | 0.80<br>320.00/hr | 256.00 |
| | GJV | E-mails | 0.20<br>320.00/hr | 64.00 |
| 5/24/2017 | GJV | T/c Karen W. and emails and prepare analysis of possible claims | 1.30<br>320.00/hr | 416.00 |
| 5/25/2017 | SM | Conf. with GJV re: claims; research | 1.90<br>230.00/hr | 437.00 |
| | GJV | Review letter and email Dr. Porter | 0.30<br>320.00/hr | 96.00 |
| | GJV | Analysis of disability claim and possible whistleblower claims | 1.30<br>320.00/hr | 416.00 |
| | GJV | Conf. Dr. Porter and husband | 1.10<br>320.00/hr | 352.00 |
| | GJV | E-mail summary | 0.40<br>320.00/hr | 128.00 |
| 5/26/2017 | GJV | T/c Dr. Porter | 0.20<br>320.00/hr | 64.00 |

Misty Porter                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/29/2017 GJV | Review file re: email history |  | 1.00 320.00/hr | 320.00 |
| 5/30/2017 JK | Search & file topical story/video per this matter and email from GJV |  | 0.50 90.00/hr | 45.00 |
|  | GJV | Review correspondence | 0.10 320.00/hr | 32.00 |
|  | KF | Organizing and scanning emails; making chronology | 2.25 50.00/hr | 112.50 |

For professional services rendered                                    22.15    $5,780.50

Additional Charges :

5/25/2017  Electronic research charges.                                          126.53

Total costs                                                                      $126.53

Total amount of this bill                                                        $5,907.03

Balance due                                                                      $5,907.03

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 12.90 | 320.00 | $4,128.00 |
| Julia Korkus | 0.50 | 90.00 | $45.00 |
| Katie Fenton | 2.25 | 50.00 | $112.50 |
| Sarah Merlo | 6.50 | 230.00 | $1,495.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

July 12, 2017

In Reference To:    Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2017-11869

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/9/2017 | GJV | Review M. Porter email, letter from D-H re:  proposed severance agreement and prepare email to Dr. Porter re:  plan and options | 1.00 320.00/hr | 320.00 |
| 6/13/2017 | GJV | Conference with Dr. and Mr. Porter and J. Korkus | 1.80 320.00/hr | 576.00 |
|  | GJV | Prepare memorandum of meeting | 0.30 320.00/hr | 96.00 |
|  | GJV | Review outline of meeting and summary by M. Porter re:  Dr. Hsu | 0.40 320.00/hr | 128.00 |
|  | JK | JK/GJV met w/ client & her husband (2 hrs) at V&A office on matter direction & info gathering; JK note taking. | 2.00 100.00/hr | 200.00 |
|  | JK | Drafting Memo of 6/13 2 hr client meeting/factual summary | 3.00 100.00/hr | 300.00 |
| 6/14/2017 | GJV | Review Litigation Hold letter | 0.30 320.00/hr | 96.00 |
|  | GJV | Review memorandum | 0.10 320.00/hr | 32.00 |
|  | JK | Reading & reviewing client matter file/documents per development of litigation hold names and letter | 3.00 100.00/hr | 300.00 |

A-997

Misty Porter                                                                          Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/14/2017 | JK | Email communications, reviewing & record keeping per new incoming client matter material. | 1.00 100.00/hr | 100.00 |
| 6/15/2017 | GJV | E-mail and review potential whistleblower claim | 0.20 320.00/hr | 64.00 |
|  | JK | Reading client file & matter history of email correspondence (green file) provided by MP. Started timeline. | 4.00 100.00/hr | 400.00 |
| 6/16/2017 | GJV | E-mails | 0.10 320.00/hr | 32.00 |
|  | JK | Conference w/GJV, then JK reading, email follow-up and filing re: matter documentation and compilation needs for next steps | 1.50 100.00/hr | 150.00 |
| 6/19/2017 | JK | Reading client files. | 0.60 100.00/hr | 60.00 |
| 6/20/2017 | JK | Reading client files. | 1.00 100.00/hr | 100.00 |
| 6/21/2017 | JK | Brief conference with GJV on matter planning and reviewing and reading files. | 1.30 100.00/hr | 130.00 |
|  | JK | Review material and Draft litigation hold letter | 2.30 100.00/hr | 230.00 |
| 6/23/2017 | GJV | Review elements of possible claims and work on Litigation Hold letter | 1.70 320.00/hr | 544.00 |
| 6/27/2017 | JK | Reviewed new Porter emails and information. | 0.50 100.00/hr | 50.00 |
|  | GJV | Conference with Dr. and Mr. Porter | 1.00 320.00/hr | 320.00 |
| 6/28/2017 | GJV | Revise litigation hold letter | 0.20 320.00/hr | 64.00 |
| 6/29/2017 | SM | Review litigation hold draft letter and provide comments | 0.20 230.00/hr | 46.00 |
|  | GJV | Revise litigation hold letter | 0.20 320.00/hr | 64.00 |
|  |  | For professional services rendered | 27.70 | $4,402.00 |
|  |  | Previous balance |  | $5,907.03 |
| 6/22/2017 |  | Payment - thank you. Check No. 5049 |  | ($5,907.03) |

A-998

Misty Porter                                                                                     Page    3

                                                                                                  Amount

                    Total payments and adjustments                                              ($5,907.03)

                    Balance due                                                                  $4,402.00


                                           Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Geoffrey J. Vitt | 7.30 | 320.00 | $2,336.00 |
| Julia Korkus | 20.20 | 100.00 | $2,020.00 |
| Sarah Merlo | 0.20 | 230.00 | $46.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

August 07, 2017

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2017-11951

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/6/2017 | JK | Review GJV/Porter emails re: letter from alumni residents: Researched news material on topic. Memorandum on meeting. | 3.00 100.00/hr | 300.00 |
| 7/7/2017 | JK | Review GJV/Porter emails re: ACGME, training, and grievance policies, filing, read topical material. | 2.00 100.00/hr | 200.00 |
| 7/11/2017 | JK | Conference with GJV re: Porter and complaint preparation. | 0.20 100.00/hr | 20.00 |
| 7/12/2017 | JK | Research and email on NH Law and commencement of action re: serving a complaint. | 1.50 100.00/hr | 150.00 |
| | GJV | T/c Dr. Porter and review outline for complaint | 0.30 320.00/hr | 96.00 |
| 7/14/2017 | GJV | Outline for complaint | 1.10 320.00/hr | 352.00 |
| 7/15/2017 | GJV | Review numerous emails an background documents and research re:  basis for claims | 2.70 320.00/hr | 864.00 |
| 7/17/2017 | SM | Review GJV email re: rights as Member | 0.10 230.00/hr | 23.00 |
| | JK | Porter preparation and meeting; background gathering and outline of complaint. | 2.50 100.00/hr | 250.00 |

**A-1000**

Misty Porter                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/17/2017 JK | Drafted memorandum on Porter meeting; Email, read, file re: new meeting material HR email. | | 1.00 100.00/hr | 100.00 |
| | GJV | Conference with Tom and Misty Porter and J. Korkus | 2.80 320.00/hr | 896.00 |
| | GJV | Prepare file memorandum on issues discussed in meeting | 1.00 320.00/hr | 320.00 |
| | GJV | Review file memorandum and review and edit emails | 0.40 320.00/hr | 128.00 |
| | GJV | E-mails | 0.30 320.00/hr | 96.00 |
| 7/18/2017 JK | Emails from Porter and GJV. Read and organize material for complaint. | | 1.70 100.00/hr | 170.00 |
| 7/19/2017 GJV | Outline research issues re: claim | | 0.30 320.00/hr | 96.00 |
| | GJV | Research | 0.40 320.00/hr | 128.00 |
| 7/20/2017 SM | Conf. and email with GJV re: complaint; research re: whistleblower protection and wrongful termination claims | | 1.00 230.00/hr | 230.00 |
| | JK | Review, research, read memo, emails, filing, re: VPR article, reporter, Barry Smith and new ACGME/ART material/emails. | 3.00 100.00/hr | 300.00 |
| | GJV | Telephone conference with Dr. Smith and prepare file memorandum on conversation | 1.10 320.00/hr | 352.00 |
| | GJV | Review background materials and emails and outline theories for various claims | 1.30 320.00/hr | 416.00 |
| 7/21/2017 GJV | Review emails with Dr. Porter and emails form Dr. Smith | | 0.30 320.00/hr | 96.00 |
| 7/24/2017 GJV | Review draft grievance ACGME | | 0.20 320.00/hr | 64.00 |
| | GJV | E-mails | 0.30 320.00/hr | 96.00 |
| 7/25/2017 JK | Prepare Porter case binder and complaint material. | | 2.00 100.00/hr | 200.00 |
| 7/26/2017 SM | Review Professional Staff By-Laws | | 0.70 230.00/hr | 161.00 |

A-1001

Misty Porter                                                                              Page    3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 7/26/2017 JK | Read Porter material and emails. Emails with and re: VPR reporter/VPR article and quote background/retraction. | 2.20 100.00/hr | 220.00 |
| 7/27/2017 JK | Prepare Porter case binder, organize key material/emails, and complaint material. | 1.70 100.00/hr | 170.00 |

For professional services rendered                                           35.10      $6,494.00

Additional Charges :

7/20/2017 Electronic research charges.                                                        26.98

Total costs                                                                                  $26.98

Total amount of this bill                                                                $6,520.98

Previous balance                                                                        $4,402.00

7/18/2017  Payment - thank you. Check No. 5064                                           ($4,402.00)

Total payments and adjustments                                                          ($4,402.00)

Balance due                                                                             $6,520.98

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 12.50 | 320.00 | $4,000.00 |
| Julia Korkus | 20.80 | 100.00 | $2,080.00 |
| Sarah Merlo | 1.80 | 230.00 | $414.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

September 11, 2017

In Reference To:  Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2017-11979

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/3/2017 JK | | Research and provide comment on ACGME resident training topic. | 0.10<br>100.00/hr | 10.00 |
| | GJV | Prepare draft of complaint | 1.80<br>320.00/hr | 576.00 |
| 8/4/2017 GJV | | Prepare complaint | 1.00<br>320.00/hr | 320.00 |
| | GJV | Research and work on complaint | 1.80<br>320.00/hr | 576.00 |
| 8/5/2017 SM | | Review GJV emails | 0.20<br>230.00/hr | 46.00 |
| | GJV | Complaint | 1.70<br>320.00/hr | 544.00 |
| 8/6/2017 GJV | | Draft complaint and research | 4.70<br>320.00/hr | 1,504.00 |
| 8/7/2017 GJV | | Draft complaint | 3.30<br>320.00/hr | 1,056.00 |
| 8/8/2017 SM | | Review emails re: benefits; emails with GJV; review DH benefit guide | 1.00<br>230.00/hr | 230.00 |

Misty Porter                                                                                    Page    2

|            |     |                                                                                          | Hrs/Rate         | Amount  |
|------------|-----|------------------------------------------------------------------------------------------|------------------|---------|
| 8/8/2017   | JK  | Review and file matter correspondence; edit timeline.                                    | 0.50 100.00/hr   | 50.00   |
|            | GJV | Revise complaint                                                                         | 0.30 320.00/hr   | 96.00   |
|            | GJV | Research disabilities issue and work on complaint                                        | 0.90 320.00/hr   | 288.00  |
| 8/9/2017   | SM  | Review memo and conf. with GJV re: sex discrimination claims; research re: venue; email to GJV | 0.80 230.00/hr | 184.00  |
|            | GJV | Prepare complaint and research                                                           | 2.80 320.00/hr   | 896.00  |
| 8/10/2017  | JK  | Memo to GJV on M. Porter  re: timeline milestones and supporting email/information.       | 1.00 100.00/hr   | 100.00  |
|            | SM  | Conf. with GJV re: disability retaliation claims                                          | 0.20 230.00/hr   | 46.00   |
|            | GJV | Prepare complaint                                                                        | 1.60 320.00/hr   | 512.00  |
| 8/11/2017  | GJV | Multiple e-mails                                                                         | 1.00 320.00/hr   | 320.00  |
|            | SM  | Review emails re: gender discrimination                                                  | 0.20 230.00/hr   | 46.00   |
| 8/14/2017  | JK  | Email and meeting with VPR reporter re: Closure of D-H REI article background             | 0.60 100.00/hr   | 60.00   |
| 8/17/2017  | GJV | Work on complaint                                                                        | 1.90 320.00/hr   | 608.00  |
| 8/18/2017  | GJV | Work on complaint                                                                        | 1.10 320.00/hr   | 352.00  |
| 8/19/2017  | GJV | Work on complaint                                                                        | 1.80 320.00/hr   | 576.00  |
| 8/20/2017  | GJV | Complaint                                                                                | 1.50 320.00/hr   | 480.00  |
| 8/21/2017  | GJV | Complaint and research on Vermont federal court and jurisdiction                          | 2.70 320.00/hr   | 864.00  |
|            | SM  | Review GJV email re: jurisdiction                                                        | 0.10 230.00/hr   | 23.00   |

**A-1004**

Misty Porter                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/21/2017 | SN | Research per GJV RE DHMC entities in VT courts | 1.20<br>80.00/hr | 96.00 |
| 8/22/2017 | JK | Complaint research | 1.50<br>100.00/hr | 150.00 |
|  | GJV | Complaint and research on jurisdiction and claims under disability statutes | 4.20<br>320.00/hr | 1,344.00 |
| 8/23/2017 | GJV | E-mails | 0.20<br>320.00/hr | 64.00 |
|  | GJV | Work on complaint | 3.30<br>320.00/hr | 1,056.00 |
|  | GJV | E-mails with Dr. Porter | 0.30<br>320.00/hr | 96.00 |
| 8/24/2017 | SM | Emails with GJV re: claims | 0.20<br>230.00/hr | 46.00 |
|  | GJV | Complaint | 1.60<br>320.00/hr | 512.00 |
| 8/25/2017 | GJV | Work on revisions to complaint | 2.60<br>320.00/hr | 832.00 |
|  | SM | Review GJV email re: jurisdiction and claims | 0.20<br>230.00/hr | 46.00 |
| 8/27/2017 | SM | Review GJV email re: complaint | 0.10<br>230.00/hr | 23.00 |
|  | GJV | Revise complaint | 1.40<br>320.00/hr | 448.00 |
| 8/28/2017 | SM | Conf. and emails with GJV; review draft complaint | 0.60<br>230.00/hr | 138.00 |
|  | GJV | Review wrongful discharge law and whistleblower claims | 0.20<br>320.00/hr | 64.00 |
|  | GJV | Work on complaint | 0.30<br>320.00/hr | 96.00 |
| 8/29/2017 | JK | Research re: news contacts and filings. | 1.00<br>100.00/hr | 100.00 |
|  | SM | Review draft complaint and draft ACGME letter | 1.10<br>230.00/hr | 253.00 |

**A-1005**

Misty Porter                                                      Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/30/2017 SM | Revisions to draft complaint | | 1.50<br>230.00/hr | 345.00 |
| | GJV | Complaint | 0.20<br>320.00/hr | 64.00 |

|  |  |
|---|---|
| Subtotal of charges | $16,136.00 |
| Adjustment | ($2,200.00) |
| For professional services rendered | 56.30   $13,936.00 |

Additional Charges :

| 8/21/2017 Electronic research charges. | 229.58 |
|---|---|

|  |  |
|---|---|
| Total amount of this bill | $14,165.58 |
| Previous balance | $6,520.98 |
| 8/15/2017 Payment - thank you. Check No. 5076 | ($6,520.98) |
| Total payments and adjustments | ($6,520.98) |
| Balance due | $14,165.58 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 44.20 | 320.00 | $12,215.59 |
| Julia Korkus | 4.70 | 100.00 | $405.92 |
| Sarah Nunan | 1.20 | 80.00 | $82.91 |
| Sarah Merlo | 6.20 | 230.00 | $1,231.58 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

October 04, 2017

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2017-12115

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/1/2017 | SM | Revisions to draft complaint | 2.50<br>230.00/hr | 575.00 |
|  | GJV | E-mail | 0.20<br>320.00/hr | 64.00 |
| 9/5/2017 | SM | Review and revise draft complaint | 4.00<br>230.00/hr | 920.00 |
|  | GJV | E-mail | 0.10<br>320.00/hr | 32.00 |
| 9/6/2017 | SM | Revisions to draft complaint | 3.50<br>230.00/hr | 805.00 |
|  | SM | Review re: SSDI | 0.10<br>230.00/hr | 23.00 |
|  | GJV | E-mail | 0.20<br>320.00/hr | 64.00 |
| 9/7/2017 | SM | Work on draft complaint; emails with GJV re: claims | 3.10<br>230.00/hr | 713.00 |
|  | GJV | Work on complaint | 1.10<br>320.00/hr | 352.00 |

Misty Porter                                                                    Page    2

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/10/2017 | SM | Review GJV email re: False Claims Act and GJV memorandum re: final tasks for complaint | 0.20 230.00/hr | 46.00 |
| | GJV | Work on complaint | 1.30 320.00/hr | 416.00 |
| 9/11/2017 | SM | Revisions to draft complaint | 2.00 230.00/hr | 460.00 |
| | SM | Meeting with client and GJV re: draft complaint | 2.50 230.00/hr | 575.00 |
| | GJV | Conference with Dr. Porter and S. Merlo | 2.50 320.00/hr | 800.00 |
| | GJV | Memorandum on mediation | 0.20 320.00/hr | 64.00 |
| | GJV | Revise complaint | 1.00 320.00/hr | 320.00 |
| 9/12/2017 | SM | Emails with client; review documents in disability file; review letter from ObGyn Alums re: REI program; revisions to complaint | 1.00 230.00/hr | 230.00 |
| | GJV | Complaint | 0.40 320.00/hr | 128.00 |
| | GJV | Review bylaws and consider argument about using bylaws to argue Dr. Porter had right to hearing | 1.10 320.00/hr | 352.00 |
| 9/13/2017 | SM | Emails with client | 0.10 230.00/hr | 23.00 |
| | GJV | Complaint and edit final version | 1.40 320.00/hr | 448.00 |
| 9/14/2017 | SM | Revisions to draft complaint | 1.20 230.00/hr | 276.00 |
| | GJV | Complaint | 0.70 320.00/hr | 224.00 |
| 9/21/2017 | SM | Revisions to complaint; research re: jurisdiction and venue in USDC-VT | 2.00 230.00/hr | 460.00 |
| 9/22/2017 | SM | Revise complaint for federal filing; email to GJV | 0.20 230.00/hr | 46.00 |
| | SM | REview OT note provided by client | 0.20 230.00/hr | 46.00 |

A-1008

Misty Porter                                                                 Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/25/2017 | GJV | Outline; t/c K. Troland; file memo | 0.20<br>320.00/hr | 64.00 |
| 9/26/2017 | SM | Emails | 0.20<br>230.00/hr | 46.00 |
|  | GJV | E-mails | 0.20<br>320.00/hr | 64.00 |
|  | GJV | Review final complaint in U.S. District court for Vermont and prepare memorandum on discovery and court | 1.00<br>320.00/hr | 320.00 |
|  | GJV | E-mails | 0.20<br>320.00/hr | 64.00 |
|  |  | For professional services rendered | 34.60 | $9,020.00 |
|  |  | Previous balance |  | $14,165.58 |
| 9/13/2017 |  | Payment - thank you. Check No. 4861 |  | ($14,165.58) |
|  |  | Total payments and adjustments |  | ($14,165.58) |
|  |  | Balance due |  | $9,020.00 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 11.80 | 320.00 | $3,776.00 |
| Sarah Merlo | 22.80 | 230.00 | $5,244.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

November 03, 2017

In Reference To:    Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2017-12137

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/2/2017 | GJV | Outline for K. Troland and call K. Troland | 0.20 320.00/hr | 64.00 |
|  | GJV | E-mail to K. Troland | 0.20 320.00/hr | 64.00 |
| 10/3/2017 | GJV | E-mails with M. Porter and K. Troland | 0.10 320.00/hr | 32.00 |
|  | GJV | Several emails with M. Porter and D. Schroeder | 0.60 320.00/hr | 192.00 |
| 10/4/2017 | SN | Conf with GJV RE complaint | 0.30 80.00/hr | 24.00 |
|  | GJV | Conference with Tom and Misty Porter and email D. Schroeder | 1.70 320.00/hr | 544.00 |
|  | GJV | Prepare file memorandum | 0.80 320.00/hr | 256.00 |
| 10/5/2017 | GJV | Review service of process question | 0.30 320.00/hr | 96.00 |
|  | GJV | Emails re:  filing and cover sheet | 0.30 320.00/hr | 96.00 |

Misty Porter

Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/5/2017 | SM | Emails with GJV re: D-H response; prepare complaint for filing | 0.30<br>230.00/hr | 69.00 |
| 10/9/2017 | GJV | E-mail D. Schroeder | 0.10<br>320.00/hr | 32.00 |
| 10/10/2017 | GJV | Conference with Tom and Misty Porter and review draft | 1.40<br>320.00/hr | 448.00 |
| | GJV | E-mails with K. Kramer and review final draft | 0.90<br>320.00/hr | 288.00 |
| | GJV | File memorandum | 0.20<br>320.00/hr | 64.00 |
| | JK | Conference with G. Vitt re: Complaint filing, journalists, communications | 0.20<br>100.00/hr | 20.00 |
| | JK | Research re: complaint filing and regional newspaper contacts | 0.10<br>100.00/hr | 10.00 |
| | SM | Conf. and emails with client; revisions to complaint; draft civil cover sheet; research re: waiver of service; | 1.10<br>230.00/hr | 253.00 |
| 10/11/2017 | GJV | E-mails M. Porter and consider service | 0.20<br>320.00/hr | 64.00 |
| | GJV | Review several emails and t/c VN person | 0.70<br>320.00/hr | 224.00 |
| | GJV | E-mails and revise Statement | 0.40<br>320.00/hr | 128.00 |
| | JK | Hand-delivery: Complaint filed in US District Court, Burlington VT | 3.00<br>100.00/hr | 300.00 |
| | JK | E-mails re: copy of Complaint to D. Schroeder and regional papers | 0.80<br>100.00/hr | 80.00 |
| | SM | Revise complaint; research re: VT ethics rules for communication with the press; email to GJV; research re: de-identifying HIPAA-protected info and HIPAA-permitted disclosures | 1.30<br>230.00/hr | 299.00 |
| 10/12/2017 | GJV | E-mails | 0.20<br>320.00/hr | 64.00 |
| | SM | Emails | 0.10<br>230.00/hr | 23.00 |

Misty Porter

Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/13/2017 GJV | | Review email | 0.10<br>320.00/hr | 32.00 |
| | SM | Review letter from former residents to DH re: closure of REI | 0.10<br>230.00/hr | 23.00 |
| 10/14/2017 GJV | | E-mail S. Merlo re:  VT rules on witness interviews | 0.20<br>320.00/hr | 64.00 |
| | GJV | E-mail S. Nunan re:  setting up interviews | 0.10<br>320.00/hr | 32.00 |
| 10/16/2017 GJV | | E-mails with Dr. Porter and analysis of witnesses | 1.00<br>320.00/hr | 320.00 |
| | JK | Mail and E-mail re: D service acceptance, notice to D. Schroeder | 0.30<br>100.00/hr | 30.00 |
| | SM | Draft notice and waiver documents; draft letter to Schroeder; emails with GJV; review timeline for discovery | 1.50<br>230.00/hr | 345.00 |
| 10/17/2017 JK | | Reviewing news articles | 1.00<br>100.00/hr | 100.00 |
| 10/23/2017 SM | | Review waivers | 0.10<br>230.00/hr | 23.00 |
| 10/26/2017 JK | | E-mail Burlington Free Press | 0.10<br>100.00/hr | 10.00 |
| 10/30/2017 GJV | | . Prepare draft requests to produce to D-H | 0.40<br>320.00/hr | 128.00 |

|  | Hrs/Rate | Amount |
|---|---|---|
| For professional services rendered | 20.40 | $4,841.00 |

Additional Charges :

| | | |
|---|---|---|
| 10/10/2017 Filing fee:U,S District Court - Clerk | | 400.00 |
| 10/11/2017 Mileage expense:US District Court of Vermont | | 102.72 |
| Total costs | | $502.72 |
| Total amount of this bill | | $5,343.72 |
| Previous balance | | $9,020.00 |
| 0/10/2017 Payment - thank you. Check No. 4867 | | ($9,020.00) |

Misty Porter                                                                Page    4

|  | Amount |
|---|---|
| Total payments and adjustments | ($9,020.00) |
| Balance due | $5,343.72 |

### Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 10.10 | 320.00 | $3,232.00 |
| Julia Korkus | 5.50 | 100.00 | $550.00 |
| Sarah Nunan | 0.30 | 80.00 | $24.00 |
| Sarah Merlo | 4.50 | 230.00 | $1,035.00 |



## Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

December 08, 2017

In Reference To:    Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2017-12275

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/1/2017 | GJV | E-mails with Dr. Porter and review discovery requests | 0.70 320.00/hr | 224.00 |
| 11/2/2017 | SN | Conf with GJV | 0.70 80.00/hr | 56.00 |
|  | GJV | Prepare draft discovery | 1.20 320.00/hr | 384.00 |
| 11/3/2017 | GJV | Review file memorandum and prepare draft discovery | 1.80 320.00/hr | 576.00 |
|  | GJV | Review background documents and prepare discovery | 0.60 320.00/hr | 192.00 |
| 11/4/2017 | GJV | Draft discovery | 0.30 320.00/hr | 96.00 |
|  | GJV | T/c R. Young and prepare file memorandum and email M. Porter | 0.70 320.00/hr | 224.00 |
| 11/6/2017 | GJV | Revise requests to D-H | 0.50 320.00/hr | 160.00 |
| 11/7/2017 | JK | Conference w/ G. Vitt and e-mail mtg response to press reporter. | 0.20 100.00/hr | 20.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700  ~  Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

Misty Porter                                                                                      Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/7/2017 | JK | Review GJV e-mail and D-H quotes to press and prepare memorandum | 0.30 100.00/hr | 30.00 |
|  | GJV | E-mails | 0.20 320.00/hr | 64.00 |
|  | GJV | E-mail | 0.10 320.00/hr | 32.00 |
|  | GJV | Prepare requests to produce | 0.70 320.00/hr | 224.00 |
| 11/8/2017 | JK | Conference w/ G. Vitt & S. Nunan re: press communication & timing | 0.10 100.00/hr | 10.00 |
|  | SM | Research re: NH law on ex parte communications with employees of represented party | 0.10 230.00/hr | 23.00 |
| 11/10/2017 | JK | Review and prepare RSA and Med rules for G. Vitt. | 0.80 100.00/hr | 80.00 |
|  | JK | Conference with GJV re: interview interest from Burlington Free Press reporter | 0.20 100.00/hr | 20.00 |
|  | JK | Emails with reporter Dan D'Ambrosio re: interview interest from Burlington Free Press | 0.20 100.00/hr | 20.00 |
|  | GJV | Review emails and revise draft letter to NH Board | 0.70 320.00/hr | 224.00 |
|  | GJV | E-mails | 0.10 320.00/hr | 32.00 |
|  | GJV | E-mail Dr. Porter | 0.10 320.00/hr | 32.00 |
|  | GJV | E-mails | 0.10 320.00/hr | 32.00 |
| 11/13/2017 | GJV | E-mails and review/edit reply to Board | 0.30 320.00/hr | 96.00 |
|  | GJV | E-mail | 0.10 320.00/hr | 32.00 |
| 11/14/2017 | GJV | E-mails and outline for third party witnesses | 0.20 320.00/hr | 64.00 |
|  |  | For professional services rendered | 11.00 | $2,947.00 |

A-1015

Misty Porter                                                                     Page    3

Additional Charges :

|  |  | Amount |
|---|---|---|
| 11/8/2017 | Electronic research charges. | 4.83 |
|  | Total costs | $4.83 |
|  | Total amount of this bill | $2,951.83 |
|  | Previous balance | ($291.28) |
|  | Balance due | $2,660.55 |

## Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 8.40 | 320.00 | $2,688.00 |
| Julia Korkus | 1.80 | 100.00 | $180.00 |
| Sarah Nunan | 0.70 | 80.00 | $56.00 |
| ah Merlo | 0.10 | 230.00 | $23.00 |



Vitt & Associates

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

January 09, 2018

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2017-12357

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/2/2017 | GJV | Review complaint and prepare draft discovery requests | 0.80 320.00/hr | 256.00 |
| 12/4/2017 | SM | Conf. with GJV re: response to NH Board of Medicine inquiry | 0.10 230.00/hr | 23.00 |
| 12/5/2017 | KBK | Review letter from New Hampshire Board of Medicine and memorandum from Geoffrey Vitt and assess additional responses and questions | 0.20 175.00/hr | 35.00 |
|  | GJV | Conference with Misty and Tom Porter | 1.30 320.00/hr | 416.00 |
|  | GJV | E-mail | 0.20 320.00/hr | 64.00 |
|  | GJV | File memo | 0.10 320.00/hr | 32.00 |
| 12/7/2017 | GJV | T/c Sally Garhart; prepare memorandum and email M. Porter | 0.50 320.00/hr | 160.00 |
|  | GJV | E-mail | 0.10 320.00/hr | 32.00 |
|  | JK | Conference with G. Vitt; Receive and review email re: NH Board of Medicine investigation and G. Vitt memo on Garhart conversation | 0.50 100.00/hr | 50.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700  ~  Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

Misty Porter                                                                    Page    2

| Date | Init | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/13/2017 | KBK | Meeting with Geoffrey Vitt to discuss strategy and next steps | 0.80 175.00/hr | 140.00 |
| | GJV | Conference with K. Burghardt Kramer re. discovery issues | 1.00 320.00/hr | 320.00 |
| | JK | Conference with G. Vitt, S. Nunan, K. Kramer re: updates, next steps and planning. Review Letter from NH Board of Medicine and file correspondence | 1.20 100.00/hr | 120.00 |
| | SN | Conf. with GJV, KBK, and JK RE status of litigation | 0.30 80.00/hr | 24.00 |
| 12/15/2017 | KBK | Exchange emails with Geoffrey Vitt regarding New Hampshire medical board; review draft response by Misty Porter to NH Board of Medicine and provide feedback to Geoffrey Vitt regarding revisions | 0.90 175.00/hr | 157.50 |
| | GJV | Review draft reply and review legal issues | 0.70 320.00/hr | 224.00 |
| 12/18/2017 | KBK | Review answer from Dartmouth-Hitchcock | 0.20 175.00/hr | 35.00 |
| | GJV | Review M. Porter and K. Burghardt Kramer emails and review Board letter and revise letter | 0.60 320.00/hr | 192.00 |
| | JK | Review D-H Answer to Complaint | 0.40 100.00/hr | 40.00 |
| 12/19/2017 | KBK | Exchange emails with Geoffrey regarding early neutral evaluation and potential mediators | 0.20 175.00/hr | 35.00 |
| 12/21/2017 | KBK | Research potential ENE mediators; email to Geoffrey Vitt regarding mediators | 0.30 175.00/hr | 52.50 |
| 12/22/2017 | GJV | Discovery | 0.10 320.00/hr | 32.00 |
| 12/30/2017 | GJV | Discovery | 0.20 320.00/hr | 64.00 |

For professional services rendered                                              10.70    $2,504.00

Previous balance                                                                        $2,660.55

12/14/2017 Payment - thank you. Check No. 4913                                          ($2,660.55)

Total payments and adjustments                                                          ($2,660.55)

A-1018

Misty Porter                                                                    Page    3

                                                                                Amount

                    Balance due                                                 $2,504.00

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 5.60 | 320.00 | $1,792.00 |
| Julia Korkus | 2.10 | 100.00 | $210.00 |
| Katherine B. Kramer | 2.60 | 175.00 | $455.00 |
| Sarah Nunan | 0.30 | 80.00 | $24.00 |
| Sarah Merlo | 0.10 | 230.00 | $23.00 |



## Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

February 12, 2018

In Reference To:    Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2018-12439

### Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/1/2018 | GJV | Several emails and review proposed schedule | 0.30 320.00/hr | 96.00 |
| 1/2/2018 | GJV | Review proposed Discovery Schedule; t/c K. Kramer and review language re: Production issue | 0.80 320.00/hr | 256.00 |
| | GJV | Conference call K. Kramer and t/c K. Kramer | 0.30 320.00/hr | 96.00 |
| | JK | Review ENE letter from Clerk Eaton; Review VT ENE program and process. | 0.40 100.00/hr | 40.00 |
| | KBK | Review proposed discovery schedule; prepare for phone call with attorneys for Dartmouth-Hitchcock; phone call with Geoffrey Vitt regarding discovery schedule; telephone conference with Geoffrey Vitt, Daniel Long and Don Schroeder regarding discovery schedule; telephone conference with Geoffrey Vitt; review final proposed discovery schedule from Daniel Long and email regarding same | 1.70 175.00/hr | 297.50 |
| | SN | Conf. with GJV RE Format of ESI request for discovery | 0.20 80.00/hr | 16.00 |
| | SN | Researched language for discovery order RE ESI, gave to GJV | 1.10 80.00/hr | 88.00 |
| 1/4/2018 | GJV | E-mail D-H lawyer | 0.10 320.00/hr | 32.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700 ~ Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

**A-1020**

Misty Porter                                                                                                    Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/5/2018 | GJV | Several emails and prepare ENE Stipulation | 0.30<br>320.00/hr | 96.00 |
| 1/6/2018 | GJV | Prepare Discovery to D-H | 1.30<br>320.00/hr | 416.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding discovery and issues regarding contacting present and former Dartmouth-Hitchcock employees | 0.40<br>175.00/hr | 70.00 |
| | KBK | Exchange emails wiht G. Vitt regarding discovery and issues regarding contacting present and former Dartmouth-Hitchcock employees | 0.40<br>175.00/hr | 70.00 |
| 1/7/2018 | GJV | Discovery to D-H | 1.10<br>320.00/hr | 352.00 |
| 1/8/2018 | JK | Receive and review K. Kramer draft of P's First Set of Interrogatories and Requests to Produce | 0.80<br>100.00/hr | 80.00 |
| | JK | Receive & review K. Kramer & G. Vitt mediation e-mails & draft of discovery requests | 0.70<br>100.00/hr | 70.00 |
| | JK | Review Dr. Porter file emails re: colleagues, witness details | 0.80<br>100.00/hr | 80.00 |
| | GJV | Discovery | 0.30<br>320.00/hr | 96.00 |
| | GJV | Discovery to D-H | 1.80<br>320.00/hr | 576.00 |
| | KBK | Draft discovery requests | 5.00<br>175.00/hr | 875.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding discovery and mediation | 0.30<br>175.00/hr | 52.50 |
| 1/9/2018 | JK | Review & prepare summary of references for G. Vitt re: D-H statements on profitability of REI | 1.60<br>100.00/hr | 160.00 |
| | GJV | Prepare requests to D-H | 1.20<br>320.00/hr | 384.00 |
| 1/10/2018 | JK | Review & prepare summary of references for G. Vitt re: D-H statements on decisions to close REI | 1.70<br>100.00/hr | 170.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding discovery | 0.20<br>175.00/hr | 35.00 |
| | GJV | Review requests to D-H | 1.20<br>320.00/hr | 384.00 |

Misty Porter                                                                      Page    3

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/11/2018 | KBK | Receive and review email from Geoffrey Vitt regarding discovery requests | 0.10 175.00/hr | 17.50 |
| | GJV | E-mails with K. Kramer and revise requests | 0.40 320.00/hr | 128.00 |
| | GJV | Discovery to D-H | 1.50 320.00/hr | 480.00 |
| 1/12/2018 | KBK | Revise discovery requests | 1.20 175.00/hr | 210.00 |
| 1/14/2018 | KBK | Edit and revise discovery requests; email to Geoffrey Vitt regarding edits and revisions | 1.50 175.00/hr | 262.50 |
| | GJV | Discovery including revisions to requests | 2.30 320.00/hr | 736.00 |
| 1/15/2018 | KBK | Phone call with Geoffrey Vitt regarding discovery requests | 0.80 175.00/hr | 140.00 |
| | KBK | Revise document discovery requests | 1.30 175.00/hr | 227.50 |
| | GJV | T/c K. Kramer and review requests | 0.80 320.00/hr | 256.00 |
| 1/16/2018 | JK | Meeting w/ S. Nunan & review of initial disclosures background | 0.60 100.00/hr | 60.00 |
| | JK | Review names and content for initials disclosures draft | 2.40 100.00/hr | 240.00 |
| | JK | Review federal and local procedures re: Rule 26 | 0.70 100.00/hr | 70.00 |
| | KBK | Revise document discovery requests | 2.70 175.00/hr | 472.50 |
| | GJV | Several emails | 0.20 320.00/hr | 64.00 |
| | GJV | Initial disclosures | 0.20 320.00/hr | 64.00 |
| | SN | Email sample document to JK;Conf. with JK RE initial disclosures | 0.50 80.00/hr | 40.00 |
| 1/17/2018 | JK | Prepare draft of initial disclosures; research & update witness/contacts info | 4.20 100.00/hr | 420.00 |

Misty Porter                                                                                               Page    4

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/17/2018 | KBK | Research ethical implications of contacting current and former D-H employees and begin preparing memo | 1.10 175.00/hr | 192.50 |
| | GJV | Agenda and review discovery | 0.90 320.00/hr | 288.00 |
| | GJV | Memo on discovery agenda and review requests | 1.00 320.00/hr | 320.00 |
| | GJV | Discovery to D-H | 0.80 320.00/hr | 256.00 |
| 1/18/2018 | JK | E-mail from G. Vitt; review and edit timeline/events | 2.20 100.00/hr | 220.00 |
| | KBK | Prepare for meeting with Misty Porter and Geoffrey Vitt; meeting with Misty Porter and Geoffrey Vitt at UVMMC | 1.60 175.00/hr | 280.00 |
| | KBK | Round trip travel to Burlington for meeting with Misty and Geoffrey | 2.00 175.00/hr | 350.00 |
| | KBK | Review draft initial disclosures; research ethics issue regarding contacting D-H employees; revise memo regarding ethics of contacting D-H employees and send memo to Geoffrey Vitt; exchange emails with Misty Porter regarding discovery | 1.90 175.00/hr | 332.50 |
| | GJV | Conf. Dr. Porter and K. Kramer; review discovery; conf. K. Kramer re. discovery and theories of recovery | 3.80 320.00/hr | 1,216.00 |
| 1/19/2018 | JK | Review G. Vitt edits and revise Plaintiff's Initial Disclosures document | 1.80 100.00/hr | 180.00 |
| | JK | Revise initial disclosures per e-mail from G. Vitt | 1.30 100.00/hr | 130.00 |
| | JK | Phone call and email w/ Dr. Porter re: set up mtg & phone copy details | 0.20 100.00/hr | 20.00 |
| | KBK | Exchange emails with Misty Porter and Geoffrey Vitt regarding additional discovery requests, medical billing fraud, and fertility rates; prepare and file notice of appearance; revise discovery document requests per additional suggestions from Misty Porter | 0.90 175.00/hr | 157.50 |
| 1/20/2018 | KBK | Prepare memo regarding litigation strategy | 0.90 175.00/hr | 157.50 |
| | GJV | Review requests and email and revise requests | 1.30 320.00/hr | 416.00 |
| 1/21/2018 | GJV | Review K. Kramer email and revise requests | 0.40 320.00/hr | 128.00 |

Misty Porter                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/22/2018 | JK | Meeting w/ Dr. Porter to receive iphone/ipad text matter material | 0.70 100.00/hr | 70.00 |
|  | JK | Review/receive/transfer iphone & ipad text material | 3.20 100.00/hr | 320.00 |
|  | JK | Receive & review SART e-mail from Dr. Porter; confirm correction | 0.30 100.00/hr | 30.00 |
|  | JK | Conference w/ G. Vitt re: initial disclosures | 0.50 100.00/hr | 50.00 |
|  | JK | Revise final initial disclosures draft | 0.40 100.00/hr | 40.00 |
|  | JK | E-mail response to G. Vitt re: initial disclosures comments & questions | 0.20 100.00/hr | 20.00 |
|  | GJV | Initial Disclosures | 0.30 320.00/hr | 96.00 |
|  | GJV | Additional discovery | 0.30 320.00/hr | 96.00 |
| 1/23/2018 | JK | Conference w/ G. Vitt re: Porter evidence and planning | 0.50 100.00/hr | 50.00 |
|  | JK | Review iphone text messages | 2.40 100.00/hr | 240.00 |
|  | KBK | Review and edit final draft of initial disclosures | 0.60 175.00/hr | 105.00 |
|  | KBK | Receive and review initial disclosures from D-H | 0.20 175.00/hr | 35.00 |
|  | GJV | Initial disclosures and conf. J. Korkus | 0.20 320.00/hr | 64.00 |
|  | GJV | Review timeline | 0.20 320.00/hr | 64.00 |
| 1/24/2018 | JK | E-mail & resolve w/ Dr. Porter phone question | 0.20 100.00/hr | 20.00 |
|  | JK | Review iphone/ipad text messages | 3.20 100.00/hr | 320.00 |
|  | JK | Receive & review Defendants' Initial Disclosures | 0.70 100.00/hr | 70.00 |

Misty Porter                                                                                    Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/24/2018 | KBK | Draft memo regarding litigation strategy | 0.50 175.00/hr | 87.50 |
| 1/25/2018 | JK | Review iphone/ipad text message | 4.20 100.00/hr | 420.00 |
|  | KBK | Receive email from Misty Porter regarding UVM residency program | 0.10 175.00/hr | 17.50 |
|  | KBK | Telephone conference with Geoffrey Vitt | 0.30 175.00/hr | 52.50 |
|  | GJV | E-mails | 0.20 320.00/hr | 64.00 |
|  | GJV | T/c K. Kramer | 0.20 320.00/hr | 64.00 |
|  | GJV | E-mail | 0.10 320.00/hr | 32.00 |
| 1/26/2018 | JK | Review iphone/ipad messages | 1.20 100.00/hr | 120.00 |
| 1/29/2018 | JK | File management & preparation for production | 0.80 100.00/hr | 80.00 |
|  | KBK | Draft memo regarding litigation strategy | 1.60 175.00/hr | 280.00 |
| 1/30/2018 | JK | Review K. Kramer email & memo re: strategy & witness/evidence organization | 0.50 100.00/hr | 50.00 |
|  | KBK | Revise strategy memo and send to Geoffrey Vitt; exchange emails regarding witness interviews | 0.50 175.00/hr | 87.50 |
| 1/31/2018 | KBK | Exchange emails with Misty Porter regarding former patients to interview; prepare chart of individuals to interview based upon list provided by Misty, initial disclosures, and other documents; email to Geoffrey Vitt regarding individuals to interview and general strategy | 3.70 175.00/hr | 647.50 |
|  | GJV | E-mail | 0.10 320.00/hr | 32.00 |
|  |  | For professional services rendered | 95.60 | $17,144.50 |

Additional Charges :

1/18/2018 Parking-UVM Medical Ctr                                                                3.75

A-1025

Misty Porter                                                                                          Page        7

|  | Amount |
|---|---|
| Total costs | $3.75 |
| Total amount of this bill | $17,148.25 |
| Previous balance | $2,504.00 |
| 1/18/2018  Payment - thank you. Check No. 4918 | ($2,504.00) |
| Total payments and adjustments | ($2,504.00) |
| Balance due | $17,148.25 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 23.90 | 320.00 | $7,648.00 |
| Julia Korkus | 38.40 | 100.00 | $3,840.00 |
| Katherine B. Kramer | 31.50 | 175.00 | $5,512.50 |
| Sarah Nunan | 1.80 | 80.00 | $144.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

March 13, 2018

In Reference To:    Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2018-12507

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/2/2018 | KBK | Review email from Misty Porter with job description documents; email to Misty Porter regarding reassignment questions | 0.50 175.00/hr | 87.50 |
| 2/6/2018 | KBK | Organize chart of individuals to interview; email to Geoffrey Vitt and Julia Korkus regarding interviews | 0.30 175.00/hr | 52.50 |
|  | JK | Receive email from K. Kramer and review interview chart | 0.70 100.00/hr | 70.00 |
| 2/12/2018 | KBK | Telephone conference with Geoffrey Vitt regarding interviews of D-H employees | 0.20 175.00/hr | 35.00 |
| 2/13/2018 | KBK | Email to Misty Porter regarding motion for ex parte communications with D-H employees | 0.20 175.00/hr | 35.00 |
|  | KBK | Receive and review email from Misty Porter regarding merger between Alice Peck Day Hospital and D-H obstetrics | 0.10 175.00/hr | 17.50 |
|  | KBK | Draft motion for permission to contact D-H employees ex parte under Rule 4.2 | 4.80 175.00/hr | 840.00 |
|  | GJV | Several emails with K. Kramer re:  witness contact | 0.20 320.00/hr | 64.00 |
|  | GJV | Review email and issues re: Rule 4.2 | 0.30 320.00/hr | 96.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700  ~  Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

Misty Porter                                                                     Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/14/2018 | KBK | Research and draft motion for ex parte communications with D-H employees | 4.80 175.00/hr | 840.00 |
| 2/15/2018 | KBK | Draft and research motion for permission to conduct ex parte interviews; email draft to Geoffrey Vitt | 5.50 175.00/hr | 962.50 |
|  | KBK | Telephone conference with Geoffrey Vitt | 0.20 175.00/hr | 35.00 |
| 2/16/2018 | KBK | Exchange emails with Geoffrey Vitt regarding damages experts and other issues; investigate possible damages experts | 0.40 175.00/hr | 70.00 |
|  | KBK | Email to Don Schroeder and Daniel Long following up on Rule 4.2 inquiry | 0.10 175.00/hr | 17.50 |
|  | GJV | Review draft motion | 0.30 320.00/hr | 96.00 |
| 2/17/2018 | GJV | Review draft motion re:  Rule 4.2 and email K. Kramer re:  changes and witness interviews | 0.70 320.00/hr | 224.00 |
| 2/19/2018 | KBK | Receive and review email from Misty Porter regarding Leslie DeMars | 0.10 175.00/hr | 17.50 |
|  | KBK | Prepare for phone call with Geoffrey Vitt regarding next steps; phone call with Geoffrey Vitt | 1.50 175.00/hr | 262.50 |
|  | KBK | Revise motion for ex parte contact with D-H employees | 3.20 175.00/hr | 560.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding motion for ex parte contact | 0.10 175.00/hr | 17.50 |
|  | GJV | T/c K. Kramer and prepare memorandum and conf. J. Korkus re:  document organization | 1.50 320.00/hr | 480.00 |
|  | GJV | Review final draft and comment; email K. Kramer | 0.40 320.00/hr | 128.00 |
| 2/20/2018 | KBK | Proofread and finalize motion for ex parte interviews with D-H employees | 0.50 175.00/hr | 87.50 |
|  | JK | Review Motion for permission to contact D-H employees | 0.40 100.00/hr | 40.00 |
|  | JK | Review complaint | 0.80 100.00/hr | 80.00 |
|  | GJV | E-mails re:  motion and argument | 0.20 320.00/hr | 64.00 |

Misty Porter                                                                                      Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/20/2018 | GJV | Motion re: ex parte contact | 0.20 320.00/hr | 64.00 |
| 2/21/2018 | JK | Review D's response to request for production of docs | 0.80 100.00/hr | 80.00 |
|  | JK | Emails w/ GJV | 0.10 100.00/hr | 10.00 |
|  | GJV | Review D-H responses to requests to produce and several emails with K. Kramer | 0.70 320.00/hr | 224.00 |
| 2/22/2018 | GJV | Revise requests | 1.80 320.00/hr | 576.00 |
| 2/23/2018 | KBK | Review document discovery responses from Dartmouth-Hitchcock; exchange emails with Misty Porter regarding UVM/D-H residency program; review emails from Geoffrey Vitt to Don Schroeder and Daniel Long regarding document production and discovery responses | 0.70 175.00/hr | 122.50 |
|  | JK | Prepare summary of Merrens statements for GJV. | 0.90 100.00/hr | 90.00 |
|  | GJV | Review defendants' objections to requests and prepare email to Long and Schroeder | 0.80 320.00/hr | 256.00 |
|  | GJV | Review Merrill quotes and email D-H lawyers` | 0.20 320.00/hr | 64.00 |
| 2/26/2018 | KBK | Telephone conference with Geoffrey Vitt regarding discovery and D-H's objections/non-responses to our document discovery requests | 0.20 175.00/hr | 35.00 |
|  | KBK | Draft letter to Don Schroeder and Dan Long regarding discovery dispute over document requests | 1.70 175.00/hr | 297.50 |
|  | KBK | Review email from Geoffrey Vitt to Don Schroeder and Daniel Long regarding discovery dispute | 0.10 175.00/hr | 17.50 |
|  | JK | Reading Defendants Responses per doc production | 0.80 100.00/hr | 80.00 |
|  | GJV | T/c K. Kramer and new Dartmouth answers | 0.30 320.00/hr | 96.00 |
|  | GJV | E-mail D. Schroeder et al. | 0.20 320.00/hr | 64.00 |
| 2/27/2018 | KBK | Exchange emails with Geoffrey Vitt regarding letter to D-H attorneys about discovery requests | 0.10 175.00/hr | NO CHARGE |

Misty Porter                                                                    Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/27/2018 GJV | E-mails with K. Kramer | | 0.10<br>320.00/hr | 32.00 |
| 2/28/2018 KBK | Draft letter to Don Schroeder and Dan Long about discovery objections to initial document requests and requesting revised responses | | 1.40<br>175.00/hr | 245.00 |
| | For professional services rendered | | 39.10 | $7,633.00 |
| | Previous balance | | | $17,148.25 |
| 2/15/2018 | Payment - thank you. Check No. 4929 | | | ($17,178.25) |
| | Total payments and adjustments | | | ($17,178.25) |
| | Balance due | | | $7,603.00 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 7.90 | 320.00 | $2,528.00 |
| Julia Korkus | 4.50 | 100.00 | $450.00 |
| Katherine B. Kramer | 26.60 | 175.00 | $4,655.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

April 04, 2018

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2018-12570

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/1/2018 | GJV | E-mail D. Schroeder and D. Long | 0.10 320.00/hr | 32.00 |
|  | GJV | T/c K. Kramer | 0.20 320.00/hr | 64.00 |
|  | GJV | Review draft letter to D. Schroeder and D. Long | 0.20 320.00/hr | 64.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding letter to Don Schroeder and Dan Long regarding document requests | 0.20 175.00/hr | 35.00 |
|  | KBK | Revise letter to Schroeder and Long regarding document requests | 1.70 175.00/hr | 297.50 |
| 3/2/2018 | GJV | E-mails | 0.20 320.00/hr | 64.00 |
| 3/5/2018 | GJV | E-mails with D. Schroeder | 0.10 320.00/hr | 32.00 |
|  | KBK | Receive and review email from Misty Porter regarding pediatric care unit at D-H | 0.10 175.00/hr | 17.50 |
| 3/6/2018 | GJV | T/c K. Kramer re:  D. Schroeder response; emails and call E. Jones re:  experts | 0.30 320.00/hr | 96.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700 ~ Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

**A-1031**

Misty Porter                                                                                Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/6/2018 | GJV | E-mails with D. Schroeder | 0.10 320.00/hr | 32.00 |
|  | KBK | Email to Geoffrey Vitt regarding conferring with Don Schroeder and Dan Long regarding discovery disputes; check docket to confirm whether Schroeder and Long filed pro hac vice applications | 0.20 175.00/hr | 35.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding discovery issues and expert witnesses | 0.20 175.00/hr | 35.00 |
|  | KBK | Receive emails from Don Schroeder regarding scheduling a phone call about discovery objections; exchange emails with Geoffrey Vitt regarding phone call with Don Schroeder | 0.20 175.00/hr | 35.00 |
| 3/7/2018 | GJV | T/c K. Kramer and prepare for conf. call | 0.40 320.00/hr | 128.00 |
|  | GJV | Conference call with D. Schroeder, D. Long, K. Kramer, J. Korkus and review notes | 0.60 320.00/hr | 192.00 |
|  | GJV | Conference call D. Schroeder, D. Long, K. Kramer, J. Korkus | 1.40 320.00/hr | 448.00 |
|  | JK | Prepare and meeting with V&A and D-H counsel | 0.80 100.00/hr | 80.00 |
|  | JK | Meeting #2 with V&A and D-H counsel re: discovery dispute; conf. w/ G. Vitt and K. Kramer | 1.70 100.00/hr | 170.00 |
|  | JK | Prepare mtg. memo | 0.90 100.00/hr | 90.00 |
|  | KBK | Review D-H's response to Rule 4.2 motion to contact D-H employees ex parte and begin preparing reply brief | 0.70 175.00/hr | 122.50 |
|  | KBK | Prepare for phone call with Don Schroeder, Daniel Long and Geoffrey Vitt regarding discovery disputes | 0.40 175.00/hr | 70.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding discovery call with Don Schroeder and Daniel Long | 0.20 175.00/hr | 35.00 |
|  | KBK | Telephone conference regarding discovery disputes with Don Schroeder, Dan Long, and Geoffrey Vitt | 0.40 175.00/hr | 70.00 |
|  | KBK | Telephone conference with Geoffrey Vitt after call with Don Schroeder and Dan Long | 0.20 175.00/hr | 35.00 |
|  | KBK | Prepare for second phone call with Don Schroeder, Dan Long, and Geoffrey Vitt | 0.20 175.00/hr | 35.00 |

Misty Porter

Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/7/2018 | KBK | Second telephone conference with Don Schroeder, Dan Long, and Geoffrey Vitt regarding discovery dispute | 1.20 175.00/hr | 210.00 |
| | KBK | Telephone conference with Geoffrey Vitt after second call with Don Schroeder and Dan Long | 0.20 175.00/hr | 35.00 |
| 3/9/2018 | KBK | Draft reply to motion for ex parte interview under Rule 4.2 | 2.50 175.00/hr | 437.50 |
| | KBK | Review proposed protective order from Daniel Long and email Geoffrey Vitt with comments on proposed protective order | 0.60 175.00/hr | 105.00 |
| 3/12/2018 | GJV | Review proposed Confidentiality Order and email K. Kramer | 0.50 320.00/hr | 160.00 |
| | GJV | Review D-H response to Dr. Porter's requests and several emails with K. Kramer re: motion and confidentiality issue | 0.90 320.00/hr | 288.00 |
| | JK | Updating spreadsheet | 3.20 100.00/hr | 320.00 |
| | KBK | Draft reply to Rule 4.2 motion for ex parte informal interviews | 3.20 175.00/hr | 560.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding proposed confidentiality order; review revised discovery response from Don Schroeder and Dan Long; exchange emails with Geoffrey Vitt regarding same; email to Dan Long and Don Schroeder requesting redline comparison of discovery responses | 1.20 175.00/hr | 210.00 |
| 3/13/2018 | GJV | E-mails with K. Kramer and review Dartmouth response to requests | 0.30 320.00/hr | 96.00 |
| | GJV | Review D-H interrogatories and prepare draft of interrogatories to D-H; memo to K. Kramer; Rule 30(b)(6) issue and review and edit memorandum | 1.60 320.00/hr | 512.00 |
| | JK | Compare discovery responses from D-H | 1.70 100.00/hr | 170.00 |
| | JK | Emails w/ KBK | 0.20 100.00/hr | 20.00 |
| | KBK | Email Geoffrey Vitt regarding discovery sanctions; revise proposed protective order to reflect different procedure for filing motions containing confidential information | 0.60 175.00/hr | 105.00 |
| | KBK | Review redline comparison of discovery responses from Don Schroeder and Dan Long; email to Julia Korkus and Geoffrey Vitt regarding same; review discovery requests from D-H to Misty Porter; email to Misty Porter regarding discovery requests from D-H | 0.50 175.00/hr | 87.50 |

Misty Porter                                                                                    Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/13/2018 | KBK | Revise reply brief to Rule 4.2 motion for ex parte interviews and send draft to Geoffrey Vitt for final review | 2.80 175.00/hr | 490.00 |
|  | KBK | Review interrogatories propounded by Mary Hitchcock Memorial Hospital and Dartmouth-Hitchcock Medical Center and forward to Misty Porter | 0.30 175.00/hr | 52.50 |
| 3/14/2018 | GJV | Several emails | 0.20 320.00/hr | 64.00 |
|  | GJV | Conf. K. Kramer re: confidentiality order and discovery to M. Porter | 0.30 320.00/hr | 96.00 |
|  | GJV | Conf. K. Kramer and review draft interrogatories | 0.80 320.00/hr | 256.00 |
|  | JK | Conf. w/ G. Vitt matter planning | 0.30 100.00/hr | 30.00 |
|  | KBK | Revise and finalize reply brief to motion for ex parte interviews | 0.20 175.00/hr | 35.00 |
|  | KBK | Draft motion to compel document request regarding Leslie DeMars | 2.00 175.00/hr | 350.00 |
|  | KBK | Meeting with Geoffrey Vitt regarding confidentiality order and discovery issues | 0.50 175.00/hr | 87.50 |
|  | KBK | Revise confidentiality order and send revised version to Don Schroeder and Dan Long | 0.50 175.00/hr | 87.50 |
|  | KBK | Prepare interrogatory requests to be propounded on DHMC | 0.70 175.00/hr | 122.50 |
|  | KBK | Meeting with Geoffrey Vitt and Julia Korkus regarding discovery | 0.70 175.00/hr | 122.50 |
| 3/15/2018 | JK | Emails from K. Kramer re: motion to compel | 0.20 100.00/hr | 20.00 |
|  | GJV | T/C EDJ re: possible experts; email A. Manitsky re: experts; email K. Kramer re: experts and email Dr. Porter | 0.30 320.00/hr | 96.00 |
|  | GJV | E-mails with K. Kramer, D. Schroeder and D. Long | 0.20 320.00/hr | 64.00 |
|  | GJV | Review discovery fro D-H and outline response to requests | 0.70 320.00/hr | 224.00 |
|  | GJV | Work on interrogatories | 1.00 320.00/hr | 320.00 |

**A-1034**

Misty Porter                                                                                                Page      5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/15/2018 | SN | Reviewed language RE ESI discovery and emailed to GJV, KBK and JK | 0.30 80.00/hr | 24.00 |
|  | KBK | Exchange emails with Don Schroeder regarding motion to compel; exchange emails with Geoffrey Vitt regarding expert witnesses | 1.00 175.00/hr | 175.00 |
|  | KBK | Exchange emails with Misty Porter regarding treating doctors at D-H for her disability | 0.20 175.00/hr | 35.00 |
| 3/16/2018 | GJV | Interrogatories to D-H | 1.40 320.00/hr | 448.00 |
|  | KBK | Review and revise draft interrogatories to be propounded on DHMC | 0.80 175.00/hr | 140.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding discovery issues | 0.70 175.00/hr | 122.50 |
|  | KBK | Exchange emails with Dan Long, Don Schroeder and Geoffrey Vitt regarding confidentiality agreement | 0.10 175.00/hr | 17.50 |
|  | KBK | Begin drafting responses to discovery requests from D-H; revise interrogatory responses; briefly review document production from Dartmouth-Hitchcock | 1.30 175.00/hr | 227.50 |
| 3/17/2018 | GJV | Review interrogatories to D-H; draft answers to interrogatories and draft responses to request to produce | 1.70 320.00/hr | 544.00 |
|  | KBK | Review discovery requests and begin preparing answers; email to Geoffrey Vitt, Julia Korkus and Liz Bower in preparation for Monday's meeting | 0.90 175.00/hr | 157.50 |
| 3/18/2018 | JK | Review of new documents | 2.90 100.00/hr | 290.00 |
|  | GJV | Review draft responses to requests to admit; review interrogatories to D-H and review outlines for answers | 1.70 320.00/hr | 544.00 |
|  | KBK | Review memo from Geoffrey Vitt regarding interrogatories; review Misty Porter's draft responses to requests to admit; email to Geoffrey Vitt regarding discovery strategy; email to Misty Porter regarding responses to requests to admit | 0.90 175.00/hr | 157.50 |
| 3/19/2018 | JK | Phone call w/ D-H counsel and KBK re: discovery dispute | 0.80 100.00/hr | 80.00 |
|  | JK | Conf. w/ KBK re: motion to compel, production | 0.20 100.00/hr | 20.00 |
|  | JK | Document review re: discovery & contacts to subpoena; emails w/ Dr. Porter. | 2.40 100.00/hr | 240.00 |

Misty Porter                                                                                    Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/19/2018 JK | | New documents review | 2.20 100.00/hr | 220.00 |
| | GJV | Prepare for meeting | 0.20 320.00/hr | 64.00 |
| | GJV | Conference with K. Kramer, Dr. Porter, and J. Korkus to review draft answers | 3.20 320.00/hr | 1,024.00 |
| | GJV | E-mails with Dr. Porter | 0.30 320.00/hr | 96.00 |
| | KBK | Travel to Norwich | 1.50 175.00/hr | 262.50 |
| | KBK | No-charge balance of travel time to Norwich | 1.50 175.00/hr | NO CHARGE |
| | KBK | Meeting with Misty Porter, Geoffrey Vitt and Julia Korkus to review discovery responses by Misty and interrogatories to be propounded on DHMC | 2.70 175.00/hr | 472.50 |
| | KBK | Prepare for meeting with Misty Porter, Geoffrey Vitt and Julia Korkus regarding discovery | 0.20 175.00/hr | 35.00 |
| | KBK | Prepare for phone call with D. Schroeder and Dan Long regarding document production request regarding Dr. DeMars and confidentiality order | 0.20 175.00/hr | 35.00 |
| | KBK | Call to Dan Long and Don Schroeder regarding discovery requests and proposed confidentiality order with Julia Korkus; brief follow-up meeting with Julia Korkus regarding phone call | 0.70 175.00/hr | 122.50 |
| | KBK | Finalize Plaintiff's First Set of Interrogatories against DHMC; draft and revise Misty Porter's response to D-H's first set of requests for admission | 0.70 175.00/hr | 122.50 |
| | KBK | Prepare for call to Bob Bancroft (economic expert); call with Bob Bancroft and Geoffrey Vitt regarding availability as expert witness | 0.60 175.00/hr | 105.00 |
| | KBK | Meeting with Julia Korkus regarding discovery | 0.20 175.00/hr | 35.00 |
| 3/20/2018 JK | | Review discovery issues | 2.10 100.00/hr | 210.00 |
| | JK | Review health records | 1.20 100.00/hr | 120.00 |
| | GJV | E-mails | 0.10 320.00/hr | 32.00 |

Misty Porter

Page    7

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/20/2018 | KBK | Review revised confidentiality order from Dan Long; revise joint motion for protective order; email to Dan Long and Don Schroeder regarding same | 0.30 175.00/hr | 52.50 |
| | KBK | Review list of individuals for obtaining personal documents by subpoena or request; email to Geoffrey Vitt regarding same; search Facebook for articles in Valley News and NH Union Leader with comments about Misty Porter and closing REI Division | 1.50 175.00/hr | 262.50 |
| | KBK | Prepare memo to file regarding meeting with Misty Porter and Geoffrey Vitt on March 29, 2018; circulate to Geoffrey Vitt and Julia Korkus | 1.00 175.00/hr | 175.00 |
| 3/21/2018 | JK | Document review re: DeMars support of MBP & chair changes | 2.40 100.00/hr | 240.00 |
| | JK | Emails w/ MBP | 0.40 100.00/hr | 40.00 |
| | GJV | Revise letter | 0.10 320.00/hr | 32.00 |
| | KBK | Draft motion to compel documents regarding Leslie DeMars ceasing to be chair of OB/GYN | 3.30 175.00/hr | 577.50 |
| | KBK | Exchange emails with Julia Korkus regarding documents related to ouster of Leslie DeMars as chair; review documents regarding ouster of Leslie DeMars as chair | 0.60 175.00/hr | 105.00 |
| 3/22/2018 | JK | New documents review | 3.70 100.00/hr | 370.00 |
| | JK | Prepare response to Int. | 2.20 100.00/hr | 220.00 |
| | GJV | Review draft motion to compel | 0.20 320.00/hr | 64.00 |
| | GJV | T/c K. Kramer | 0.30 320.00/hr | 96.00 |
| | KBK | Revise motion to compel documents regarding Leslie DeMars and email draft to Geoffrey Vitt and Julia Korkus | 1.50 175.00/hr | 262.50 |
| | KBK | Telephone conference with Geoffrey Vitt regarding subpoenas and motion to compel | 0.20 175.00/hr | 35.00 |
| 3/23/2018 | JK | New emails from Dr. Porter - review documents | 3.60 100.00/hr | 360.00 |
| | JK | Edits to draft Int. | 1.70 100.00/hr | 170.00 |

Misty Porter                                                                                   Page      8

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/23/2018 | GJV | Review K. Kramer email and response to D. Schroeder | 0.20 320.00/hr | 64.00 |
|  | KBK | Research use of subpoena for obtaining personal emails from employees of a corporate defendant; email to Don Schroeder and Dan Long regarding subpoenas for personal emails, text messages, and social media posts and messages from various D-H employees | 0.50 175.00/hr | 87.50 |
|  | KBK | Telephone conference with Judge Crawford's chambers regarding oral argument on Rule 4.2 motion | 0.10 175.00/hr | 17.50 |
| 3/24/2018 | GJV | Review draft motion to compel; prepare memorandum on motion to compel; resignation of Dr. DeMars, status of discovery and subpoenas | 1.30 320.00/hr | 416.00 |
|  | GJV | Subpoena for Dr. Leslie DeMars | 0.40 320.00/hr | 128.00 |
| 3/25/2018 | GJV | Subpoenas to D-H employees | 1.40 320.00/hr | 448.00 |
| 3/26/2018 | JK | Conf. w/ G. Vitt re: witness, REI budget, Rkm mtg plan | 0.10 100.00/hr | 10.00 |
|  | JK | Documents review | 2.70 100.00/hr | 270.00 |
|  | JK | Review motion to compel | 0.40 100.00/hr | 40.00 |
|  | JK | Research re: chair terms and emails w/ K. Kramer | 0.70 100.00/hr | 70.00 |
|  | GJV | Review and edit motion to compel | 0.80 320.00/hr | 256.00 |
|  | GJV | Review email | 0.10 320.00/hr | 32.00 |
|  | KBK | Receive and review emails from Geoffrey Vitt and Misty Porter regarding additional factual information for use in motion to compel documents regarding Leslie DeMars | 0.60 175.00/hr | 105.00 |
|  | KBK | Prepare and send email to Dan Long and Don Schroeder regarding status of document production and failure to produce documents promptly | 0.30 175.00/hr | 52.50 |
|  | KBK | Revise motion to compel documents regarding Leslie DeMars ceasing to be chair and incorporate additional information into factual background section of motion | 2.40 175.00/hr | 420.00 |
| 3/27/2018 | JK | New client documents review from Dr. Porter | 3.20 100.00/hr | 320.00 |

A-1038

Misty Porter                                                                                      Page    9

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/27/2018 JK | Email from Dr. Porter | | 0.30<br>100.00/hr | 30.00 |
| | GJV | Review draft motion to compel | 0.20<br>320.00/hr | 64.00 |
| | KBK | Final proofread of motion to compel | 0.50<br>175.00/hr | NO CHARGE |
| | KBK | Receive and review emails from Misty Porter regarding ultrasound training for medical residents | 0.20<br>175.00/hr | NO CHARGE |
| 3/28/2018 GJV | E-mails | | 0.20<br>320.00/hr | 64.00 |
| | GJV | Several emails with K. Kramer; review ENE issue | 0.20<br>320.00/hr | 64.00 |
| | GJV | Review specifications for subpoena to Dr. Merrens | 0.30<br>320.00/hr | 96.00 |
| | GJV | Several emails with K. Kramer and review emails with D. Schroeder re: document production and subpoenas | 0.30<br>320.00/hr | 96.00 |
| | GJV | T/c D. Schroeder and emails | 0.20<br>320.00/hr | 64.00 |
| | GJV | T/c K. Kramer re: subpoenas to D-H witnesses and problems with D-H document production | 0.20<br>320.00/hr | 64.00 |
| | GJV | Subpoenas to Dr. Merrens and Dr. DeMars | 0.30<br>320.00/hr | 96.00 |
| | GJV | Subpoenas to Dr. Merrens, Dr. DeMars, and 5 other D-H employees; review service issue with subpoenas | 1.40<br>320.00/hr | 448.00 |
| | KBK | Telephone conference with Geoffrey Vitt regarding discovery issues and amending discovery schedule | 0.20<br>175.00/hr | 35.00 |
| | KBK | Exchange multiple emails with Don Schroeder and Dan Long about slow pace of document production | 0.20<br>175.00/hr | 35.00 |
| | KBK | Telephone conference with Geoffrey Vitt regarding email exchange with Don Schroeder regarding document production and other issues | 0.20<br>175.00/hr | 35.00 |
| | KBK | Telephone conference with Geoffrey Vitt regarding conversation with Don Schroeder and discovery issues | 0.20<br>175.00/hr | 35.00 |
| | KBK | Research quality assurance privilege as applied to Dartmouth-Hitchcock's production of documents | 0.50<br>175.00/hr | NO CHARGE |

A-1039

Misty Porter                                                                                      Page    10

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/28/2018 | KBK | Review draft discovery responses; exchange emails with Geoffrey Vitt regarding discovery; review emails from Misty Porter regarding discovery | 0.20 175.00/hr | 35.00 |
| 3/29/2018 | GJV | Conf. Dr. Porter, K. Kramer re: responses to requests to admit and answers to interrogatories | 2.80 320.00/hr | 896.00 |
| | GJV | File memorandum on issues re: answers to interrogatories and review subpoenas to Dr. Merrens and other D-H employees | 1.60 320.00/hr | 512.00 |
| | KBK | Meeting with Misty Porter and Geoffrey Vitt to prepare interrogatory responses | 2.50 175.00/hr | 437.50 |
| | KBK | Briefly review proposed attachments to draft subpoenas from Geoffrey Vitt | 0.10 175.00/hr | 17.50 |
| | KBK | Travel to Norwich for meeting with Misty Porter and Geoffrey Vitt | 1.50 175.00/hr | 262.50 |
| | KBK | Remainder of travel time for meeting with Misty Porter and Geoffrey Vitt | 1.50 175.00/hr | NO CHARGE |
| 3/30/2018 | GJV | Review draft answers to interrogatories and consider additional requests to D-H | 2.60 320.00/hr | 832.00 |
| | GJV | Letter to D. Schroeder | 0.20 320.00/hr | 64.00 |
| | KBK | Review and revise lists of document request for subpoenas to be issued for Ed Merrens and Leslie DeMars | 0.70 175.00/hr | 122.50 |
| | KBK | Exchange emails with Misty Porter regarding attorney-client privilege | 0.20 175.00/hr | 35.00 |
| | KBK | Receive and review emails from Don Schroeder regarding subpoenas and deposition notice for Misty Porter | 0.20 175.00/hr | 35.00 |
| 3/31/2018 | GJV | Review D. Schroeder email and email K. Kramer | 0.20 320.00/hr | 64.00 |

| | | | | |
|---|---|---|---|---|
| | For professional services rendered | | 134.80 | $24,664.00 |
| | Previous balance | | | $7,603.00 |
| 3/20/2018 | Payment - thank you. Check No. 5086 | | | ($7,603.00) |
| | Total payments and adjustments | | | ($7,603.00) |
| | Balance due | | | $24,664.00 |

A-1040

Misty Porter                                                                Page    11

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|------|------:|-----:|-------:|
| Geoffrey J. Vitt | 34.50 | 320.00 | $11,040.00 |
| Julia Korkus | 42.20 | 100.00 | $4,220.00 |
| Katherine B. Kramer | 53.60 | 175.00 | $9,380.00 |
| Sarah Nunan | 0.30 | 80.00 | $24.00 |



## Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

May 08, 2018

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2018-12649

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/2/2018 | KBK | Telephone conference with Geoffrey Vitt regarding document production, deposition of Misty Porter, and other issues | 0.20 175.00/hr | 35.00 |
|  | KBK | Email to Misty Porter regarding scope of attorney-client privilege and application to email communications | 0.20 175.00/hr | 35.00 |
|  | KBK | Review and revise document requests for subpoenas to be served on Herrick, Gunnell, Mansfield and Padin | 0.70 175.00/hr | 122.50 |
|  | GJV | Response to subpoenas | 0.40 320.00/hr | 128.00 |
| 4/3/2018 | GJV | Emails with K. Kramer and review D. Schroeder email re:  issues with production of documents | 0.50 320.00/hr | 160.00 |
|  | JK | Review correspondence & 2nd set of production | 3.60 100.00/hr | 360.00 |
|  | JK | Emails from K. Kramer re: discovery responses and production review | 0.20 100.00/hr | 20.00 |
|  | KBK | Brief review of new production of documents from Dartmouth-Hitchcock | 0.80 175.00/hr | 140.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding deposition of Misty Porter and other issues | 0.10 175.00/hr | 17.50 |

A-1042

Misty Porter                                                                          Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/3/2018 | KBK | Email to Misty Porter regarding notice of her deposition | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Email to Misty Porter with information about subpoenas for personal documents | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Telephone conference with Misty Porter regarding litigation status and next steps | 0.30<br>175.00/hr | 52.50 |
|  | KBK | Email to Geoffrey Vitt and Julia Korkus regarding discovery | 0.20<br>175.00/hr | 35.00 |
| 4/4/2018 | JK | Email from M. Porter | 0.10<br>100.00/hr | 10.00 |
|  | JK | Phone conf. w/ K. Kramer re: discovery | 0.40<br>100.00/hr | 40.00 |
|  | JK | Review draft response to request for production | 0.60<br>100.00/hr | 60.00 |
|  | JK | Review and prepare production documents | 3.40<br>100.00/hr | 340.00 |
|  | JK | Review new documents received from Misty Porter | 0.80<br>100.00/hr | 80.00 |
|  | KBK | Telephone conference with Julia Korkus about discovery | 0.40<br>175.00/hr | 70.00 |
|  | KBK | Revise response to requests to produce; leave voicemail for Don Schroeder and Dan Long regarding document production; email to Don Schroeder and Dan Long regarding document production | 1.30<br>175.00/hr | 227.50 |
|  | KBK | Further revise response to requests to produce | 0.60<br>175.00/hr | 105.00 |
| 4/5/2018 | JK | Prepare production for review by K. Kramer | 4.20<br>100.00/hr | 420.00 |
|  | JK | Review new documents received from Misty Porter | 1.10<br>100.00/hr | 110.00 |
|  | KBK | Exchange emails with Don Schroeder and Dan Long regarding discovery production | 0.20<br>175.00/hr | 35.00 |
| 4/6/2018 | JK | Email w/ K. Kramer re: production request and discovery sources - taxes, damages | 0.10<br>100.00/hr | 10.00 |

Misty Porter                                                                                      Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/6/2018 | JK | Prepare document production for K. Kramer review | 3.10 100.00/hr | 310.00 |
|  | JK | Review new documents received from Misty Porter | 2.10 100.00/hr | 210.00 |
|  | KBK | Exchange emails with Julia Korkus regarding document production and discovery | 0.10 175.00/hr | 17.50 |
| 4/8/2018 | JK | Prepare documents and email to K. Kramer re: draft production review | 3.70 100.00/hr | 370.00 |
| 4/9/2018 | JK | Phone calls w/ K. Kramer re: request to produce and document production | 0.90 100.00/hr | 90.00 |
|  | JK | Prepare privilege log | 0.20 100.00/hr | 20.00 |
|  | JK | Review requests to admit and requests to produce | 0.60 100.00/hr | 60.00 |
|  | JK | Prepare documents to produce | 3.10 100.00/hr | 310.00 |
|  | KBK | Review and revise response to requests to admit and requests to produce; telephone conference with Julia Korkus regarding document production | 1.10 175.00/hr | 192.50 |
|  | KBK | Review and approve final response to requests to admit; revise and finalize response to requests to produce | 0.60 175.00/hr | 105.00 |
|  | KBK | Telephone conference with Julia Korkus regarding requests to produce | 0.50 175.00/hr | 87.50 |
| 4/10/2018 | JK | Revise interrogatories and phone conf. w/ K. Kramer | 0.20 100.00/hr | 20.00 |
|  | JK | Review client documents from Misty Porter | 2.50 100.00/hr | 250.00 |
|  | KBK | Review and begin revising interrogatory responses; telephone conference with Julia Korkus regarding interrogatories and other discovery issues | 0.20 175.00/hr | 35.00 |
| 4/11/2018 | GJV | t/c K. Kramer; email D. Schroeder and review reply | 0.30 320.00/hr | 96.00 |
|  | GJV | E-mails with K. Kramer and D. Schroeder | 0.20 320.00/hr | 64.00 |
|  | JK | Review D response to P motion to compel | 0.20 100.00/hr | 20.00 |

Misty Porter                                                                                          Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/11/2018 | JK | Revise interrogatories | 1.20 100.00/hr | 120.00 |
|  | KBK | Receive and review D-H's response to Misty Porter's motion to compel documents related to Leslie DeMars | 0.60 175.00/hr | 105.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding discovery status and next steps | 0.20 175.00/hr | 35.00 |
|  | KBK | Revise interrogatory responses; telephone conference with Julia Korkus; email to Geoffrey Vitt regarding interrogatories; exchange emails with Geoffrey Vitt regarding deposition of Misty Porter | 1.50 175.00/hr | 262.50 |
|  | KBK | Revise interrogatory responses | 0.50 175.00/hr | 87.50 |
|  | KBK | Email to Geoffrey Vitt regarding discovery schedule | 0.10 175.00/hr | 17.50 |
|  | KBK | Telephone conference with Julia Korkus about discovery schedule and interrogatories | 0.30 175.00/hr | 52.50 |
| 4/12/2018 | GJV | Several emails with K. Kramer re: discovery issues and review Scheduling Order and service of process issues | 0.30 320.00/hr | 96.00 |
|  | JK | Research and prepare amended discovery documents | 1.70 100.00/hr | 170.00 |
|  | JK | Receive and review K. Kramer email and amended discovery schedule | 0.20 100.00/hr | 20.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding subpoenas of D-H employees | 0.20 175.00/hr | 35.00 |
|  | KBK | Research gender discrimination lawsuit filed against Don Schroeder; emails to Geoffrey Vitt, Julia Korkus and Misty Porter regarding same | 0.30 175.00/hr | NO CHARGE |
|  | KBK | Review and revise amended discovery schedule and motion to amend discovery schedule from Julia Korkus; circulate to Geoffrey Vitt and Julia Korkus; receive and review email response from Geoffrey Vitt | 0.60 175.00/hr | 105.00 |
| 4/13/2018 | JK | Email w/ Misty Porter re: bank mortgage documents | 0.10 100.00/hr | 10.00 |
|  | JK | Review correspondence and production from D-H | 2.00 100.00/hr | 200.00 |
|  | KBK | Send revised discovery schedule and proposed motion to amend discovery schedule to Don Schroeder and Dan Long; receive and review email from Dan Long regarding proof of service for subpoenas | 0.20 175.00/hr | 35.00 |

Misty Porter                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/13/2018 | KBK | Telephone conference with Geoffrey Vitt; research EEOC and state law administrative exhaustion requirement for disability claims; prepare email to Geoffrey Vitt re: same; telephone conference with Geoffrey Vitt re: same | 3.50 175.00/hr | NO CHARGE |
|  | KBK | Receive and review executed proofs of service of subpoenas | 0.10 175.00/hr | NO CHARGE |
| 4/16/2018 | JK | Review document production from D-H | 3.20 100.00/hr | 320.00 |
|  | KBK | Revise MHMH interrogatory responses; email interrogatories to Misty Porter | 1.70 175.00/hr | 297.50 |
|  | KBK | Revise DHMC interrogatory responses | 2.30 175.00/hr | 402.50 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding next steps | 0.20 175.00/hr | 35.00 |
| 4/17/2018 | JK | Research and prepare documents re: ASRM violations and guidelines | 2.20 100.00/hr | 220.00 |
|  | KBK | Revise response to DHMC interrogatories; exchange emails with Misty Porter regarding MHMH interrogatories | 0.60 175.00/hr | 105.00 |
|  | KBK | Exchange emails with Dan Long regarding joint motion to extend discovery schedule; revise responses to DHMC interrogatories; research ASRM guidelines | 1.20 175.00/hr | 210.00 |
|  | KBK | Revise response to DHMC interrogatories | 2.90 175.00/hr | 507.50 |
|  | KBK | Email to Misty Porter regarding new deposition dates; exchange emails with Misty and Geoffrey Vitt regarding depositions | 0.30 175.00/hr | 52.50 |
| 4/18/2018 | JK | Prepare documents for production | 2.70 100.00/hr | 270.00 |
|  | KBK | Revise MHMH interrogatories with edits from Misty; circulate revised response to MHMH interrogatories to Misty Porter, Geoffrey Vitt and Julia Korkus | 0.60 175.00/hr | 105.00 |
|  | KBK | Exchange emails with Misty Porter about interrogatories | 0.20 175.00/hr | 35.00 |
|  | KBK | Receive and review court's order granting motion to amend discovery schedule | 0.10 175.00/hr | 17.50 |
| 4/19/2018 | JK | Review documents and prepare separate M. Porter medical and disability timeline re: D-H and Mayo | 3.40 100.00/hr | 340.00 |

Misty Porter                                                                               Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/19/2018 JK | | Meeting w/ K. Kramer re: discovery | 0.30<br>100.00/hr | 30.00 |
| | JK | Meeting w/ G. Vitt and K. Kramer re: discovery process and plan | 0.90<br>100.00/hr | 90.00 |
| | GJV | Review answers to interrogatories and conf. K. Kramer and J. Korkus | 1.90<br>320.00/hr | 608.00 |
| | KBK | Meeting with Julia Korkus regarding discovery | 0.30<br>175.00/hr | 52.50 |
| | KBK | Exchange emails with Dan Long regarding document production from D-H | 0.20<br>175.00/hr | 35.00 |
| | KBK | Prepare for meeting with Geoffrey Vitt and Julia Korkus; meeting with Geoffrey Vitt and Julia Korkus to discuss discovery process and strategy | 2.30<br>175.00/hr | 402.50 |
| | KBK | Draft joint motion for status conference regarding confidentiality order | 0.50<br>175.00/hr | 87.50 |
| 4/20/2018 JK | | Meeting w/ K. Kramer re: discovery and EEOC filing | 1.20<br>100.00/hr | 120.00 |
| | JK | Phone call and emails w/ Amon Kinsey re: Form 5 and process | 0.40<br>100.00/hr | 40.00 |
| | JK | Prepare charge form for EEOC | 0.70<br>100.00/hr | 70.00 |
| | JK | Phone call and email to Sarah Burke Cohen/NHCHR re: statute of limitations and EEOC/NHCHR | 0.40<br>100.00/hr | 40.00 |
| | KBK | Revise responses to DHMC interrogatory; exchange emails with Misty Porter regarding interrogatory preparation; meeting with Julia Korkus regarding discovery; email to Don Schroeder and Dan Long regarding deposition dates; meeting with Geoffrey Vitt regarding discovery; meeting with Julia Korkus regarding discovery | 3.00<br>175.00/hr | 525.00 |
| | KBK | Revise motion for status conference; meeting with Geoffrey Vitt; meeting with Julia Korkus; revise response to DHMC interrogatories; meeting with Misty Porter, Geoffrey Vitt and Julia Korkus regarding discovery | 2.50<br>175.00/hr | 437.50 |
| | KBK | Telephone conference with EEOC representative; portion of meeting with Geoffrey Vitt, Julia Korkus, and Misty spent discussing EEOC filing deadline; meetings with Geoffrey Vitt regarding EEOC filing deadline; meetings with Julia Korkus regarding EEOC filing deadline | 1.60<br>175.00/hr | NO CHARGE |
| 4/22/2018 GJV | | Review memorandum on witnesses and review answers to interrogatories and multiple emails | 0.80<br>320.00/hr | 256.00 |

Misty Porter                                                                                     Page     7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/22/2018 | KBK | Revise response to DHMC interrogatories; email to Misty Porter, Geoffrey Vitt and Julia Korkus with final draft of response to DHMC interrogatories | 2.90 175.00/hr | 507.50 |
|  | KBK | Receive email from Misty Porter with revisions to interrogatories; review revisions and email to Misty Porter re: same | 0.20 175.00/hr | 35.00 |
| 4/23/2018 | GJV | Review draft reply brief | 0.40 320.00/hr | 128.00 |
|  | JK | Phone calls w/ K. Kramer re: interrogatories | 0.20 100.00/hr | 20.00 |
|  | JK | Revise and review interrogatories | 1.30 100.00/hr | 130.00 |
|  | JK | Review document production to D-H | 2.80 100.00/hr | 280.00 |
|  | JK | Receive and review file memo from G. Vitt | 0.20 100.00/hr | 20.00 |
|  | KBK | Revise response to DHMC interrogatories to incorporate comments from Misty Porter | 0.40 175.00/hr | 70.00 |
|  | KBK | Telephone conference with Julia Korkus regarding interrogatories and EEOC filing; exchange emails with Geoffrey Vitt regarding DHMC interrogatories | 0.20 175.00/hr | 35.00 |
|  | KBK | Telephone conference with Julia Korkus regarding interrogatories | 0.10 175.00/hr | 17.50 |
|  | KBK | Draft reply to motion to compel regarding Leslie DeMars; email draft reply brief to Geoffrey Vitt; receive and review Julia Korkus's email to Don Schroeder and Dan Long producing interrogatory responses from Misty Porter in response to interrogatories from DHMC and MHMH | 2.40 175.00/hr | 420.00 |
|  | KBK | Research EEOC filing deadline and effect on lawsuit | 0.20 175.00/hr | NO CHARGE |
| 4/24/2018 | GJV | Research whistleblower claim | 0.20 320.00/hr | 64.00 |
|  | JK | Research on violation of law | 1.30 100.00/hr | 130.00 |
|  | KBK | Finalize reply brief to motion to compel documents regarding Leslie DeMars | 0.90 175.00/hr | 157.50 |
|  | KBK | Two telephone conferences with Alexandria Richard of the New Hampshire Human Rights Commission regarding administrative exhaustion deadline | 0.30 175.00/hr | NO CHARGE |

Misty Porter                                                                 Page    8

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/24/2018 | KBK | Receive email from Judge Crawford's chambers proposing time for status conference hearing; exchange emails with Geoffrey Vitt regarding status conference | 0.10 175.00/hr | 17.50 |
| 4/25/2018 | GJV | T/c E. Jones; emails with K. Kramer | 0.60 320.00/hr | NO CHARGE |
|  | JK | Review document production from D-H | 2.50 100.00/hr | 250.00 |
|  | KBK | Telephone conference with Judge Crawford's chambers regarding status conference date | 0.10 175.00/hr | 17.50 |
|  | KBK | Telephone conference with Misty Porter regarding status and next steps | 0.70 175.00/hr | NO CHARGE |
|  | KBK | Review plaintiff's draft production of documents and prepare feedback to Julia Korkus re: documents | 2.40 175.00/hr | 420.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding additional claims | 0.20 175.00/hr | 35.00 |
| 4/26/2018 | JK | Research on local rules and Judge Crawford's unwritten rules | 0.30 100.00/hr | 30.00 |
|  | JK | Phone conf. w/ K. Kramer re: claims and document production | 0.70 100.00/hr | 70.00 |
|  | JK | Emails w/ K. Kramer re: discovery, claims, production | 0.20 100.00/hr | 20.00 |
|  | JK | Review document production from D-H | 3.10 100.00/hr | 310.00 |
|  | JK | Receive and review email from K. Kramer | 0.20 100.00/hr | 20.00 |
|  | KBK | Exchange emails with Geoffrey Vitt; exchange emails with Julia Korkus regarding discovery | 0.20 175.00/hr | 35.00 |
|  | KBK | Telephone conference with Julia Korkus about additional potential claims and document production | 0.70 175.00/hr | 122.50 |
| 4/27/2018 | JK | Email from K. Kramer and review draft opposition to D. Schroeder's pro hac vice | 0.30 100.00/hr | 30.00 |
|  | JK | Phone conf. w/ K. Kramer re: document production review | 0.70 100.00/hr | 70.00 |

Misty Porter                                                                                    Page    9

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/27/2018 | JK | Review production from D-H | 3.20 100.00/hr | 320.00 |
|  | KBK | Draft opposition to Donald Schroeder's anticipated *pro hac vice* application | 1.30 175.00/hr | 227.50 |
|  | KBK | Telephone conference with Julia Korkus re: document production | 0.70 175.00/hr | 122.50 |
|  | KBK | Email to Dan Long regarding documents and deposition dates; telephone conference with Judge Crawford's chambers regarding status conference | 0.20 175.00/hr | 35.00 |
|  | KBK | Draft opposition to Schroeder's *pro hac vice* application and circulate to Geoffrey Vitt, Julia Korkus, and Misty Porter | 2.00 175.00/hr | 350.00 |
|  | KBK | Telephone conference with Judge Crawford's chambers regarding hearing dates; email to Geoffrey Vitt regarding dates for hearing | 0.20 175.00/hr | 35.00 |
|  | KBK | Exchange emails with Dan Long regarding document production | 0.10 175.00/hr | 17.50 |
| 4/28/2018 | GJV | T/c K. Kramer | 0.20 320.00/hr | 64.00 |
|  | GJV | File memo on deposition | 0.30 320.00/hr | 96.00 |
|  | GJV | Review several emails | 0.60 320.00/hr | 192.00 |
|  | GJV | Review deposition subpoenas and notice to D-H re: subpoenas | 0.20 320.00/hr | 64.00 |
|  | GJV | Revisions to subpoenas | 0.40 320.00/hr | 128.00 |
| 4/29/2018 | GJV | Review draft opposition to D. Schroeder motion for *pro hac* admission and email K. Kramer | 0.50 320.00/hr | NO CHARGE |
| 4/30/2018 | PGL | Review motion from Ms. Kramer; email to Ms. Kramer | 0.50 200.00/hr | 100.00 |
|  | JK | Emails, response and charge letter from M. Porter re: EEOC notice and D-H answers to Interrogatories | 0.40 100.00/hr | 40.00 |
|  | JK | Review K. Kramer correspondence and production to M. Porter from D-H | 2.20 100.00/hr | 220.00 |
|  | JK | Prepare discovery re: M. Porter production to D-H | 2.30 100.00/hr | 230.00 |

Misty Porter                                                                                    Page   10

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/30/2018 KBK | Exchange emails with Misty Porter regarding receipt of EEOC notice of right to sue; call EEOC regarding notice of right to sue, leave message for Linda Ingles (investigator) and telephone conference with Amon Kinsey | | 0.40 175.00/hr | 70.00 |
| | KBK | Receive and review emails from Dan Long regarding document production and discovery; email to Geoffrey Vitt regarding subpoenas and other issues; review interrogatories responses from Dartmouth-Hitchcock; email to Dan Long regarding subpoenas | 0.40 175.00/hr | 70.00 |

For professional services rendered                              135.50        $17,811.50

Previous balance                                                             $24,664.00

4/17/2018  Payment - thank you. Check No. 5094                               ($16,000.00)

Total payments and adjustments                                               ($16,000.00)

Balance due                                                                  $26,475.50

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 6.70 | 320.00 | $2,144.00 |
| Julia Korkus | 73.60 | 100.00 | $7,360.00 |
| Katherine B. Kramer | 46.90 | 175.00 | $8,207.50 |
| Phillipa G. Lilienthal | 0.50 | 200.00 | $100.00 |



Vitt & Associates

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

June 12, 2018

In Reference To:  Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2018-12720

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/1/2018 | KBK | Receive email from Judge Crawford's chambers with hearing dates for motions; exchange emails with Liz Bower regarding dates | 0.20 175.00/hr | NO CHARGE |
|  | GJV | Series of email with K. Kramer re.  discovery and subpoena | 0.20 320.00/hr | 64.00 |
|  | JK | Review and prepare production to D-H for atty review: texts, emails, certifications | 6.10 100.00/hr | 610.00 |
| 5/2/2018 | KBK | Telephone conference with Geoffrey Vitt regarding subpoenas, discovery, and other issues | 0.20 175.00/hr | 35.00 |
|  | KBK | Email to Dan Long regarding subpoenas; email to Misty Porter regarding DHMC's response to interrogatories | 0.40 175.00/hr | 70.00 |
|  | KBK | Telephone conference with Julia Korkus regarding discovery and document productions; email to Dan Long regarding document production completion date; receive and review email from Misty Porter regarding DHMC interrogatory responses | 0.70 175.00/hr | 122.50 |
|  | KBK | Review draft production of Misty Porter documents and provide notes regarding the production to Julia Korkus | 1.80 175.00/hr | 315.00 |
|  | KBK | Exchange emails with Misty Porter regarding subpoenas | 0.30 175.00/hr | 52.50 |

A-1052

Misty Porter                                                                                                       Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/2/2018 | JK | Phone conf. w/ K. Kramer re: production, discovery review | 0.40<br>100.00/hr | 40.00 |
|  | JK | Review and prepare production to D-H for atty review: texts, emails, certifications | 6.30<br>100.00/hr | 630.00 |
|  | JK | Research and emails w/ L. Bower on medical release forms | 0.20<br>100.00/hr | 20.00 |
| 5/3/2018 | KBK | Exchange emails with Dan Long, Don Schroeder and Geoffrey Vitt regarding Defendants' document production; exchange emails with Dan Long, Don Schroeder and Geoffrey Vitt regarding subpoena responses | 0.30<br>175.00/hr | 52.50 |
| 5/6/2018 | GJV | Outline and review motion to compel and D-H refusal to provide information re: subpoenas; prepare agenda and email KBK | 0.70<br>320.00/hr | 224.00 |
| 5/7/2018 | KBK | Prepare for meeting with Misty and Tom Porter | 0.30<br>175.00/hr | 52.50 |
|  | KBK | Meeting with Misty and Tom Porter and Geoffrey Vitt regarding legal strategy and litigation next steps | 1.00<br>175.00/hr | 175.00 |
|  | KBK | Meeting with Misty and Tom Porter and Geoffrey Vitt regarding EEOC filing | 0.50<br>175.00/hr | 87.50 |
|  | KBK | Meeting with Geoffrey Vitt to discuss strategy and next steps | 0.40<br>175.00/hr | 70.00 |
|  | KBK | Email to Dan Long regarding subpoenas | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Research affidavit requirement for medical malpractice claims under Vermont law | 0.20<br>175.00/hr | 35.00 |
|  | KBK | Travel to Norwich for meeting with Misty and Tom Porter | 1.00<br>175.00/hr | 175.00 |
|  | KBK | Balance of travel to and from Norwich | 2.00<br>175.00/hr | NO CHARGE |
|  | GJV | Conf. Tom and Misty Porter and K. Kramer; conf. K. Kramer and review motion issue | 1.40<br>320.00/hr | 448.00 |
|  | JK | Receive email from K. Kramer on claims; research on claims background | 0.50<br>100.00/hr | 50.00 |
|  | JK | Review new production from D-H. | 0.90<br>100.00/hr | 90.00 |

Misty Porter                                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/8/2018 | KBK | Exchange emails with Misty Porter regarding possible medical malpractice claim | 0.30 175.00/hr | 52.50 |
|  | KBK | Receive production of Leslie DeMars' text messages from Dan Long; review production; email to Geoffrey Vitt re: document production and possible motion | 0.40 175.00/hr | 70.00 |
|  | JK | Receive and review Defense production: L. DeMars text messages | 0.60 100.00/hr | 60.00 |
| 5/9/2018 | KBK | Two telephone conference with Julia Korkus regarding discovery | 0.90 175.00/hr | 157.50 |
|  | KBK | Email to Dan Long regarding production update | 0.10 175.00/hr | 17.50 |
|  | KBK | Receive and review UVM employment contract from Misty Porter; exchange emails with Misty Porter regarding medical malpractice investigation | 0.10 175.00/hr | 17.50 |
|  | KBK | Receive and review pro hac vice applications from Don Schroeder and Dan Long; email to Geoffry Vitt and Misty Porter re: same | 0.10 175.00/hr | 17.50 |
|  | JK | Conf. W/ KBK re: Porter production; notes | 1.00 100.00/hr | 100.00 |
|  | JK | Review and prepare production to D-H for atty KBK review: chat messages w/ colleagues; email to KBK. | 5.20 100.00/hr | 520.00 |
| 5/10/2018 | KBK | Telephone conference with Julia Korkus regarding discovery | 0.30 175.00/hr | 52.50 |
|  | GJV | Several emails | 0.20 320.00/hr | 64.00 |
|  | JK | Review and prepare production to D-H for atty KBK review: chat messages w/ colleagues and friends | 5.30 100.00/hr | 530.00 |
|  | JK | Conf. W/ KBK on Production to DH | 0.30 100.00/hr | 30.00 |
|  | JK | Review new production from D-H. | 0.70 100.00/hr | 70.00 |
|  | JK | Review and prepare production to D-H; tax returns, redactions | 0.50 100.00/hr | 50.00 |
| 5/11/2018 | KBK | Review Plaintiff's draft production of documents to prepare response to Defendants' request for documents; telephone conference with Julia Korkus regarding discovery | 2.20 175.00/hr | 385.00 |

Misty Porter                                                                                          Page    4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/11/2018 | KBK | Telephone conference with Geoffrey Vitt | 0.30<br>175.00/hr | NO CHARGE |
| | GJV | Review documents to produce | 0.60<br>320.00/hr | 192.00 |
| | GJV | Review texts with DeMars | 0.80<br>320.00/hr | 256.00 |
| | JK | Prepare first production set of docs; Conf. W/ KBK on Production to DH; email and update to G. Vitt | 6.30<br>100.00/hr | 630.00 |
| | JK | Conf. w/ G. Vitt on Porter first production of documents to D-H. | 0.20<br>100.00/hr | 20.00 |
| 5/12/2018 | GJV | Review texts | 0.60<br>320.00/hr | 192.00 |
| 5/14/2018 | KBK | Exchange emails with Julia Korkus regarding document production | 0.10<br>175.00/hr | 17.50 |
| | GJV | Review documents to produce | 0.20<br>320.00/hr | 64.00 |
| | JK | Prepare production and privilege/redaction log of Porter first set of documents to D-H. Review additional set of chat messages w/ colleagues for atty review. | 6.00<br>100.00/hr | 600.00 |
| | JK | Conf. w/ G. Vitt on medical malpractice plan and documents | 0.10<br>100.00/hr | 10.00 |
| 5/17/2018 | GJV | E-mail | 0.10<br>320.00/hr | 32.00 |
| | GJV | Review documents to produce | 0.40<br>320.00/hr | 128.00 |
| | JK | Research and exchange emails with K. Kramer and M. Porter on contract documents with D-H. | 0.50<br>100.00/hr | 50.00 |
| | JK | Conf. and email to G. Vitt re: disability timeline and medical malpractice inquiry. | 0.20<br>100.00/hr | 20.00 |
| 5/18/2018 | KBK | Receive and review email from Julia Korkus forwarding correspondence from Misty Porter regarding contract with DHMC; prepare for phone call with Geoffrey Vitt | 0.20<br>175.00/hr | 35.00 |
| | KBK | Telephone conference with Geoffrey Vitt regarding next steps | 0.40<br>175.00/hr | 70.00 |

Misty Porter

Page    5

| Date | Initials | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/18/2018 | KBK | Email to Dan Long regarding document production | 0.10 175.00/hr | 17.50 |
| | KBK | Email to Dan Long regarding subpoena responses | 0.10 175.00/hr | 17.50 |
| | KBK | Email to medical malpractice attorney | 0.10 175.00/hr | 17.50 |
| | GJV | T/c K. Kramer re: discovery to D-H; argument, amended complaint and depositions | 0.20 320.00/hr | 64.00 |
| | GJV | File memo on D-H requests | 0.20 320.00/hr | 64.00 |
| | JK | Receive and review G. Vitt email and memo on list of requests. | 0.20 100.00/hr | 20.00 |
| | JK | Review email from M. Porter on contract documents | 0.20 100.00/hr | 20.00 |
| 5/19/2018 | GJV | Review documents to produce and prepare memorandum | 1.20 320.00/hr | 384.00 |
| 5/21/2018 | KBK | Receive and review emails and memorandum from Geoffrey Vitt regarding next steps | 0.10 175.00/hr | 17.50 |
| | KBK | Receive and review update email from Misty Porter | 0.10 175.00/hr | 17.50 |
| | GJV | Review documents to produce | 0.20 320.00/hr | 64.00 |
| 5/22/2018 | KBK | Email to Dan Long following up regarding document production and receive bounce-back message | 0.10 175.00/hr | 17.50 |
| | KBK | Call to Chris Maley and leave message with receptionist regarding medical malpractice claim evaluation; telephone conference with Don Schroeder regarding attorney staffing and Dan Long; email to Geoffrey Vitt re same | 0.50 175.00/hr | 87.50 |
| 5/23/2018 | KBK | Meeting with Geoffrey Vitt to discuss strategy and next steps | 0.40 175.00/hr | 70.00 |
| | GJV | Meeting with K. Kramer to discuss strategy and next steps | 0.40 320.00/hr | 128.00 |
| 5/24/2018 | KBK | Receive and review email from Misty Porter regarding federal funding; exchange emails with Geoffrey Vitt | 0.20 175.00/hr | 35.00 |

Misty Porter                                                                                    Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/24/2018 GJV | T/c G. Eaton | | 0.20 320.00/hr | 64.00 |
| 5/25/2018 JK | Conf. w/ G. Vitt on medical malpractice review; communication with S. Adler office and email documents to S. Adler. | | 0.50 100.00/hr | 50.00 |
| 5/29/2018 KBK | Receive and review email from Geoffrey Vitt to Misty Porter regarding medical malpractice claim | | 0.10 175.00/hr | NO CHARGE |
| | KBK | Exchange emails with Jo LaMarche from Judge Crawford's chambers and Don Schroeder regarding rescheduling hearing date | 0.10 175.00/hr | 17.50 |
| | GJV | E-mails with M. Porter and S. Adler | 0.20 320.00/hr | 64.00 |
| 5/30/2018 JK | Email to S. Adler | | 0.10 100.00/hr | 10.00 |
| 5/31/2018 KBK | Telephone conference with Geoffrey Vitt regarding medical malpractice claim | | 0.20 175.00/hr | 35.00 |

| | | Hrs | Amount |
|---|---|---|---|
| For professional services rendered | | 67.00 | $9,228.50 |
| Previous balance | | | $26,475.50 |
| 5/31/2018  Payment - thank you. Check No. 5105 | | | ($13,000.00) |
| Total payments and adjustments | | | ($13,000.00) |
| Balance due | | | $22,704.00 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 7.80 | 320.00 | $2,496.00 |
| Julia Korkus | 42.30 | 100.00 | $4,230.00 |
| Katherine B. Kramer | 14.30 | 175.00 | $2,502.50 |



Vitt & Associates

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

July 12, 2018

In Reference To:    Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2018-12784

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/2/2018 | GJV | File memorandum re:  document review | 0.20 320.00/hr | 64.00 |
| 6/6/2018 | KBK | Exchange emails with Don Schroeder regarding Dartmouth-Hitchcock's document production | 0.10 175.00/hr | 17.50 |
|  | KBK | Exchange emails with Misty Porter regarding case update | 0.10 175.00/hr | 17.50 |
| 6/7/2018 | KBK | Research Section 504 claim and VFEPA claim for amending complaint and prepare memorandum regarding same | 2.10 175.00/hr | NO CHARGE |
|  | KBK | Telephone conference with G. Vitt | 0.10 175.00/hr | 17.50 |
| 6/8/2018 | JK | Receive and review K. Kramer memo on potential claims for amended complaint. | 0.40 100.00/hr | 40.00 |
|  | KBK | Revise memorandum regarding additional claims and circulate to Geoffrey Vitt and Julia Korkus | 0.60 175.00/hr | 105.00 |
|  | KBK | Prepare for telephone conference with Misty Porter; telephone conference with Misty Porter; email to Geoffrey Vitt | 1.30 175.00/hr | 227.50 |
|  | KBK | Email memorandum regarding additional claims to Misty Porter | 0.10 175.00/hr | 17.50 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700 ~ Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

**A-1058**

Misty Porter                                                                                          Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/8/2018 | KBK | Email to Misty Porter regarding June 28 hearings | 0.10<br>175.00/hr | 17.50 |
| 6/11/2018 | JK | Conf. w/ G. Vitt on production. | 0.10<br>100.00/hr | 10.00 |
|  | KBK | Exchange emails with Misty Porter regarding New Hampshire licensing board | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Receive and review email from Misty Porter to Steve Adler, Esq.; receive and review email from Don Schroeder | 0.20<br>175.00/hr | 35.00 |
|  | KBK | Meeting with Geoffrey Vitt regarding discovery | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Meeting with Julia Korkus regarding strategy and next steps | 0.30<br>175.00/hr | 52.50 |
| 6/13/2018 | GJV | Review email | 0.10<br>320.00/hr | 32.00 |
|  | JK | Correspondence to D. Schroeder w/ Plaintiff's first production | 1.10<br>100.00/hr | 110.00 |
|  | KBK | Briefly review latest document production from Dartmouth-Hitchcock; email to Geoffrey Vitt and Julia Korkus regarding production; email to Geoffrey Vitt regarding strategy for oral argument | 1.00<br>175.00/hr | 175.00 |
|  | KBK | Receive and review email from Jo LaMarche in Judge Crawford's chambers regarding hearing date; exchange emails with Geoffrey Vitt regarding same | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Receive and review email from Julia Korkus regarding production of Misty Porter's documents | 0.10<br>175.00/hr | 17.50 |
| 6/19/2018 | GJV | Review K. Kramer memorandum and review retaliation issue | 0.60<br>320.00/hr | 192.00 |
| 6/21/2018 | KBK | Receive and review rescheduled court hearing notice; email to Misty Porter regarding new hearing date | 0.10<br>175.00/hr | 17.50 |
| 6/25/2018 | GJV | E-mails re: document production | 0.10<br>320.00/hr | 32.00 |
|  | KBK | Email to Geoffrey Vitt regarding requests to admit | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Email to Don Schroeder and Jessica Joseph regarding document production; research regarding whistleblower statute; email to Misty Porter regarding gathering facts | 0.70<br>175.00/hr | 122.50 |

Misty Porter                                                                                    Page    3

|  | Hrs/Rate | Amount |
|---|---|---|
| 6/27/2018 KBK   Receive and review email from Jessica Joseph regarding document production | 0.10 175.00/hr | 17.50 |
| For professional services rendered | 10.00 | $1,407.50 |
| Previous balance |  | $22,704.00 |
| 6/26/2018 Payment - thank you. Check No. 5172 |  | ($8,028.00) |
| Total payments and adjustments |  | ($8,028.00) |
| Balance due |  | $16,083.50 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 1.00 | 320.00 | $320.00 |
| Julia Korkus | 1.60 | 100.00 | $160.00 |
| Katherine B. Kramer | 5.30 | 175.00 | $927.50 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

August 08, 2018

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2018-12837

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/2/2018 KBK | Email Misty Porter regarding medical malpractice claim | | 0.10<br>175.00/hr | 17.50 |
| 7/3/2018 KBK | Exchange emails with Misty Porter regarding medical malpractice; email to Steve Adler regarding medical malpractice | | 0.10<br>175.00/hr | 17.50 |
| 7/10/2018 KBK | Telephone conference with Steve Adler | | 0.60<br>175.00/hr | 105.00 |
| KBK | Exchange emails with Geoffrey Vitt regarding hearing | | 0.10<br>175.00/hr | 17.50 |
| GJV | Review pleadings re:  discovery dispute and prepare for hearing before Judge Crawford and start outline for argument | | 1.80<br>320.00/hr | 576.00 |
| JK | Reviewing fourth production from D-H and printing | | 2.30<br>100.00/hr | 230.00 |
| 7/11/2018 KBK | Assess discovery status; email to Jessica Joseph regarding document production | | 0.10<br>175.00/hr | 17.50 |
| KBK | Exchange emails with Jessica Joseph regarding document production; email to Julia Korkus regarding same | | 0.10<br>175.00/hr | 17.50 |
| KBK | Prepare for call with Geoffrey Vitt; telephone conference with Geoffrey Vitt | | 0.70<br>175.00/hr | 122.50 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700 ~ Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

Misty Porter                                                                    Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/11/2018 | KBK | Review letter from Steve Adler; telephone conference with Geoffrey Vitt; exchange emails with Misty Porter | 0.50 175.00/hr | 87.50 |
| | KBK | Exchange emails with Geoffrey Vitt regarding discovery schedule | 0.10 175.00/hr | 17.50 |
| | GJV | Review motion to compel | 0.30 320.00/hr | 96.00 |
| | GJV | T/c K. Kramer and review issues for hearing | 0.90 320.00/hr | 288.00 |
| | JK | Reviewing fourth production from D-H and printing | 3.80 100.00/hr | 380.00 |
| 7/12/2018 | KBK | Receive and review email from Geoffrey Vitt to Don Schroeder attaching proposed amended discovery order; receive and review email from Jessica Joseph regarding privilege log | 0.10 175.00/hr | 17.50 |
| | GJV | Review email and revise proposed discovery schedule | 0.20 320.00/hr | 64.00 |
| | GJV | Revise Discovery Schedule and email D. Schroeder | 0.30 320.00/hr | 96.00 |
| | GJV | Email with J. Joseph re: Privilege Log | 0.10 320.00/hr | 32.00 |
| | JK | Reviewing fourth production from D-H and printing | 2.50 100.00/hr | 250.00 |
| 7/13/2018 | JK | Reviewing fourth production from D-H, printing, coding. | 4.50 100.00/hr | 450.00 |
| 7/15/2018 | KBK | Prepare for oral argument on motion for ex parte interviews and status conference | 2.10 175.00/hr | 367.50 |
| 7/16/2018 | KBK | E-mail to Julia Korkus | 0.10 175.00/hr | 17.50 |
| | KBK | E-mail to Misty Porter | 0.10 175.00/hr | 17.50 |
| | KBK | Multiple telephone conferences with Geoffrey Vitt | 0.50 175.00/hr | 87.50 |
| | KBK | Review emails between Geoffrey Vitt and Don Schroeder regarding discovery schedule | 0.20 175.00/hr | 35.00 |

A-1062

Misty Porter

Page    3

| Date | | | | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| 7/16/2018 | KBK | | Prepare for oral argument on motion for ex parte interviews, status conference, and motion to compel | 5.60<br>175.00/hr | 980.00 |
| | SE | | Reading and tagging emails | 0.60<br>50.00/hr | 30.00 |
| | GJV | | Several emails and t/c K. Kramer | 0.30<br>320.00/hr | 96.00 |
| | GJV | | Outline for argument | 0.40<br>320.00/hr | 128.00 |
| | GJV | | Prepare for hearing | 1.30<br>320.00/hr | 416.00 |
| | JK | | Email from K.B. Kramer and updates to production log | 0.80<br>100.00/hr | 80.00 |
| 7/17/2018 | KBK | | Prepare for hearing on motion for ex parte interviews, motion to compel, and status conference | 3.60<br>175.00/hr | 630.00 |
| | KBK | | Round trip travel to Rutland for hearing | 1.80<br>175.00/hr | 315.00 |
| | KBK | | Meeting with Geoffrey Vitt; meeting with Geoffrey Vitt and Misty Porter; hearing before Judge Crawford on motion for ex parte interviews, motion to compel, and status conference | 2.80<br>175.00/hr | 490.00 |
| | SE | | Reviewing and organizing emails | 4.60<br>50.00/hr | 230.00 |
| | GJV | | Prepare for and argument before Judge Crawford in Rutland; conference M. Porter | 5.80<br>320.00/hr | 1,856.00 |
| | JK | | Reviewing fifth production from defendants' and printing key docs | 4.80<br>100.00/hr | 480.00 |
| 7/18/2018 | SE | | Reviewing and organizing emails | 2.60<br>50.00/hr | 130.00 |
| | GJV | | Review email | 0.20<br>320.00/hr | 64.00 |
| | JK | | Reviewing fifth production from defendants' and printing key docs | 4.50<br>100.00/hr | 450.00 |
| 7/19/2018 | KBK | | Revise amended complaint | 1.00<br>175.00/hr | 175.00 |

Misty Porter                                                                 Page    4

| Date | | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| 7/19/2018 | KBK | | Draft motion for leave to amend | 0.20 175.00/hr | 35.00 |
| | KBK | | Telephone conference with G. Vitt | 0.10 175.00/hr | 17.50 |
| | SE | | Reviewing emails and organizing | 4.80 50.00/hr | 240.00 |
| | SE | | Conference with J. Korkus | 0.30 50.00/hr | 15.00 |
| | GJV | | Second requests to Dartmouth | 0.90 320.00/hr | 288.00 |
| | JK | | Reviewing fifth production from defendants' and printing key docs | 6.30 100.00/hr | 630.00 |
| 7/20/2018 | KBK | | Review email from production of documents from Dartmouth-Hitchcock; revise proposed amended complaint; telephone conference with Geoffrey Vitt | 1.40 175.00/hr | 245.00 |
| | KBK | | Draft motion for leave to amend | 0.80 175.00/hr | 140.00 |
| | KBK | | Finalize proposed amended complaint; send proposed amended complaint and redline comparison of initial complaint and amended complaint to Don Schroeder and Jessica Joseph | 0.40 175.00/hr | 70.00 |
| | SE | | Review emails and enter on spreadsheet per J. Korkus | 5.30 50.00/hr | 265.00 |
| | GJV | | Review draft complaint; t/c Kramer and email | 0.60 320.00/hr | 192.00 |
| | JK | | Reviewing fifth production from defendants', printing key docs, coding | 5.20 100.00/hr | 520.00 |
| 7/23/2018 | SE | | Updating Email Spreadsheet | 3.40 50.00/hr | 170.00 |
| 7/24/2018 | KBK | | Review proposed joint motion to amend discovery schedule and proposed amended discovery schedule; telephone conference with Misty Porter; exchange emails with Geoffrey Vitt | 0.20 175.00/hr | 35.00 |
| | SE | | Updating Email Spreadsheet | 1.80 50.00/hr | 90.00 |
| | GJV | | E-mail re: DeMars emails | 0.20 320.00/hr | 64.00 |

Misty Porter

Page    5

| | | | | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| 7/24/2018 | GJV | E-mail | | 0.10<br>320.00/hr | 32.00 |
| 7/25/2018 | KBK | Prepare for telephone conference with Geoffrey Vitt and Misty Porter | | 0.20<br>175.00/hr | 35.00 |
| | KBK | Telephone conference with G. Vitt and Misty Porter | | 0.20<br>175.00/hr | 35.00 |
| | KBK | Telephone conference with G. Vitt and Misty Porter | | 0.60<br>175.00/hr | 105.00 |
| | KBK | Call to Don Schroeder; email to Don Schroeder regarding amended complaint | | 0.20<br>175.00/hr | 35.00 |
| | SE | Updating Email Spreadsheet | | 1.10<br>50.00/hr | 55.00 |
| | GJV | Telephone conference with M. Porter and K. Kramer | | 0.60<br>320.00/hr | 192.00 |
| | GJV | File memorandum and email K. Kramer | | 1.00<br>320.00/hr | 320.00 |
| | GJV | E-mail J. Korkus re: document production by D-H | | 0.20<br>320.00/hr | 64.00 |
| | JK | Exchange emails w/ G. Vitt re: D-H production content; Rule 30(b)(6) Notice; second set of requests to D-H | | 0.50<br>100.00/hr | 50.00 |
| | JK | Updates to log of production rcvd from defendants | | 0.30<br>100.00/hr | 30.00 |
| 7/26/2018 | KBK | Call Don Schroeder and leave a message; email to Don Schroeder and Jessica Joseph; draft motion for leave to amend complaint; email draft of motion for leave to amend complaint to Geoffrey Vitt; email motion exhibits to Liz Bower | | 2.30<br>175.00/hr | 402.50 |
| | SE | Updating Email Spreadsheet | | 2.40<br>50.00/hr | 120.00 |
| | GJV | Review draft motion to amend | | 0.20<br>320.00/hr | 64.00 |
| 7/27/2018 | KBK | Revise motion to amend complaint; finalize for filing | | 0.40<br>175.00/hr | 70.00 |
| | SE | Updating Email Spreadsheet | | 5.30<br>50.00/hr | 265.00 |

Misty Porter                                                                                  Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/29/2018 | GJV | E-mails about document review and D-H varied reasons for closing REI Division | 0.60 320.00/hr | 192.00 |
|  | SN | Conf. With GJV RE discovery issues | 0.20 80.00/hr | 16.00 |
| 7/30/2018 | KBK | Travel to Norwich for meeting with Misty Porter | 1.50 175.00/hr | 262.50 |
|  | KBK | Balance of travel time | 1.50 175.00/hr | NO CHARGE |
|  | KBK | Prepare for meeting with Misty Porter | 0.30 175.00/hr | 52.50 |
|  | KBK | Meeting with Misty Porter and Geoffrey Vitt | 1.30 175.00/hr | 227.50 |
|  | KBK | Meeting with G. Vitt | 0.10 175.00/hr | 17.50 |
|  | KBK | Meeting with Julia Korkus, Sarah Nunan and Geoffrey Vitt regarding review of defendants' document production | 0.80 175.00/hr | 140.00 |
|  | KBK | Review emails and other documents from Misty Porter | 0.40 175.00/hr | 70.00 |
|  | KBK | Exchange emails with Misty Porter regarding summary judgment | 0.40 175.00/hr | 70.00 |
|  | KBK | Review memo for G. Vitt | 0.10 175.00/hr | 17.50 |
|  | SE | Combined all spreadsheet tabs into one and added links to pdf | 0.70 50.00/hr | 35.00 |
|  | SE | Prepare and mail amended complaint | 0.80 50.00/hr | 40.00 |
|  | GJV | Review two memos and conference M. and T. Porter and K. Kramer re: status and discovery issues | 1.50 320.00/hr | 480.00 |
|  | GJV | Conference S. Nunan, J. Korkus and K. Kramer re: D-H document production, holes in production, search protocol, Privilege Log | 0.70 320.00/hr | 224.00 |
|  | GJV | Conference K. Kramer re: mediation and document production | 0.20 320.00/hr | 64.00 |
|  | GJV | T/c SN re: document searches | 0.20 320.00/hr | 64.00 |

Misty Porter

Page     7

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/30/2018 SN | | Meeting with G. Vitt, K. Kramer & J. Korkus to review status of production and how to analyze and respond to Schroder | 0.80 80.00/hr | 64.00 |
| | SN | Reviewed production log, conf. With S. Edson regarding changing to searchable doc with links for discovery purposes | 0.20 80.00/hr | 16.00 |
| | SN | Reviewed amended complaint | 0.70 80.00/hr | 56.00 |
| | JK | Review motion for leave to amend | 0.30 100.00/hr | 30.00 |
| | JK | Conference w/ G. Vitt, K.B. Kramer, S. Nunan re: D-H production of documents | 0.80 100.00/hr | 80.00 |
| | JK | Review Stipulated Discovery Schedule/Order re: production requirements and email to S. Nunan. | 0.20 100.00/hr | 20.00 |
| 7/31/2018 KBK | | Receive and review correspondence from Geoffrey Vitt to Don Schroeder | 0.10 175.00/hr | 17.50 |
| | KBK | Revise file memo regarding meeting with Misty Porter | 0.30 175.00/hr | 52.50 |
| | SE | Finished adding links to spreadsheet | 4.30 50.00/hr | 215.00 |
| | GJV | Prepare file memorandum on 7/30 meeting and begin preparation of second requests | 1.50 320.00/hr | 480.00 |
| | GJV | Revise memorandum and work on second requests | 1.80 320.00/hr | 576.00 |
| | JK | Receive emails from G. Vitt; review D-H production per risk management | 0.80 100.00/hr | 80.00 |

| | | Hrs | Amount |
|---|---|---|---|
| For professional services rendered | | 133.50 | $18,525.00 |

Additional Charges :

| 7/25/2018 Conference Call | 8.00 |
|---|---|
| Total costs | $8.00 |
| Total amount of this bill | $18,533.00 |
| Previous balance | $16,083.50 |
| 7/31/2018 Payment - thank you. Check No. 5198 | ($1,407.50) |

Misty Porter                                                      Page      8

                                                                    Amount

        Total payments and adjustments                          ($1,407.50)

        Balance due                                              $33,209.00

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 21.90 | 320.00 | $7,008.00 |
| Julia Korkus | 37.60 | 100.00 | $3,760.00 |
| Katherine B. Kramer | 32.60 | 175.00 | $5,705.00 |
| Shannon Edson | 38.00 | 50.00 | $1,900.00 |
| Sarah Nunan | 1.90 | 80.00 | $152.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

September 13, 2018

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2018-12908

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/1/2018 | GJV | Revise second set of requests | 0.30 320.00/hr | 96.00 |
| | SE | Adding links to emails | 2.40 50.00/hr | 120.00 |
| | SE | Conf. with J. Korkus | 0.10 50.00/hr | 5.00 |
| | JK | Email to G. Vitt re: Risk Management and D-H production | 0.50 100.00/hr | 50.00 |
| | JK | Review and update date formatting on searchable discovery log | 1.60 100.00/hr | 160.00 |
| | KBK | Exchange emails with Jessica Joseph and Don Schroeder | 0.10 175.00/hr | 17.50 |
| 8/2/2018 | GJV | Several e-mails | 0.30 320.00/hr | 96.00 |
| | SN | Reviewed documents per GJV | 3.30 80.00/hr | 264.00 |
| | SE | Link Emails on Spreadsheet | 1.80 50.00/hr | 90.00 |

Misty Porter                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/2/2018 | JK | Reviewing key documents from first through fifth discovery production from D-H. | 4.20 100.00/hr | 420.00 |
|  | KBK | E-mail from Misty Porter | 0.10 175.00/hr | 17.50 |
|  | KBK | Receive seventh production of documents from Jessica Joseph; email to Jessica Joseph; exchange emails with Julia Korkus | 0.20 175.00/hr | 35.00 |
| 8/3/2018 | GJV | E-mails | 0.20 320.00/hr | 64.00 |
|  | JK | Review additional DeMars document from D-H discovery | 0.10 100.00/hr | 10.00 |
|  | JK | Review of defendants' seventh document production | 4.70 100.00/hr | 470.00 |
|  | JK | Email to defendants' counsel re: production documents | 0.20 100.00/hr | 20.00 |
|  | KBK | Exchange emails with Julia Korkus regarding document production; review documents produced by Leslie DeMars; exchange emails with Misty Porter | 0.40 175.00/hr | 70.00 |
| 8/5/2018 | GJV | Second requests and email re: subpoena | 0.20 320.00/hr | 64.00 |
| 8/6/2018 | JK | Review of defendants' seventh document production | 4.30 100.00/hr | 430.00 |
|  | KBK | Telephone conference with Julia Korkus | 0.30 175.00/hr | 52.50 |
| 8/7/2018 | SE | Update email spreadsheet | 1.70 50.00/hr | 85.00 |
|  | JK | Emails w/ K. Kramer re: defendants' production content. | 0.20 100.00/hr | 20.00 |
|  | JK | Review of defendants' seventh document production | 1.20 100.00/hr | 120.00 |
| 8/8/2018 | JK | Review of defendants' sixth document production | 3.70 100.00/hr | 370.00 |
|  | JK | Review of defendants' native file document production | 1.20 100.00/hr | 120.00 |
|  | KBK | Email to Geoffrey Vitt; receive and review email from Steve Adler; email to Steve Adler; email to Don Schroeder | 0.20 175.00/hr | 35.00 |

Misty Porter                                                                   Page    3

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/9/2018 | GJV | Work on revised discovery | 0.30 320.00/hr | 96.00 |
| | GJV | Review decision | 0.20 320.00/hr | 64.00 |
| | SN | Reviewing lists in discovery; conf. with S. Edson; Conf with JK | 1.10 80.00/hr | 88.00 |
| | JK | Review decision on motion for auth to contact employees ex parte and motion to compel | 0.30 100.00/hr | 30.00 |
| | JK | Review of native document production from defendants | 1.70 100.00/hr | 170.00 |
| | JK | Review of defendants' sixth document production | 0.70 100.00/hr | 70.00 |
| | KBK | Receive and review court order granting motion for ex parte interviews and granting motion to compel; email to Misty Porter; email to Don Schroeder about represented individuals; leave voicemail from Jessica Joseph regarding privilege log | 0.30 175.00/hr | 52.50 |
| 8/10/2018 | GJV | E-mails | 0.20 320.00/hr | 64.00 |
| | GJV | E-mails | 0.10 320.00/hr | 32.00 |
| | GJV | Revise Second set of requests | 1.40 320.00/hr | 448.00 |
| | SE | Update email spreadsheet | 2.00 50.00/hr | 100.00 |
| | SE | Conf. with J. Korkus Re. documents | 0.30 50.00/hr | 15.00 |
| | JK | Review of defendants' sixth document production | 2.80 100.00/hr | 280.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding privilege log | 0.20 175.00/hr | 35.00 |
| 8/11/2018 | GJV | Prepare second requests to D-H | 2.00 320.00/hr | 640.00 |
| 8/12/2018 | GJV | Prepare second requests and review production; email K. Kramer and J. Korkus | 1.60 320.00/hr | 512.00 |

Misty Porter                                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/12/2018 | JK | Receive and review email from G. Vitt re: second requests to D-H | 0.20 100.00/hr | 20.00 |
| 8/13/2018 | SE | Update email spreadsheet | 4.50 50.00/hr | 225.00 |
|  | KBK | Exchange emails with Jessica Joseph | 0.10 175.00/hr | 17.50 |
| 8/14/2018 | SE | Update email spreadsheet | 0.70 50.00/hr | 35.00 |
|  | JK | Review defendants' native file production and update searchable log | 0.50 100.00/hr | 50.00 |
| 8/15/2018 | SE | Update email spreadsheet | 2.80 50.00/hr | 140.00 |
|  | JK | Review defendants' native file production and update searchable log | 0.70 100.00/hr | 70.00 |
| 8/17/2018 | JK | Review of defendants' sixth production | 1.70 100.00/hr | 170.00 |
| 8/20/2018 | KBK | Email to Jessica Joseph; receive and review email from Jessica Joseph | 0.10 175.00/hr | 17.50 |
| 8/21/2018 | JK | Review defendants' sixth, seventh and native file production and update searchable log | 3.10 100.00/hr | 310.00 |
| 8/22/2018 | JK | Review searchable log of native emails for specific custodians. | 3.30 100.00/hr | 330.00 |
| 8/23/2018 | JK | Review searchable log of native emails for specific custodians - review request to defendants. | 3.10 100.00/hr | 310.00 |
| 8/24/2018 | JK | Review searchable log of native emails for specific custodians, dates, and events | 3.20 100.00/hr | 320.00 |
| 8/28/2018 | JK | Conference phone call w/ K. Kramer and G. Vitt re: status of defendants' production and additional requests from plaintiff | 0.50 100.00/hr | 50.00 |
|  | JK | Review and prepare keydocs set from sixth and seventh production for K. Kramer and G. Vitt review. | 4.30 100.00/hr | 430.00 |
|  | GJV | Conf. J. Korkus and K. Kramer re: additional discovery and witness interviews | 0.70 320.00/hr | 224.00 |
|  | KBK | Exchange emails with Geoffrey Vitt and Julia Korkus regarding next steps | 0.10 175.00/hr | 17.50 |

Misty Porter                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/28/2018 | KBK | Telephone conference with Geoffrey Vitt and Julia Korkus | 0.70<br>175.00/hr | 122.50 |
|  | KBK | E-mail to Robert Bancroft | 0.10<br>175.00/hr | 17.50 |
| 8/29/2018 | JK | Review and prepare keydocs set from sixth and seventh production for K. Kramer and G. Vitt review. | 4.60<br>100.00/hr | 460.00 |
|  | KBK | Exchange emails with Bob Bancroft | 0.10<br>175.00/hr | 17.50 |
| 8/30/2018 | JK | Review Herrick, Gunnell, DeMars, Padin emails re: closure discussions and staffing decisions | 3.40<br>100.00/hr | 340.00 |
|  | KBK | Review documents from Julia Korkus | 1.20<br>175.00/hr | 210.00 |
|  | KBK | Revise chart of people to interview ex parte; email to Julia Korkus regarding same | 0.20<br>175.00/hr | 35.00 |
| 8/31/2018 | JK | Review defendants' sixth and seventh production and searchable log for medical records, complaints from and by patients | 1.20<br>100.00/hr | 120.00 |
|  | JK | Phone call w/ K. Kramer re: informal interviews and production | 0.70<br>100.00/hr | 70.00 |
|  | JK | Emails w/ K. Kramer re: informal interviews contacts list and planning. | 0.20<br>100.00/hr | 20.00 |
|  | KBK | Review DHMC response to plaintiff's first set of interrogatories; identify gaps in DHMC document production; prepare draft of second set of interrogatories | 0.90<br>175.00/hr | 157.50 |
|  | KBK | Telephone conference with Julia Korkus regarding discovery and other issues | 0.80<br>175.00/hr | 140.00 |
|  | KBK | Draft second set of interrogatories | 1.00<br>175.00/hr | 175.00 |
|  | KBK | Draft list of individuals to interview ex parte; exchange update emails with Misty Porter; emails to Julia Korkus regarding interviews | 1.40<br>175.00/hr | 245.00 |

| For professional services rendered | 94.80 | $10,864.50 |
|---|---|---|
| Previous balance |  | $33,209.00 |
| 8/21/2018 Payment - thank you. Check No. 5205 |  | ($18,533.00) |
| Total payments and adjustments |  | ($18,533.00) |

A-1073

Misty Porter                                                                 Page    6

                                                                            Amount

                        Balance due                                       $25,540.50

                              Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Geoffrey J. Vitt | 7.50 | 320.00 | $2,400.00 |
| Julia Korkus | 58.10 | 100.00 | $5,810.00 |
| Katherine B. Kramer | 8.50 | 175.00 | $1,487.50 |
| Shannon Edson | 16.30 | 50.00 | $815.00 |
| Sarah Nunan | 4.40 | 80.00 | $352.00 |



Vitt & Associates

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

October 15, 2018

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2018-12934

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/2/2018 | GJV | Review interrogatories | 0.40 320.00/hr | 128.00 |
| 9/3/2018 | KBK | Exchange emails with Geoffrey Vitt and Julia Korkus regarding discovery | 0.10 175.00/hr | 17.50 |
|  | JK | Receive and review emails from G. Vitt and K. Burghardt Kramer re: discovery responses. | 0.10 100.00/hr | 10.00 |
|  | JK | Prepare set of documents for review | 0.70 100.00/hr | 70.00 |
|  | GJV | Prepare second requests and interrogatories to D-H | 1.30 320.00/hr | 416.00 |
| 9/4/2018 | KBK | Review draft of second set of requests to produce; revise requests to produce; exchange emails with Geoffrey Vitt; review revisions to second set of requests to produce | 0.80 175.00/hr | 140.00 |
|  | KBK | Review interrogatories from Defendant Dartmouth-Hitchcock Clinic and Defendants' Second Set of Requests to Produce; email to Misty Porter regarding additional discovery requests | 0.40 175.00/hr | 70.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding discovery | 0.10 175.00/hr | 17.50 |

Misty Porter                                                                                    Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/4/2018 | KBK | Review final version of second interrogatories | 0.50 175.00/hr | 87.50 |
| | KBK | Exchange emails with Misty Porter regarding discovery | 0.10 175.00/hr | 17.50 |
| | JK | Review and edit Second Interrogatories | 0.20 100.00/hr | 20.00 |
| | JK | Receive and review emails from G. Vitt and K. Burghardt Kramer re: new discovery requests from Defendants. | 0.30 100.00/hr | 30.00 |
| | JK | Receive and review additional discovery requests from Defense to Plaintiff: First Interrogatories from D-H Clinic & Second Request for Production | 0.70 100.00/hr | 70.00 |
| | JK | Search and review native file production from Defendants | 1.70 100.00/hr | 170.00 |
| | GJV | E-mail K. Kramer | 0.10 320.00/hr | 32.00 |
| | GJV | Review second requests and other discovery | 0.90 320.00/hr | 288.00 |
| | GJV | Review final requests and interrogatories | 0.80 320.00/hr | 256.00 |
| 9/5/2018 | KBK | Email Julia Korkus regarding expert | 0.10 175.00/hr | 17.50 |
| 9/7/2018 | KBK | Receive and review Defendants' answer to Plaintiff's amended complaint | 0.10 175.00/hr | 17.50 |
| | KBK | Email to Misty Porter; telephone conference with Geoffrey Vitt | 0.20 175.00/hr | 35.00 |
| | JK | Receive and review Answer to Amended Complaint from DHMC et al | 0.20 100.00/hr | 20.00 |
| 9/10/2018 | JK | Receive and review eighth production from Defendants responsive to Request #44 of Plaintiff's First Request for Production | 2.50 100.00/hr | 250.00 |
| 9/11/2018 | KBK | Exchange emails with Julia Korkus regarding expert witness and discovery | 0.20 175.00/hr | 35.00 |
| | JK | Email exchange w/ K. Burghardt Kramer re: material for expert, discovery and production from Defendants | 0.20 100.00/hr | 20.00 |
| | JK | Review and gather documents for expert; email to R. Bancroft | 1.20 100.00/hr | 120.00 |

Misty Porter                                                                                     Page     3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/11/2018 | JK | Review eighth production | 1.30 100.00/hr | 130.00 |
| | JK | Search and review native emails re: key custodians | 2.70 100.00/hr | 270.00 |
| 9/12/2018 | KBK | Email to Misty Porter about meeting | 0.10 175.00/hr | 17.50 |
| | JK | Exchange emails w/ R. Bancroft and research. | 0.20 100.00/hr | 20.00 |
| | JK | Search and prepare key docs set. | 1.40 100.00/hr | 140.00 |
| 9/13/2018 | JK | Exchange emails w/ M. Porter and B. Bancroft re: economic damages information; review documents | 0.30 100.00/hr | 30.00 |
| | JK | Email to K. Burghardt Kramer w/ set of key documents | 0.30 100.00/hr | 30.00 |
| | JK | Search and review native files by key custodians and dates | 3.60 100.00/hr | 360.00 |
| 9/14/2018 | KBK | Travel time to Norwich for meeting with Misty Porter | 1.50 175.00/hr | 262.50 |
| | KBK | Balance of travel time to Norwich for meeting with Misty Porter | 1.50 175.00/hr | NO CHARGE |
| | KBK | Meeting with Misty Porter and Geoffrey Vitt | 1.40 175.00/hr | 245.00 |
| | JK | Exchange emails w/ R. Bancroft and M. Porter | 0.30 100.00/hr | 30.00 |
| | GJV | Review documents produced in discovery | 1.40 320.00/hr | 448.00 |
| 9/15/2018 | GJV | File memorandum of 9/14 meeting and begin outline for depositions and prepare email to K. Kramer and J. Korkus re: MP meeting and outline for depositions | 2.10 320.00/hr | 672.00 |
| 9/16/2018 | GJV | Subpoena preparation | 0.40 320.00/hr | 128.00 |
| | GJV | Subpoena and email K. Kramer | 0.20 320.00/hr | 64.00 |
| 9/17/2018 | KBK | Review selected documents from production of documents regarding Leslie DeMars; email to Misty Porter regarding documents | 0.50 175.00/hr | 87.50 |

Misty Porter                                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/17/2018 | KBK | Exchange emails with Misty Porter and Geoffrey Vitt; exchange emails with Misty Porter; exchange emails with Julia Korkus | 0.20 175.00/hr | 35.00 |
|  | JK | Review and update timeline, new client documents and email memos from G. Vitt | 3.40 100.00/hr | 340.00 |
|  | JK | Exchange emails M. Porter, income questions W-2, pay. | 0.20 100.00/hr | 20.00 |
|  | JK | Review and prepare information and exchange emails w/ R. Bancroft | 1.40 100.00/hr | 140.00 |
|  | JK | Exchange emails w/ K. Burghardt Kramer re: privilege log and damages | 0.10 100.00/hr | 10.00 |
|  | GJV | E-mail | 0.10 320.00/hr | 32.00 |
| 9/18/2018 | JK | Review AAMC table re: damages | 0.20 100.00/hr | 20.00 |
|  | JK | Review document requests and documents for relevance | 3.50 100.00/hr | 350.00 |
|  | JK | Review text message from colleagues | 1.20 100.00/hr | 120.00 |
| 9/19/2018 | KBK | Receive and review emails from Jessica Joseph regarding privilege log; exchange emails with Jessica Joseph regarding mediation | 0.10 175.00/hr | 17.50 |
|  | JK | Emails to Bancroft w/ documents | 0.20 100.00/hr | 20.00 |
|  | JK | Search and review native emails | 1.20 100.00/hr | 120.00 |
|  | GJV | E-mail re: Privilege Log | 0.10 320.00/hr | 32.00 |
| 9/20/2018 | KBK | Draft responses to interrogatories from Dartmouth-Hitchcock Clinic and second set of requests to produce | 0.90 175.00/hr | 157.50 |
|  | KBK | Email to Misty Porter regarding discovery requests | 0.30 175.00/hr | 52.50 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding discovery and other issues; receive and review Geoffrey Vitt's email to Donald Schroeder regarding privilege log | 0.10 175.00/hr | 17.50 |

Misty Porter                                                                                      Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/20/2018 | KBK | Exchange emails with Misty Porter regarding discovery; revise responses to discovery requests | 0.20 175.00/hr | 35.00 |
|  | JK | Telephone conference w/ R. Bancroft and email exchanges w/ same re: economic damages questions; summary email memo. | 1.20 100.00/hr | 120.00 |
|  | JK | Email to M. Porter re: questions on economic damages | 0.20 100.00/hr | 20.00 |
|  | JK | Receive and review email from K. Burghardt Kramer re: discovery | 0.20 100.00/hr | 20.00 |
|  | GJV | T/c K. Kramer and email D. Schroeder | 0.30 320.00/hr | 96.00 |
|  | GJV | E-mail K. Kramer | 0.10 320.00/hr | 32.00 |
| 9/21/2018 | KBK | Review draft subpoena to Kelly Mousley; revise draft subpoena; email to Geoffrey Vitt regarding revised subpoena | 0.40 175.00/hr | 70.00 |
|  | JK | Prepare full draft of Plaintiff's response to Def Interrogatories and Second set of RTP's | 1.10 100.00/hr | 110.00 |
|  | JK | Review documents for relevance to new request from Defendants | 2.40 100.00/hr | 240.00 |
| 9/24/2018 | KBK | Receive and review emails from Misty Porter with documents for production; email to Julia Korkus regarding discovery | 0.10 175.00/hr | 17.50 |
|  | KBK | Review discovery drafts from Julia Korkus; revise discovery drafts and send revised documents to Julia Korkus | 0.70 175.00/hr | 122.50 |
|  | KBK | Review Geoffrey Vitt's memo regarding meeting with Misty Porter | 0.10 175.00/hr | 17.50 |
|  | KBK | Emails with Julia Korkus regarding discovery; email to Misty Porter regarding Dartmouth-Health Clinic interrogatories | 0.10 175.00/hr | 17.50 |
|  | JK | Emails, research & edits re: discovery drafts of Plaintiff's responses | 0.70 100.00/hr | 70.00 |
|  | JK | Emails w/ K. Burghardt Kramer re: discovery | 0.10 100.00/hr | 10.00 |
|  | JK | Review documents for relevance to new request from Defendants | 4.70 100.00/hr | 470.00 |
| 9/25/2018 | JK | Email to K. Burghardt Kramer re: discovery and relevance | 0.20 100.00/hr | 20.00 |

Misty Porter                                                                   Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/25/2018 | JK | Exchange emails w/ R. Bancroft, M. Porter, K. Burghardt Kramer | 0.40 100.00/hr | 40.00 |
|  | JK | Review text messages for relevance to new request from Defendants | 3.50 100.00/hr | 350.00 |
| 9/26/2018 | JK | Prepare memo & review new documents for Bancroft re: economic damages; emails w/ M. Porter and R. Bancroft | 2.50 100.00/hr | 250.00 |
|  | SN | Research per GJV privilege | 0.60 80.00/hr | 48.00 |
| 9/27/2018 | JK | Review & prepare economic damages documents and emails w/ R. Bancroft and Dr. Porter | 1.80 100.00/hr | 180.00 |
|  | JK | Prepare pension information for R. Bancroft | 0.70 100.00/hr | 70.00 |
|  | JK | Exchange emails w/ R. Bancroft re: economic damages/FTE projections; review information and documents | 0.60 100.00/hr | 60.00 |
| 9/28/2018 | KBK | Telephone conference with Geoffrey Vitt | 0.10 175.00/hr | 17.50 |
|  | KBK | Exchange emails with Julia Korkus regarding discovery responses and other discovery issues | 0.10 175.00/hr | 17.50 |
|  | KBK | Receive and review privilege log from Jessica Joseph; email to Geoffrey Vitt regarding same | 0.20 175.00/hr | 35.00 |
| 9/29/2018 | GJV | Review D-H objections | 0.10 320.00/hr | 32.00 |
| 9/30/2018 | GJV | Review D-H privilege log and review materials on QA privilege | 2.50 320.00/hr | 800.00 |
|  | GJV | Memo on QA privilege and analyze D-H position on privileges | 1.20 320.00/hr | 384.00 |

|  |  | Hrs | Amount |
|---|---|---|---|
| For professional services rendered |  | 73.40 | $10,545.50 |

Additional Charges :

| 9/10/2018 US District Court Fee |  | 31.00 |
|---|---|---|
| Total costs |  | $31.00 |

| Total amount of this bill |  | $10,576.50 |
|---|---|---|

Misty Porter                                                          Page    7

                                                                       Amount

Previous balance                                                      $25,540.50

9/17/2018  Payment - thank you. Check No. 5260                        ($8,864.50)

Total payments and adjustments                                       ($8,864.50)

Balance due                                                          $27,252.50

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 12.00 | 320.00 | $3,840.00 |
| Julia Korkus | 49.60 | 100.00 | $4,960.00 |
| Katherine B. Kramer | 9.70 | 175.00 | $1,697.50 |
| Sarah Nunan | 0.60 | 80.00 | $48.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

November 08, 2018

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2018-13047

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/1/2018 | KBK | Receive and review emails from Misty Porter; receive and review emails from Julia Korkus; review final discovery responses and email to Geoffrey Vitt and Julia Korkus | 0.30 175.00/hr | 52.50 |
|  | KBK | Review email from Geoffrey Vitt and Geoffrey Vitt's memorandum regarding QA privilege | 1.20 175.00/hr | 210.00 |
|  | KBK | Research QA privilege and choice of law issues | 0.70 175.00/hr | 122.50 |
|  | KBK | Telephone conference with Geoffrey Vitt; research Vermont QA privilege statute | 0.90 175.00/hr | 157.50 |
|  | JK | Emails w/ MBP and KBK re: additional discovery from MBP; screenshots | 0.30 100.00/hr | 30.00 |
|  | JK | Revise discovery responses for KBK/GJV review re: Plaintiff's Response to Def 2nd Request for Production and D-H Clinic 1st set of Int. | 0.50 100.00/hr | 50.00 |
|  | JK | Research and communications w/ R. Bancroft and M. Porter re: economic damages; prepare information for R. Bancroft | 1.80 100.00/hr | 180.00 |
|  | GJV | Letter to Schroeder | 0.30 320.00/hr | 96.00 |
|  | GJV | Review documents produced | 0.30 320.00/hr | 96.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700 ~ Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

A-1082

Misty Porter                                                                                            Page    2

|            |     |                                                                                  | Hrs/Rate        | Amount  |
|------------|-----|----------------------------------------------------------------------------------|-----------------|---------|
| 10/1/2018  | GJV | T/c K. Kramer                                                                     | 0.20 320.00/hr  | 64.00   |
|            | GJV | Research re:  privilege and prepare draft letter                                 | 0.70 320.00/hr  | 224.00  |
| 10/2/2018  | KBK | Exchange emails with Geoffrey Vitt regarding response to DHMC's privilege log     | 0.20 175.00/hr  | 35.00   |
|            | GJV | E-mail K. Kramer                                                                  | 0.10 320.00/hr  | 32.00   |
|            | GJV | Research on A/C privilege and QA privilege                                        | 0.40 320.00/hr  | 128.00  |
|            | GJV | Letter to D. Schroeder on privilege issues                                        | 1.20 320.00/hr  | 384.00  |
| 10/3/2018  | KBK | Exchange emails with Jessica Joseph regarding discovery responses                 | 0.10 175.00/hr  | 17.50   |
|            | SN  | Research privilege issues regarding the production log; conf with GJV RE same     | 1.20 80.00/hr   | 96.00   |
|            | SN  | Review privilege log                                                              | 0.20 80.00/hr   | 16.00   |
|            | JK  | Review and research privilege log; email and conf. w/ S. Nunan                    | 0.60 100.00/hr  | 60.00   |
|            | JK  | Research and communications w/ R. Bancroft re: economic damages; prepare information for R. Bancroft | 2.50 100.00/hr | 250.00  |
|            | GJV | Research on privilege and QA issue and work on letter                             | 2.60 320.00/hr  | 832.00  |
| 10/4/2018  | KBK | Exchange emails with Geoffrey Vitt regarding DHMC privilege log                   | 0.10 175.00/hr  | 17.50   |
|            | KBK | Telephone conference with Geoffrey Vitt                                           | 0.30 175.00/hr  | 52.50   |
|            | KBK | Revise letter to Don Schroeder regarding DHMC privilege log; exchange emails with Jessica Joseph regarding additional production of documents | 2.30 175.00/hr | 402.50  |
|            | JK  | Conf. w/ G. Vitt re: privilege log                                                | 0.20 100.00/hr  | 20.00   |
|            | JK  | Review, research privilege log documents per G. Vitt and damages emails and calls. | 1.20 100.00/hr | 120.00  |

A-1083

Misty Porter                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/4/2018 | JK | Research and communications w/ R. Bancroft re: economic damages | 0.90 100.00/hr | 90.00 |
| | GJV | Research on QA issues and review privilege log of D-H | 1.40 320.00/hr | 448.00 |
| | GJV | Work on letter to D-H re: privilege and consider jurisdiction issues | 1.30 320.00/hr | 416.00 |
| 10/5/2018 | KBK | Exchange emails with Geoffrey Vitt regarding expert report; email to Jessica Joseph regarding document production | 0.50 175.00/hr | 87.50 |
| | GJV | T/c M. Porter | 0.20 320.00/hr | 64.00 |
| 10/7/2018 | GJV | Review D. Schroeder letter and outline | 0.20 320.00/hr | 64.00 |
| 10/8/2018 | KBK | Telephone conference with Geoffrey Vitt; email to Misty Porter; telephone conference with Bob Bancroft | 0.70 175.00/hr | 122.50 |
| | KBK | Telephone conference with Geoffrey Vitt and Bob Bancroft regarding damages | 0.70 175.00/hr | 122.50 |
| | KBK | Telephone conference with Misty Porter regarding damages | 0.70 175.00/hr | 122.50 |
| | KBK | Email to Geoffrey Vitt about damages calculation | 0.30 175.00/hr | 52.50 |
| | JK | Review email from GJV/KBK re: Porter damages and scenarios | 0.20 100.00/hr | 20.00 |
| | GJV | E-mail and T/c K. Kramer | 0.30 320.00/hr | 96.00 |
| | GJV | Telephone conference with Dr. Bancroft and K. Kramer and email D. Schroeder | 0.60 320.00/hr | 192.00 |
| | GJV | E-mails re:  Dr. Bancroft and damage analysis | 0.20 320.00/hr | 64.00 |
| | GJV | E-mails | 0.20 320.00/hr | 64.00 |
| 10/9/2018 | KBK | Receive conference call invite from Jessica Joseph; receive and review email from Geoffrey Vitt | 0.10 175.00/hr | 17.50 |
| | KBK | Telephone conference with Geoffrey Vitt | 0.50 175.00/hr | 87.50 |

Misty Porter                                                                                          Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/10/2018 | KBK | Review email from Geoffrey Vitt regarding damages | 0.10 175.00/hr | 17.50 |
|  | JK | Prepare document discovery response | 1.00 100.00/hr | 100.00 |
|  | GJV | Analysis of damages and emails to M. Porter and K. Kramer | 0.90 320.00/hr | 288.00 |
| 10/11/2018 | KBK | Review emails from Misty Porter regarding damages calculations | 0.20 175.00/hr | 35.00 |
|  | KBK | Telephone conference with Don Schroeder, Jessica Joseph and Geoffrey Vitt regarding privilege log; telephone conference with Geoffrey Vitt regarding DHMC privilege log | 0.70 175.00/hr | 122.50 |
|  | KBK | Research quality assurance privilege under New Hampshire law | 0.50 175.00/hr | 87.50 |
|  | GJV | Review QA issue and jurisdiction and conf. call K. Kramer, D. Schroeder, and J. Joseph; research | 2.30 320.00/hr | 736.00 |
| 10/12/2018 | KBK | Telephone conference with Misty Porter and Geoffrey Vitt regarding damages | 1.20 175.00/hr | 210.00 |
|  | KBK | Review partial transcript of Porter oral argument on motion for ex parte interviews | 0.20 175.00/hr | 35.00 |
|  | GJV | Conference with M. Porter and K. Kramer | 1.50 320.00/hr | 480.00 |
|  | GJV | Memorandum on discovery and meeting | 0.50 320.00/hr | 160.00 |
| 10/13/2018 | GJV | Review memorandum on damages and Dr. Bancroft damages analysis | 0.60 320.00/hr | 192.00 |
| 10/15/2018 | KBK | Review memorandum from Geoffrey Vitt | 0.10 175.00/hr | 17.50 |
|  | KBK | Telephone conference with Geoffrey Vitt and Bob Bancroft; prepare notes of telephone conference | 0.70 175.00/hr | 122.50 |
|  | KBK | Review hearing transcript from hearing on motion for ex parte interviews | 0.20 175.00/hr | 35.00 |
|  | KBK | Conference call with Don Schroeder, Jessica Joseph and Geoffrey Vitt regarding discovery issues | 0.40 175.00/hr | 70.00 |

**A-1085**

Misty Porter                                                                                           Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/15/2018 | KBK | Telephone conference with Geoffrey Vitt | 0.20 175.00/hr | 35.00 |
|  | GJV | Review A/C issues and research on QA privilege | 0.70 320.00/hr | 224.00 |
|  | GJV | T/c D. Schroeder and K. Kramer; t/c K. Kramer and review notes | 0.80 320.00/hr | 256.00 |
| 10/17/2018 | KBK | Email to Jessica Joseph and Don Schroeder regarding discovery | 0.10 175.00/hr | 17.50 |
|  | KBK | Meeting with Julia Korkus and Geoffrey Vitt regarding discovery | 0.50 175.00/hr | 87.50 |
|  | JK | Conf. W/ KBK and GJV re: informal interviews, matter status (GJV there for part); start informal interviews on Friday | 0.50 100.00/hr | 50.00 |
|  | JK | Review Defendants' Responses to Plaintiff's Second Requests for Documents | 0.50 100.00/hr | 50.00 |
| 10/18/2018 | KBK | Review Dartmouth-Hitchcock's response to plaintiff's second requests for documents; email to Geoffrey Vitt regarding same | 0.50 175.00/hr | 87.50 |
|  | KBK | Research quality assurance privilege under New Hampshire law | 0.50 175.00/hr | 87.50 |
|  | JK | Review KBK email re: DH document production response | 0.10 100.00/hr | 10.00 |
| 10/19/2018 | KBK | Receive and review letter from Don Schroeder regarding privilege log; Telephone conference with Geoffrey Vitt; Emails with Geoffrey Vitt regarding second set of requests to produce | 0.30 175.00/hr | 52.50 |
|  | GJV | Review documents and responses of D-H and K. Kramer email and respond | 0.30 320.00/hr | 96.00 |
| 10/22/2018 | KBK | Review revised privilege log from Jessica Joseph; email to Geoffrey Vitt regarding privilege log; draft letter to Don Schroeder regarding response to plaintiff's second set of requests to produce | 2.70 175.00/hr | 472.50 |
|  | KBK | Exchange emails with Misty Porter regarding damages | 0.20 175.00/hr | 35.00 |
| 10/23/2018 | KBK | E-mail to Misty Porter regarding damages | 0.10 175.00/hr | 17.50 |
| 10/24/2018 | KBK | Exchange emails with Misty Porter regarding damages | 0.10 175.00/hr | 17.50 |

Misty Porter                                                                                                   Page      6

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/24/2018 | GJV | T/c J. Murphy, MD and email M. Porter and K. Kramer; review M. Porter email | 0.30<br>320.00/hr | 96.00 |
| 10/25/2018 | KBK | Receive and review emails from Misty Porter and Geoffrey Vitt regarding damages | 0.10<br>175.00/hr | 17.50 |
| 10/28/2018 | GJV | Emails and damages issue | 0.20<br>320.00/hr | 64.00 |
| 10/29/2018 | KBK | Receive and review emails from Geoffrey Vitt; telephone conference with Bob Bancroft regarding damages; email to Geoffrey Vitt regarding damages | 0.40<br>175.00/hr | 70.00 |
|  | GJV | T/c Dr. Murphy and email M. Porter and K. Kramer | 0.20<br>320.00/hr | 64.00 |
| 10/30/2018 | KBK | Telephone conference with Geoffrey Vitt; email to Julia Korkus | 0.40<br>175.00/hr | 70.00 |
|  | KBK | Receive and review draft expert report from Bob Bancroft; telephone conference with Bob Bancroft; exchange messages with Misty Porter regarding draft expert report | 0.70<br>175.00/hr | 122.50 |
|  | KBK | Telephone conference with Geoffrey Vitt | 0.20<br>175.00/hr | 35.00 |
|  | JK | Receive and review Dr. Porter Draft Report from R. Bancroft | 0.30<br>100.00/hr | 30.00 |
|  | GJV | Several emails re: Dr. Bancroft report | 0.20<br>320.00/hr | 64.00 |
|  | GJV | T/c K. Kramer; conference S. Nunan re: research on QA privilege | 0.30<br>320.00/hr | 96.00 |
|  | GJV | Review Dr. Bancroft draft report and email K. Kramer | 0.40<br>320.00/hr | 128.00 |
| 10/31/2018 | KBK | Exchange emails with Misty Porter regarding expert report; telephone conference with Misty Porter regarding expert report; email to Geoffrey Vitt | 0.90<br>175.00/hr | 157.50 |
|  | KBK | Email to Misty Porter regarding quality assurance privilege; telephone conference with Bob Bancroft regarding expert report | 0.30<br>175.00/hr | 52.50 |
|  | GJV | E-mails | 0.20<br>320.00/hr | 64.00 |

For professional services rendered                                                       53.70     $11,311.50

A-1087

Misty Porter                                                                      Page     7

Additional Charges :

|  |  | Amount |
|---|---|---|
| 10/3/2018 | Electronic research charges. | 39.92 |
| 10/8/2018 | Conference Call | 6.77 |
| 10/15/2018 | Transcript Cost: Seacoast Transcription | 174.25 |
|  | Conference Call | 7.04 |
| 10/30/2018 | Economic analysis Consultation & Report - Robert L. Bancroft, Ph.D | 2,678.00 |
|  | Total costs | $2,905.98 |
|  | Total amount of this bill | $14,217.48 |
|  | Previous balance | $27,252.50 |
| 11/1/2018 | Payment - thank you. Check No. 5278 | ($8,576.50) |
|  | Total payments and adjustments | ($8,576.50) |
|  | Balance due | $32,893.48 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 19.60 | 320.00 | $6,272.00 |
| Julia Korkus | 10.60 | 100.00 | $1,060.00 |
| Katherine B. Kramer | 22.10 | 175.00 | $3,867.50 |
| Sarah Nunan | 1.40 | 80.00 | $112.00 |



## Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

December 17, 2018

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2018-13140

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/1/2018 | KBK | Research quality assurance privilege under New Hampshire law | 1.00 175.00/hr | 175.00 |
| 11/2/2018 | GJV | Review privilege log and outline the response to D-H | 0.30 320.00/hr | 96.00 |
| 11/6/2018 | GJV | Prepare for call with D. Schroeder re:  D-H objection to second requests; t/c KBK; t/c D. Schroeder, J. Joseph and KBK re:  objections | 1.10 320.00/hr | 352.00 |
| | KBK | Prepare for phone call with Don Schroeder regarding discovery dispute; telephone conference with Geoffrey Vitt; email to Don Schroeder to memorialize agreement | 1.20 175.00/hr | 210.00 |
| 11/7/2018 | SN | Caselaw research on quality assurance in NH | 1.70 80.00/hr | 136.00 |
| | SN | Conf with GJV RE research | 0.10 80.00/hr | 8.00 |
| | GJV | Research on QA privilege and email K. Kramer re:  draft email to D. Schroeder | 0.60 320.00/hr | 192.00 |
| 11/8/2018 | GJV | Review draft to J. Joseph and D. Schroeder re: QA privilege | 0.20 320.00/hr | 64.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding quality assurance privilege; email to Don Schroeder and Jessica Joseph regarding interrogatory responses; prepare response to Don Schroeder regarding quality assurance privilege; email to Don | 1.50 175.00/hr | 262.50 |

**A-1089**

Misty Porter                                                                        Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | Schroeder and Jessica Joseph regarding quality assurance privilege | | |
| 11/9/2018 | GJV | E-mail from D-H lawyer re: discovery answers | 0.10<br>320.00/hr | 32.00 |
| | KBK | Exchange emails with Jessica Joseph regarding D-H Clinic's responses to interrogatories | 0.10<br>175.00/hr | 17.50 |
| 11/13/2018 | KBK | Exchange emails with Misty Porter and Geoffrey Vitt regarding Leslie DeMars | 0.10<br>175.00/hr | 17.50 |
| 11/14/2018 | KBK | Exchange emails with Geoffrey Vitt regarding status and next steps; exchange emails with Don Schroeder regarding quality assurance privilege | 0.30<br>175.00/hr | 52.50 |
| | GJV | Email K. Kramer and review privilege issue | 0.20<br>320.00/hr | 64.00 |
| | GJV | E-mails with K. Kramer and review privilege questions | 0.40<br>320.00/hr | 128.00 |
| 11/15/2018 | GJV | Privilege issue | 0.30<br>320.00/hr | 96.00 |
| 11/16/2018 | KBK | Receive and review emails from Geoffrey Vitt and Misty Porter regarding scheduling order; receive and review Dartmouth Hitchcock Clinic's response to plaintiff's interrogatories and exchange emails with Misty Porter regarding same | 0.50<br>175.00/hr | 87.50 |
| | GJV | E-mails re. possible motion | 0.20<br>320.00/hr | 64.00 |
| 11/17/2018 | SM | Review G. Vitt emails re: status and scope of research | 0.10<br>200.00/hr | 20.00 |
| 11/19/2018 | KBK | Receive and review email from Jessica Joseph regarding quality assurance privilege; email to Geoffrey Vitt regarding same | 0.40<br>175.00/hr | 70.00 |
| 11/20/2018 | KBK | Receive and review email from Misty Porter regarding discovery | 0.10<br>175.00/hr | 17.50 |
| 11/21/2018 | GJV | Motion to compel re: Privilege Log | 1.70<br>320.00/hr | 544.00 |
| 11/24/2018 | GJV | Review Privilege Log and research on QA privilege | 1.80<br>320.00/hr | 576.00 |
| 11/25/2018 | SM | Review G. Vitt email re: categories of production withheld and applicable law | 0.20<br>200.00/hr | 40.00 |
| | GJV | Research; email M. Porter and K. Kramer and work on motion re. QA issue | 2.00<br>320.00/hr | 640.00 |

Misty Porter                                                                          Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/26/2018 | KBK | Telephone conference with Geoffrey Vitt | 0.30<br>175.00/hr | 52.50 |
| | KBK | Exchange emails with Geoffrey Vitt regarding interrogatories and quality assurance privilege | 0.40<br>175.00/hr | 70.00 |
| | JK | Review GJV email and prepare documents for review re: motion to compel and privilege log | 3.40<br>100.00/hr | 340.00 |
| | GJV | Review Privilege Log and outline motion to compel | 0.80<br>320.00/hr | 256.00 |
| | GJV | Review interrogatory answers and draft email to D. Schroeder re: incomplete and inadequate answers | 0.40<br>320.00/hr | 128.00 |
| | GJV | Review redacted documents included on the Privilege Log | 1.30<br>320.00/hr | 416.00 |
| | GJV | T/c K. Kramer and review J. Joseph email re: coordinating schedules and amendment | 0.30<br>320.00/hr | 96.00 |
| 11/27/2018 | KBK | Exchange emails with Geoffrey Vitt regarding draft correspondence to Don Schroeder and Jessica Joseph | 0.10<br>175.00/hr | 17.50 |
| | JK | Emails w/ G. Vitt on QA privilege, claims and evidence; document search and review. Update native email logs; review call questions | 4.20<br>100.00/hr | 420.00 |
| | GJV | Email K. Kramer re: draft to D. Schroeder re: D-H answers to interrogatories | 0.20<br>320.00/hr | 64.00 |
| | GJV | Review K. Kramer email and email D. Schroeder and J. Joseph re: D-H interrogatory answers | 0.20<br>320.00/hr | 64.00 |
| | GJV | Review redacted documents | 1.10<br>320.00/hr | 352.00 |
| 11/28/2018 | KBK | Receive and review email from Misty Porter regarding quality assurance documents; Exchange emails with Jessica Joseph regarding scheduling order | 0.30<br>175.00/hr | 52.50 |
| | JK | Review Porter comments, update claims chart, re: redacted QA privilege documents | 0.30<br>100.00/hr | 30.00 |
| 11/29/2018 | GJV | E-mails | 0.10<br>320.00/hr | 32.00 |
| 11/30/2018 | KBK | Telephone conference with Geoffrey Vitt in preparation for meet-and-confer; review set of redacted/privileged documents from Dartmouth-Hitchcock for preparing motion to compel | 1.10<br>175.00/hr | 192.50 |

Misty Porter                                                                                    Page    4

| | | | | | Hrs/Rate | Amount |
|---|---|---|---|---|---|---|
| 11/30/2018 | KBK | Telephone conference with Geoffrey Vitt, Don Schroeder and Jessica Joseph regarding D-H Clinic interrogatory responses | | | 0.20 175.00/hr | 35.00 |
| | GJV | T/c K. Kramer re: conference call with D. Schroeder | | | 0.10 320.00/hr | 32.00 |
| | GJV | Conference call with K. Kramer, D. Schroeder, and J. Joseph | | | 0.40 320.00/hr | 128.00 |

For professional services rendered                                              31.40        $6,740.00

Additional Charges :

11/7/2018  Electronic research charges.                                                          502.67

11/26/2018  Electronic research charges.                                                          55.52

Total costs                                                                                  $558.19

Total amount of this bill                                                                    $7,298.19

Previous balance                                                                            $32,893.48

11/14/2018  Payment - thank you. Check No. 5283                                              ($12,717.48)

Total payments and adjustments                                                              ($12,717.48)

Balance due                                                                                  $27,474.19

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 13.80 | 320.00 | $4,416.00 |
| Julia Korkus | 7.90 | 100.00 | $790.00 |
| Katherine B. Kramer | 7.60 | 175.00 | $1,330.00 |
| Sarah Nunan | 1.80 | 80.00 | $144.00 |
| Sarah Merlo | 0.30 | 200.00 | $60.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

January 10, 2019

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2018-13189

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/2/2018 | SM | Research NH law re: QA privilege; review Knapik decision | 1.80 200.00/hr | 360.00 |
| 12/3/2018 | GJV | Review Amended Complaint and email S. Merlo re:  research issue | 0.20 320.00/hr | 64.00 |
|  | SM | Emails with G. Vitt re: preliminary thoughts on applicable privilege law | 0.20 200.00/hr | 40.00 |
| 12/4/2018 | KBK | Review proposed scheduling order from Jessica Joseph; email to Jessica Joseph regarding same | 0.10 175.00/hr | 17.50 |
|  | GJV | Work on motion to compel | 1.80 320.00/hr | 576.00 |
| 12/5/2018 | KBK | Exchange emails with Geoffrey Vitt regarding quality assurance privilege and attorney-client privilege issues | 0.30 175.00/hr | 52.50 |
|  | GJV | Motion to compel and review produced documents | 1.80 320.00/hr | 576.00 |
|  | JK | Review email from G. Vitt and preparation for informal interviews | 1.60 100.00/hr | 160.00 |
| 12/6/2018 | KBK | Receive and review motion to amend discovery schedule | 0.10 175.00/hr | 17.50 |

**A-1093**

Misty Porter                                                                                          Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/6/2018 | GJV | Motion to compel and review documents produced | 0.90<br>320.00/hr | 288.00 |
| | JK | Receive and review new discovery schedule | 0.20<br>100.00/hr | 20.00 |
| 12/7/2018 | KBK | Exchange emails with Misty Porter regarding departure of Leslie DeMars from DHMC; Exchange emails with Jessica Joseph regarding document production | 0.20<br>175.00/hr | 35.00 |
| | JK | Emails/DH notice re: DeMars departure from DHMC | 0.20<br>100.00/hr | 20.00 |
| 12/8/2018 | GJV | Motion to compel research and drafting | 1.80<br>320.00/hr | 576.00 |
| | SM | E-mails with G. Vitt re: state versus federal privilege laws | 0.10<br>200.00/hr | 20.00 |
| | SM | Research re: QA privilege and choice/conflict of laws | 3.00<br>200.00/hr | 600.00 |
| | JK | Emails w/ G. Vitt re: interviews | 0.10<br>100.00/hr | 10.00 |
| 12/9/2018 | GJV | Motion to Compel | 0.40<br>320.00/hr | 128.00 |
| 12/10/2018 | SM | Research re: QA privilege | 5.00<br>200.00/hr | 1,000.00 |
| | JK | Review documents for employee selection and lay-off discussions | 2.60<br>100.00/hr | 260.00 |
| 12/11/2018 | KBK | Exchange emails with Misty Porter regarding grant update and funding issues; email to Bob Bancroft with update on grant funding; review email from Geoffrey Vitt regarding quality assurance privilege and other issues; review memorandum from Sarah Merlo on quality assurance privilege; email to Geoffrey Vitt regarding same; email to Sarah Merlo regarding quality assurance privilege | 0.80<br>175.00/hr | 140.00 |
| | GJV | E-mails | 0.20<br>320.00/hr | 64.00 |
| | GJV | Emails with M. Porter; review S. Merlo memorandum on law applicable and email K. Kramer | 1.20<br>320.00/hr | 384.00 |
| | GJV | Several emails with K. Kramer | 0.30<br>320.00/hr | 96.00 |
| | SM | Draft memorandum re: privilege; email to G. Vitt | 1.50<br>200.00/hr | 300.00 |

Misty Porter                                                                                    Page     3

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/12/2018 | KBK | Review emails and research regarding quality assurance privilege for preparing motion to compel; two telephone conferences with Geoffrey Vitt | 0.80 175.00/hr | 140.00 |
| | GJV | T/c K. Kramer | 0.20 320.00/hr | 64.00 |
| | GJV | T/c K. Kramer | 0.30 320.00/hr | 96.00 |
| 12/13/2018 | GJV | Research | 0.20 320.00/hr | 64.00 |
| | SM | E-mails with K. Kramer re: impact of Knapik on federal privilege argument | 0.30 200.00/hr | 60.00 |
| 12/14/2018 | KBK | Meeting with Geoffrey Vitt regarding motion to compel and other issues | 0.20 175.00/hr | 35.00 |
| | GJV | Motion to compel and research on privilege issues | 1.30 320.00/hr | 416.00 |
| 12/15/2018 | GJV | Motion to compel | 2.20 320.00/hr | 704.00 |
| 12/16/2018 | GJV | Motion to compel | 1.80 320.00/hr | 576.00 |
| 12/17/2018 | KBK | Exchange emails with Geoffrey Vitt regarding DHMC's expert report | 0.10 175.00/hr | 17.50 |
| | GJV | Motion to compel and research re: privilege | 0.80 320.00/hr | 256.00 |
| | SM | E-mails with G. Vitt re: 2d Circuit case law re: burden | 0.10 200.00/hr | 20.00 |
| | SM | Research re: burden and QA privilege | 0.40 200.00/hr | 80.00 |
| 12/18/2018 | KBK | Email to Jessica Joseph and Don Schroeder regarding defendant's expert report and document production status; draft section of motion to compel regarding quality assurance privilege; exchange emails with Geoffrey Vitt regarding motion to compel | 0.30 175.00/hr | 52.50 |
| | SM | Research re: burden and QA privilege | 0.30 200.00/hr | 60.00 |
| | SM | E-mails with G. Vitt re: burden in the 2d Cir | 0.10 200.00/hr | 20.00 |

Misty Porter                                                                      Page     4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/18/2018 | GJV | Work on motion to compel | 0.80 320.00/hr | 256.00 |
| 12/19/2018 | KBK | Briefly review motion to compel from Geoffrey Vitt; exchange emails with Geoffrey Vitt; exchange emails with Jessica Joseph regarding expert report and discovery issues | 0.20 175.00/hr | 35.00 |
| 12/20/2018 | KBK | Draft motion to compel as to privileged documents; telephone conference with Geoffrey Vitt regarding motion to compel | 6.90 175.00/hr | 1,207.50 |
|  | GJV | Outline for motion | 0.20 320.00/hr | 64.00 |
|  | GJV | T/c K. Kramer re: motion | 0.20 320.00/hr | 64.00 |
|  | GJV | Work on motion to compel | 0.20 320.00/hr | 64.00 |
| 12/21/2018 | KBK | Revise and finalize motion to compel as to QA and attorney-client privileged documents | 1.10 175.00/hr | 192.50 |
|  | GJV | Motion to Compel | 1.00 320.00/hr | 320.00 |
| 12/28/2018 | KBK | Exchange emails with Jessica Joseph and Geoffrey Vitt regarding extension of response time for motion to compel | 0.10 175.00/hr | 17.50 |

|  |  |  |
|---|---|---|
| For professional services rendered | 46.50 | $10,686.00 |

Additional Charges :

| 12/8/2018 | Electronic research charges. | 413.28 |
|---|---|---|
| 12/10/2018 | Electronic research charges. | 213.98 |
| 12/11/2018 | Electronic research charges. | 56.52 |
| 12/17/2018 | Electronic research charges. | 63.50 |
| 12/18/2018 | Electronic research charges. | 66.98 |

| Total costs | $814.26 |
|---|---|

| Total amount of this bill | $11,500.26 |
|---|---|
| Previous balance | $27,474.19 |
| 12/27/2018 Payment - thank you. Check No. 5300 | ($5,740.00) |

Misty Porter

Page     5

| | Amount |
|---|---|
| Total payments and adjustments | ($5,740.00) |
| Balance due | $33,234.45 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 17.80 | 320.00 | $5,696.00 |
| Julia Korkus | 4.70 | 100.00 | $470.00 |
| Katherine B. Kramer | 11.20 | 175.00 | $1,960.00 |
| Sarah Merlo | 12.80 | 200.00 | $2,560.00 |



## Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

February 11, 2019

In Reference To:    Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2019-13259

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/1/2019 | GJV | Motion to compel | 0.80 320.00/hr | 256.00 |
| 1/2/2019 | GJV | E-mails with K. Kramer re:  motion to compel and revise second motion to compel and review draft of GJV affidavit | 1.20 320.00/hr | 384.00 |
|  | GJV | E-mails and research | 0.20 320.00/hr | 64.00 |
|  | GJV | Several emails and prepare motion to compel and affidavit | 0.90 320.00/hr | 288.00 |
|  | KBK | Receive and review stipulated motion for extension of time for DHMC to file response to motion to compel; exchange emails with Geoffrey Vitt regarding motion to compel; draft Rule 26(c)(3) affidavit; exchange emails with Geoffrey Vitt regarding motion to compel interrogatory responses; research regarding DHMC's objection to interrogatory responses | 2.90 175.00/hr | 507.50 |
| 1/3/2019 | GJV | Review K. Kramer emails re:  case authority and revise motion to dismiss | 1.00 320.00/hr | 320.00 |
|  | GJV | Motion to compel | 0.90 320.00/hr | 288.00 |
|  | GJV | E-mails | 0.20 320.00/hr | 64.00 |

Misty Porter                                                                      Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/3/2019 | GJV | Revise motion | 0.10 320.00/hr | 32.00 |
|  | KBK | Review and revise motion to compel interrogatory response; exchange emails with Geoffrey Vitt regarding motion | 1.10 175.00/hr | 192.50 |
| 1/4/2019 | JK | Email w/ K. Burghardt Kramer | 0.10 100.00/hr | 10.00 |
|  | GJV | Review motion to compel | 0.20 320.00/hr | 64.00 |
|  | KBK | Exchange emails with Liz Bower and Geoffrey Vitt regarding motion to compel interrogatory response; receive and review filed version of motion to compel interrogatory responses; receive and review email from Jessica Joseph regarding document production; exchange emails with Jessica Joseph regarding same | 0.30 175.00/hr | 52.50 |
| 1/7/2019 | KBK | Receive and review email from Jessica Joseph regarding motion to compel interrogatory response; receive and review email from Jessica Joseph with document production; download final batch of documents from DHMC | 0.20 175.00/hr | 35.00 |
| 1/8/2019 | JK | Receive production files from Defense; research. | 1.30 100.00/hr | 130.00 |
| 1/9/2019 | JK | Email w/ K. Burghardt Kramer and conf. w/ S. Nunan on production | 0.20 100.00/hr | 20.00 |
|  | GJV | E-mail to K. Kramer re: discovery deadline and problems with D-H production | 0.30 320.00/hr | 96.00 |
|  | KBK | Exchange emails with Julia Korkus regarding document production | 0.10 175.00/hr | 17.50 |
| 1/10/2019 | JK | Email w/ K. Burghardt Kramer | 0.10 100.00/hr | 10.00 |
| 1/11/2019 | KBK | Call Julia Korkus and leave message; telephone conference with Geoffrey Vitt regarding discovery | 0.10 175.00/hr | 17.50 |
|  | GJV | T/c K. Kramer re: motion, discovery, deadlines | 0.30 320.00/hr | 96.00 |
| 1/14/2019 | KBK | Receive and briefly review DHMC's opposition to motion to compel QA discovery responses | 0.10 175.00/hr | 17.50 |
| 1/15/2019 | KBK | Review DHMC's response to plaintiff's motion to compel QA documents; draft reply brief | 3.00 175.00/hr | 525.00 |
| 1/22/2019 | JK | Phone conf. W/ KBK re: claims, witnesses, and planning; meeting notes and research | 1.70 100.00/hr | 170.00 |

Misty Porter                                                                                        Page      3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/22/2019 | JK | Combining and reviewing ninth production | 3.50 100.00/hr | 350.00 |
|  | KBK | Telephone conference with Julia Korkus regarding strategy and discovery issues | 1.30 175.00/hr | 227.50 |
| 1/23/2019 | JK | Combining production files for review | 0.80 100.00/hr | 80.00 |
| 1/24/2019 | JK | Combining production files for review | 0.50 100.00/hr | 50.00 |
|  | GJV | Motion to compel | 0.30 320.00/hr | 96.00 |
| 1/25/2019 | JK | Combining production files; review ninth production | 2.70 100.00/hr | 270.00 |
|  | SM | Review G. Vitt email re: reply brief and D-H position re: controlling law | 0.10 200.00/hr | 20.00 |
|  | KBK | Exchange emails with Misty Porter; telephone conference with Geoffrey Vitt | 0.40 175.00/hr | 70.00 |
|  | GJV | Review draft motion | 0.30 320.00/hr | 96.00 |
|  | GJV | Review draft reply brief and t/c K. Kramer re: motion to compel on privilege | 0.70 320.00/hr | 224.00 |
| 1/26/2019 | KBK | Revise reply brief; exchange emails with Misty Porter | 0.20 175.00/hr | 35.00 |
| 1/27/2019 | SM | Review D-H opposition to motion to compel and draft reply | 1.00 200.00/hr | 200.00 |
|  | SM | Research re: controlling law | 1.10 200.00/hr | 220.00 |
|  | SM | E-mail to G. Vitt with comments on draft reply | 0.50 200.00/hr | 100.00 |
|  | GJV | Review reply memorandum | 0.30 320.00/hr | 96.00 |
| 1/28/2019 | JK | Review ninth production from Defense | 2.20 100.00/hr | 220.00 |
|  | KBK | Review DHMC's response to motion to compel interrogatory responses; draft reply brief; exchange emails with Liz Bower regarding filing of reply in support of motion to compel QA documents | 0.40 175.00/hr | 70.00 |

**A-1100**

Misty Porter                                                                                Page      4

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 1/28/2019  GJV     Review draft reply memorandum |  | 0.10 320.00/hr | 32.00 |
| For professional services rendered |  | 33.70 | $6,113.50 |
| Additional Charges : |  |  |  |
| 1/27/2019  Electronic research charges. |  |  | 127.04 |
| Total costs |  |  | $127.04 |
| Total amount of this bill |  |  | $6,240.54 |
| Previous balance |  |  | $33,234.45 |
| 1/17/2019  Payment - thank you. Check No. 5237 |  |  | ($9,000.00) |
| Total payments and adjustments |  |  | ($9,000.00) |
| Balance due |  |  | $30,474.99 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 7.80 | 320.00 | $2,496.00 |
| Julia Korkus | 13.10 | 100.00 | $1,310.00 |
| Katherine B. Kramer | 10.10 | 175.00 | $1,767.50 |
| Sarah Merlo | 2.70 | 200.00 | $540.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

March 06, 2019

In Reference To:    Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2019-13331

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/4/2019 | KBK | Email to Geoffrey Vitt regarding motion to compel interrogatory response | 0.10 175.00/hr | 17.50 |
| 2/5/2019 | KBK | Draft reply to motion to compel interrogatory response; email draft brief to Geoffrey Vitt and Julia Korkus | 1.70 175.00/hr | 297.50 |
| 2/7/2019 | GJV | Review draft reply memorandum and email K. Kramer with comments | 0.30 320.00/hr | 96.00 |
| | KBK | Exchange emails with Misty Porter; revise reply brief in support of motion to compel; exchange emails with Geoffrey Vitt regarding reply brief | 0.40 175.00/hr | 70.00 |
| 2/8/2019 | GJV | Review revised reply memorandum | 0.30 320.00/hr | 96.00 |
| | GJV | T/c K. Kramer re:  reply memorandum | 0.20 320.00/hr | 64.00 |
| | KBK | Review discovery deadlines; telephone conference with Geoffrey Vitt regarding deadlines; email to Jessica Joseph regarding deadlines | 0.20 175.00/hr | 35.00 |
| 2/20/2019 | KBK | Exchange emails with Geoffrey Vitt regarding motions to compel and other discovery issues | 0.30 175.00/hr | 52.50 |
| | GJV | Several emails re:  subpoena, motion and discovery schedule | 0.20 320.00/hr | 64.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700  ~  Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

**A-1102**

Misty Porter

Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/21/2019 | KBK | Email to court clerk regarding oral argument on motions to compel | 0.10<br>175.00/hr | 17.50 |
| | JK | Review email from G. Vitt and subpoenas on Hsu and Seifer; provide comment. | 0.30<br>100.00/hr | 30.00 |
| | GJV | E-mails | 0.10<br>320.00/hr | 32.00 |
| | GJV | Subpoena for Hsu and Seifer | 0.50<br>320.00/hr | 160.00 |
| 2/25/2019 | KBK | Exchange emails with court clerk, Jessica Joseph, and Geoffrey Vitt regarding hearing dates on motions to compel | 0.30<br>175.00/hr | 52.50 |
| | GJV | Multiple emails with J Joseph, K. Kramer and clerk | 0.20<br>320.00/hr | 64.00 |
| | GJV | Numerous emails with opposing counsel and clerk re: argument | 0.20<br>320.00/hr | 64.00 |
| 2/26/2019 | GJV | Receive and review email from Jessica Joseph regarding hearing dates; email to court clerk and attorneys regarding hearing dates; email Misty Porter with update on motions to compel | 0.30<br>320.00/hr | 96.00 |
| | KBK | Telephone conference with Misty Porter regarding status and next steps | 0.20<br>175.00/hr | 35.00 |
| | GJV | Several emails and T.c K. Kramer re: argument issues | 0.20<br>320.00/hr | 64.00 |
| | GJV | E-mails | 0.10<br>320.00/hr | 32.00 |
| 2/28/2019 | KBK | Receive and review email from court clerk regarding timing of ruling on motions to compel; email to Misty Porter and Geoffrey Vitt regarding same; receive and review email from Geoffrey Vitt regarding ruling | 0.10<br>175.00/hr | 17.50 |
| | GJV | Several emails with K. Kramer and clerk of court | 0.20<br>320.00/hr | 64.00 |

| | | | | |
|---|---|---|---|---|
| For professional services rendered | | | 6.50 | $1,521.00 |
| Previous balance | | | | $30,474.99 |
| 2/20/2019 Payment - thank you. Check No. 5250 | | | | ($6,240.54) |
| Total payments and adjustments | | | | ($6,240.54) |

A-1103

Misty Porter                                                                  Page    3

                                                                                  Amount

                            Balance due                                        $25,755.45

                              Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 2.80 | 320.00 | $896.00 |
| Julia Korkus | 0.30 | 100.00 | $30.00 |
| Katherine B. Kramer | 3.40 | 175.00 | $595.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

April 10, 2019

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2019-13357

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/1/2019 | JK | Review ninth production discovery documents from D-H. | 3.20 100.00/hr | 320.00 |
| 3/4/2019 | JK | Review discovery documents from D-H: ninth production. | 3.70 100.00/hr | 370.00 |
| 3/5/2019 | JK | Review discovery documents from D-H: ninth production. | 3.80 100.00/hr | 380.00 |
| 3/7/2019 | JK | Review discovery documents from D-H: ninth production. | 4.10 100.00/hr | 410.00 |
| 3/8/2019 | JK | Review discovery documents from D-H: ninth production. | 3.50 100.00/hr | 350.00 |
| 3/11/2019 | KBK | Receive and review court decision granting motions to compel; email to Misty Porter with decision and analysis; telephone conference with Geoffrey Vitt regarding decision; receive and review email from Misty Porter regarding decision | 0.60 175.00/hr | 105.00 |
| | JK | Review discovery documents from D-H: ninth production. | 4.00 100.00/hr | 400.00 |
| | GJV | Review decision and email K. Kramer and M. B. Porter | 0.30 320.00/hr | 96.00 |

A-1105

Misty Porter                                                                      Page    2

|            |     |                                                                                                                                                                                                                              | Hrs/Rate          | Amount    |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|-----------|
| 3/11/2019  | GJV | T/c K. Kramer                                                                                                                                                                                                                                | 0.10<br>320.00/hr | 32.00     |
| 3/12/2019  | KBK | Exchange emails with Jessica Joseph regarding discovery schedule; meeting with Geoffrey Vitt regarding discovery schedule                                                                                                                    | 0.30<br>175.00/hr | 52.50     |
|            | JK  | Review discovery documents from D-H: ninth production.                                                                                                                                                                                       | 3.80<br>100.00/hr | 380.00    |
|            | GJV | Review discovery issue                                                                                                                                                                                                                       | 0.10<br>320.00/hr | 32.00     |
|            | GJV | Review motions to compel and proposed dates for revised Discovery Plan including ENE and email M. B. Porter                                                                                                                                  | 0.50<br>320.00/hr | 160.00    |
| 3/13/2019  | JK  | Review discovery documents from D-H: ninth production.                                                                                                                                                                                       | 4.00<br>100.00/hr | 400.00    |
|            | GJV | E-mail M. B. Porter and email S. Nunan and J. Korkus re: documents to be produced                                                                                                                                                            | 0.30<br>320.00/hr | 96.00     |
|            | GJV | E-mails                                                                                                                                                                                                                                      | 0.20<br>320.00/hr | 64.00     |
| 3/14/2019  | JK  | Review discovery documents from D-H: ninth production.                                                                                                                                                                                       | 4.30<br>100.00/hr | 430.00    |
| 3/16/2019  | GJV | Outline for meeting on Monday re: witnesses and depositions                                                                                                                                                                                  | 0.80<br>320.00/hr | 256.00    |
| 3/17/2019  | GJV | Outline for deposition preparation and witness interviews                                                                                                                                                                                    | 2.70<br>320.00/hr | 864.00    |
|            | GJV | Review timelines and deposition issues                                                                                                                                                                                                       | 0.40<br>320.00/hr | 128.00    |
| 3/18/2019  | KBK | Email to Geoffrey Vitt and Julia Korkus regarding discovery meeting; receive and review email from Misty Porter regarding deposition dates; email to Jessica Joseph and Don Schroeder regarding discovery schedule and deposition dates for Misty Porter | 1.00<br>175.00/hr | 175.00    |
|            | KBK | Travel to Norwich for team meeting regarding discovery                                                                                                                                                                                       | 1.50<br>175.00/hr | 262.50    |
|            | KBK | Travel from Norwich                                                                                                                                                                                                                          | 1.50<br>175.00/hr | NO CHARGE |
|            | KBK | Team meeting with Geoffrey Vitt, Julia Korkus and Sarah Nunan regarding discovery plan                                                                                                                                                       | 1.40<br>175.00/hr | 245.00    |

Misty Porter                                                                                              Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/18/2019 KBK | Email to Misty Porter regarding discovery and next steps; email to Don Schroeder and Jessica Joseph regarding depositions and dates | | 0.40 175.00/hr | 70.00 |
| | SN | Conf with GJV RE preparing for upcoming discovery | 0.40 80.00/hr | 32.00 |
| | SN | Preparing documents for meeting with KBK, GJV and JK | 0.30 80.00/hr | 24.00 |
| | SN | Meeting with GJV, KBK, and JK RE proceeding with discovery plan | 2.20 80.00/hr | 176.00 |
| | JK | Prepare and conference w/ G. Vitt, K.B. Kramer, S.Nunan discovery status and deposition planning. | 2.70 100.00/hr | 270.00 |
| | JK | Review Production No. 9 documents | 2.10 100.00/hr | 210.00 |
| | GJV | Outline for meeting | 0.30 320.00/hr | 96.00 |
| | GJV | Conference with K. Kramer, J. Korkus, and S. Nunan | 2.20 320.00/hr | 704.00 |
| 3/19/2019 JK | Upload ninth production to Sharefile - sync sharefile and worldox for all production; update production log. | | 1.60 100.00/hr | 160.00 |
| | JK | Review discovery documents from D-H: ninth production. | 2.70 100.00/hr | 270.00 |
| 3/20/2019 JK | Review discovery documents from D-H: ninth production. | | 3.80 100.00/hr | 380.00 |
| 3/21/2019 KBK | Exchange emails with Jessica Joseph regarding deposition dates | | 0.10 175.00/hr | 17.50 |
| | KBK | Create chart of claims | 1.60 175.00/hr | 280.00 |
| | JK | Review discovery documents from D-H: ninth production. | 4.20 100.00/hr | 420.00 |
| 3/22/2019 KBK | Draft chart of claims and elements | | 3.50 175.00/hr | 612.50 |
| | KBK | Receive and review email from Jessica Joseph regarding discovery dates; telephone conference with Geoffrey Vitt; email to Jessica Joseph regarding discovery dates; email to Misty Porter regarding deposition date; telephone conference with Misty Porter; telephone conference with Geoffrey Vitt; exchange emails with Don Schroeder regarding discovery schedule | 1.00 175.00/hr | 175.00 |

Misty Porter                                                                                          Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/22/2019 | GJV | E-mails and t/c K. Kramer | 0.20<br>320.00/hr | 64.00 |
|  | JK | Review discovery documents from D-H: ninth production. | 3.40<br>100.00/hr | 340.00 |
| 3/24/2019 | GJV | Draft subpoenas to Dr. Seifer and Dr. Hsu | 0.50<br>320.00/hr | 160.00 |
| 3/25/2019 | KBK | Exchange emails with Don Schroeder regarding discovery schedule | 0.20<br>175.00/hr | 35.00 |
|  | KBK | Prepare chart of claims; prepare disability timeline; email to Don Schroeder and Jessica Joseph regarding interrogatory responses | 2.90<br>175.00/hr | 507.50 |
|  | GJV | Review subpoena specifications for Seifer and Hsu | 0.80<br>320.00/hr | 256.00 |
| 3/26/2019 | KBK | Receive and review email from Don Schroeder regarding discovery schedule; email to Misty Porter regarding Ira Bernstein; email to Don Schroeder regarding discovery schedule | 0.60<br>175.00/hr | 105.00 |
|  | KBK | Exchange emails with Misty Porter regarding additional witnesses; telephone conference with Geoffrey Vitt regarding discovery | 0.40<br>175.00/hr | 70.00 |
|  | KBK | Review and revise subpoena drafts from Geoffrey Vitt; review DHMC's answer to interrogatory #8 from Plaintiff's Second Set of Interrogatories and exchange emails with Misty Porter regarding same | 1.20<br>175.00/hr | 210.00 |
|  | GJV | E-mails | 0.20<br>320.00/hr | 64.00 |
|  | GJV | E-mails with K. Kramer | 0.10<br>320.00/hr | 32.00 |
|  | GJV | T/c K. Kramer | 0.10<br>320.00/hr | 32.00 |
|  | GJV | Review letter, answers and t/c K. Kramer | 0.20<br>320.00/hr | 64.00 |
|  | GJV | E-mails | 0.20<br>320.00/hr | 64.00 |
| 3/27/2019 | KBK | Review production of quality assurance documents from DHMC; review correspondence from DHMC to Judge Crawford regarding attorney-client documents; telephone conference with Geoffrey Vitt regarding discovery; review quality assurance documents | 2.80<br>175.00/hr | 490.00 |

Misty Porter
Page    5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/27/2019 | KBK | Review draft subpoenas of Albert Hsu and David Seifer; draft motion for attorney's fees pursuant to Rule 37 in relation to motion to compel; telephone conference with Natasha Sen; email to Geoffrey Vitt and Julia Korkus regarding notes from telephone conference with Natasha Sen | 2.50 175.00/hr | 437.50 |
| | KBK | Draft motion for attorney's fees; exchange emails with Geoffrey Vitt regarding discovery | 1.80 175.00/hr | 315.00 |
| | KBK | Exchange multiple emails with Geoffrey Vitt regarding discovery; email to Jessica Joseph and Don Schroeder regarding deposition dates; email to Misty Porter regarding witnesses for depositions | 0.70 175.00/hr | 122.50 |
| | JK | Receive and review emails from G. Vitt and K. B. Kramer on D-H production of QA documents and witness preparation | 0.50 100.00/hr | 50.00 |
| | GJV | Review subpoenas to Seifer and Hsu | 0.50 320.00/hr | 160.00 |
| | GJV | T/c K. Kramer re: QA documents | 0.10 320.00/hr | 32.00 |
| | GJV | Review several QA documents from defendants | 0.30 320.00/hr | 96.00 |
| | GJV | K. Kramer e-mail and attachments | 0.20 320.00/hr | 64.00 |
| | GJV | Review subpoena | 0.20 320.00/hr | 64.00 |
| | GJV | Review QA documents | 0.20 320.00/hr | 64.00 |
| | GJV | Review multiple emails re: QA documents and subpoena | 0.40 320.00/hr | 128.00 |
| 3/28/2019 | KBK | E-mail to Geoffrey Vitt regarding depositions | 0.20 175.00/hr | 35.00 |
| | KBK | Review additional quality assurance documents produced by DHMC; exchange emails with Jessica Joseph and others regarding discovery issues; draft email to Don Schroeder and Jessica Joseph regarding interrogatories; review additional quality assurance documents; exchange emails with Jessica Joseph regarding document production | 1.50 175.00/hr | 262.50 |
| | KBK | Draft motion for attorney's fees; send quality assurance documents to Liz Bower | 2.00 175.00/hr | 350.00 |
| | PGL | Review draft motion | 0.20 200.00/hr | 40.00 |

A-1109

Misty Porter                                                                                        Page     6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/28/2019 | GJV | E-mails with K. Kramer | 0.20<br>320.00/hr | 64.00 |
| | GJV | Review QA documents from defendants and emails with K. Kramer | 1.10<br>320.00/hr | 352.00 |
| 3/29/2019 | KBK | Exchange emails with Geoffrey Vitt regarding discovery and additional interrogatories; review additional quality assurance documents | 1.60<br>175.00/hr | 280.00 |
| | KBK | Receive and review deposition notice for Misty Porter; exchange emails with Geoffrey Vitt; email to Don Schroeder regarding deposition of Misty Porter; email to Don Schroeder and Jessica Joseph regarding interrogatories | 0.60<br>175.00/hr | 105.00 |
| | PGL | Review draft motion and conference with Mr. Vitt regarding same | 0.30<br>200.00/hr | 60.00 |
| | JK | Review emails from G. Vitt and K.B. Kramer w/ documents from latest production - tenth. | 0.40<br>100.00/hr | 40.00 |
| | JK | Email w/from K. B. Kramer about visit, meeting and QA production | 0.20<br>100.00/hr | 20.00 |
| | GJV | Review issues w/ D-H production and draft supplemental interrogatory to D-H; email K. Kramer re: proposed discovery | 0.60<br>320.00/hr | 192.00 |
| | GJV | E-mail M. B. Porter and emails with K. Kramer and revise interrogatory | 0.30<br>320.00/hr | 96.00 |
| | GJV | Review draft motion and edit; conf. P. Lilienthal | 0.30<br>320.00/hr | 96.00 |
| | GJV | Several email and edit motion | 0.30<br>320.00/hr | 96.00 |
| | GJV | Review emails with D. Schroeder and J. Joseph; email D. Schroeder and review responses to requests and interrogatories | 0.30<br>320.00/hr | 96.00 |

| | | |
|---|---|---|
| For professional services rendered | 106.50 | $16,116.00 |
| Previous balance | | $25,755.45 |
| 3/12/2019  Payment - thank you. Check No. 5308 | | ($1,521.00) |
| Total payments and adjustments | | ($1,521.00) |
| Balance due | | $40,350.45 |

Misty Porter                                                                                    Page    7

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 15.20 | 320.00 | $4,864.00 |
| Julia Korkus | 56.00 | 100.00 | $5,600.00 |
| Katherine B. Kramer | 30.40 | 175.00 | $5,320.00 |
| Phillipa G. Lilienthal | 0.50 | 200.00 | $100.00 |
| Sarah Nunan | 2.90 | 80.00 | $232.00 |



Vitt & Associates
. LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

May 14, 2019

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2019-13506

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/2/2019 | KBK | Exchange emails with Geoffrey Vitt regarding next steps; telephone conference with Geoffrey Vitt regarding next steps; revise and finalize motion for attorney's fees based on motion to compel interrogatory response; email to Don Schroeder and Jessica Joseph regarding discovery disputes; email to Geoffrey Vitt regarding discovery; receive and review order from court regarding attorney-client privileged documents | 1.40 175.00/hr | 245.00 |
|  | GJV | Review supplemental requests re:  QA | 0.20 320.00/hr | 64.00 |
|  | GJV | Review emails re:  interrogatory answers and email K. Kramer | 0.20 320.00/hr | 64.00 |
|  | JK | Receive and review email from G. Vitt on QA documents; review QA document production and privilege log; risk management. | 1.50 100.00/hr | 150.00 |
|  | GJV | Telephone conference with K. Kramer re:  next steps | 0.10 320.00/hr | 32.00 |
| 4/3/2019 | SN | Reviewing emails | 0.20 80.00/hr | 16.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding discovery; exchange emails with Don Schroeder regarding discovery meet-and-confer | 0.30 175.00/hr | 52.50 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700  ~  Fax 802-649-1692
PO Box 349, Hanover, NH 03755   603-640-6173  www.vittandassociates.com

Misty Porter                                                                                      Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/3/2019 | GJV | E-mails with K. Kramer and review D. Schroeder letter | 0.20 320.00/hr | 64.00 |
| 4/4/2019 | SN | Reviewed QA docs and privilege log | 0.40 80.00/hr | 32.00 |
|  | SN | Meeting with GJV, KBK, JK RE plan for deposition prep and document review | 2.00 80.00/hr | 160.00 |
|  | SN | Preparing document for Misty Deposition and email to JK, GJV & KBK | 0.50 80.00/hr | 40.00 |
|  | KBK | Meeting with Geoffrey Vitt; prepare for telephone conference with Don Schroeder and Jessica Joseph | 0.30 175.00/hr | 52.50 |
|  | KBK | Review drafts of additional discovery requests; email to Geoffrey Vitt regarding interrogatories; telephone conference with Don Schroeder and Jessica Joseph | 1.10 175.00/hr | 192.50 |
|  | KBK | Strategy meeting with Geoffrey Vitt, Sarah Nunan and Julia Korkus regarding discovery | 2.10 175.00/hr | 367.50 |
|  | GJV | Conference K. Kramer and conf. S. Nunan | 0.20 320.00/hr | 64.00 |
|  | GJV | T/c D. Schroeder and K. Kramer | 0.90 320.00/hr | 288.00 |
|  | GJV | Review documents produced recently by D-H | 2.30 320.00/hr | 736.00 |
|  | JK | Conf. w/ K.B. Kramer, G Vitt, S. Nunan re: discovery planning | 2.10 100.00/hr | 210.00 |
|  | JK | Deposition preparation, document review of skills & standard topics; review deposition outline and previously marked set of key documents | 3.50 100.00/hr | 350.00 |
|  | JK | Conf. and emails w/ S. Nunan re: privilege logs and defendants production. | 0.20 100.00/hr | 20.00 |
| 4/5/2019 | KBK | Receive and review served third set of interrogatories and requests to produce to Dartmouth-Hitchcock; email to Don Schroeder regarding scheduling order; email to Geoffrey Vitt regarding depositions; exchange emails with Misty Porter regarding deposition | 0.50 175.00/hr | 87.50 |
|  | GJV | Review Misty's deposition outline | 0.10 320.00/hr | 32.00 |
|  | JK | Emails w/ J. Joseph re: tenth production files. | 0.20 100.00/hr | 20.00 |

Misty Porter                                                                        Page    3

| Date | | Description | Hrs/Rate | Amount |
|------|------|-------------|----------|--------|
| 4/5/2019 | JK | Review tenth production native files and reproduction. | 2.60 100.00/hr | 260.00 |
| | JK | Receive and review third set of interrogatories and requests for documents to defendants. | 0.30 100.00/hr | 30.00 |
| | JK | Prepare updated native file searchable log and update log of production. | 2.40 100.00/hr | 240.00 |
| 4/6/2019 | SN | Reviewing QA docs | 1.80 80.00/hr | 144.00 |
| 4/7/2019 | SN | Reviewing QA docs | 1.10 80.00/hr | 88.00 |
| | SN | Reviewed KBK's claim charts and made notes; QA Document review | 1.00 80.00/hr | 80.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding deposition schedules | 0.10 175.00/hr | 17.50 |
| | KBK | Draft claim chart | 1.30 175.00/hr | 227.50 |
| | GJV | Review K. Kramer email and chart and email K. Kramer | 0.20 320.00/hr | 64.00 |
| 4/8/2019 | GJV | Outline for meeting with witnesses | 0.30 320.00/hr | 96.00 |
| | SN | Porter reviewing QA documents; conf. with GJV RE QA docs | 1.40 80.00/hr | 112.00 |
| | KBK | Exchange emails with Jessica Joseph regarding amendment to scheduling order | 0.20 175.00/hr | 35.00 |
| | GJV | E-mails | 0.20 320.00/hr | 64.00 |
| | GJV | Review QA documents and review with S. Nunan the Privilege Log and determine documents not produced | 0.50 320.00/hr | 160.00 |
| | JK | Review claim chart from K.B. Kramer and document deposition preparation | 3.50 100.00/hr | 350.00 |
| | JK | Revise native file searchable log and log of production. | 1.30 100.00/hr | 130.00 |
| 4/9/2019 | SN | Drafting letter to Schroeder based on QA analysis | 0.50 80.00/hr | 40.00 |

Misty Porter                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/9/2019 | SN | Reviewed facts with GJV and revised letter; reviewed production documents and communications with JK; conf with GJV on more revisions; sent letter to Schroeder | 1.30 80.00/hr | 104.00 |
|  | KBK | Receive and review letter from Geoffrey Vitt to Don Schroeder regarding quality assurance documents and privilege log | 0.10 175.00/hr | 17.50 |
|  | JK | Review native files and master log of first through tenth production; focus on from and to for key witnesses and deposition preparation. | 4.20 100.00/hr | 420.00 |
| 4/11/2019 | SN | Reviewing discovery spreadsheet from JK | 0.60 80.00/hr | 48.00 |
|  | GJV | E-mail S. Nunan and K. Kramer re: QA docs. | 0.10 320.00/hr | 32.00 |
|  | JK | Prepare summary of production log and conf. and email w/ SHN | 1.60 100.00/hr | 160.00 |
| 4/12/2019 | SN | Reviewing QA documents | 2.00 80.00/hr | 160.00 |
|  | SN | Conf with GJV on depositions, outlines, and documents | 0.30 80.00/hr | 24.00 |
|  | SN | Reviewing QA documents | 0.30 80.00/hr | 24.00 |
|  | SN | Conf with GJV on QA documents and discussion about the value institute involvement | 0.30 80.00/hr | 24.00 |
|  | GJV | E-mail D. Schroeder and J. Joseph | 0.10 320.00/hr | 32.00 |
|  | GJV | Conference S. Nunan and review documents to begin preparation for M. B. Porter depo preparation | 1.20 320.00/hr | 384.00 |
|  | JK | Prepare documents for deposition preparation re: deposition outline. | 2.60 100.00/hr | 260.00 |
| 4/13/2019 | GJV | Memo on deposition preparation, subpoenas, depo of D-H representatives and DH issues re QA docs. | 1.00 320.00/hr | 320.00 |
|  | JK | Receive and review email from G. Vitt on discovery and depositions. | 0.20 100.00/hr | 20.00 |
| 4/15/2019 | KBK | Receive and review emails from Geoffrey Vitt and Jessica Joseph regarding document production | 0.10 175.00/hr | 17.50 |

Misty Porter                                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/16/2019 | KBK | Prepare and circulate motion to amend scheduling order | 0.40 175.00/hr | 70.00 |
|  | KBK | Exchange emails with Liz Bower and Geoffrey Vitt regarding deposition prep dates | 0.20 175.00/hr | 35.00 |
|  | KBK | Receive and review DHMC's response to motion for attorney's fees | 0.50 175.00/hr | 87.50 |
| 4/17/2019 | KBK | Exchange emails with Liz Bower regarding reply brief deadline; receive and review revised privilege log; receive and review supplemental interrogatory answer by Dartmouth-Hitchcock Clinic regarding federal funding | 0.20 175.00/hr | 35.00 |
|  | JK | Prepare documents for deposition preparation re: deposition outline. | 2.40 100.00/hr | 240.00 |
| 4/18/2019 | SN | Conf with JK RE new production log and ninth production of documents | 0.20 80.00/hr | 16.00 |
|  | SN | Review KBK's email, conf with JK and respond to email | 0.20 80.00/hr | 16.00 |
|  | KBK | Receive and review revised discovery schedule stipulation from Jessica Joseph; forward to Liz Bower for filing; receive and review filed joint motion to amend discovery schedule; exchange emails with Geoffrey Vitt regarding discovery issues | 0.50 175.00/hr | 87.50 |
|  | JK | Review and compare revised privilege log from defendants; prepare set of risk management documents for deposition preparation; run searches on native log re: outline. | 2.80 100.00/hr | 280.00 |
| 4/19/2019 | SN | Prepare documents for GJV | 0.20 80.00/hr | 16.00 |
|  | SN | Reviewing email from JK and from client; compared new log to old to determine all QA documents produced | 1.10 80.00/hr | 88.00 |
|  | KBK | Prepare for telephone conference with Geoffrey Vitt; telephone conference with Geoffrey Vitt regarding discovery; email to Don Schroeder and Jessica Joseph regarding depositions; exchange emails with Misty Porter regarding Dr. Bernstein; receive and review court order granting motion to amend discovery schedule | 0.90 175.00/hr | 157.50 |
|  | KBK | Review selection of document production from Julia Korkus | 0.40 175.00/hr | 70.00 |
|  | GJV | Work on outline for deposition preparation | 0.90 320.00/hr | 288.00 |
|  | GJV | Outline for DeMars deposition | 0.80 320.00/hr | 256.00 |

Misty Porter                                                                                                Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/19/2019 | JK | Receive and review file memo from G. Vitt re: records and claims. | 0.30<br>100.00/hr | 30.00 |
|  | JK | Reviewing ninth production per deposition preparation. | 3.20<br>100.00/hr | 320.00 |
|  | GJV | T/c K. Kramer re. discovery | 0.20<br>320.00/hr | 64.00 |
| 4/20/2019 | SN | Review GJV memo and conf with GJV RE substance of memo and preparing Misty Porter, work on documents | 0.30<br>80.00/hr | 24.00 |
| 4/23/2019 | KBK | Receive and review memorandum from Geoffrey Vitt regarding deposition preparation | 0.10<br>175.00/hr | 17.50 |
| 4/24/2019 | KBK | Exchange emails with Liz Bower regarding ENE | 0.10<br>175.00/hr | 17.50 |
|  | GJV | E-mails with J. Joseph | 0.20<br>320.00/hr | 64.00 |
| 4/25/2019 | KBK | Telephone conference with Geoffrey Vitt regarding discovery; receive and review discovery letter from Don Schroeder regarding subpoena of David Seifer; review documents produced from David Seifer | 0.80<br>175.00/hr | 140.00 |
|  | GJV | Review J. Joseph email | 0.20<br>320.00/hr | 64.00 |
|  | GJV | E-mails and Seifer production | 0.20<br>320.00/hr | 64.00 |
|  | JK | Review Seifer documents received from defendants and email to team. | 2.30<br>100.00/hr | 230.00 |
|  | JK | Reviewing ninth production per deposition preparation and outline | 3.20<br>100.00/hr | 320.00 |
| 4/26/2019 | SN | Conf with GJV RE prep; review JK's email suggestions for starting; email outline to GJV | 0.30<br>80.00/hr | 24.00 |
|  | KBK | Receive and review deposition notice for Joanne Conroy; telephone conference with Julia Korkus regarding deposition preparation for Misty Porter and other discovery issues; prepare for Misty Porter deposition preparation sessions | 1.20<br>175.00/hr | 210.00 |
|  | KBK | Draft reply brief in support of motion for attorney's fees | 1.50<br>175.00/hr | 262.50 |
|  | GJV | E-mail and conf. J. Korkus | 0.20<br>320.00/hr | 64.00 |

Misty Porter                                                                    Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/26/2019 | GJV | Review documents for deposition prep session with M. Porter | 1.80 320.00/hr | 576.00 |
| | JK | Phone call w/ K.B. Kramer re: deposition & discovery planning. | 0.70 100.00/hr | 70.00 |
| | JK | Prepare documents for G. Vitt review re: deposition preparation meeting with M. Blanchette Porter | 3.50 100.00/hr | 350.00 |
| 4/27/2019 | KBK | Telephone call with Geoffrey Vitt regarding deposition preparation | 0.50 175.00/hr | 87.50 |
| | KBK | Draft reply in support of motion for attorney's fees; email draft brief to Geoffrey Vitt | 1.40 175.00/hr | 245.00 |
| | KBK | Prepare for deposition preparation session with Misty Porter | 0.30 175.00/hr | 52.50 |
| | GJV | T/c K. Kramer | 0.50 320.00/hr | 160.00 |
| 4/28/2019 | SN | Review KBK memos with GJV and discuss | 0.20 80.00/hr | 16.00 |
| | SN | Conf. With GJV RE themes and sent KBK outline | 0.20 80.00/hr | 16.00 |
| | KBK | Prepare for Misty Porter's deposition preparation session | 2.20 175.00/hr | 385.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding case strategy and legal issues | 0.50 175.00/hr | 87.50 |
| | JK | Receive and review emails and revised theme of case from K.B. Kramer | 0.40 100.00/hr | 40.00 |
| | GJV | Conf. with S. Nunan re: themes for case | 0.20 320.00/hr | 64.00 |
| | GJV | Exchange e-mails with K. Kramer re. case strategy and legal issues | 0.50 320.00/hr | 160.00 |
| 4/29/2019 | SN | Meeting with GJV, KBK, JK RE discovery and depositions | 1.10 80.00/hr | 88.00 |
| | KBK | Travel to Norwich for deposition preparation meeting with Misty Porter | 1.50 175.00/hr | 262.50 |
| | KBK | Meeting with Misty Porter, Geoffrey Vitt and Julia Korkus for deposition preparation | 3.50 175.00/hr | 612.50 |

Misty Porter                                                                                              Page     8

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/29/2019 KBK | Finalize brief and email reply brief on attorney's fees to Liz Bower for filing; email to Jessica Joseph regarding Ed Merrens deposition | | 0.20 175.00/hr | 35.00 |
| KBK | Team meeting regarding discovery planning | | 1.10 175.00/hr | 192.50 |
| KBK | Return travel from Norwich | | 1.50 175.00/hr | NO CHARGE |
| GJV | Prepare for and attend prep session for M. Porter deposition | | 2.20 320.00/hr | 704.00 |
| GJV | Conference with K. Kramer, S. Nunan and J. Korkus re: Preparation and assembly of for depositions | | 1.10 320.00/hr | 352.00 |
| GJV | Review outline and notes of meeting | | 0.60 320.00/hr | 192.00 |
| JK | Deposition preparation meeting w/ M. Blanchette Porter, K.B. Kramer, and G. Vitt. | | 3.50 100.00/hr | 350.00 |
| JK | Discovery planning meeting w/ G. Vitt, K.B. Kramer & S. Nunan | | 1.10 100.00/hr | 110.00 |
| 4/30/2019 KBK | Receive and review emails from Geoffrey Vitt and Misty Porter regarding discovery issues; receive and review email from Jessica Joseph confirming deposition date for Ed Merrens; receive and review Ed Merrens deposition notice and emails exchanged by Jessica Joseph and Geoffrey Vitt regarding subpoena to Albert Hsu | | 0.50 175.00/hr | 87.50 |
| JK | Review discovery document per deposition preparation; exchange emails w/ G. Vitt on same. | | 5.10 100.00/hr | 510.00 |
| GJV | File memorandum of meeting and outline for deposition of Leslie Demars | | 1.20 320.00/hr | 384.00 |
| GJV | Review documents in connection with preparation of Dr. Porter for deposition | | 0.90 320.00/hr | 288.00 |

| | | | | |
|---|---|---|---|---|
| For professional services rendered | | | 119.20 | $17,660.00 |
| Previous balance | | | | $40,350.45 |
| 4/16/2019 Payment - thank you. Check No. 5320 | | | | ($14,116.00) |
| Total payments and adjustments | | | | ($14,116.00) |
| Balance due | | | | $43,894.45 |

A-1119

Misty Porter                                                                    Page    9

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 19.50 | 320.00 | $6,240.00 |
| Julia Korkus | 54.70 | 100.00 | $5,470.00 |
| Katherine B. Kramer | 26.00 | 175.00 | $4,550.00 |
| Sarah Nunan | 17.50 | 80.00 | $1,400.00 |



## Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

June 14, 2019

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2019-13558

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/1/2019 | GJV | Several e-mails | 0.20 320.00/hr | 64.00 |
|  | GJV | Prepare draft of motion re:  deposition of J. Conroy | 0.40 320.00/hr | 128.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding depositions | 0.10 175.00/hr | 17.50 |
|  | JK | Email from G. Vitt; Research requests and interrogatories | 1.20 100.00/hr | 120.00 |
|  | JK | Document review re: deposition preparation of M.B. Porter and topics for DeMars deposition | 4.00 100.00/hr | 400.00 |
|  | JK | Revise ongoing matter names list | 0.30 100.00/hr | 30.00 |
| 5/2/2019 | KBK | Receive and review response to request to produce from Albert Hsu; exchange emails with Geoffrey Vitt and Misty Porter regarding deposition of Misty Porter; review production of documents from David Seifer; receive and review court order on motion to compel attorney-client privileged documents; exchange email with Geoffrey Vitt regarding discovery | 1.60 175.00/hr | 280.00 |
|  | JK | Receive and review court order on motion to compel; review privilege logs and privileged docs. | 1.70 100.00/hr | 170.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700 ~ Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

Misty Porter                                                                                                    Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/2/2019 | JK | Email to G. Vitt and K. B. Kramer re: M.B. Porter deposition prep and skills | 0.20 100.00/hr | 20.00 |
| 5/3/2019 | SN | Conf with JK RE document searches and review | 0.40 80.00/hr | 32.00 |
|  | KBK | Exchange emails with Geoffrey Vitt and Misty Porter regarding deposition planning and other issues; call Jessica Joseph and leave a message; email to Don Schroeder regarding attorney-client document production; review email from Misty Porter; exchange emails with Jessica Joseph regarding deposition scheduling; exchange emails with Geoffrey Vitt regarding depositions | 0.60 175.00/hr | 105.00 |
|  | JK | Research and prepare documents, Division team meetings, D-H response and J. Conroy for G. Vitt and K.B. Kramer and listen to Conroy's October 2017 recorded interview from D-H; emails w/ M.B. Porter and K.B. Kramer. | 4.80 100.00/hr | 480.00 |
|  | JK | Revisions to M.B. Porter timeline | 0.50 100.00/hr | 50.00 |
| 5/4/2019 | GJV | Motion to compel re:  Dr. Conroy deposition | 1.30 320.00/hr | 416.00 |
| 5/5/2019 | GJV | Motion re:  Dr. Conroy | 0.80 320.00/hr | 256.00 |
| 5/6/2019 | GJV | E-mail K. Kramer re:  depositions, A/C privilege, Risk Management and motion | 0.30 320.00/hr | 96.00 |
|  | GJV | Review and revise motion; t/c K. Kramer re:  depositions, motion and M. Porter depo prep | 0.50 320.00/hr | 160.00 |
|  | GJV | Revise memorandum and revise motion | 0.70 320.00/hr | 224.00 |
|  | GJV | Revise memorandum re:  M. Porter meeting and work on deposition prep | 0.50 320.00/hr | 160.00 |
|  | KBK | Exchange emails with Misty Porter regarding scheduling; exchange emails with Geoffrey Vitt regarding next steps; call Geoffrey Vitt and leave a voicemail message; email to Jessica Joseph and Don Schroeder regarding subpoena of Dr. Hsu; telephone conference with Geoffrey Vitt regarding discovery issues | 1.20 175.00/hr | 210.00 |
|  | KBK | Review selected documents from Julia Korkus; prepare file memorandum regarding April 29 meeting | 1.80 175.00/hr | 315.00 |
|  | JK | Deposition preparation - key word search of documents per witness, dates; emails w/ G. Vitt, K.B. Kramer, S. Nunan, and M.B. Porter w/ link to document set; review memo updates from K.B. Kramer | 5.00 100.00/hr | 500.00 |

Misty Porter

Page    3

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/6/2019 | JK | Phone call w/ K.B. Kramer and email to M. Blanchette Porter re: discovery emails. | 0.20<br>100.00/hr | 20.00 |
| 5/7/2019 | GJV | Work on memorandum of M. Porter meeting and evidence issues; depo prep | 1.00<br>320.00/hr | 320.00 |
| | KBK | Review emails from Misty Porter and Geoffrey Vitt regarding discovery; receive and review DHMC's response to third set of interrogatories and requests to produce; telephone conference with Julia Korkus regarding deposition preparation for Misty Porter; exchange emails with Geoffrey Vitt; leave message for Jessica Joseph regarding deposition of Misty Porter | 1.50<br>175.00/hr | 262.50 |
| | KBK | Telephone conference with Jessica Joseph regarding deposition dates and other issues; email to Jessica Joseph regarding meet-and-confer; exchange emails with Julia Korkus; receive and review emails from Geoffrey Vitt and Misty Porter | 0.50<br>175.00/hr | 87.50 |
| | JK | Prepare and telephone conf. w/ K.B. Kramer re: deposition prep of M. B. Porter | 0.70<br>100.00/hr | 70.00 |
| 5/8/2019 | GJV | Review email re: depositions | 0.10<br>320.00/hr | 32.00 |
| | GJV | Emails re: depositions and discovery | 0.20<br>320.00/hr | 64.00 |
| | KBK | Research legal issues regarding claims and prepare internal memorandum | 0.90<br>175.00/hr | 157.50 |
| | KBK | Telephone conference with Darlene Sweeney regarding meeting with Dr. Ira Bernstein; review video interview of Joanne Conroy; exchange emails with Misty Porter | 0.40<br>175.00/hr | 70.00 |
| | JK | Deposition preparation - focus on whistleblower, standards, and team dynamics. | 3.70<br>100.00/hr | 370.00 |
| 5/9/2019 | GJV | T/c K. Kramer | 0.20<br>320.00/hr | 64.00 |
| | GJV | Telephone conference with D. Schroeder, K. Kramer, and J Joseph; t/c K. Kramer | 1.00<br>320.00/hr | 320.00 |
| | GJV | T/c K. Kramer re. Hsu subpoena | 0.20<br>320.00/hr | 64.00 |
| | SN | Downloading Hsu Documents to Sharefile for attorney access | 1.10<br>80.00/hr | 88.00 |
| | KBK | Receive and review discovery responses from DHMC; receive and begin reviewing Albert Hsu's document production in response to plaintiff's subpoena; telephone conference with Geoffrey Vitt | 0.70<br>175.00/hr | 122.50 |

A-1123

Misty Porter                                                                           Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/9/2019 | KBK | Prepare for meet and confer telephone conference with Jessica Joseph and Don Schroeder; meet and confer with Jessica Joseph and Don Schroeder; telephone conferences with Geoffrey Vitt; email Misty Porter with update | 1.70 175.00/hr | 297.50 |
| 5/10/2019 | KBK | Review production of documents from Hsu subpoena; review litigation hold letter; receive and review letter from Don Schroeder regarding attorney-client documents | 0.20 175.00/hr | 35.00 |
| 5/11/2019 | JK | Receive and review email summary from M. B. Porter | 0.10 100.00/hr | 10.00 |
| 5/13/2019 | GJV | T/c K. Kramer | 0.20 320.00/hr | 64.00 |
|  | GJV | T/c K. Kramer, D. Schroeder and J. Joseph | 0.20 320.00/hr | 64.00 |
|  | GJV | Review draft Conroy motion, t/c K. Kramer and email K. Kramer | 0.20 320.00/hr | 64.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding meet-and-confer; meet-and-confer telephone conference with Don Schroeder and Jessica Joseph regarding depositions | 0.30 175.00/hr | 52.50 |
|  | KBK | Exchange emails with Misty Porter regarding depositions and discovery; review Hsu production; email to Don Schroeder and Jessica Joseph regarding depositions | 0.50 175.00/hr | 87.50 |
| 5/14/2019 | GJV | Review A/C documents produced by D-H | 0.60 320.00/hr | 192.00 |
|  | GJV | T/c K. Kramer and draft email to D. Schroeder | 0.60 320.00/hr | 192.00 |
|  | GJV | E-mails with K. Kramer and revise D. Schroeder email | 0.50 320.00/hr | 160.00 |
|  | GJV | Review documents recently produced by D-H | 0.80 320.00/hr | 256.00 |
|  | GJV | Deposition prep | 0.20 320.00/hr | 64.00 |
|  | KBK | Receive and review production of documents previously withheld as attorney-client privileged; telephone conference with Geoffrey Vitt regarding attorney-client production; exchange emails with Julia Korkus regarding same | 0.80 175.00/hr | 140.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding "attorney's eyes only" designation of document by DHMC; review additional production of attorney-client privileged documents from DHMC | 0.50 175.00/hr | 87.50 |

Misty Porter                                                                        Page     5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/14/2019 | KBK | Receive and review revised memorandum from Misty Porter regarding attorney-client meeting | 1.00 175.00/hr | 175.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding DH's motion for protective order on Conroy's deposition | 0.10 175.00/hr | 17.50 |
|  | KBK | Receive and review DH's motion for protective order on Conroy's deposition | 0.70 175.00/hr | 122.50 |
|  | JK | Review Prod 11 new and reproduced D-H attorney-client privileged document sets produced per court order; email and summary to G. Vitt and K. B. Kramer; order on motion/privilege log comparison | 3.70 100.00/hr | 370.00 |
|  | JK | Review email from D. Schroeder to Court re: motion to compel documents | 0.10 100.00/hr | 10.00 |
|  | JK | Review M. B. Porter notes on memo of April 29, 2017 meeting | 0.30 100.00/hr | 30.00 |
|  | JK | Revise production logs and matter timeline | 0.60 100.00/hr | 60.00 |
| 5/15/2019 | GJV | E-mail | 0.10 320.00/hr | 32.00 |
|  | GJV | E-mail | 0.10 320.00/hr | 32.00 |
|  | GJV | Prepare for depositions | 0.30 320.00/hr | 96.00 |
|  | GJV | Review emails re. A/C privilege and review documents from D-H | 0.20 320.00/hr | 64.00 |
|  | GJV | Prepare for depositions | 0.30 320.00/hr | 96.00 |
|  | GJV | Review emails re. A/C privilege and review documents from D-H | 0.20 320.00/hr | 64.00 |
|  | KBK | Email to Don Schroeder and Jessica Joseph regarding meet-and-confer on confidentiality designation | 0.10 175.00/hr | 17.50 |
|  | KBK | Exchange emails with Liz Bower, Julia Korkus and Geoffrey Vitt regarding response to DHMC's motion for protective order regarding Joanne Conroy's deposition | 0.20 175.00/hr | 35.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding discovery issues | 0.10 175.00/hr | 17.50 |

Misty Porter

Page   6

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/15/2019 | JK | Review privilege log; emails to J. Joseph re: motion to compel list vs. privilege log list; prepare new version of D-H privilege log to document changes. | 1.20 100.00/hr | 120.00 |
| | JK | Email w/ K. B. Kramer and G. Vitt and prepare re: Joanne Conroy and reason for closure documents | 0.80 100.00/hr | 80.00 |
| | JK | Review new HSU documents | 3.60 100.00/hr | 360.00 |
| 5/16/2019 | GJV | Review DH answers re: Risk Management and prepare letter to Schroeder | 0.30 320.00/hr | 96.00 |
| | GJV | Prepare 30(b)(6) notice re AC privilege and Risk Management | 0.50 320.00/hr | 160.00 |
| | KBK | Exchange emails with Jessica Joseph regarding confidentiality designation; exchange emails with Geoffrey Vitt regarding 30(b)(6) depositions; exchange emails with Julia Korkus regarding Misty Porter | 0.20 175.00/hr | 35.00 |
| | KBK | Email to Jessica Joseph and Don Schroeder regarding Hsu subpoena response | 0.20 175.00/hr | 35.00 |
| | KBK | Draft response to DHMC's motion for protective order regarding deposition of Joanne Conroy | 1.80 175.00/hr | 315.00 |
| | JK | Review new production from D-H re: subpoena to Albert Hsu | 5.20 100.00/hr | 520.00 |
| 5/17/2019 | KBK | Receive and review Production 12 from DHMC in response to Plaintiff's Third Requests for Documents; email to Misty Porter with additional document from production | 0.10 175.00/hr | 17.50 |
| | KBK | Exchange emails with Misty Porter regarding additional document from production | 0.40 175.00/hr | 70.00 |
| | KBK | Receive and review Production 12 from DHMC in response to Plaintiff's Third Requests for Documents; email to Geoffrey Vitt and Julia Korkus regarding review | 1.60 175.00/hr | 280.00 |
| | KBK | Receive and review order denying motion for attorney's fees; email to Geoffrey Vitt regarding order; forward order to Misty Porter | 0.30 175.00/hr | 52.50 |
| | KBK | Exchange emails with Misty Porter regarding order denying motion for attorney's fees | 0.20 175.00/hr | 35.00 |
| | JK | Review Prod 12 from D-H re: risk management issues and Plaintiff's Third Requests for production of documents from D-H | 1.70 100.00/hr | 170.00 |
| | JK | Review new production from D-H re: subpoena to Albert Hsu | 4.00 100.00/hr | 400.00 |

Misty Porter                                                                 Page     7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/18/2019 | JK | Receive and review email from M.B.Porter w/ link to D-H and Catholic Medical merger. | 0.10 100.00/hr | 10.00 |
| 5/19/2019 | GJV | Review rule 30(b)(6) notice and email re: Risk Management | 0.60 320.00/hr | 192.00 |
|  | KBK | Draft response to motion for protective order regarding deposition of Joanne Conroy | 0.40 175.00/hr | 70.00 |
|  | JK | Receive and review K.B. Kramer draft of Plaintiff's response to motion for protective order | 0.20 100.00/hr | 20.00 |
| 5/20/2019 | GJV | Review interrogatory answer re: adequacy | 0.20 320.00/hr | 64.00 |
|  | KBK | Receive and review article from Misty Porter regarding DHMC merger with Catholic Medical Center; email to Misty Porter regarding same | 0.10 175.00/hr | 17.50 |
|  | JK | Review new production from D-H re: subpoena to Albert Hsu | 3.50 100.00/hr | 350.00 |
|  | JK | Review D-H prod - physician chart reports and related correspondence from E. Merrens | 1.40 100.00/hr | 140.00 |
| 5/21/2019 | GJV | Review draft motion | 0.20 320.00/hr | 64.00 |
|  | GJV | Review all documents that DH produced that had been withheld on A/C privilege basis and prepare memorandum; prepare draft motion | 2.10 320.00/hr | 672.00 |
|  | JK | Review ninth production from D-H re: deposition preparation | 3.60 100.00/hr | 360.00 |
| 5/22/2019 | SN | Reviewed AC documents | 1.10 80.00/hr | 88.00 |
|  | SN | Reviewed memo to file from GJV, KBK and MBP; followed up with questions to GJV and JK; sent email to KBK | 1.60 80.00/hr | 128.00 |
|  | GJV | Finalize Rule 30(b)(6) Notice and email K. Kramer re: Risk Management | 0.60 320.00/hr | 192.00 |
|  | GJV | E-mail K. Kramer re: deposition and motion re: Conroy | 0.20 320.00/hr | 64.00 |
|  | GJV | Revise Rule (30)(6) notice | 0.30 320.00/hr | 96.00 |
|  | GJV | Prepare for M. Porter deposition | 0.50 320.00/hr | 160.00 |

Misty Porter                                                                      Page     8

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/22/2019 | GJV | Witnesses on disability | 0.20<br>320.00/hr | 64.00 |
| | GJV | Review all documents that DH withheld on A/C privilege grounds and prepare draft motion for sanctions | 2.10<br>320.00/hr | 672.00 |
| | JK | Extension on Reply to D-H motion re: Conroy deposition | 0.30<br>100.00/hr | 30.00 |
| | JK | Conf. w/ S. Nunan on witness interview planning | 0.10<br>100.00/hr | 10.00 |
| | JK | Prepare memo on witnesses and D. Schroeder representation | 0.70<br>100.00/hr | 70.00 |
| | JK | Review document production re: deposition preparation - REI closure reasons | 2.70<br>100.00/hr | 270.00 |
| 5/23/2019 | KBK | Exchange emails with Geoffrey Vitt and Sarah Nunan regarding next steps; receive and review emails from Don Schroeder regarding discovery issues | 0.20<br>175.00/hr | 35.00 |
| | GJV | Prepare for deposition | 0.30<br>320.00/hr | 96.00 |
| | PGL | Meet with Mr. Vitt regarding motion to compel | 0.70<br>200.00/hr | 140.00 |
| | JK | Prepare summary and document set for G. Vitt on documents originally withheld and redacted re: questions about privilege claim | 1.50<br>100.00/hr | 150.00 |
| | JK | Review new production from D-H re: subpoena to Albert Hsu | 2.70<br>100.00/hr | 270.00 |
| | JK | Review documents per deposition outline and preparation; update disability timeline. | 1.70<br>100.00/hr | 170.00 |
| 5/24/2019 | GJV | Review redacted documents | 0.30<br>320.00/hr | 96.00 |
| | GJV | Prepare for M. Porter deposition | 1.10<br>320.00/hr | 352.00 |
| | JK | Deposition preparation re: documents related to deposition of E. Merrens | 2.40<br>100.00/hr | 240.00 |
| 5/25/2019 | GJV | Review memorandum; prepare questions for L. DeMars | 1.50<br>320.00/hr | 480.00 |
| 5/28/2019 | GJV | Review possible depo subjects and prepare for DeMars and Porter depositions | 2.70<br>320.00/hr | 864.00 |

Misty Porter                                                                                                    Page     9

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/28/2019 JK | | Emails w/ J. Joseph re: Porter Discovery document issue - #39 and #68 under court order. | 0.20 100.00/hr | 20.00 |
| | JK | Review Prod 9, 10 and 11 per deposition preparation. | 4.50 100.00/hr | 450.00 |
| 5/29/2019 JK | | Review Hsu, DeMars, Seifer documents per deposition preparation | 3.40 100.00/hr | 340.00 |
| 5/30/2019 JK | | Review Production 9 and 12 per deposition preparation. | 3.50 100.00/hr | 350.00 |
| 5/31/2019 KBK | | Exchange emails with Misty Porter regarding discovery | 0.10 175.00/hr | 17.50 |
| | KBK | Draft and revise response to motion regarding deposition of Joanne Conroy | 0.90 175.00/hr | 157.50 |
| | JK | Review Prod 9 for deposition preparation | 2.10 100.00/hr | 210.00 |

| | | Hrs | Amount |
|---|---|---|---|
| For professional services rendered | | 130.70 | $20,338.00 |
| Previous balance | | | $43,894.45 |
| 5/20/2019 Payment - thank you | | | ($14,500.00) |
| Total payments and adjustments | | | ($14,500.00) |
| Balance due | | | $49,732.45 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 25.60 | 320.00 | $8,192.00 |
| Julia Korkus | 78.20 | 100.00 | $7,820.00 |
| Katherine B. Kramer | 22.00 | 175.00 | $3,850.00 |
| Phillipa G. Lilienthal | 0.70 | 200.00 | $140.00 |
| Sarah Nunan | 4.20 | 80.00 | $336.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

July 08, 2019

In Reference To:   Porter, Misty Blanchette Re.  Employment matter

Invoice #:   2019-13655

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/2/2019 | GJV | Review and edit motion re:  Conroy | 0.40 320.00/hr | 128.00 |
|  | KBK | Revise response to motion for protective order regarding Joanne Conroy deposition; email brief to Geoffrey Vitt | 0.70 175.00/hr | 122.50 |
|  | JK | Emails w/ J. Joseph re: Discovery documents and privilege log per court order | 0.10 100.00/hr | 10.00 |
| 6/3/2019 | GJV | Outline for conversation with Schroeder re:  depositions and discovery | 0.20 320.00/hr | 64.00 |
|  | GJV | T/c  K. Kramer; email M. Porter and K. Kramer | 0.30 320.00/hr | 96.00 |
|  | GJV | Conference with S. Nunan and J. Korkus re:  documents needed for jury selection and presentation | 0.40 320.00/hr | 128.00 |
|  | GJV | Prepare for M. Porter deposition | 0.40 320.00/hr | 128.00 |
|  | KBK | Prepare for telephone conference with Geoffrey Vitt regarding outstanding discovery issues; telephone conference with Geoffrey Vitt | 0.40 175.00/hr | 70.00 |
|  | JK | Merrens deposition preparation - review production from D-H | 2.70 100.00/hr | 270.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700 ~ Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

**A-1130**

Misty Porter                                                                                      Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/3/2019 | JK | Prepare for M. Blanchette Porter deposition | 2.10<br>100.00/hr | 210.00 |
|  | GJV | Conversation with K. Kramer re. outstanding discovery | 0.20<br>320.00/hr | 64.00 |
| 6/4/2019 | GJV | Review emails with J. Joseph re: Hsu subpoena | 0.30<br>320.00/hr | 96.00 |
|  | GJV | E-mails with K. Kramer re: depositions and review J. Joseph email | 0.20<br>320.00/hr | 64.00 |
|  | GJV | E-mails with J. Joseph and D. Schroeder re: interrogatory answers | 0.20<br>320.00/hr | 64.00 |
|  | GJV | Review disability documents and prepare for deposition | 0.80<br>320.00/hr | 256.00 |
|  | GJV | Prepare for M. Porter deposition | 1.50<br>320.00/hr | 480.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding depositions | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Receive and review court order regarding privileged documents | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding discovery | 0.30<br>175.00/hr | 52.50 |
|  | JK | Receive and review additional court order on motion to compel | 0.20<br>100.00/hr | 20.00 |
| 6/5/2019 | KBK | Exchange emails with Misty Porter and Geoffrey Vitt regarding deposition preparation; prepare for Misty Porter deposition | 0.30<br>175.00/hr | 52.50 |
|  | KBK | Review draft letter to Don Schroeder regarding subpoena response from Albert Hsu and exchange emails with Geoffrey Vitt regarding same | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Email assistant for Dr. Bernstein regarding meeting; telephone conference with Dr. Bernstein's office regarding meeting; email to Geoffrey Vitt regarding same | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Review and revise draft Rule 30(b)(6) deposition notice regarding risk management; email revised 30(b)(6) deposition notice to Geoffrey Vitt | 0.90<br>175.00/hr | 157.50 |
|  | KBK | Draft letter to Don Schroeder regarding litigation hold letter violation due to Albert Hsu's deletion of text messages | 0.60<br>175.00/hr | 105.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding privileged documents | 0.30<br>175.00/hr | 52.50 |

Misty Porter                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/5/2019 | KBK | Prepare interview questions for informal interviews with other witnesses | 0.20 175.00/hr | 35.00 |
|  | JK | Emails w/ K.B. Kramer re: A/C documents and privilege log request and issues with Defense Counsel. | 0.20 100.00/hr | 20.00 |
|  | JK | Exchange emails w/ G. Vitt re: disability/work accommodations timeline and chart; review disability records email to M. Blanchette Porter | 2.40 100.00/hr | 240.00 |
|  | JK | Review DH production of Porter's medical records | 1.30 100.00/hr | 130.00 |
|  | JK | Review and receive email on Hsu documents | 0.10 100.00/hr | 10.00 |
|  | JK | Review Porter interrogatory responses and documents produced re: preparation for M. Blanchette Porter deposition | 2.70 100.00/hr | 270.00 |
|  | GJV | Outline for Herrick deposition | 2.50 320.00/hr | 800.00 |
|  | GJV | E-mail exchanges with K. Kramer re: privilege documents | 0.30 320.00/hr | 96.00 |
| 6/6/2019 | KBK | Receive and review correspondence between Geoffrey Vitt and Don Schroeder regarding discovery responses; email to Don Schroeder and Jessica Joseph regarding privilege log | 0.40 175.00/hr | 70.00 |
|  | KBK | Call to potential witnesses and leave voicemail messages requesting return call; prepare for informal interviews with potential witnesses | 0.30 175.00/hr | 52.50 |
|  | KBK | Telephone conference with Julia Korkus regarding deposition preparation for Misty Porter | 0.50 175.00/hr | 87.50 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding discovery | 0.10 175.00/hr | 17.50 |
|  | KBK | Telephone conference with Dr. Bernstein's office regarding meeting | 0.10 175.00/hr | 17.50 |
|  | KBK | Prepare for M. Porter deposition | 0.60 175.00/hr | 105.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding discovery issues | 0.20 175.00/hr | 35.00 |
|  | KBK | Receive and review correspondence from Geoffrey Vitt to Don Schroeder regarding 30(b)(6) deposition notice | 0.10 175.00/hr | 17.50 |

Misty Porter                                                                    Page    4

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/6/2019 | KBK | Review documents for Misty Porter deposition preparation; email to Geoffrey Vitt regarding depositions | 0.30 175.00/hr | 52.50 |
|  | KBK | Travel to Norwich for deposition preparation meeting with Misty Porter | 1.50 175.00/hr | NO CHARGE |
|  | JK | Prepare and telephone conference w/ K.B. Kramer re:deposition preparation for M. Blanchette Porter. | 0.70 100.00/hr | 70.00 |
|  | JK | Email summary to G. Vitt re: discussion topics for M.Blanchette Porter deposition preparation. | 0.30 100.00/hr | 30.00 |
|  | JK | Prepare for M. Blanchette Porter deposition | 2.40 100.00/hr | 240.00 |
|  | JK | Prepare copy of Porter texts w/ DeMars for G. Vitt review | 0.80 100.00/hr | 80.00 |
|  | GJV | Work on outline for preparation of M. Porter for deposition | 2.10 320.00/hr | 672.00 |
|  | GJV | T/c K. Kramer re:  deposition prep | 0.20 320.00/hr | 64.00 |
| 6/7/2019 | KBK | Prepare for meeting with Misty Porter for deposition preparation; meeting with Misty Porter, Geoffrey Vitt and Julia Korkus to prepare for Misty Porter's deposition | 3.40 175.00/hr | 595.00 |
|  | KBK | Review documents and other discovery responses to prepare for Misty Porter deposition | 0.50 175.00/hr | 87.50 |
|  | KBK | Return travel from Norwich | 1.50 175.00/hr | 262.50 |
|  | JK | Prepare for and meet w/ M. Blanchette Porter, G. Vitt, K.B. Kramer re: MBP deposition preparation | 5.10 100.00/hr | 510.00 |
|  | JK | Receive and review filing from G. Vitt re: Plaintiff's Rule 30(b)(6) Notice of Deposition | 0.10 100.00/hr | 10.00 |
|  | GJV | Prepare M. Porter for deposition | 4.20 320.00/hr | 1,344.00 |
| 6/8/2019 | GJV | Memorandum re:  6/7 meeting and deposition issues | 2.10 320.00/hr | 672.00 |
|  | GJV | DeMars outline | 0.70 320.00/hr | 224.00 |

Misty Porter                                                                           Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/8/2019 | GJV | Additional discovery to DH | 0.30<br>320.00/hr | 96.00 |
|  | GJV | Trial issues memo | 0.30<br>320.00/hr | 96.00 |
|  | GJV | Outstanding discovery owed by DH | 0.20<br>320.00/hr | 64.00 |
| 6/9/2019 | KBK | Travel to Norwich for deposition preparation meeting and deposition of Misty Porter | 1.50<br>175.00/hr | 262.50 |
|  | GJV | Review text messages and prepare for M. Porter deposition | 3.50<br>320.00/hr | 1,120.00 |
| 6/10/2019 | GJV | Review documents produced in discovery by DH and prepare Misty Porter for deposition | 6.00<br>320.00/hr | 1,920.00 |
|  | KBK | Prepare for meeting with Misty Porter regarding deposition preparation; meeting with Misty Porter, Geoffrey Vitt and Julia Korkus regarding preparation for Misty Porter's deposition | 5.30<br>175.00/hr | 927.50 |
|  | KBK | Receive and review emails from Jessica Joseph regarding deposition dates | 0.10<br>175.00/hr | 17.50 |
|  | KBK | Receive and review email from Jessica Joseph regarding Dr. Hsu subpoena response; prepare and send email response to Jessica Joseph, Don Schroeder and Geoffrey Vitt regarding Dr. Hsu subpoena response | 0.90<br>175.00/hr | 157.50 |
|  | KBK | Review and revise draft subpoena to Leslie DeMars | 0.30<br>175.00/hr | 52.50 |
|  | JK | Prepare and meet w/ M. Blanchette Porter, G. Vitt, K.B. Kramer re: MBP deposition preparation | 5.50<br>100.00/hr | 550.00 |
| 6/11/2019 | GJV | Deposition of M. Porter | 6.00<br>320.00/hr | 1,920.00 |
|  | KBK | Review and revise draft subpoena to Leslie DeMars | 0.20<br>175.00/hr | 35.00 |
|  | KBK | Prepare list of issues to discuss with Don Schroeder; discuss list of issues with Geoffrey Vitt | 0.30<br>175.00/hr | 52.50 |
|  | KBK | Deposition of Misty Porter | 6.00<br>175.00/hr | 1,050.00 |
|  | KBK | Meeting with Don Schroeder and Jessica Joseph regarding pending discovery issues | 0.30<br>175.00/hr | 52.50 |

Misty Porter                                                                    Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/11/2019 | KBK | Meeting with Julia Korkus and Geoffrey Vitt regarding deposition of Misty Porter | 0.60 175.00/hr | 105.00 |
|  | KBK | Return travel from Norwich | 1.50 175.00/hr | NO CHARGE |
|  | JK | Conf. w/ G. Vitt and K.B. Kramer: M.B. Porter deposition debrief | 0.50 100.00/hr | 50.00 |
|  | JK | Uploading documents to ShareFile | 2.30 100.00/hr | 230.00 |
|  | JK | Revise ongoing log of production received from defendants | 0.70 100.00/hr | 70.00 |
|  | GJV | Conf. K. Kramer and J. Korkus re: M. Porter deposition | 0.50 320.00/hr | 160.00 |
| 6/12/2019 | GJV | Prepare memorandum on deposition and statement | 0.40 320.00/hr | 128.00 |
|  | KBK | Receive and review final version of subpoena to Leslie DeMars for production of documents | 0.10 175.00/hr | 17.50 |
|  | KBK | Exchange emails with Don Schroeder and Misty Porter regarding deposition dates | 0.10 175.00/hr | 17.50 |
|  | JK | Prod 9 Combo 12 key docs moved to depo prep folders | 3.00 100.00/hr | 300.00 |
|  | JK | Receive and review DeMars deposition outline | 0.40 100.00/hr | 40.00 |
|  | JK | Review D-H production and upload documents to ShareFile for deposition of DeMars | 2.10 100.00/hr | 210.00 |
|  | JK | Receive and review G. Vitt memo on deposition | 0.30 100.00/hr | 30.00 |
| 6/13/2019 | GJV | Prepare for depositions of D-H witnesses | 1.10 320.00/hr | 352.00 |
|  | KBK | Exchange emails with Misty Porter regarding deposition dates; telephone conference with Geoffrey Vitt regarding deposition dates; exchange emails with Jessica Joseph and Don Schroeder regarding deposition dates; telephone conference with Dr. Bernstein's office regarding meeting | 0.50 175.00/hr | 87.50 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding depositions and discovery issues | 1.00 175.00/hr | 175.00 |

Misty Porter                                                                                    Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/13/2019 JK | | Downloading M. Blanchette Porter deposition and exhibits | 1.20 100.00/hr | 120.00 |
| | JK | Review and prepare memo on who Schroeder said he represents | 0.80 100.00/hr | 80.00 |
| | JK | Revise ongoing Porter and D-H REI Closure timeline | 1.10 100.00/hr | 110.00 |
| | JK | Read transcript of M. Blanchette Porter's deposition | 2.50 100.00/hr | 250.00 |
| | GJV | Exchange e-mails with K. Kramer re: depositions and discovery | 1.00 320.00/hr | 320.00 |
| 6/14/2019 KBK | | Exchange emails with Jessica Joseph regarding depositions; receive and review emails from Misty Porter and Geoffrey Vitt regarding Dartmouth-Hitchcock | 0.10 175.00/hr | 17.50 |
| | KBK | Receive and review correspondence from Don Schroeder regarding risk management interrogatories | 0.10 175.00/hr | 17.50 |
| | JK | Read exhibits from M. Blanchette Porter deposition | 1.80 100.00/hr | 180.00 |
| | JK | Uploading documents to sharefile folders in preparation for deposition of defense witnesses | 1.50 100.00/hr | 150.00 |
| 6/15/2019 GJV | | Complete memorandum on M. Porter deposition preparation and assembly of sessions and memo on supplemental discovery and email K. Kramer and J. Korkus | 0.60 320.00/hr | 192.00 |
| 6/17/2019 GJV | | Review documents re: DeMars deposition questions | 0.20 320.00/hr | 64.00 |
| | GJV | E-mail K. Kramer and review documents re: Risk management | 0.20 320.00/hr | 64.00 |
| | GJV | Outline for Risk Management | 0.30 320.00/hr | 96.00 |
| | GJV | Work on outline for DeMars and Risk Management depositions | 0.40 320.00/hr | 128.00 |
| | GJV | E-mails with K. Kramer and D. Schroeder re: depositions | 0.30 320.00/hr | 96.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding news coverage; exchange emails with Geoffrey Vitt regarding depositions; exchange emails with Misty Porter and Geoffrey Vitt regarding various discovery issues | 0.30 175.00/hr | 52.50 |

Misty Porter                                                                                    Page    8

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/17/2019 KBK | Prepare for meeting with Dr. Ira Bernstein | | 0.20 175.00/hr | 35.00 |
| | KBK | Revise file memorandum regarding deposition preparation meetings with Misty Porter | 2.30 175.00/hr | 402.50 |
| | KBK | Telephone conference with Misty Porter regarding discovery issues | 0.40 175.00/hr | 70.00 |
| | KBK | Receive and review reply to motion for protective order regarding deposition of Joanne Conroy | 0.40 175.00/hr | 70.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding motion for protective order regarding deposition of Joanne Conroy | 0.20 175.00/hr | 35.00 |
| | KBK | Email to Don Schroeder and Jessica Joseph regarding motion for protective order | 0.20 175.00/hr | 35.00 |
| | KBK | Email to Don Schroeder and Jessica Joseph regarding deposition scheduling | 0.20 175.00/hr | 35.00 |
| | JK | Receive and review Hsu discovery issues per G. Vitt email | 0.60 100.00/hr | 60.00 |
| | JK | Receive and review memo of depo prep and possible supplemental discovery from G. Vitt and K. B. Kramer | 0.70 100.00/hr | 70.00 |
| | JK | Receive and review correspondence from D. Schroeder | 0.10 100.00/hr | 10.00 |
| | JK | Search D-H production and prepare document set on Zika and Risk Management issues | 3.70 100.00/hr | 370.00 |
| 6/18/2019 GJV | Risk Management depo prep | | 0.20 320.00/hr | 64.00 |
| | GJV | Outline for Dr. Bernstein meeting and email K. Kramer | 0.60 320.00/hr | 192.00 |
| | KBK | Receive and review email from Don Schroeder regarding depositions; receive and review email from Don Schroeder regarding oral argument on pending motion for protective order; email to Judge Crawford's chambers regarding oral argument on pending motion for protective order | 0.20 175.00/hr | 35.00 |
| | KBK | Exchange emails with Judge Crawford's chambers regarding oral argument; receive and review email from Julia Korkus regarding Maria Padin | 0.10 175.00/hr | 17.50 |
| | JK | Upload consent and DeMars emails on Hsu and Seifer to sharefile | 3.40 100.00/hr | 340.00 |

A-1137

Misty Porter                                                                          Page       9

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/19/2019 | GJV | Review Bernstein memo and email K. Kramer | 0.20<br>320.00/hr | 64.00 |
|  | GJV | Meeting in Burlington with Dr. Bernstein and K. Kramer and review outline; conf. K. Kramer | 4.00<br>320.00/hr | 1,280.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding Dr. Bernstein meeting | 0.40<br>175.00/hr | 70.00 |
|  | KBK | Round trip travel from Middlebury to UVMMC for meeting with Dr. Bernstein | 2.00<br>175.00/hr | 350.00 |
|  | KBK | Interview and meeting with Dr. Bernstein and Geoffrey Vitt | 0.80<br>175.00/hr | 140.00 |
|  | KBK | Meeting with Geoffrey Vitt regarding strategy and next steps | 0.20<br>175.00/hr | 35.00 |
|  | KBK | Exchange emails with Misty Porter regarding Navid Esfandiari and next steps | 0.20<br>175.00/hr | 35.00 |
|  | KBK | Prepare memorandum to file regarding meeting with Dr. Ira Bernstein | 1.90<br>175.00/hr | 332.50 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding deposition scheduling and other discovery issues | 0.30<br>175.00/hr | 52.50 |
|  | JK | Prepare documents for deposition of Conroy | 2.80<br>100.00/hr | 280.00 |
|  | JK | Review D-H production and prepare document set for G. Vitt's meeting w/ Dr. I. Bernstein; brief conf. w/ G. Vitt | 0.70<br>100.00/hr | 70.00 |
|  | JK | Receive and review K.B. Kramer memo on meeting w/ Bernstein | 0.20<br>100.00/hr | 20.00 |
| 6/20/2019 | GJV | Several emails with D. Schroeder and K. Kramer re: depositions | 0.20<br>320.00/hr | 64.00 |
|  | GJV | E-mails with D. Schroeder and K. Kramer re: Risk Management depositions and DeMars | 0.30<br>320.00/hr | 96.00 |
|  | GJV | Review K. Kramer memorandum re: interview with resident | 0.20<br>320.00/hr | 64.00 |
|  | GJV | E-mails to D. Schroeder re: Hsu documents | 0.10<br>320.00/hr | 32.00 |
|  | JK | Receive and review K.B. Kramer memo on REI fellowship interview | 0.20<br>100.00/hr | 20.00 |

A-1138

Misty Porter                                                                                          Page    10

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/20/2019 | JK | Review and upload documents to sharefile per defense witness depositions | 3.70 100.00/hr | 370.00 |
| 6/21/2019 | GJV | Deposition preparation | 0.20 320.00/hr | 64.00 |
|  | GJV | Herrick outline preparation | 0.50 320.00/hr | 160.00 |
|  | KBK | Receive and review email from Geoffrey Vitt regarding document production by Albert Hsu; exchange emails with Misty Porter regarding deposition scheduling | 0.30 175.00/hr | 52.50 |
|  | KBK | Prepare list of depositions and interviews; circulate list to Geoffrey Vitt and Julia Korkus | 0.40 175.00/hr | 70.00 |
|  | KBK | Telephone conference with Michelle Russell; prepare memorandum to file regarding telephone conference with Michelle Russell | 1.20 175.00/hr | 210.00 |
|  | KBK | Receive and review court hearing notice on motion for protective order regarding deposition of Joanne Conroy | 0.10 175.00/hr | 17.50 |
| 6/22/2019 | GJV | Outline for Herrick depo and email with M. Porter | 0.60 320.00/hr | 192.00 |
|  | GJV | E-mails with M. Porter re: training for residents and interns | 0.20 320.00/hr | 64.00 |
|  | GJV | Herrick outline | 1.00 320.00/hr | 320.00 |
| 6/23/2019 | GJV | Review M. Porter emails and outline for Herrick depo | 0.60 320.00/hr | 192.00 |
|  | GJV | Multiple e-mails re: residency, fellows, closing REI and work on Herrick outline | 2.10 320.00/hr | 672.00 |
|  | KBK | Exchange emails with Geoffrey Vitt and Misty Porter regarding depositions and strategy | 0.30 175.00/hr | 52.50 |
|  | KBK | Revise theme of the case document | 1.30 175.00/hr | 227.50 |
|  | KBK | Prepare questions for Joan Barthold; call to Joan Barthold and leave messages | 0.10 175.00/hr | 17.50 |
|  | KBK | Prepare memorandum to file regarding telephone conference with Michelle Russell | 0.50 175.00/hr | 87.50 |
| 6/24/2019 | GJV | Prepare for Herrick deposition | 0.90 320.00/hr | 288.00 |

Misty Porter                                                                      Page    11

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/24/2019 | GJV | Review memorandum re: Dr. Russell; t/c K. Kramer re: depositions, witnesses, motion for attorneys fees, review of interrogatories and new requests to produce | 1.70 320.00/hr | 544.00 |
|  | GJV | Review K. Kramer emails re: discovery issues, and witnesses and email K. Kramer re: witnesses | 0.40 320.00/hr | 128.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding informal interviews; exchange emails with Misty Porter regarding discovery | 1.00 175.00/hr | 175.00 |
|  | KBK | Prepare memorandum to file regarding interview with Michelle Russell | 1.30 175.00/hr | 227.50 |
|  | KBK | Prepare list of pending discovery issues | 0.20 175.00/hr | 35.00 |
|  | KBK | Exchange emails with Julia Korkus; exchange emails with Geoffrey Vitt regarding pending discovery issues | 0.20 175.00/hr | 35.00 |
|  | KBK | Call to Judy McBean and leave messages | 0.10 175.00/hr | 17.50 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding pending discovery issues | 0.70 175.00/hr | 122.50 |
|  | GJV | T/c with K. Kramer re: pending discover | 0.70 320.00/hr | 224.00 |
| 6/25/2019 | KBK | Exchange emails with Geoffrey Vitt regarding strategy and discovery issues; email to Don Schroeder and Jessica Joseph regarding pending requests | 0.80 175.00/hr | 140.00 |
|  | KBK | Review DH's supplemental response to third set of interrogatories regarding risk management | 0.20 175.00/hr | 35.00 |
|  | KBK | Telephone conference with J. Korkus regarding Maria Padin | 1.00 175.00/hr | 175.00 |
|  | KBK | Receive and review email from Misty Porter regarding risk management | 0.10 175.00/hr | 17.50 |
|  | KBK | Exchange emails with Misty Porter and Geoffrey Vitt regarding discovery issues | 0.20 175.00/hr | 35.00 |
|  | GJV | Several emails re: Risk Management issues and documents generated re: Albert's cases and Risk Management | 0.60 320.00/hr | 192.00 |
|  | GJV | Several emails with M. Porter and K. Kramer and review Amended Discovery Schedule and consider additional requests | 0.50 320.00/hr | 160.00 |
|  | GJV | Review M. Porter email | 0.10 320.00/hr | 32.00 |

Misty Porter                                                                                    Page    12

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/25/2019 | GJV | Prepared draft of additional requests | 0.40 320.00/hr | 128.00 |
|  | GJV | Outline for interviews with witnesses and multiple emails with M. Porter re: documents requested and witnesses | 0.60 320.00/hr | 192.00 |
|  | GJV | Emails with K. Kramer re: motion, witnesses and experts | 0.40 320.00/hr | 128.00 |
|  | JK | Emails; prepare and telephone conference w/ K.B. Kramer re: topics concerning Maria Padin and potential for deposition | 1.10 100.00/hr | 110.00 |
|  | JK | Search, review and prepare key doc set for K.B.Kramer and G, Vitt review per depositions of defense witnesses. | 4.10 100.00/hr | 410.00 |
|  | JK | Receive and review Defendant's supplemental answer to plaintiff's third set of interrogatories. | 0.20 100.00/hr | 20.00 |
| 6/26/2019 | KBK | Receive and review email from Jessica Joseph regarding outstanding discovery issues; exchange emails with Geoffrey Vitt regarding same | 0.10 175.00/hr | 17.50 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding damages | 0.50 175.00/hr | 87.50 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding witnesses; revise interview outline for D-H fellows | 0.50 175.00/hr | 87.50 |
|  | KBK | E-mail to M. Porter regarding Judy McBean | 0.10 175.00/hr | 17.50 |
|  | KBK | Email to former UVM REI fellows; telephone conference with Geoffrey Vitt regarding discovery issues | 0.90 175.00/hr | 157.50 |
|  | KBK | Prepare for Beth Todd deposition | 1.10 175.00/hr | 192.50 |
|  | KBK | Review document set from Julia Korkus | 0.40 175.00/hr | 70.00 |
|  | KBK | Call to Joan Barthold and leave messages | 0.10 175.00/hr | 17.50 |
|  | GJV | J. Joseph email re: discovery and email K. Kramer re: next step | 0.20 320.00/hr | 64.00 |
|  | GJV | Outline for interview w/ residents and emails to K. Kramer and review modified outline | 0.70 320.00/hr | 224.00 |
|  | GJV | Review issue of possible expert and emotional distress damages; emails with K. Kramer re: emotional distress damages | 0.50 320.00/hr | 160.00 |

Misty Porter                                                                           Page    13

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/26/2019 | GJV | T/c K. Kramer re: Dr. McBean and Dr. Padin | 0.20<br>320.00/hr | 64.00 |
|  | GJV | Outline for interviews with witnesses | 0.90<br>320.00/hr | 288.00 |
|  | JK | Email summary re: new document review set to K.B.Kramer and G. Vitt for upcoming depositions of defense witnesses. | 0.30<br>100.00/hr | 30.00 |
|  | JK | Search, review and prepare key doc set for K.B.Kramer and G, Vitt review per depositions of defense witnesses. | 4.00<br>100.00/hr | 400.00 |
|  | JK | Receive and review K. B. Kramer's revision to case themes; gather related key documents. | 0.50<br>100.00/hr | 50.00 |
| 6/27/2019 | KBK | Exchange emails with Geoffrey Vitt and Julia Korkus regarding discovery issues and informal interviews | 0.30<br>175.00/hr | 52.50 |
|  | KBK | Review set of documents produced from D-H; deposition preparation for Ed Merrens, Beth Todd and Maria Padin | 2.40<br>175.00/hr | 420.00 |
|  | KBK | Exchange emails with Julia Korkus regarding effect of closing REI; exchange emails with Geoffrey Vitt regarding ENE and scheduling issues | 0.70<br>175.00/hr | 122.50 |
|  | KBK | Deposition preparation for Beth Todd | 1.30<br>175.00/hr | 227.50 |
|  | KBK | Telephone conference with Joe Findley; email to Geoffrey Vitt and Julia Korkus regarding Joe Findley; prepare memorandum to file regarding interview with Joe Findley | 1.90<br>175.00/hr | 332.50 |
|  | GJV | Multiple e-mails | 0.30<br>320.00/hr | 96.00 |
|  | GJV | E-mails with K. Kramer re. mediation | 0.20<br>320.00/hr | 64.00 |
|  | GJV | E-mail S. Parent | 0.10<br>320.00/hr | 32.00 |
|  | GJV | Emails with D. Schroeder and K. Kramer re: Risk Management and review D. Schroeder letter and objections to deposition notice | 0.60<br>320.00/hr | 192.00 |
|  | GJV | Outline for motion | 0.30<br>320.00/hr | 96.00 |
|  | JK | Email from G. Vitt re: Board meetings; review productions and prepare document set for review; emails w/ K. B. Kramer re: downstream effects email of DeMars | 1.40<br>100.00/hr | 140.00 |

Misty Porter                                                                                          Page    14

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/28/2019 | KBK | Draft memorandum to file regarding interview with Joe Findley; circulate memorandum to Geoffrey Vitt and Julia Korkus | 0.80 175.00/hr | 140.00 |
|  | KBK | Receive and review correspondence from Jessica Joseph regarding Rule 30(b)(6) deposition notice; exchange emails with Jessica Joseph regarding meet-and-confer for Rule 30(b)(6) deposition of Risk Management; email to Geoffrey Vitt regarding same | 0.40 175.00/hr | 70.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding motion to compel on Rule 30(b)(6) deposition of Risk Management | 0.30 175.00/hr | 52.50 |
|  | KBK | Receive and review voicemail message from Jennifer Dundee; brief telephone conference with Jennifer Dundee | 0.10 175.00/hr | 17.50 |
|  | KBK | Exchange emails with Jessica Joseph and Geoffrey Vitt regarding objections to Rule 30(b)(6) deposition of Risk Management; exchange emails with Jessica Joseph regarding deposition of Heather Gunnell | 0.20 175.00/hr | 35.00 |
|  | KBK | Telephone conference with Jennifer Dundee | 0.70 175.00/hr | 122.50 |
|  | KBK | Prepare memorandum to file regarding telephone conference with Jennifer Dundee | 1.10 175.00/hr | 192.50 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding next steps | 0.20 175.00/hr | 35.00 |
|  | GJV | Work on motion to compel re: Risk Management | 2.90 320.00/hr | 928.00 |
|  | JK | Prepare risk management documents set | 2.30 100.00/hr | 230.00 |
|  | GJV | E-mail with K. Kramer re: strategy and discovery | 0.20 320.00/hr | 64.00 |
| 6/29/2019 | GJV | Motion to compel | 1.80 320.00/hr | 576.00 |
| 6/30/2019 | KBK | Receive and review emails from Geoffrey Vitt regarding risk management | 0.10 175.00/hr | 17.50 |
|  | GJV | E-mails with D. Schroeder | 0.10 320.00/hr | 32.00 |
|  | GJV | Motion to compel re: Risk Management | 1.60 320.00/hr | 512.00 |
| For professional services rendered |  |  | 208.10 | $39,874.00 |

**A-1143**

Misty Porter                                                                                    Page    15

Additional Charges :

|  |  | Amount |
|---|---|---|
| 6/11/2019 | Deposition Costs for: Verbatim Reporter | 274.75 |
| 6/19/2019 | Parking Vermont Medical Center | 2.50 |
|  | Lunch: Moe's | 13.18 |
|  | Total costs | $290.43 |
|  | Total amount of this bill | $40,164.43 |
|  | Previous balance | $32,894.45 |
|  | Balance due | $73,058.88 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| ffrey J. Vitt | 66.20 | 320.00 | $21,184.00 |
| Julia Korkus | 74.90 | 100.00 | $7,490.00 |
| Katherine B. Kramer | 64.00 | 175.00 | $11,200.00 |



Vitt & Associates
LAW OFFICE

Invoice submitted to:

Misty Porter
128 Mystic Drive
Norwich, VT 05055

August 12, 2019

In Reference To:    Porter, Misty Blanchette Re.  Employment matter

Invoice #:    2019-13708

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/1/2019 | GJV | Motion to compel re: Risk Management | 1.50 320.00/hr | 480.00 |
| | GJV | Review Zika and other documents | 0.30 320.00/hr | 96.00 |
| | GJV | Emails with KBK re:  discovery issues, and emails with J. Joseph re:  DeMars subpoena | 0.20 320.00/hr | 64.00 |
| | JK | Receive and review D-H counsel letter re: objections to Rule 30(b)(6) notice. | 0.20 100.00/hr | 20.00 |
| | JK | Deposition preparation re: Risk Management | 6.20 100.00/hr | 620.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding risk management | 0.20 175.00/hr | 35.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding discovery issues | 0.30 175.00/hr | 52.50 |
| 7/2/2019 | GJV | Several emails with K. Kramer re:  DH document production issues | 0.20 320.00/hr | 64.00 |
| | GJV | T/c K. Kramer re:  discovery issues | 0.30 320.00/hr | 96.00 |

Vitt & Associates, PLC
8 Beaver Meadow Road, PO Box 1229, Norwich, VT 05055  802-649-5700  ~  Fax 802-649-1692
PO Box 349, Hanover, NH 03755  603-640-6173  www.vittandassociates.com

Misty Porter                                                                           Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/2/2019 | GJV | Outline risk management issue | 0.20 320.00/hr | 64.00 |
|  | JK | Deposition preparation re: Risk Management | 5.70 100.00/hr | 570.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding discovery responses; email to Jessica Joseph regarding outstanding discovery issues | 0.10 175.00/hr | 17.50 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding upcoming hearing on motion for protective order and outstanding discovery issues | 0.50 175.00/hr | 87.50 |
|  | KBK | Call Judy McBean and leave voicemail message | 0.10 175.00/hr | 17.50 |
|  | KBK | Exchange emails with Misty Porter regarding witness interviews | 0.30 175.00/hr | 52.50 |
| 7/3/2019 | GJV | E-mail D. Schroeder | 0.20 320.00/hr | 64.00 |
|  | GJV | Prepare for conference call with D, Schroeder and J. Joseph re:  Risk Management and conference call | 0.80 320.00/hr | 256.00 |
|  | GJV | E-mails with J. Jospeh re:  Risk Management and email K. Kramer | 0.20 320.00/hr | 64.00 |
| 7/5/2019 | JK | Receive and review press release from MBP re: NH bill on fertility coverage | 0.10 100.00/hr | 10.00 |
|  | GJV | Review J. Joseph email re:  Risk Management, review 30(b)(6) Notice; email KBK re:  Risk Management issue and email MP re: same | 0.70 320.00/hr | 224.00 |
|  | GJV | Review Hsu documents and email K. Kramer | 0.20 320.00/hr | 64.00 |
|  | GJV | Review Hsu Documents | 0.20 320.00/hr | 64.00 |
| 7/6/2019 | KBK | Receive and review emails from Geoffrey Vitt and Jessica Joseph regarding discovery issues | 0.80 175.00/hr | 140.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding upcoming hearing on motion for protective order and outstanding discovery issues | 0.60 175.00/hr | 105.00 |
|  | KBK | Prepare for hearing on motion for protective order regarding deposition of Joanne Conroy | 2.00 175.00/hr | 350.00 |
|  | GJV | Emails with K. Kramer and review scope of Risk Management deposition and Notice; t/c K. Kramer re:  Risk Management deposition | 0.70 320.00/hr | 224.00 |

**A-1146**

Misty Porter                                                                        Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/7/2019 | JK | Emails w/ K. B. Kramer re: Conroy hearing preparation; write and send summary on Conroy and concerns raised related to CEO and closure actions | 1.00 100.00/hr | 100.00 |
| | KBK | Receive and review emails from Geoffrey Vitt and Don Schroeder regarding deposition of Leslie DeMars and other issues; exchange emails with Misty Porter regarding oral argument preparation; exchange emails with Geoffrey Vitt regarding mediation and Risk Management deposition | 0.40 175.00/hr | 70.00 |
| | KBK | Prepare for argument on motion for protective order regarding deposition of Joanne Conroy | 4.90 175.00/hr | 857.50 |
| | GJV | E-mails with K. Kramer | 0.20 320.00/hr | 64.00 |
| 7/8/2019 | JK | Write DHMC/CEO timing/summary via email to K.B. Kramer in preparation for hearing. | 0.50 100.00/hr | 50.00 |
| | JK | Receive and review court order/entry re: Conroy deposition | 0.20 100.00/hr | 20.00 |
| | JK | Deposition preparation re: Elizabeth Todd | 2.20 100.00/hr | 220.00 |
| | KBK | Prepare for hearing on motion for protective order regarding deposition of Joanne Conroy; telephone conference with Julia Korkus regarding preparation for hearing | 1.80 175.00/hr | 315.00 |
| | KBK | Receive and review emails from Geoffrey Vitt; receive and review draft motion to compel 30(b)(6) deposition regarding Risk Management | 1.10 175.00/hr | 192.50 |
| | KBK | Travel to Rutland for federal court hearing on motion for protective order regarding Joanne Conroy | 1.00 175.00/hr | 175.00 |
| | KBK | Meeting with Geoffrey Vitt; hearing on motion for protective order regarding deposition of Joanne Conroy; meeting with Don Schroeder, Tris Coffin, and Geoffrey Vitt regarding Rule 30(b)(6) deposition regarding Risk Management | 2.00 175.00/hr | 350.00 |
| | KBK | Return travel from Rutland | 1.00 175.00/hr | NO CHARGE |
| | KBK | Receive and review correspondence from Don Schroeder regarding subpoena of Leslie DeMars; email to Geoffrey Vitt regarding same | 0.30 175.00/hr | 52.50 |
| | KBK | Email to Geoffrey Vitt regarding depositions; prepare for deposition of Beth Todd | 0.50 175.00/hr | 87.50 |
| | KBK | Review production of documents from Albert Hsu | 1.00 175.00/hr | 175.00 |

**A-1147**

Misty Porter

Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/8/2019 | GJV | Travel to Rutland and hearing before Judge Crawford; conf. K. Kramer; conf K. Kramer and D.Schroeder re: Risk Management issue | 3.00 320.00/hr | 960.00 |
|  | GJV | Review Schroeder letter and objection to DeMars subpoena; review K. Kramer email and t/c K. Kramer re: reply to objections | 0.30 320.00/hr | 96.00 |
| 7/9/2019 | JK | Receive and review D-H counsel email re: DeMars response to subpoena. | 0.20 100.00/hr | 20.00 |
|  | JK | Review D-H HSU Production 2 | 1.50 100.00/hr | 150.00 |
|  | JK | Deposition preparation per Elizabeth Todd and Risk Management | 1.60 100.00/hr | 160.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding deposition of Maria Padin | 0.20 175.00/hr | 35.00 |
|  | GJV | Review M. Porter email re: REI services,; emails with K. Kramer re: depositions | 0.20 320.00/hr | 64.00 |
| 7/10/2019 | SN | Conf. With GJV | 0.30 80.00/hr | 24.00 |
|  | KBK | Prepare fifth amended discovery schedule; telephone conference with Geoffrey Vitt regarding discovery issues | 0.50 175.00/hr | 87.50 |
|  | KBK | Receive and review emails from Geoffrey Vitt; receive and review email to Don Schroeder and Jessica Joseph regarding depositions; receive and review email from Misty Porter regarding services of the REI Division; exchange emails with Liz Bower regarding depositions | 0.30 175.00/hr | 52.50 |
|  | KBK | Receive and review emails from Jessica Joseph regarding production of documents from Leslie DeMars and regarding deposition of Joanne Conroy; exchange emails with Geoffrey Vitt regarding deposition of Joanne Conroy; email to Jessica Joseph and Don Schroeder regarding deposition of Joanne Conroy | 0.20 175.00/hr | 35.00 |
|  | GJV | T/c K. Kramer and review emails | 0.20 320.00/hr | 64.00 |
|  | GJV | Review notice of deposition for M. Padin | 0.10 320.00/hr | 32.00 |
|  | GJV | Several emails with J. Joseph and K. Kramer re: Conroy deposition and DeMars affidavit | 0.20 320.00/hr | 64.00 |
|  | GJV | Conference with S. Nunan | 0.30 320.00/hr | 96.00 |

Misty Porter                                                                          Page     5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/11/2019 | KBK | Exchange emails with Geoffrey Vitt regarding Leslie DeMars subpoena | 0.10 175.00/hr | 17.50 |
|  | GJV | Several emails | 0.20 320.00/hr | 64.00 |
|  | GJV | Email w J. Joseph and K. Kramer re: DeMars subpoena | 0.20 320.00/hr | 64.00 |
|  | GJV | Review Hsu documents | 0.30 320.00/hr | 96.00 |
| 7/12/2019 | JK | Receive and review D-H Production 13, emails to G. Vitt and K. B. Kramer; comparison w/ previous documents, privilege log, court order. | 2.30 100.00/hr | 230.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding thirteenth document production from Dartmouth-Hitchcock and other discovery issues | 0.20 175.00/hr | 35.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding confidentiality and protective order; review protective order entered by the court and assess changes needed; review thirteenth production of documents from Dartmouth-Hitchcock | 1.30 175.00/hr | 227.50 |
| 7/13/2019 | KBK | Review thirteenth production of documents from D-H; email to Geoffrey Vitt and Julia Korkus regarding privilege log; email to Geoffrey Vitt and Julia Korkus regarding Risk Management interrogatory | 2.70 175.00/hr | 472.50 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding discovery issues and strategy | 0.50 175.00/hr | 87.50 |
|  | KBK | Receive and review emails from Geoffrey Vitt and Misty Porter regarding discovery issues and strategy | 0.30 175.00/hr | 52.50 |
|  | GJV | Multiple emails with K. Kramer and M. Porter and review emails re: 13th production | 1.00 320.00/hr | 320.00 |
|  | GJV | Review privilege log and analyze recent production of documents | 0.30 320.00/hr | 96.00 |
| 7/14/2019 | GJV | E-mails | 0.20 320.00/hr | 64.00 |
|  | GJV | Herrick deposition prep and review Hsu documents | 0.50 320.00/hr | 160.00 |
| 7/15/2019 | SN | Conf. With KBK RE discovery issues | 0.40 80.00/hr | 32.00 |
|  | JK | Deposition preparation per Elizabeth Todd: documents and review K. B. Kramer outline | 2.40 100.00/hr | 240.00 |

Misty Porter                                                                    Page    6

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/15/2019 | KBK | Receive and review emails from Julia Korkus and Jessica Joseph regarding discovery issues; telephone conference with Geoffrey Vitt regarding depositions and next steps; email to Jo LaMarche in Judge Crawford's chambers regarding status conference; exchange emails with Jo LaMarche | 0.40<br>175.00/hr | 70.00 |
|  | KBK | Prepare for deposition of Beth Todd | 2.50<br>175.00/hr | 437.50 |
|  | KBK | Telephone conference with Sarah Nunan regarding privilege issues and other discovery issues | 0.40<br>175.00/hr | 70.00 |
|  | KBK | Telephone conference with Geoffrey Vitt regarding depositions; email to Don Schroeder and Jessica Joseph regarding privilege log | 0.50<br>175.00/hr | 87.50 |
|  | GJV | T/c K. Kramer re:  privilege issue and depositions | 0.20<br>320.00/hr | 64.00 |
|  | GJV | Review documents for deposition | 0.20<br>320.00/hr | 64.00 |
|  | GJV | E-mails re:  status conference | 0.20<br>320.00/hr | 64.00 |
|  | GJV | Review 13th production documents | 0.80<br>320.00/hr | 256.00 |
|  | GJV | Prepare for Herrick deposition and review Hsu documents | 1.20<br>320.00/hr | 384.00 |
|  | GJV | Review documents for Herrick deposition | 0.80<br>320.00/hr | 256.00 |
|  | GJV | Prepare for deposition and review Hsu documents | 1.20<br>320.00/hr | 384.00 |
| 7/16/2019 | JK | Deposition preparation per Elizabeth Todd: document review and phone call w/ K. B. Kramer to discuss outline | 2.70<br>100.00/hr | 270.00 |
|  | KBK | Prepare for deposition of Beth Todd; telephone conference with Geoffrey Vitt regarding deposition of Beth Todd; telephone conference with Julia Korkus regarding deposition of Beth Todd; exchange emails with Geoffrey Vitt regarding deposition outline for Beth Todd | 6.90<br>175.00/hr | 1,207.50 |
|  | GJV | Email K. Kramer re:  Todd deposition and review Todd exhibits and review documents produced by DH to prepare for deposition | 1.10<br>320.00/hr | 352.00 |
|  | GJV | Email KBK re: discovery | 0.20<br>320.00/hr | 64.00 |

Misty Porter                                                                                    Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/16/2019 | GJV | Prepare for Risk Management deposition | 2.00<br>320.00/hr | 640.00 |
|  | GJV | Review Todd outline | 0.90<br>320.00/hr | 288.00 |
| 7/17/2019 | SN | Conf with JK RE privilege logs and review orders from Crawford | 1.00<br>80.00/hr | 80.00 |
|  | SN | Review documents of the 13th production | 0.70<br>80.00/hr | 56.00 |
|  | SN | Conf with KBK on privilege work for upcoming hearing | 0.30<br>80.00/hr | 24.00 |
|  | SN | Conf. with KBK RE 30(b)6 deposition | 0.20<br>80.00/hr | 16.00 |
|  | JK | Conf. w/ G. Vitt; review & prepare summary of Production 13 from D-H for deposition preparation; mtg with M. Blanchette Porter, G. Vitt and K. B. Kramer. | 3.50<br>100.00/hr | 350.00 |
|  | JK | Privilege Log discussions with S. Nunan | 0.60<br>100.00/hr | 60.00 |
|  | JK | Review documents for redaction compliance; prepare summary of privilege logs, production sets, and motion to compel correspondence. | 1.30<br>100.00/hr | 130.00 |
|  | KBK | Travel to Norwich | 1.50<br>175.00/hr | 262.50 |
|  | KBK | Prepare for deposition of Beth Todd; deposition of Beth Todd | 7.20<br>175.00/hr | 1,260.00 |
|  | KBK | Meeting with Sarah Nunan regarding strategy; meetings with Geoffrey Vitt and Misty Porter regarding deposition of Beth Todd and other discovery issues | 1.50<br>175.00/hr | 262.50 |
|  | KBK | Travel from Norwich | 1.50<br>175.00/hr | NO CHARGE |
|  | GJV | Review documents to prepare for deposition, conference MP and KBK, and Todd deposition | 9.60<br>320.00/hr | 3,072.00 |
| 7/18/2019 | JK | Complete review of documents for redaction compliance; prepare summary of privilege logs, production sets, and motion to compel correspondence; email to S. Nunan. | 2.50<br>100.00/hr | 250.00 |
|  | JK | Deposition preparation per Daniel Herrick: document review. | 4.50<br>100.00/hr | 450.00 |

Misty Porter                                                                       Page    8

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/18/2019 | KBK | Travel to Norwich | 1.50 175.00/hr | 262.50 |
| | KBK | Meeting with Misty Porter and Geoffrey Vitt to prepare for Misty Porter's deposition; deposition of Misty Porter | 5.60 175.00/hr | 980.00 |
| | KBK | Review and assess issues with DHMC's privilege log; meeting with Julia Korkus regarding privilege log issues | 0.40 175.00/hr | 70.00 |
| | KBK | Travel from Norwich | 1.50 175.00/hr | NO CHARGE |
| | GJV | M. Porter deposition | 5.30 320.00/hr | 1,696.00 |
| | GJV | Email K. Kramer | 0.10 320.00/hr | 32.00 |
| | GJV | Outline for Risk Management deposition | 1.30 320.00/hr | 416.00 |
| 7/19/2019 | SN | Review GJV emails on privilege log; conf with JK RE redacted documents and privilege log | 0.30 80.00/hr | 24.00 |
| | SN | Privilege log issues, preparing summary for argument | 1.40 80.00/hr | 112.00 |
| | SN | Reviewing three discovery orders; preparing chart of production, orders and privilege logs for hearing | 1.70 80.00/hr | 136.00 |
| | SN | Teleconference with KBK RE discovery issues to raise with the court | 0.50 80.00/hr | 40.00 |
| | JK | Review revised privilege log and mails w/ KBK, GJV, and SHN; conf. w/ SHN. | 2.00 100.00/hr | 200.00 |
| | JK | Conf. w/ G. Vitt on Risk Management deposition preparation. | 0.20 100.00/hr | 20.00 |
| | JK | Deposition preparation per Daniel Herrick: document review and scanning set for KBK, GJV, and SHN review. | 5.00 100.00/hr | 500.00 |
| | KBK | Exchange emails with Geoffrey Vitt regarding privilege log; receive and review revised privilege log from Jessica Joseph | 0.80 175.00/hr | 140.00 |
| | KBK | Exchange emails with Liz Bower regarding depositions; receive and review deposition chart from Liz Bower; revise deposition chart | 0.10 175.00/hr | 17.50 |
| | KBK | Receive and review discovery chart from Sarah Nunan in preparation for status conference; telephone conference with Sarah Nunan; exchange emails with Sarah Nunan | 1.30 175.00/hr | 227.50 |

Misty Porter                                                                Page    9

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/19/2019 | GJV | Review Privilege log and email K. Kramer | 0.30 320.00/hr | 96.00 |
|  | GJV | Review documents for Risk Management deposition | 0.80 320.00/hr | 256.00 |
|  | GJV | Privilege issues | 0.20 320.00/hr | 64.00 |
|  | GJV | Review Hsu documents | 0.30 320.00/hr | 96.00 |
|  | GJV | Review exhibits and prepare for Risk Management deposition | 1.60 320.00/hr | 512.00 |
| 7/20/2019 | SN | Conf. With GJV RE deposition of Risk Management | 0.30 80.00/hr | 24.00 |
|  | GJV | Risk Management deposition preparation | 5.50 320.00/hr | 1,760.00 |
| 7/21/2019 | SN | Conf. with GJV on deposition of D. Herrick; prepare documents for deposition | 1.10 80.00/hr | 88.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding deposition planning | 0.20 175.00/hr | 35.00 |
|  | GJV | Prepare for Herrick and Risk Management depositions including conference S. Nunan | 6.50 320.00/hr | 2,080.00 |
| 7/22/2019 | SN | Review D. Herrick documents; prepare timeline of quotes for deposition preparation | 4.60 80.00/hr | 368.00 |
|  | SN | Conf with GJV RE Herrick questions and prepping for deposition | 1.20 80.00/hr | 96.00 |
|  | JK | Prepare and file notice of deposition of Heather Gunnell | 0.40 100.00/hr | 40.00 |
|  | JK | Deposition preparation per Risk Management: zika, closure and specimens, complaints, consent document review. | 5.20 100.00/hr | 520.00 |
|  | KBK | Exchange emails with Geoffrey Vitt regarding depositions | 0.40 175.00/hr | 70.00 |
|  | KBK | Prepare for status conference | 1.50 175.00/hr | 262.50 |
|  | KBK | Prepare for deposition of Daniel Herrick | 0.90 175.00/hr | 157.50 |

Misty Porter                                                                                Page    10

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/22/2019 | KBK | Telephone conference with Geoffrey Vitt regarding status conference | 0.30 175.00/hr | 52.50 |
|  | KBK | Email to Misty Porter regarding depositions | 0.20 175.00/hr | 35.00 |
|  | KBK | Telephone conference with Joan Barthold; email to Geoffrey Vitt and Julia Korkus regarding telephone conference with Joan Barthold | 1.50 175.00/hr | 262.50 |
|  | GJV | Herrick deposition prep | 6.70 320.00/hr | 2,144.00 |
|  | GJV | T/c K. Kramer re: depositions | 0.40 320.00/hr | 128.00 |
| 7/23/2019 | JK | Deposition preparation per Daniel Herrick: document review and outline of questions for G. Vitt review | 2.50 100.00/hr | 250.00 |
|  | JK | Deposition preparation per Risk Management: document review. | 2.70 100.00/hr | 270.00 |
|  | KBK | Exchange emails with Misty Porter and Geoffrey Vitt regarding status conference and Risk Management depositions | 0.20 175.00/hr | 35.00 |
|  | KBK | Review and revise deposition outline for Daniel Herrick | 0.80 175.00/hr | 140.00 |
|  | KBK | Prepare for status conference | 0.40 175.00/hr | 70.00 |
|  | KBK | Travel to Rutland for status conference | 1.00 175.00/hr | 175.00 |
|  | KBK | Prepare for deposition of Daniel Herrick; telephone conference with Geoffrey Vitt regarding status conference | 0.30 175.00/hr | 52.50 |
|  | KBK | Status conference with Judge Crawford regarding scheduling order, privilege log, and other issues | 1.00 175.00/hr | 175.00 |
|  | KBK | Return travel from Rutland | 1.00 175.00/hr | NO CHARGE |
|  | KBK | Exchange emails with Geoffrey Vitt and Misty Porter regarding depositions and status conference; review documents from Julia Korkus to prepare for Daniel Herrick deposition | 0.50 175.00/hr | 87.50 |
|  | KBK | Revise scheduling order and motion to amend scheduling order, and circulate to counsel | 0.20 175.00/hr | 35.00 |

Misty Porter                                                                                Page    11

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/23/2019 | KBK | Status conference with Judge Crawford regarding scheduling order, privilege log, and other issues | 0.30 175.00/hr | 52.50 |
|  | KBK | Prepare for Risk Management deposition | 1.00 175.00/hr | 175.00 |
|  | KBK | Receive and review emails from Misty Porter and Geoffrey Vitt; meeting with Geoffrey Vitt to prepare for deposition of Karen Boedtker (Risk Management) | 1.00 175.00/hr | 175.00 |
|  | GJV | Prepare for RiskManagement and Herrick depositions | 4.30 320.00/hr | 1,376.00 |
|  | GJV | Status conference call Judge Crawford and email K. Kramer | 1.00 320.00/hr | 320.00 |
|  | GJV | Email Schroeder and email K. Kramer | 0.30 320.00/hr | 96.00 |
|  | GJV | E-mail K. Kramer | 0.20 320.00/hr | 64.00 |
| 7/24/2019 | SN | Preparing exhibits for deposition and reviewing with GJV | 2.10 80.00/hr | 168.00 |
|  | SN | Attending deposition of Karen Boedtker | 4.60 80.00/hr | 368.00 |
|  | SN | Attending post-deposition conference with GJV and KBK | 0.40 80.00/hr | 32.00 |
|  | SN | Conf with KBK and GJV RE Herrick | 0.50 80.00/hr | 40.00 |
|  | SN | Conf with KBK RE next depositions | 0.20 80.00/hr | 16.00 |
|  | JK | Conf. w/ G. Vitt and prepare thyroid case/at-risk patient summary of documents for possible exhibit in Risk Management deposition | 0.60 100.00/hr | 60.00 |
|  | JK | Deposition preparation per Ed Merrens: document review | 5.00 100.00/hr | 500.00 |
|  | KBK | Deposition of Karen Boedtker (Risk Management); meetings with Sarah Nunan and Geoffrey Vitt regarding deposition | 4.50 175.00/hr | 787.50 |
|  | KBK | Prepare for deposition of Daniel Herrick | 0.40 175.00/hr | 70.00 |
|  | KBK | Email to Geoffrey Vitt regarding damages | 0.10 175.00/hr | 17.50 |

Misty Porter                                                                 Page    12

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/24/2019 KBK | Meeting with Geoffrey Vitt regarding deposition of Daniel Herrick; meeting with Geoffrey Vitt and Sarah Nunan regarding deposition of Daniel Herrick and other discovery issues | | 2.20 175.00/hr | 385.00 |
| | KBK | Travel from Norwich | 1.50 175.00/hr | NO CHARGE |
| | KBK | Travel to Norwich for deposition | 1.50 175.00/hr | 262.50 |
| | GJV | Deposition of Karen Boedtker and preparation | 5.70 320.00/hr | 1,824.00 |
| | GJV | Prepare for Herrick deposition | 2.90 320.00/hr | 928.00 |
| 7/25/2019 SN | Prepared with GJV for deposition and prepared last exhibits | | 1.70 80.00/hr | 136.00 |
| | SN | Attended deposition of Daniel Herrick | 5.00 80.00/hr | 400.00 |
| | JK | Deposition preparation per Ed Merrens: document review and scanning set for KBK, GJV, SHN review. | 6.50 100.00/hr | 650.00 |
| | KBK | Prepare for Daniel Herrick deposition; attend and take notes during deposition of Daniel Herrick; meeting with Geoffrey Vitt, Sarah Nunan and Julia Korkus regarding Daniel Herrick deposition | 6.60 175.00/hr | 1,155.00 |
| | KBK | Email to Misty Porter with update; email to Misty Porter regarding informal interviews | 0.40 175.00/hr | 70.00 |
| | KBK | Prepare for Ed Merrens deposition | 0.30 175.00/hr | 52.50 |
| | KBK | Return travel from Norwich | 1.50 175.00/hr | NO CHARGE |
| | KBK | Travel to Norwich | 1.50 175.00/hr | 262.50 |
| | GJV | Prepare for and take Herrick deposition | 8.50 320.00/hr | 2,720.00 |
| 7/26/2019 JK | Deposition preparation per Heather Gunnell: documents for review | | 5.40 100.00/hr | 540.00 |
| | KBK | Exchange emails with Geoffrey Vitt and Misty Porter regarding additional discovery | 0.20 175.00/hr | 35.00 |

**A-1156**

Misty Porter                                                                     Page    13

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/26/2019 | KBK | Draft and finalize memorandum to file regarding Joan Barthold; circulate memorandum to Geoffrey Vitt and Julia Korkus | 2.40 175.00/hr | 420.00 |
| | KBK | Email to Robert Bancroft (damages expert) regarding expert report | 0.10 175.00/hr | 17.50 |
| | KBK | Exchange emails with Jessica Joseph regarding discovery schedule; email to Liz Bower regarding filing of discovery schedule | 0.10 175.00/hr | 17.50 |
| | KBK | Prepare for deposition of Ed Merrens | 2.50 175.00/hr | 437.50 |
| 7/28/2019 | KBK | Prepare for deposition of Ed Merrens | 4.20 175.00/hr | 735.00 |
| | KBK | Email to Geoffrey Vitt regarding discovery issues | 0.20 175.00/hr | 35.00 |
| | GJV | Email K. Kramer re: Merrens deposition | 0.20 320.00/hr | 64.00 |
| | GJV | Review materials for DeMars deposition and prepare memorandum on trial proof | 0.90 320.00/hr | 288.00 |
| | GJV | Supplemental discovery to DH | 0.40 320.00/hr | 128.00 |
| 7/29/2019 | SN | Meeting with KBK and GJV RE deposition of Ed Merrens | 3.60 80.00/hr | 288.00 |
| | SN | Preparing exhibits for deposition of Ed Merrens | 2.10 80.00/hr | 168.00 |
| | SN | Conf with KBK to review outlines and review exhibit content | 2.10 80.00/hr | 168.00 |
| | JK | Deposition preparation per Heather Gunnell: document review. | 5.50 100.00/hr | 550.00 |
| | KBK | Prepare for deposition of Heather Gunnell | 0.50 175.00/hr | 87.50 |
| | KBK | Meeting with Geoffrey Vitt and Sarah Nunan regarding deposition of Ed Merrens; prepare for deposition of Ed Merrens | 6.50 175.00/hr | 1,137.50 |
| | KBK | Travel to Norwich | 1.50 175.00/hr | 262.50 |
| | GJV | Merrens deposition prep | 4.70 320.00/hr | 1,504.00 |

Misty Porter                                                                Page   14

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/30/2019 | SN | Attending deposition of Ed Merrens am | 2.20 80.00/hr | 176.00 |
|  | SN | Attending deposition of Ed Merrens pm | 1.60 80.00/hr | 128.00 |
|  | SN | Conf with KBK RE deposition topics of Heather Gunnell | 0.70 80.00/hr | 56.00 |
|  | JK | Deposition preparation per Ed Merrens: document review. | 2.40 100.00/hr | 240.00 |
|  | JK | Deposition preparation per Heather Gunnell: document review and copying set for K. B. Kramer review. | 4.50 100.00/hr | 450.00 |
|  | KBK | Prepare for deposition of Ed Merrens | 3.00 175.00/hr | 525.00 |
|  | KBK | Meeting with Geoffrey Vitt and Sarah Nunan regarding deposition of Ed Merrens and deposition of Heather Gunnell | 0.80 175.00/hr | 140.00 |
|  | KBK | Return travel from Norwich | 1.50 175.00/hr | NO CHARGE |
|  | KBK | Take deposition of Ed Merrens; meetings with Geoffrey Vitt regarding deposition of Ed Merrens during deposition breaks | 8.50 175.00/hr | 1,487.50 |
|  | GJV | Merrens deposition | 10.50 320.00/hr | 3,360.00 |
| 7/31/2019 | JK | Deposition preparation per Heather Gunnell | 2.30 100.00/hr | 230.00 |
|  | KBK | Receive and review emails from Jessica Joseph regarding production of documents for in camera review and regarding privilege log | 0.10 175.00/hr | 17.50 |
|  | KBK | E-mail to Misty Porter regarding deposition of Ed Merrens | 0.20 175.00/hr | 35.00 |
|  | KBK | Prepare for deposition of Heather Gunnell | 7.40 175.00/hr | 1,295.00 |
|  | GJV | Memorandum on Conroy deposition and provide information re: Merrens deposition | 1.30 320.00/hr | 416.00 |
|  | GJV | Prepare supplemental discovery to DH | 0.50 320.00/hr | 160.00 |
|  | GJV | Outline for DeMars deposition | 0.90 320.00/hr | 288.00 |

Misty Porter                                                           Page    15

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 7/31/2019 GJV   Trial issues memorandum |  | 0.70<br>320.00/hr | 224.00 |
|  | For professional services rendered | 365.20 | $66,645.00 |

Additional Charges :

| 6/19/2019 | Burlington Expense | 13.18 |
|---|---|---|
|  | Parking | 2.50 |
| 7/17/2019 | Deposition Costs for North Country Court Reporters | 1,010.95 |
| 7/24/2019 | Verbatim Reporters | 625.35 |
| 7/29/2019 | Lunch | 26.06 |
| 7/30/2019 | lunch | 68.64 |

|  | Amount |
|---|---|
| Total costs | $1,746.68 |
| Total amount of this bill | $68,391.68 |
| Previous balance | $73,058.88 |
| 7/12/2019  Payment - thank you | ($20,164.43) |
| 7/16/2019  Payment - thank you | ($20,000.00) |
| Total payments and adjustments | ($40,164.43) |
| Balance due | $101,286.13 |

Lawyer/paralegal Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Geoffrey J. Vitt | 103.30 | 320.00 | $33,056.00 |
| Julia Korkus | 89.40 | 100.00 | $8,940.00 |
| Katherine B. Kramer | 122.20 | 175.00 | $21,385.00 |
| Sarah Nunan | 40.80 | 80.00 | $3,264.00 |